UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) ) ) | C.A. No. 05-10017-RWZ |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) | |
| v. | ) ) ) | LYCOS, INC.'S MOTION TO STRIKE CSI'S VERIFIED COMPLAINT AND THE AFFIDAVITS OF JEFFREY L. ROUSSEAU FROM CONSIDERATION ON CSI'S MOTIONS FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH FED R. CIV. P. 56(e) |
| LYCOS, INC., | ) ) | |
| Defendant and Plaintiff-in-Counterclaim, | ) ) ) | |
| and | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) ) | |
| Trustee Process Defendant | ) ) | |

## INTRODUCTION

"For an affidavit [or Verified Complaint] to constitute evidence in a summary judgment proceeding, it must be based on personal knowledge *and* show that the affiant is competent to testify to the matter stated in the affidavit." *Hernandez-Santiago v. Ecolab, Inc.*, 397 F.3d 30, 35 (1st Cir. 2005) (emphasis added). In the two Affidavits he filed in this case, Jeffrey L. Rousseau ("Rousseau Aff.") does not even allege that the facts asserted therein are based on personal knowledge. Similarly, he fails to make the affirmative showing required by Fed. R. Civ. P. 56(e) that he is competent to testify on the matters stated in the affidavits. Accordingly, they must be stricken from consideration in ruling on CSI's summary judgment motion. Similarly, the Mr. Rousseau has made no affirmative showing that he is competent to

testify as to the matters stated in the Verified Complaint.  In addition, internal inconsistency in the Verification suggests that some or all of the Verified Complaint is not based on his personal knowledge.

## ARGUMENT

I.    **The Second Affidavit of Jeffrey L. Rousseau Must Be Stricken**

      **A.**    *Not Only Has Mr. Rousseau Not Averred that the Second Affidavit is Based on His Personal Knowledge, but Several of the Facts Alleged Could Not be Based on Personal Knowledge*

"[P]ersonal knowledge is the touchstone" of Rule 56(e) affidavits.  *Perez v. Volvo Car Corp.*, **247 F.3d 303, 315 (1st Cir. 2001).**  The "requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Id.*

Here, Mr. Rousseau fails to assert in his Second Affidavit that the facts contained therein are based on his personal knowledge.  Because he provides no description of his job duties or his relationship to Lycos' business dealings with CSI, there is no basis on which this Court could even infer a basis for him having personal knowledge as to the matters set forth therein.

Mr. Rousseau's failure to aver that he has personal knowledge of the facts contained in his Second Affidavit does not appear to be an oversight.  Mr. Rousseau was able to swear in the Verified Complaint CSI filed in this action that at least some of the facts contained therein were based on his personal knowledge.  Verified Complaint, at 11.  He is also an attorney who was admitted to the Missouri bar in 1997 and serves as an Assistant General Counsel of CSI. *See Martindale-Hubbell* entry for Mr. Rousseau, attached hereto as *Exhibit A*.  Presumably, he knows the requirements of Federal Rule 56(e).  The reasonable inference to be drawn from his

failure to allege that the facts contained in his Second Affidavit are based on his personal knowledge is that they are *not* based on his personal knowledge.

Indeed, in an apparent effort to avoid Rule 56(f) discovery about what he and other CSI personnel know,[1] Mr. Rousseau avers some facts that only Lycos could know – facts that he could not know personally unless he has powers of divination. For example:

- **Mr. Rousseau contends that Lycos refused to sign a stipulation in this case on a particular issue "because CSI would not agree to certain other language that Lycos was insisting be asserted into the stipulation." Second Rousseau Aff., ¶ 8. Not only does Mr. Rousseau not allege that he participated in the discussions over the terms of a possible stipulation (he did not), but with all due respect to Mr. Rousseau's crystal ball, he simply cannot have personal knowledge of Lycos' rationale for not agreeing to a proposed term in a draft Stipulation. His purported "factual" assertion is, in the words of *Perez*, nothing more than "a surmise." 247 F.3d at 316.**

- **Mr. Rousseau asserts that, based on payment authorization requests signed by Lycos and Lycos' communications with the equipment vendors themselves, "Lycos unquestionably knew the cost of all the Equipment it leased from CSI." Second Rousseau Aff., ¶ 8. Again, with all due respect to Mr. Rousseau's telepathic skills, there is no way he can know what Lycos knew and what it did not know. His assertion is, again, nothing more than a surmise.**

- **Mr. Rousseau's Second Affidavit discusses events occurring between 1996 and 2004. Yet, Mr. Rousseau's listing in *Martindale-Hubbell* indicates that he did not graduate from law school until 1997, and that he was not admitted to the bar until 1997. If Mr. Rousseau did not join CSI until after graduating from law school, he could not have personal knowledge of events that took place *before* he joined CSI. Indeed, the First Circuit has held that an affidavit attesting to facts that took place before the affiant joined his employer are not based on the affiant's personal knowledge. *Perez*, 247 F.3d at 316. In addition, there is reason to question whether Mr. Rousseau had any dealings with Lycos before 2004 because he states in his Verification to CSI's complaint only**

---

[1] Lycos surmises that CSI did not want to file an affidavit of Paul Stenberg, the CSI representative who would have personal knowledge of some of the matters addressed in Mr. Rousseau's Second Affidavit, to avoid his deposition being taken pursuant to Rule 56(f). It has thus "trotted out" Mr. Rousseau as the affiant.

that he has had dealings with Lycos "over the past year."  *See* CSI's
Verified Complaint, at 11.

