UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **COMPUTER SALES INTERNATIONAL, INC.,** | ) | C.A. No. 05-10017-RWZ |
| | ) | |
| Plaintiff and Defendant-in-Counterclaim, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT LYCOS, INC.'S** |
| **LYCOS, INC.,** | ) | **OPPOSITION TO COMPUTER SALES** |
| | ) | **INTERNATIONAL, INC.'S** |
| Defendant and Plaintiff-in-Counterclaim, | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | **AS TO ITS COMPLAINT** |
| and | ) | |
| | ) | |
| **BANK OF AMERICA f/k/a FLEET BANK,** | ) | |
| | ) | |
| Trustee Process Defendant | ) | |

## INTRODUCTION

In its Complaint, plaintiff Computer Sales International, Inc. ("CSI") asserts two counts on which it now seeks summary judgment *before* commencement of discovery: a count seeking payment of slightly more than $300,000.00 allegedly due under a certain Master Lease Agreement and two certain lease schedules executed with respect thereto (Count I); and a count seeking injunctive relief enabling it to repossess, as a result of defendant Lycos, Inc.'s ("Lycos") failure to pay the slightly more than $300,000.00, all of the equipment sold by CSI to Lycos (Count II).

In its answer to that Complaint, Lycos incorporated by reference the allegations of its Amended Counterclaim, and asserted affirmative defenses including equitable estoppel and fraud in the inducement of several lease schedules including the two for which CSI seeks the

$300,000.00 payment. Provided Lycos' defense of fraud in the inducement survives CSI's Motion to Dismiss and Motion for Summary Judgment, the Court must deny CSI's Motion for Summary Judgment as to its Complaint (the "Motion") because fraud in the inducement is a defense to payment of the $300,000.00. The elements of the defense of equitable estoppel require Lycos to prove CSI's intent concerning certain matters. To develop evidence concerning CSI's intent, Lycos requires discovery from CSI. Because Lycos has not had an opportunity to take discovery in this case, CSI's summary judgment motion on its affirmative claims should be denied on that basis alone.

Notwithstanding the foregoing, if the Court were to enter summary judgment in favor of CSI on Count I requiring Lycos to pay the slightly more than $300,000.00 to CSI, Count II should be dismissed with prejudice for two reasons: (1) CSI has not even attempted to satisfy the requirements for injunctive relief; and (2) once Lycos pays the $300,000.00, it becomes the owner of the equipment, thus barring CSI's right to repossession.

## STANDARD OF REVIEW

Summary judgment is appropriate *only* if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter if law." Fed. R. Civ. P. 56(c). CSI bears the burden "to establish the lack of a genuine, material, factual issue." *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir. 1986). Any doubt about whether there is a genuine issue of material should be resolved *against* the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000). And, when construing the record, this Court must do so "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano*, 218 F.3d at 5.

## ARGUMENT

I.   **Provided Lycos' Fraud in the Inducement Claim Survives CSI's Motions to Dismiss or for Summary Judgment on Lycos' Amended Counterclaim, CSI Cannot Demonstrate the Absence of a Genuine Issue of Material Fact Such that the Court Must Deny the Motion**

"Fraud in the inducement can serve as both a basis for tort liability and . . . as grounds for rescinding a contract . . ." *Kenda Corporation, Inc., v. Pot o'Gold Money Leagues, Inc.*, 329 F.3d 216, 224 (1st Cir. 2003) (internal citations omitted).[1] It is also a defense to payment of obligations under a contract. *Levy v. F.D.I.C.*, 7 F.3d 1054, 1057 n.6 (1st Cir. 1993) (fraud in the inducement can constitute a defense to payment of an obligation). In its Amended Counterclaim, Lycos has alleged that it was fraudulently induced to enter into many of the lease schedules with CSI, including the two lease schedules that form the basis for CSI's Complaint. Lycos' Amended Counterclaim, Count I. If Lycos' counterclaim for fraud in the inducement survives CSI's Motion to Dismiss and Motion for Summary Judgment (as it should for the reasons set forth in the accompanying memoranda filed herewith), and Lycos prevails on its claim for fraud in the inducement, Lycos may elect to rescind the contracts on which CSI seeks to recover approximately $300,000.00. Under those circumstances, CSI would not be entitled to judgment to recover these monies pursuant to Count I of its Complaint. Accordingly, because CSI has not demonstrated the absence of a genuine issue of material fact concerning Lycos' fraud claim, and CSI would not be entitled to judgment as a matter of law were Lycos to prevail on that fraud claim, CSI is not entitled to summary judgment on Count I of its Verified Complaint.

---

[1] **Massachusetts substantive law applies to the claims in this dispute, as more fully discussed in Lycos' Opposition to CSI's Motion to Dismiss, at 2-6, incorporated herein by reference.**

II.  **CSI Is Not Entitled to Summary Judgment on Either Count Because Lycos Has Not Had an Opportunity to Conduct Discovery on its Affirmative Defense of Equitable Estoppel**

"[E]stoppel, as an instrument of equity, has the power to extinguish a party's contractual rights even absent evidence of a waiver." *Dunkin' Donuts Incorporated v. Gav-Straw Donuts, Inc*, 39 F. Supp. 2d 147, 157 (D. Mass. 2001). Under Massachusetts law, the elements of an equitable estoppel claim are:

> 1) a representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made; 2) an act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made; and 3) detriment to such person as a consequence of the act or omission.

