UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **COMPUTER SALES INTERNATIONAL, INC.,** | ) | C.A. No. 05-10017-RWZ |
| | ) | |
| **Plaintiff and Defendant-in-Counterclaim,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LYCOS, INC.,** | ) | **AFFIDAVIT OF PETER D. KAROL** |
| | ) | |
| **Defendant and Plaintiff-in-Counterclaim,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **BANK OF AMERICA f/k/a FLEET BANK,** | ) | |
| | ) | |
| **Trustee Process Defendant** | ) | |

I, Peter D. Karol, hereby depose under oath and state as follows:

1. I am an attorney who was admitted to the bar of the State of New York in 1991 and that of the Supreme Judicial Court for the Commonwealth of Massachusetts in 2002. I have personal knowledge of the facts set forth herein.

2. From January, 2000 through March, 2005, I was employed by Lycos, Inc. in Waltham, Massachusetts. Initially, I served as Associate General Counsel, but was subsequently promoted to Deputy General Counsel and then, in October of 2004, General Counsel. One of my duties in these capacities was to review contracts into which Lycos was entering. Typically, my review focused not on the business terms of the proposed contract, but on the legal terms, e.g., provisions regarding confidentiality, governing law, indemnification, limitation of liability, etc.

3.  In or about July, 2003, I reviewed the Sales Agreement proposed to be executed by Lycos and CSI, a copy of which is attached as <u>Exhibit I</u> to Lycos' Amended Counterclaim. As was typical of my review of contracts Lycos was proposing to enter into, my review of the Sales Agreement was limited to analyzing the legal terms of the Agreement.

4.  After I reviewed it, I asked the CFO whether he was comfortable that the Agreement accurately reflected the business terms that had been negotiated with CSI, and whether or not I had to review the Master Lease Agreement, the equipment lease schedules and or any other underlying or ancillary documents. He indicated that the Agreement accurately reflected the business terms that had been negotiated with CSI, and that I did not need to review any other documents. I stamped the document "Reviewed by Terra Lycos Legal" and wrote my initials (PDK) near the bottom of page 3 of that agreement.

Signed under the pains and penalties of perjury, this 27 day of April, 2005.

/s/_Peter D. Karol
**Peter D. Karol**

1423562.2