UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COMPUTER SALES INTERNATIONAL, INC.,**<br><br>　　Plaintiff and Defendant-in-Counterclaim,<br><br>v.<br><br>**LYCOS, INC.,**<br><br>　　Defendant and Plaintiff-in-Counterclaim,<br><br>and<br><br>**BANK OF AMERICA f/k/a FLEET BANK,**<br><br>　　Trustee Process Defendant | C.A. No. 05-10017-RWZ<br><br><br><br>**LYCOS, INC.'S CONDITIONAL MOTION PURSUANT TO FED R. CIV. P. 56(f)** |

## INTRODUCTION

If the Court is not persuaded by Lycos, Inc.'s ("Lycos") Oppositions and the papers filed therewith in response to Computer Sales International, Inc.'s ("CSI") Motions for Summary Judgment as to its Complaint and/or as to Lycos' Amended Counterclaims (the "Motions"), Lycos respectfully requests that those Motions be denied without prejudice or continued pending Lycos conducting discovery on the matters set forth below.  Denial of CSI's Motions under Rule 56(f) is particularly appropriate at this early stage when the parties have not even exchanged their Fed. R. Civ. P. 26 automatic disclosures and discovery has not yet begun.  Alternatively, Lycos requests that disposition of CSI's Motion for Summary Judgment as to its Complaint, and that portion of CSI's Motion for Summary Judgment as to Lycos'

**Amended Counterclaim that relates to Counts III (unconscionability) and V (M.G.L. c. 93A), be continued pursuant to Rule 56(f) to allow Lycos to commence discovery and obtain additional facts necessary for Lycos to marshal a full defense.**

<u>ARGUMENT</u>

**I.      <u>CSI's Motions for Summary Judgment Should Be Denied Pursuant to Rule 56(f) Because Lycos Has Not Even Been Given the Opportunity to Commence Discovery</u>**

**Rule 56(f) prevents a party from being "'railroaded' by a premature motion for summary judgment."** *Celotex Corp. v. Catrett,* **477 U.S. 317, 326 (1986). The First Circuit has recognized the "salutary purposes" of Rule 56(f) and indicated that it "is intended to safeguard against judges swinging the summary judgment axe too hastily."** *Resolution Trust Corporation v. North Bridge Associates,* **22 F.3d, 1198, 1203 (1ˢᵗ Cir. 1994) (citations omitted). Thus, a court "should construe motions that invoke the rule generously."** *Id.*

**These principles have particular application where, as here, discovery has not even commenced. Under such circumstances, a Court should rarely, if ever, deny a party moving under Rule 56(f) the chance to conduct discovery prior to disposing of the case.** *See Commonwealth Aluminum Corp. v. Markowitz***, 164 F.R.D. 117, 120 (D. Mass. 1995) (granting Rule 56(f) motion in part because "there is no evidence that** *any* **discovery has begun, including automatic discovery stemming from a Rule 26(f) meeting") (emphasis in original);** *accord Hellstrom v. U.S. Dep't of Veterans Affairs***, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery."). This results from the critical distinction between cases where a party requests a stay to conduct** *additional* **discovery and cases where a party opposes summary judgment on the ground that it is entitled to an opportunity to**

- 2 -

*commence* **discovery, a distinction recognized by the Supreme Court.** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 n.5 (1986) (summary judgment should be refused "where the nonmoving party** *has not had the opportunity to discover information* **that is essential to his opposition") (emphasis added);** *Crystalline H2O, Inc. v. Orminski*, **105 F. Supp. 2d 3, 6-7 (N.D.N.Y. 2000) (noting this "critical distinction").**

**Here, CSI has moved for summary judgment before even filing an answer to CSI's counterclaims. Affidavit of Thomas O. Bean ("Bean Aff."), attached hereto as <u>Exhibit A</u>, at ¶ 2. Furthermore, the parties have not even exchanged their Rule 26 automatic disclosures and neither party has taken any discovery.** *Id.* **As a result, CSI's summary judgment motions should be denied without prejudice pending completion of discovery.**

**II.    Alternatively, the Court Should Stay Disposition of CSI's Motions Until Lycos Can Obtain Specific Discovery Essential to Its Defense of CSI's Claims**

**Alternatively, if the Court is not persuaded that Lycos' Oppositions and the papers filed therewith are not, by themselves, sufficient grounds to deny CSI's summary judgment motions, the Court should defer judgment on CSI's motions pursuant to Rule 56(f) until Lycos is able to conduct specific discovery in this case essential to its defense of CSI's motions. Rule 56(f) is the vehicle by which a party opposing summary judgment may defer judgment by demonstrating an "authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition."** *Morrissey v. Boston Five Cents Savings Bank,* **54 F.3d 27, 35 (1st Cir. 1995),** *citing Resolution Trust Co.,* **22 F.3d at 1203 (internal quotations omitted).**

**A party who desires to invoke Rule 56(f) must make a sufficient proffer, which in the First Circuit consists of the following: "the proffer should be authoritative; it should be**

advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment." *Resolution Trust*, 22 F.3d at 1203.[1] When these requirements are met, "a strong presumption arises in favor of relief." *Id.*; *see also Gonzalez v. K-Mart Corp.*, 940 F. Supp. 429, 431 (D.P.R. 1996) ("Courts should generally grant Rule 56(f) requests unless the party has been dilatory in conducting discovery or the motion is really a wolf draped in sheep's clothing to delay the litigation in the case.").

