UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) | C.A. No. 05-10017-RWZ |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) | |
| v. | ) ) | |
| LYCOS, INC., | ) ) | **AFFIDAVIT OF THOMAS O. BEAN** |
| Defendant and Plaintiff-in-Counterclaim, | ) ) ) | |
| and | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) ) | |
| Trustee Process Defendant | ) | |

I, Thomas O. Bean, do hereby depose under oath and state as follows:

1. I am a partner with the law firm Nutter, McClennen and Fish, LLP, attorneys for the defendant and plaintiff-in-counterclaim Lycos, Inc. ("Lycos") in this action. I have been a member in good standing of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts since 1986, and of this Court since 1987. I respectfully submit this Affidavit in connection with Lycos' Conditional Motion Pursuant to Fed. R. Civ. P. 56(f).

2. I have reviewed Computer Sales International, Inc.'s ("CSI") Motions for Summary Judgment as to its Complaint and as to Lycos' Amended Counterclaim (collectively, the "Motions"). CSI filed the Motions before filing an answer to Lycos' Amended

Counterclaim. The case was filed in January, 2005; the parties have not exchanged automatic disclosures pursuant to Fed. R. Civ. P. 26 and no discovery has been taken.

3. If the Court does not deny the Motions for the reasons set forth in Lycos' oppositions to the Motions and the papers relating thereto, Lycos will require specific discovery to advance its defenses to both Motions. Specifically:

    A. With respect to CSI's Motion for Summary Judgment as to its Complaint, Lycos requires discovery concerning its affirmative defense of equitable estoppel, part of the proof of which concerns CSI's intent to induce Lycos to enter into certain lease schedules through its (CSI's) alleged fraudulent and negligent representations. As a result, Lycos intends to depose key CSI personnel, including Mr. Paul Stenberg, and request documents from CSI as to its specific business practices with respect to Lycos, and its business practices in general, information that rests in CSI's exclusive possession.

    B. With respect to CSI's Motion for Summary Judgment on Lycos' Amended Counterclaim, Lycos requires discovery concerning its claim of unconscionability (Count III) and its claim of CSI's violation of M.G.L. c. 93A (Count V), part of the proof of which concerns evidence of the gross disparity between the total amounts paid by Lycos under the equipment lease schedules and the Sales Agreement, and the original cost of the equipment it leased and later purchased. As a result, Lycos intends to depose key CSI personnel with knowledge of relevant financial information, and request documents from CSI reflecting the aggregate original equipment cost of the leased equipment as compared to the total amount paid by Lycos on account of the leases of

- 3 -

equipment from CSI, and if such documents do not exist, documents from which this information may readily be derived. Upon information and belief, CSI has this information and Lycos does not.

4. As noted above, if the Court does not deny the Motions for the reasons stated in Lycos' oppositions and the papers filed therewith, Lycos will not be able to present facts necessary to its opposition to CSI's Motion for Summary Judgment on its Verified Complaint, or to that portion of its opposition to CSI's Motion for Summary Judgment on Lycos' Amended Counterclaim relating to Count III (unconscionability) and Count V (M.G.L. c. 93A), unless and until it conducts the above-described discovery.

Signed under the penalties of perjury, this 29th day of April, 2005.

                Thomas O. Bean  //s//
                Thomas O. Bean

1425172.1