UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br><br> Plaintiff, <br> v. <br><br> LYCOS, INC., <br><br> Defendant, <br> and <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br> Trustee Process Defendant. | C.A. No. 05-10017- RWZ |

### PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.'S OPPOSITION TO LYCOS INC.'S MOTION TO STRIKE CSI'S VERIFIED COMPLAINT AND THE AFFIDAVITS OF JEFFREY L. ROUSSEAU

Plaintiff Computer Sales International, Inc. ("CSI") respectfully opposes Lycos, Inc.'s Motion to Strike CSI's Verified Complaint and the Affidavits of Jeffrey Rousseau From Consideration on CSI's Motions for Summary Judgment for Failure to Comply With Fed. R. Civ. P. 56(e), dated April 29, 2005 ("Lycos' Motion to Strike") on the following grounds:

**1.** Although Lycos denies, in its Local Rule 56.1 Statement,[1] portions of the allegations in ¶¶ 4 and 10-12 of CSI's Local Rule 56.1 statement of undisputed facts,[2] it does not deny, and therefore is deemed to have admitted, the truth of ***all the other*** factual assertions in

---

[1] *See* Defendant Lycos, Inc.'s Local Rule 56.1 Statement Identifying Those Statements in CSI's Statement of Undisputed Material Facts That Lycos Disputes, filed April 30, 2005 ("Lycos' Local Rule 56.1 Statement").

[2] *See* Memorandum of Law in Support of Plaintiff Computer Sales International's Motion for Summary Judgment as to its Complaint and Plaintiff's Motion to Dismiss or for Summary Judgment as to the Amended Counterclaim of Defendant Lycos, Inc., filed March 30, 2005, at pp. 1-9.

CSI's statement.  *See* Local Rule 56.1 ("Material facts of record set forth in the statement [of undisputed facts] required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties").

**2.**   Since those admitted statements are based on the assertions in the Verified Complaint (many of which Lycos has admitted in its Answer[3]) and Affidavits of Jeffrey Rousseau,[4] it is apparent that Lycos does not contest the majority of the factual allegations in the Verified Complaint and Affidavits of Jeffrey Rousseau, and is moving to strike them only in an effort to gain a "procedural" advantage.  Litigation of this magnitude is not a game, however, and motions to strike affidavits whose factual allegations are not contested are pointless.

**3.**   Moreover, Lycos' characterizations of the Verified Complaint and Affidavits of Jeffrey Rousseau as being insufficient to establish that Mr. Rousseau has knowledge of the issues he addresses are not supported by any *evidence* that he lacks knowledge of what he is saying, and read in their entirety, those affidavits, and the complaint, show that he does have such knowledge.

For all of these reasons, plaintiff CSI respectfully submits that Lycos' Motion to Strike should be denied.

> Respectfully submitted,
>
> COMPUTER SALES INTERNATIONAL, INC.
> By its attorneys,
>
> /s/ Robert J. Kaler_____
> Robert J. Kaler, Esq., BBO No. 542040
> rkaler@ghlaw.com
> Eric Neyman, Esq., BBO No. 564803

---

[3]   *See* Amended Answer and Counterclaim of Defendant Lycos, Inc., dated March 22, 2005.

[4]   *See* Footnote 2, *supra*.

eneyman@ghlaw.com  
Gadsby Hannah LLP  
225 Franklin Street  
Boston, MA  0211  
Tel. (617) 345-7000

Dated:  May 12, 2005