UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| LYCOS, INC., | ) | C.A. No. 05-10017- RWZ |
| Defendant, | ) | |
| and | ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) | |
| Trustee Process Defendant. | ) | |

**PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.'S OPPOSITION TO LYCOS INC.'S CONDITIONAL MOTION PURSUANT TO FED. R. CIV. P. 56(F)**

Plaintiff Computer Sales International, Inc. ("CSI") respectfully opposes Lycos, Inc.'s Conditional Motion Pursuant to Fed. R. Civ. P. 56(f), dated April 29, 2005 ("Lycos' Conditional Motion") on the following grounds:

**1.** As Lycos concedes, a claim that summary judgment should be denied based on Fed. R. Civ. P. 56(f) must be supported by an authoritative explanation of "why a party is unable to currently adduce the facts essential to opposing summary judgment." *Resolution Trust Corp. v. North Bridge Associates*, 22 F.3d 1198, 1203 (1st Cir. 1994). In this case, Lycos cannot provide such an explanation, because the undisputed facts in the record already demonstrate that the causes of action it has pled against CSI are legally insupportable because it admittedly *knew* the facts that it alleges were misrepresented to it. *See* Memorandum of Law in Support of Plaintiff Computer Sales International's Motion for Summary Judgment as to Its Complaint and

Plaintiff's Motion to Dismiss or for Summary Judgment as to the Amended Counterclaim of Defendant Lycos, Inc., filed March 30, 2005, at pp. 1-9.

2. In this regard, paragraph 3(A) of Lycos' counsel Thomas Bean's affidavit opines that Lycos requires discovery concerning CSI's intent to induce Lycos to enter into certain lease schedules by means of the "fraudulent and negligent misrepresentations" that Lycos has alleged. *See* Affidavit of Thomas O. Bean ("Bean Aff."), at p. 2. It is undisputed, however, that Lycos knew, and had the means to calculate for itself, what it claims it was misled about, and therefore cannot prove the requisite "reasonable reliance" to make out valid legal claims in this area – whether under the rubric of misrepresentation or equitable estoppel.

3. Similarly, in paragraph 3(B), the Bean Aff. opines that Lycos requires discovery concerning "the gross disparity between the total amounts paid by Lycos under the equipment leases and the Sales Agreement, and the original cost of the equipment it leased and later purchased." Bean Aff. at pp. 2-3. Lycos has admitted, however, **(a)** that "it ordered the equipment and knew the cost of each piece of equipment at the time the equipment was ordered,"[1] and **(b)** that "Lycos did record and keep track of the monthly lease payments it made under the equipment leases." *See* Affidavit of Brian Lucy ("Lucy Aff.") at p. 3, ¶ 10. Thus, Lycos already knows the "disparity" between these two amounts, whether characterized as "gross" or otherwise – in fact that is what it is complaining about.

4. The issue on the instant summary judgment motions is not what CSI thought or knew, but rather whether Lycos can pursue the causes of action it has pled based in the face of the admitted facts in the record. Lycos does not need discovery of CSI to respond on that issue.

---

[1] *See* Defendant Lycos, Inc.'s Local Rule 56.1 Statement Identifying Those Statements in CSI's Statement of Undisputed Material Facts That Lycos Disputes, 4-30-05 ("Lycos' Local Rule 56.1 Statement") at pp. 3-4.

For all of these reasons, plaintiff CSI respectfully submits that Lycos' Conditional Motion should be denied.

                                          Respectfully submitted,

                                          COMPUTER SALES INTERNATIONAL, INC.
                                          By its attorneys,

                                          /s/ Robert J. Kaler_____
                                          Robert J. Kaler, Esq., BBO No. 542040
                                          rkaler@ghlaw.com
                                          Eric Neyman, Esq., BBO No. 564803
                                          eneyman@ghlaw.com
                                          Gadsby Hannah LLP
                                          225 Franklin Street
                                          Boston, MA  0211
Dated: May 12, 2005                         Tel. (617) 345-7000