UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., )<br><br>Plaintiff, )<br>v. )<br><br>LYCOS, INC., )<br>Defendant, )<br><br>BANK OF AMERICA f/k/a FLEET BANK, )<br><br>Trustee Process Defendant. ) | C.A. No. 05-10017- RWZ |

**PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.'S**
**REPLY TO COUNTERCLAIM OF DEFENDANT LYCOS, INC. AND JURY DEMAND**

Plaintiff Computer Sales International, Inc. ("CSI") hereby responds as follows to the correspondingly numbered paragraphs of the "Lycos' Counterclaim" set forth on pages 6-31 of the "Amended Answer and Counterclaim of Defendant Lycos, Inc.," dated March 22, 2005:

**GENERAL RESPONSE**

CSI replies to the Lycos' Counterclaim at this time without waiving any of its rights, defenses, or privileges under any applicable law, reserves the right to supplement or amend this reply as discovery and these proceedings progress and more information about Lycos' Counterclaim and the alleged basis for it becomes available.

**SPECIFIC RESPONSES**

1.   Denied.

2.   Denied.

3.   Denied.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      This paragraph consists of general statements of opinion as to which no response is required, and the referenced accounting standards speak for themselves; otherwise denied.

9.      This paragraph consists of general statements of opinion as to which no response is required; otherwise denied.

10.     This paragraph consists of general statements of opinion as to which no response is required; otherwise denied.

11.     This paragraph consists of general statements of opinion as to which no response is required, and the referenced accounting standards speak for themselves; otherwise denied.

12.     This paragraph consists of general statements of opinion as to which no response is required; otherwise denied.

13.     This paragraph consists of general statements of opinion as to which no response is required; otherwise denied.

14.     This paragraph consists of general statements of opinion as to which no response is required; otherwise denied.

15.     Admitted that in December of 1996 Lycos and CSI entered into a Master Lease the terms of which speak for themselves and a copy of which is attached as Exhibit 1 to CSI's Verified Complaint herein; otherwise denied.

16.     Admitted that Lycos and CSI entered into a Master Lease and equipment schedules, the terms of which speak for themselves, and that each equipment schedule

constituted a separate and independent lease incorporating by reference all the terms of the Master Lease and providing further specific rental terms; otherwise denied.

17.    Admitted that some of the referenced equipment schedules had terms of 24 to 36 months, and that the terms of those schedules and the Master Lease speak for themselves; otherwise denied.

18.    Admitted that CSI's account representative for Lycos was Paul Stenberg, that during the relevant time periods Mr. Stemberg maintained an office in Needham, Massachusetts, interacted with Lycos employees on a social as well as business basis, attended golf outings, dinners, concerts and sporting events with various Lycos employees, and was friendly with a number of Lycos employees; otherwise CSI is without knowledge sufficient to admit or deny the remaining allegations of this paragraph, and they are therefore deemed denied under Fed. R. Civ. P. 8.

19.    Admitted that some Lycos' personnel left the employ of Lycos, and that some became employed at Lycos, during the relevant time periods; but denied that Mr. Stenberg or CSI "voluntarily assumed and accepted" anything from Lycos other than the contracts that Lycos entered into with CSI; and otherwise denied.

20.    Denied.

21.    Admitted that Lycos and CSI voluntarily agreed to enter into, and did enter into, a number of equipment schedules pursuant to which previously executed equipment schedules were cancelled and incorporated into new equipment schedules; otherwise denied.

22.    Admitted that Lycos and CSI voluntarily agreed to enter into, and did enter into, a number of equipment schedules pursuant to which previously executed equipment schedules were cancelled and incorporated into new equipment schedules; otherwise denied.

23.    Admitted that Lycos and CSI voluntarily agreed to enter into, and did enter into, a number of equipment schedules pursuant to which previously executed equipment schedules were cancelled and incorporated into new equipment schedules; otherwise denied.

24.    Denied.

25.    As to the first sentence of this paragraph, CSI is without information at the present time sufficient to admit or deny what Lycos "would have paid" under what this paragraph refers to as "original lease schedules," partly because the "original lease schedules," are not defined, and partly because Lycos, if it had not extended certain lease schedules, would have had to either return the equipment, buy the equipment from CSI at a certain price which was never determined, or would have had to lease that equipment or different equipment at prices and on terms which were never determined; and as a result the first sentence of this paragraph is deemed denied under Fed. R. Civ. P. 8.  As to the second sentence of this paragraph, CSI admits that Lycos paid CSI over the course of almost ten years to lease enormous quantities of equipment from CSI which Lycos selected, CSI purchased, and Lycos voluntarily agreed to lease on the terms and conditions set forth in the Master Lease and equipment schedules executed by Lycos and CSI during that time period; otherwise denied.