- **Mr. Rousseau's Second Affidavit discusses the negotiations between Lycos and CSI with respect to Lycos' purchase of equipment from CSI in mid-2003.  Yet, the Lycos personnel who participated in those negotiations not only did not negotiate with him, they did not even communicate with him prior to the purchase.  *See* Affidavits of Brian Lucy, ¶ 12 and Susan Franklin, ¶ 20, filed herewith.[2]  Again, he is without personal knowledge of the matters to which he attests.**

Finally, Mr. Rousseau did not even have sufficient personal knowledge of the documents he attached to his Second Affidavit to provide a basis for authenticating them and to aver that they were true copies of what they purport to be.

Because Mr. Rousseau does not have personal knowledge of the facts set forth in his Second Affidavit, it must be stricken.

    **B.**    *Mr. Rousseau Alleges No Facts That Would Render Him Competent To Testify as to the Matters Contained in his Second Affidavit*

In addition to showing that he has personal knowledge of the facts set forth in his affidavit (which he has failed to do), Mr. Rousseau must also "show affirmatively" that he is competent to testify on those matters.  Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits . . . shall show affirmatively that the affiant is competent to testify to the matters stated therein.").  While Mr. Rousseau maintains that he is a Vice President and Assistant General Counsel of CSI, he has failed to describe his duties in those positions, the length of time he has held those positions, or otherwise provide any foundation whatsoever for his competency to testify as to the matters contained in his Second Affidavit.  He has thus failed to make the affirmative showing required by Rule 56(e).

---

[2] Indeed, customary business practice would suggest that Mr. Rousseau, an Assistant General Counsel, would not be negotiating the *business* terms pursuant to which the equipment leases would be "rolled up" and Lycos would purchase the leased equipment.

One example demonstrates the problem with his failure to provide a foundation for his factual assertions. Mr. Rousseau contends that the notices attached to his Second Affidavit "are typical of the notices that CSI sent to Lycos, and the payment authorizations that CSI received from Lycos, in connection with all the items of Equipment that CSI purchased and subsequently leased to Lycos." Second Rousseau Aff., ¶ 8. As noted above, not only has he failed to provide a foundation for authenticating those documents, but to make a statement about their "typicality" he must provide a foundation for his knowledge as to notices generally executed by Lycos and CSI. He has not made any such showing.

Again, given that Mr. Rousseau is a member of the bar, the absence of such information appears to be more than an oversight. It suggests that he is not competent to testify as to the matters contained in his Second Affidavit, which is not surprising given CSI's desire to avoid Rule 56(f) discovery and the fact that, as an Assistant General Counsel, he is presumably not involved in executing or maintaining the acceptance certificates attached to his Second Affidavit.

## II.    The First Affidavit of Jeffrey L. Rousseau Must Be Stricken

The First Affidavit of Jeffrey Rousseau fares little better than the Second. It, too, lacks any statement that it is based on personal knowledge. And again, while Mr. Rousseau states that he is a Vice President and Assistant General Counsel of CSI, he has failed to show affirmatively that he is competent to testify as to the matters stated therein. Accordingly, the First Affidavit of Mr. Rousseau should not be considered in ruling on CSI's Rule 56 motion.

III.    **CSI's Verified Complaint Should Not Be Considered in Ruling on CSI's Motions for Summary Judgment**

CSI's Complaint is verified by Mr. Rousseau as follows:

**VERIFICATION**

I, Jeffrey L. Rousseau, being duly sworn, hereby depose and state that I am a Vice President of Computer Sales International, Inc., that I have had personal responsibility for many of its dealings with Lycos over the past year, that I have carefully reviewed the foregoing complaint, that I have personal knowledge as to the truth and accuracy of the allegations set forth therein, and that I can verify that these allegations are true and correct to the best of my knowledge, information and belief.

As set forth more fully below, because this Verification is internally inconsistent and does not satisfy the requirements of Rule 56(e), it should not be considered in ruling on CSI's summary judgment motions.