*Id.*; *Clickner v. City of Lowell*, 422 Mass. 539, 544, 663 N.E.2d 852, 856 (1996).

Here, Lycos alleges that CSI made fraudulent and negligent representations and engaged in conduct that amounted to a representation, i.e., failure to disclose information material to Lycos, that was intended to induce Lycos to enter into the lease schedules under which CSI seeks monies. Amended Counterclaim, ¶¶ 24, 47 and 50. To obtain evidence to assist in proving its allegations concerning CSI's intent, Lycos requires and is entitled to discovery. Specifically, Lycos requires the deposition of Paul Stenberg, CSI's representative with respect to Lycos, and perhaps others, along with production of documents from CSI. Because CSI moved to dismiss Lycos' Amended Counterclaim immediately after it was filed, and moved for summary judgment a few weeks thereafter, CSI has not been able to take discovery at this early stage of the litigation. Accordingly, if the Court does not deny the Motion for the reasons set forth in part I hereof, it should continue the hearing on the Motion pending disposition of Lycos' Conditional Rule 56(f) Motion.

### III. Regardless of Whether the Court Grants Summary Judgment on Count I, it must Deny Summary Judgment on Count II

#### A. *CSI Has Not Satisfied the Requirements for the Injunctive Relief Sought in Count II*

While CSI claims in its Motion for Summary Judgment to be seeking relief on "both counts of its complaint," its memorandum does not even address the relief sought in Count II. In paragraphs 39-40 of Count II, CSI maintains that because of Lycos' breach of the Sales Agreement by failing to pay CSI approximately $300,000.00, CSI is entitled to repossess the equipment CSI sold to Lycos pursuant to the Sales Agreement. It then seeks the following relief:

> **WHEREFORE, plaintiff CSI prays for judgment in its favor against defendant Lycos in the amount of at least Three Hundred Thousand Dollars (U.S. $300,000.00.00), plus interest thereon and costs, including reasonable attorneys fees, appropriate prejudgment relief, under the available Massachusetts state court attachment procedures, to ensure payment of same,** *and appropriate injunctive relief permitting it to repossess all equipment that was subject to the Sales Agreement, requiring Lycos to surrender possession of that equipment to CSI, and such other and further relief as is just and proper.*

The unitalicized portion of the relief is duplicative of the relief sought in Count I. The injunctive relief requested, however, is unique to Count II. CSI's failure even to address this requested relief in its memorandum or any affidavit is not surprising: there are no colorable arguments entitling it to injunctive relief.

To be entitled to the requested injunctive relief, CSI would be required to show, among other things, that it would be irreparably harmed by failure to issue the injunction and that the balance of harms favors it. *Narragansett Indian Tribe v. Warwick Sewer Authority*, **334 F.3d 161, 166 (1st Cir. 2003).** CSI bears the burden of proof on both of these elements. *Id.* It has

presented no evidence and made no arguments on either. For that reason alone, its request for summary judgment on Count II should be denied.

Furthermore, it is self-evident that CSI would not suffer any irreparable harm if its request for injunctive relief were denied, and that the balance of harms favors Lycos. As to irreparable harm, CSI has an adequate remedy at law: its request in Count I for payment of $300,000.00. Accordingly, any harm it might suffer from not being able to repossess the equipment is not "irreparable." Indeed, CSI could not even show a reasonable likelihood of success on the merits of this Count if Lycos were to pay CSI the approximately $300,000.00 CSI claims is owed because Lycos will have fulfilled its obligations under the Sales Agreement. As to balance of harms, Lycos uses the equipment; CSI does not. Repossession of that equipment would cause Lycos significant harm and no harm to CSI. For these reasons, CSI's request for summary judgment on Count II must be denied.

**B.**     *If the Court Denies Summary Judgment on Count I, It May Not Grant Summary Judgment on Count II*

The relief CSI seeks in Count II – return of the equipment it sold to Lycos on the basis that Lycos failed to make the approximately $300,000.00 in payments – is contingent upon this Court's determination that CSI failed to make the payments. Provided the Court concludes that it cannot grant summary judgment on Count I because of Lycos' defenses of equitable estoppel and fraud in the inducement, it cannot conclude at this time that Lycos has failed to pay the amounts due on Count I, and thus also cannot conclude that CSI is entitled to summary judgment on Count II as a result of Lycos' failure to make those payments.

WHEREFORE, Lycos respectfully requests that the Court enter an Order:

1. Denying CSI's Motion for Summary Judgment as to its Complaint; and

2. Granting Lycos such other relief as may be appropriate and just.

                              LYCOS, INC.

                              By its attorneys,

Dated: April 29, 2005          /s/ Thomas O. Bean
                              Thomas O. Bean (BBO# 548072)
                              Erik P. Bartenhagen (BBO# 640003)
                              NUTTER, McCLENNEN & FISH, LLP
                              World Trade Center West
                              155 Seaport Boulevard
                              Boston, Massachusetts 02210
                              (617) 439-2000

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for plaintiff, Robert J. Kaler, Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110, by hand on April 29, 2005.

                              /s/ Erik P. Bartenhagen
                              Erik P. Bartenhagen

1423471.2