Here, there can be no doubt that Lycos' proffer is both authoritative and timely. The attached affidavit of Thomas O. Bean, counsel for Lycos, is made with firsthand knowledge by one who is "competent to address the specifics of the matters discussed." *Resolution Trust*, 22 F.3d at 1204. *See Velez v. Awning Windows, Inc.*, 375 F.3d, 35, 40 (1st Cir. 2004) (to benefit from Rule 56(f), a litigant ordinarily must furnish the court with an affidavit from counsel). This motion is made one month after Lycos received CSI's summary judgment papers pursuant to the schedule agreed to by the parties and the Court, clearly within a "reasonable time following receipt" of CSI's motions. *Resolution Trust*, 22 F.3d at 1204.

Lycos' proffer also sufficiently explains why it "is unable currently to adduce the facts essential to opposing summary judgment." The Bean Affidavit sets forth specific categories of facts material to this dispute that Lycos intends to discover, and lists a specific individual Lycos intends to depose to obtain such facts. Specifically, the Bean Affidavit identifies the following areas of discovery: (1) with respect to CSI's Motion for Summary Judgment on its Complaint, CSI requires discovery concerning its affirmative defense of equitable estoppel, part of the proof of which concerns CSI's intent to induce Lycos to enter into certain

---

[1] This is not a "delayed discovery" case, since the dispositive motions were filed prior to any discovery and CSI has not even answered Lycos' amended counterclaim. Therefore, the five criteria for rule 56(f) relief in such a case are not fully applicable. *See Resolution Trust*, 22 F.3d at 1203.

equipment lease schedules by its alleged fraudulent and negligent representations; and (2) with respect to CSI's Motion for Summary Judgment on Lycos' Amended Counterclaim, CSI requires discovery concerning its claim of unconscionability (Count III) and its claim of CSI's violation of M.G.L. c. 93A (Count V), part of the proof of which concerns evidence of the gross disparity between the total amounts paid by Lycos under the equipment lease schedules and the Sales Agreement, and the original cost of the equipment it leased and later purchased. *See* **Bean Aff. ¶ 3.** The facts described are material to the dispute between the parties, and are for the most part, if not entirely, within CSI's exclusive control, a factor which the First Circuit has held to "assume decretory significance" under Rule 56(f). *Resolution Trust*, 22 F.3d at 1208. Lycos has also identified CSI employees – Mr. Paul Stenberg and others with specific knowledge of relevant financial information – who it wishes to depose to obtain these facts. *See* **Bean Aff. ¶ 3.** This specific proffer of future discovery clearly rises above "mere speculation" and "gauzy generalities," (*See Resolution Trust*, 22 F.3d at 1206-07), and therefore, under Rule 56(f), warrants a stay of the Court's decision on CSI's Motion for Summary Judgment as to its Complaint, and on that portion of CSI's Motion for Summary Judgment as to Lycos' Amended Counterclaim that relates to Count III (unconscionability) and Count V (M.G.L. c. 93A). *See* **Bean Aff. ¶ 4.**

WHEREFORE, for the foregoing reasons, Lycos respectfully requests that this Court, to the extent it does not deny CSI's Motions on other grounds, enter an Order:

1. Denying CSI's Motions for Summary Judgment (without prejudice) and allowing discovery to commence or, in the alternative, staying disposition of CSI's Motion for Summary Judgment as to its Complaint and on that portion of CSI's Motion for Summary Judgment as to Lycos' Amended Counterclaim that relates to Count III (unconscionability) and Count V (M.G.L. c. 93A) pending the specific discovery identified by Lycos that is necessary for it to marshal its defense; and

2. Granting Lycos such other relief as may be appropriate and just.

LYCOS, INC.

By its attorneys,

Dated: April 29, 2005

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Erik P. Bartenhagen (BBO# 640003)
NUTTER, McCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for plaintiff, Robert J. Kaler, Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110, by hand on April 29, 2005.

/s/ Erik P. Bartenhagen
Erik P. Bartenhagen

## LOCAL RULE 7.1 CERTIFICATION

      I, Thomas O. Bean, counsel for defendant and plaintiff-in-counterclaim Lycos, Inc., certify that by telephone on April 29, 2005, I conferred with Robert J. Kaler, counsel for plaintiff and defendant-in-counterclaim Computer Sales International, Inc., in a good faith effort to resolve or narrow the issues presented by this motion.

                                                /s/ Thomas O. Bean
                                                Thomas O. Bean

1424144.1