26.    Denied.

27.    Admitted that on or about July 12, 2000, Lycos and CSI voluntarily entered into an equipment schedule lease, pursuant to their Master Lease, called "Equipment Schedule 67E," a copy of a portion of which is attached as Exhibit B to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

28.    Admitted that on or about November 14, 2000, Lycos and CSI voluntarily entered into an equipment schedule lease, pursuant to their Master Lease, called "Equipment Schedule

67H," a copy of a portion of which is attached as Exhibit C to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

29.     Admitted that on or about November 14, 2000, Lycos and CSI voluntarily entered into an equipment schedule lease, pursuant to their Master Lease, called "Equipment Schedule 67H," a copy of a portion of which is attached as Exhibit C to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

30.     Admitted that on or about November 14, 2000, Lycos and CSI voluntarily entered into an equipment schedule lease, pursuant to their Master Lease, called "Equipment Schedule 67H," a copy of a portion of which is attached as Exhibit C to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

31.     Admitted that in or about October of 2001, Lycos and CSI voluntarily entered into two equipment schedule leases, pursuant to their Master Lease, called "Equipment Schedules 93 and 94," a copies of portions of which are attached as Exhibits D and E to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

32.     Admitted that in or about October of 2001, Lycos and CSI voluntarily entered into two equipment schedule leases, pursuant to their Master Lease, called "Equipment Schedules 93 and 94," a copies of portions of which are attached as Exhibits D and E to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

33.     Admitted that in or about October of 2001, Lycos and CSI voluntarily entered into two equipment schedule leases, pursuant to their Master Lease, called "Equipment Schedules 93 and 94," a copies of portions of which are attached as Exhibits D and E to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

34.     Admitted that the Equipment Leasing Association ("ELA") is a non-profit trade association; otherwise denied.

35.     Admitted.

36.     Denied.

37.     Admitted that ELA has posted a document on its website entitled "ELA Code of Business Practice;" otherwise denied.

38.     As to the first sentence of this paragraph, admitted that the Commonwealth of Massachusetts has promulgated a regulation designated 940 C.M.R. Section 3.16(2), the terms of which speak for themselves, which does not apply to business to business transactions between sophisticated businesses such as Lycos and CSI.  As to the second and third sentences of this paragraph, CSI is without knowledge sufficient to admit or deny the allegations therein as to the Attorney General's actions in prosecuting, interpreting, or filing actions under 940 C.M.R. Section 3.16(2), and those allegations are therefore deemed denied under Fed. R. Civ. P. 8.

39.     Denied.

40.     Denied.

41.     Denied, except admitted that Exhibit H includes what purport to be emails from Brian Lucey to Paul Stenberg, and Paul Stenberg to Kevin Baillie, sent on March 18, 2002.

42.     Denied.

43.     Admitted that Lycos approached CSI and asked if CSI would be willing to agree to accelerate Lycos' payment obligations under the remaining outstanding lease schedules, and sell the equipment covered by those leases to Lycos; otherwise denied.

44.     Denied.

45.     Admitted that Lycos and CSI discussed the possibility of Lycos making a one-time payment to purchase the equipment covered by the then-outstanding equipment schedules, and also making some of the remaining lease payments owed to CSI under some of those schedules; otherwise denied.

46.     Admitted that Lycos and CSI voluntarily entered into a Sales Agreement; otherwise denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.


Reply to Count I of Lycos' Counterclaim
(Alleging Fraudulent Misrepresentation in the Inducement of Rolled-Up Lease Schedules)

51.     CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-50 of the Lycos Counterclaim; otherwise denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

Reply to Count II of Lycos' Counterclaim
(Alleging Fraudulent Misrepresentation the Inducement of Sales Agreement)

56.     CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-55 of the Lycos Counterclaim; otherwise denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

Reply to Count III of Lycos' Counterclaim
(Alleging Unconscionability in Sales Agreement)

62.     No response is required because the Court has dismissed this count of the Lycos Counterclaim; otherwise denied.

63.     No response is required because the Court has dismissed this count of the Lycos Counterclaim; otherwise denied.

64.     No response is required because the Court has dismissed this count of the Lycos Counterclaim; otherwise denied.

Reply to Count IV of Lycos' Counterclaim
(Alleging Negligent Misrepresentation the Inducement)

65.     CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-64 of the Lycos Counterclaim; otherwise denied.

66.     Denied.

67.     Denied.

68.     Denied.

Reply to Count V of Lycos' Counterclaim
(Alleging Violation of M.G.L. c. 93A, §§ 2 and 11)

69.     CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-68 of the Lycos Counterclaim; otherwise denied.

70.     Admitted.

71.     Denied.

72.     Admitted that some communications between Mr. Stenberg and Lycos occurred while CSI was conducting business in Massachusetts; otherwise denied.