On the one hand, Mr. Rousseau asserts that he has had responsibility for "*many* of [CSI's] dealings with Lycos *over the past year* . . ." (emphases added).  Thus, he does not aver that he has had personal responsibility for any of CSI's dealings with Lycos that occurred more than a year before he signed the Verification, or that he has had personal responsibility for all of CSI's dealings with Lycos during the past year that are described in the complaint. Yet, in the next breath, he says that he has "personal knowledge as to the truth and accuracy of the allegations set forth" in the Verified Complaint.  The conclusion that may be drawn from this statement is that he has personal knowledge of *all* the statements contained in the Verified Complaint.  The last phrase in the Verification further confuses the issue.  There, he says that "these allegations are true and correct to the best of his "*knowledge, information and belief.*" Which is it?  Are *all* of the statements contained in the Verified Complaint based on his personal knowledge?  Are only *some* of them based on his personal knowledge?  And if the

- 6 -

latter, which ones are based on personal knowledge and which ones are based on "information and belief?"  Because of this glaring internal inconsistency, CSI has failed to demonstrate that the allegations of the Verified Complaint are based on the personal knowledge of the affiant, Mr. Rousseau.

Additionally, CSI makes no effort whatsoever in the Verified Complaint, let alone an "affirmative showing," that Mr. Rousseau is competent to testify as to any of the matters contained in the Verified Complaint.  Unlike the Affidavits, the Verified Complaint does not even include his title, let alone his job responsibilities.  Accordingly, this Court should not consider the Verified Complaint in ruling on CSI's Motions for Summary Judgment.

WHEREFORE, for the foregoing reasons, Lycos respectfully requests that this Court enter an Order:

1.    Striking the Affidavits of Jeffrey Rousseau and CSI's Verified Complaint from consideration in ruling on CSI's summary judgment motions; and

2.    Granting Lycos such other relief as may be appropriate and just.

LYCOS, INC.

By its Attorneys,

Dated: April 29, 2005             /s/ Thomas O. Bean
                                  Thomas O. Bean (BBO# 548072
                                  Erik P. Bartenhagen (BBO# 640003)
                                  NUTTER, McCLENNEN & FISH, LLP
                                  World Trade Center West
                                  155 Seaport Boulevard
                                  Boston, Massachusetts 02210
                                  (617) 439-2000

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for plaintiff, Robert J. Kaler, Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110, by hand on April 29, 2005.

/s/ Erik P. Bartenhagen
Erik P. Bartenhagen

## LOCAL RULE 7.1 CERTIFICATION

I, Thomas O. Bean, counsel for defendant and plaintiff-in-counterclaim Lycos, Inc., certify that by telephone on April 29, 2005, I conferred with Robert J. Kaler, counsel for plaintiff and defendant-in-counterclaim Computer Sales International, Inc., in a good faith effort to resolve or narrow the issues presented by this motion.

/s/ Thomas O. Bean
Thomas O. Bean

1424128.1

# EXHIBIT A

## MOTION TO STRIKE

# martindale.com
# Lawyer Locator

| Careers | Terms of Use | Services | Products | Contact Us | About Us | Site Info | Home | Quick |

## Search the Lawyer Locator

New Search

**Lawyer Locator**
Search Lawyer Locator
☑ By Lawyer
  By Location/Area of Practice
  By Industry/Practice Groups
  By Firm
  By Corporate Law Departments
  By US Government
  By US Law Faculty
Join the Legal Network
Request a Listing
About Lawyer Locator

**Legal Articles**

**Dispute Resolution**

**Legal Personnel**

**Legal Careers**

**Professional Resources**

**Customer Service**

**Experts and Services**



**FEEDBACK**

**Search over 50,000 experts and other essential services for law firms**
LexisNexis·
Martindale-Hubbell·

More resources...
◪ *lawyers.com*ˢᴹ
◪ **Peer Review Ratings**ˢᴹ
◪ **Practice Development Center**
◪ **Counsel to Counsel Forums**
◪ **corporate.martindale.com**
◪ **eAttorney**
◪ **LexisNexis**™
◪ **LawCommerce.com**ˢᴹ
◪ **LawyerLocator.Co.Uk**
◪ **Anwalt24.de**
◪ **martindale.co.il**

**Jeffrey L. Rousseau**
Vice President and Assistant General Counsel
Computer Sales International, Inc. (Legal Department)
9990 Old Olive Street Road, Suite 101
St. Louis, Missouri 63141
(Independent City)
Telephone: 314-997-7010
Fax: 314-997-7844
Email: Send an Email

**Responsibilities:** Commercial Law; Civil Litigation; Contracts

**Admitted:** 1997, Florida; 1998, Missouri, Illinois and U.S. District Court, Southern District of Illinois

**Law School:** Stetson University, J.D., 1997

**College:** Valparaiso University, B.A., 1994

**Member:** Illinois State Bar Association; The Missouri Bar.

**Born:** St. Louis, Missouri, October 6, 1971

**ISLN:** 913418923

**Web Site:** http://www.csileasing.com

New Search

▲ top



Lawyer Locator | Legal Articles | Dispute Resolution | Experts and Services
Legal Personnel | Legal Careers | Professional Resources | Customer Service

Home | Contact Us | About Us | Site Info | Products | Services
Media Room | Banner Sponsorships

Copyright | Terms & Conditions | Privacy Policy