73.     Denied.

74.     Denied.

75.     Denied.

Reply to Count VI of Lycos' Counterclaim
(Alleging Money Had and Received)

76.     CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-75 of the Lycos Counterclaim; otherwise denied.

77.     CSI is without knowledge at this time sufficient to admit or deny the allegations of this paragraph, and they are therefore deemed denied under Fed. R. Civ. P. 8; otherwise denied.

78.     CSI is without knowledge at this time sufficient to admit or deny the allegations of this paragraph, and they are therefore deemed denied under Fed. R. Civ. P. 8; otherwise denied.

79.     Admitted that Lycos paid a purchase price of $3.77 million, and made other payments, in connection with its purchase of equipment from CSI in July 2003; otherwise denied.

80.     Denied.

81.     Denied.

Reply to Count VII of Lycos' Counterclaim
(Alleging Unjust Enrichment)

82.     CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-81 of the Lycos Counterclaim; otherwise denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

Reply to Count VIII of Lycos' Counterclaim
(Seeking a Declaratory Judgment)

87.    CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-86 of the Lycos Counterclaim; otherwise denied.

88.    Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

89.    Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

90.    Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

Reply to Count IX of Lycos' Counterclaim
(Seeking a Declaratory Judgment)

91.    CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to paragraphs 1-90 of the Lycos Counterclaim; otherwise denied.

92.    Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

93.    Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

**AFFIRMATIVE DEFENSES
OF CSI TO THE LYCOS COUNTERCLAIM**

First Affirmative Defense

The Lycos Counterclaim fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

Lycos has waived the claims set forth in the Lycos Counterclaim .

## Third Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of estoppel.

## Fourth Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of accord and satisfaction.

## Fifth Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of contributory negligence.

## Sixth Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of assumption of risk.

## Seventh Affirmative Defense

The Lycos Counterclaim is barred by virtue of having been released.

## Eighth Affirmative Defense

The Lycos Counterclaim is barred by the provisions of Lycos contracts with CSI.

## Ninth Affirmative Defense

The Lycos Counterclaim is barred by its own fraud and misconduct.

## Tenth Affirmative Defense

Lycos is not entitled to recover any of its alleged damages because any such damages were not proximately caused by any acts, omissions, or conduct of CSI.

## Eleventh Affirmative Defense

The Lycos Counterclaim is barred by the applicable statutes of limitations.

## Twelfth Affirmative Defense

The Lycos Counterclaim barred by the doctrine of laches.

Thirteenth Affirmative Defense

The Lycos Counterclaim is barred by Lycos' own unclean hands.

Fourteenth Affirmative Defense

The portion of the Lycos Counterclaim alleging violation of M.G.L. c. 93A is barred because the conduct at issue did not occur primarily and substantially within the Commonwealth of Massachusetts.

Fifteenth Affirmative Defense

The portion of the Lycos Counterclaim alleging violation of M.G.L. c. 93A is barred because the Massachusetts Attorney General's Regulation on which Lycos relies for its c. 93A claim, 940 C.M.R. § 3.16(2), does not apply to the business to business transactions in issue in this case.

Sixteenth Affirmative Defense

Any damages or harm suffered by Lycos were caused by the conduct of persons or entities over which CSI had no control and for which CSI is not liable or responsible.

Additional Affirmative Defenses

CSI reserves the right to amend this Answer and assert additional defenses as becomes necessary or appropriate through the course of investigation or discovery.

**CSI'S DEMAND FOR TRIAL BY JURY**

CSI hereby claims its right to trial by jury, and hereby demands a trial by jury, on all counts of its Complaint and Lycos' Counterclaim herein.

**CSI'S PRAYER FOR RELIEF
AS TO THE LYCOS COUNTERCLAIM**

-13-

WHEREFORE, CSI prays that the Lycos Counterclaim be dismissed, with prejudice, and that CSI be awarded its costs and reasonable attorneys' fees.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler_____
Robert J. Kaler, Esq., BBO No. 542040
rkaler@ghlaw.com
Eric Neyman, Esq., BBO No. 564803
eneyman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated:  December 29, 2005

**Certificate of Service**

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action electronically this 29th day of December 2005.

/s/ Robert J. Kaler
Robert J. Kaler

B0442994v1