UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., ) | |
| Plaintiff, ) | |
| **v.** ) | |
| ) | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ |
| Defendant, ) | |
| ) | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | |
| Trustee Process Defendant. ) | |

**OPPOSITION OF
COMPUTER SALES INTERNATIONAL, INC. TO
"LYCOS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO
RESOLVE DISPUTE OVER PROPOSED CONFIDENTIALITY AGREEMENT"**

After obtaining CSI's good faith agreement not to use ***any*** material produced by Lycos'
accounting firms in discovery for any purpose other than litigating this case,[1] Lycos has now
filed a motion claiming that it has a first amendment right to use the discovery ***that it obtains***
from CSI for a wide range of purposes unrelated to this case.   In the process, Lycos has
indicated that it wants to be free to use material produced by CSI in discovery to launch other
attacks on CSI in the marketplace, in trade associations, and in the press, and it argues that it has
an absolute right to do so. *See, e.g.,* Lycos Motion at pp. 3-4.

Lycos is mistaken.  The cases it cites do not support its position, nor do the facts, and its
motion should be denied.

---

[1]    On February 15, 2006, CSI and Lycos signed a binding stipulation, a copy of which is
attached hereto as Exhibit 1, filed by Lycos with the Court at Docket No. 54, which includes
a specific provision, edited by Lycos' own attorneys, limiting CSI's use of ***any*** records
produced by Lycos' accountants in discovery, regardless of whether they are designated
"confidential," ***to litigating this case***.   *See* Stipulation and Order Regarding the Handling of
Confidential Information Produced in Discovery By Accountants for Lycos, filed February
15, 2006, at p. 5, ¶ 9.

-2-

## RELEVANT FACTS

1.      This is an action by CSI seeking to recover a $301,000 account receivable owed to it by Lycos under a series of computer equipment leases that Lycos entered into with CSI several years ago.  *See* Verified Complaint at pp. 1, 3-10.  Lycos is seeking to offset that liability with a multi-million dollar counterclaim in which it alleges that CSI somehow "defrauded" it into entering into certain separate "roll-up" leases (not the leases under which Lycos owes the $301,000), and a subsequent purchase and sale agreement.  *See* Amended Answer and Counterclaim of Lycos, Inc., filed March 22, 2005.

2.      Lycos' counterclaim alleges that it was deceived into entering into the aforesaid "roll-up" leases and purchase and sale agreement because **(a)** CSI never disclosed to it that it would be paying too much under those agreements, and **(b)** CSI allegedly misstated certain cost information in an email sent *after* the "roll-up" leases were signed, but *before* the purchase and sale agreement was executed.  *See* Amended Answer and Counterclaim of Lycos, Inc. at pp 6-31.

3.      Early last year, CSI moved for dismissal or summary judgment as to these claims.[2]   That motion was denied in a memorandum and order dated December 6, 2005.  Since then, CSI has moved this Court to reconsider that order based on what CSI genuinely believes are several specific factual and legal mistakes in the Order.[3]    That motion to reconsider is still pending.

4.      In the meantime, according to the schedule set by the Court at a January 10, 2006 Status Conference in this case, discovery is supposed to have proceeded.  To that end, on January

---

[2]     *See* Plaintiff Computer Sales International, Inc.'s Motion to Dismiss or For Summary Judgment, filed March 31, 2005 (Docket No. 21)

[3]     *See* Plaintiff Computer Sales International, Inc.'s Motion for Reconsideration of Order of December 6, 2005 (Docket No. 47)

13, 17, and 18, 2006, CSI served subpoenas *duces tecum* on Lycos' accounting firms Arthur Andersen and Deloitte Touche, and on the Lycos' leasing consultants, American River Partners, Inc. a/k/a Leaseforum and Susan Franklin, who assisted Lycos in negotiating the purchase and sale agreement that Lycos claims it was "fraudulently induced" to enter into, and who have submitted an affidavit in this case. *See* Affidavit of Susan Franklin, filed April 29, 2005.

5.    CSI's subpoenas called for the production of documents and witnesses in late January and early February, *see* Exhibit 3 hereto, but shortly after the subpoenas were served, each recipient received a letter from Lycos counsel advising that Lycos objected to the production of any material that it considered "confidential" or "privileged," and insisting that it review any material subpoenaed by CSI before it was produced. *See* Exhibit 4 hereto. As a result, no documents were produced on time, the subpoena dates for the production of knowledgeable witnesses were largely ignored, and CSI's discovery efforts ground to a halt.

6.    At that point, Lycos advised that it would not allow its accounting firms to produce any records until CSI agreed to a confidentiality order covering those records, which CSI did on February 15, 2006. *See* Exhibit 1. Lycos then refused to allow its leasing consultants to release any records to CSI until it reviewed them for what it claimed was "attorney-client and work product privileges," even though the leasing consultants are independent third parties, and no basis for a privilege claim of any kind by Lycos seems to exist. As of this date, ***weeks*** after the consultants' records were due, none has been produced, nor has a witness.

7.    At the same time, Lycos has refused to produce any of ***its own*** records, even though there is no dispute about the protections to be afforded those records -- CSI has offered Lycos the same protective order that it gave in connection with Lycos' accountants' records -- unless CSI agrees to allow Lycos and its consultants to use discovery material ***that they obtain***

*from CSI* for any purpose they like (while CSI is prohibited from doing so with respect to Lycos' accountants' records). CSI cannot agree to this.

8.    In the meantime, Lycos served fifty-three (53) requests for admissions on CSI, more than twice the permissible number under Local Rule 26.1 of this Court, addressing complicated financial issues relating to Lycos costs. It then ***refused to grant CSI an extension of time to respond*** so that CSI could first review the relevant Lycos' financial and accounting records whose very production Lycos was holding up. Then in February, while still refusing to produce its own records, and delaying any production by its leasing consultant, Lycos served a Notice of Deposition on CSI atating that it intends to videotape for trial a deposition of CSI's in-house counsel ***next week*** -- before any of its pertinent records are produced or examined by CSI. It has refused to extend that date as well.

9.    Up to now, CSI has been reluctant to seek relief from the Court. It answered Lycos' 53 requests for admissions, although only 25 are permitted under the Local Rules. It took no action to bring proceedings against Lycos' accounting firms despite their refusal, at the behest of Lycos, to comply with CSI's subpoenas, and despite one accounting firm's mistaken refusal to produce a witness for deposition although it was clearly required to do so, and even though the witness would have helped CSI answer Lycos' 53 requests for admissions, as to which Lycos was refusing to extend the response time at that point.

10.    Instead, CSI has negotiated and renegotiated *ad nauseum* with all parties in an effort to press forward with discovery – largely to no avail, although some recent progress is being made with some of the accounting firms. The Lycos' Motion makes clear, however, that the intervention of the Court, in the form of a fair and even-handed protective order, *see* Exhibit 5 hereto (CSI's proposed order), is warranted.

## ARGUMENT

**I.    LYCOS HAS NO FIRST AMENDMENT RIGHT TO USE MATERIAL PRODUCED BY CSI IN DISCOVERY FOR NON-LITIGATION PURPOSES**

After obtaining CSI's good faith agreement not to use any material produced by Lycos' accounting firms in discovery for any purpose other than litigating this case, *see* Footnote 1, *supra*, Lycos has now claimed that it has a First Amendment right to use the discovery that it obtains from CSI for a wide range of purposes unrelated to the case – characterizing any limitation on that purported right as a "gag" order.  *See* Lycos Motion to Compel Production of Documents and to Resolve Dispute Over Proposed Confidentiality Agreement, filed February 15, 2006 ("Lycos Motion") at pp. 3-4.    This claim is without merit, and Lycos' argument seriously misstates the applicable law on the issue.

First, although discovery materials are generally considered freely disseminable absent a protective order, Lycos clearly has no First Amendment right to prevent the entry of a protective order limiting its use of the material it obtains from CSI in discovery to litigating this case.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)(held that there is "no First Amendment right of access to information made available only for purposes of trying his suit.").[4]  In fact, the

---

[4]    In *Rhinehart,* the members of a religious group sued the Seattle Times for defamation and invasion of privacy.  During discovery, the defendant Seattle Times challenged a protective order entered under the state analog of Federal Rule 26(c) prohibiting it from disseminating or using the information in any way except as necessary to prepare and try its case.  The Times challenged the protective order as a prior restraint on speech in violation of the First Amendment, but **the Supreme Court rejected the claim**, holding that even where there may be a public interest in learning more about the litigants, "[i]t does not necessarily follow, however, that a litigant has an unrestrained right to disseminate information that has been obtained through pretrial discovery." *Rhinehart*, 467 U.S. at 31.

In the process, the Supreme Court  pointed out that pretrial discovery proceedings "were not open to the public at common law" and that litigants have a broad "privacy" interest that must be protected by the courts through protective orders under Rule 26(c). *Rhinehart*, 467 U.S. at 34-35, n.21

-6-

stipulated order regarding Lycos' accountants' records that Lycos made CSI sign before the production of those records could begin contains *exactly this provision*, which Lycos' attorneys edited so it would specifically apply to those records, regardless of whether they were designated "confidential." *See* Footnote 1, *supra*.

In this regard, the First Circuit case on which the Lycos motion principally relies, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 788 (1st Cir. 1988), expressly recognizes that the Supreme Court, in *Seattle Times v. Rhinehart*, "largely foreclosed" any claim of a "first amendment right to inspect … discovery materials," and also rejected the suggestion that review of a protective order requires any heightened scrutiny under the first amendment." *Public Citizen*, 858 F.2d at 788. In fact, the First Circuit has restated this rule several times. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 6 (1st Cir. 1986)("*Seattle Times* has foreclosed any claim of an absolute public right of access to discovery materials"). Thus, repeatedly characterizing such a limitation as a "gag" order, as the Lycos Motion does,[5] and thereby attempting to analogize it to an unconstitutional prior restraint on speech, is misleading.

Moreover, the First Circuit's decision in *Public Citizen* does not support Lycos Motion because in *Public Citizen*, the Court was reviewing whether a non-party public interest group could intervene and/or gain access to discovery information in a tobacco case with serious public health implications *after* a final judgment had already entered. *Id*. at 778. While allowing that access post-judgment, the First Circuit did not question the district court's decision to keep a protective order in effect *during the litigation* which required the parties to limit their use of

---

[5]     *See* Lycos Motion at p. 1 ("Lycos is not amenable to this proposed 'gag' order…"); Lycos Motion at p. 2, ¶ 3 ("Lycos is not agreeable to a 'gag' order…"); Lycos Motion at p. 3, ¶ 5 ("CSI's … demand that Lycos agree to a 'gag' order' is wholly incompatible…"); Lycos Motion at p. 5, ¶ 6 ("Lycos will not agree to a 'gag' order.'").

material produced in discovery, regardless of whether designated "confidential," to litigating that case. *Id.* at 790. To the contrary, the *Public Citizen* court noted that "such blanket protective orders may be useful ***in expediting the flow of pretrial discovery materials***," and that "as the district court made clear in rejecting pretrial attempts to modify the protective order, the point of this protective order was ***to promote a fair trial***...." *Id.* at 791 (emphasis added).[6]

The other decisions relied upon by Lycos are similarly unhelpful to it. Two are distinguishable in that they, like *Public Citizen*, dealt with public interest groups seeking access to information ***after*** litigation between the parties had concluded.[7]  In another case, cited on page 4 of Lycos' motion, the Fifth Circuit actually ***upheld*** a broad protective order, and rejected an attempt by an intervenor federal agency to use discovery material produced in a private lawsuit in its general administrative investigatory proceedings. *See Harris v. Amoco Production, Inc.*, 768 F.2d 669, 684-85 (5th Cir. 1985) (held that "an employer's interest in preserving the confidentiality of its records for some purposes … is sufficient 'good cause'" to prevent the use of those records in other proceedings).

---

[6]   This was in accord with the First Circuit's decision in *Anderson* two years earlier, in which it noted the legitimacy of pretrial protective orders that "prohibited the parties from divulging information obtained through discovery," while taking issue with provisions allowing selective release of such information to only specific media outlets. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 3 (1st Cir. 1986).

[7]   At page 4, Lycos' motion cites the Tenth Circuit's decision in *Oklahoma Hosp. Ass'n v. Oklahoma Publishing Co.*, 748 F.2d 1421, 1425 (10th Cir. 1984), for example, but that case dealt only with a public interest group's attempt to modify an agreed upon broad protective order ***after*** the litigation had ended – and rejected the interest group's claim of standing to modify the order. *Id.* at 1425. Page 4 of Lycos' motion also cites the Ninth Circuit's decision in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003), but that too was a case where public interest groups were attempting to gain access to discovery information by intervening ***after*** the case had settled.

In short, there is no basis for Lycos' claim that "settled law" supports its position.[8]  No

law supports it position, especially where, as in this case, there is ample "good cause" to limit

Lycos' use of the material it obtains from CSI in discovery to litigating this case.  *See* Part II,

*infra*.

## II.    THERE IS AMPLE "GOOD CAUSE" TO LIMIT BOTH PARTIES' USE OF THE DISCOVERY THAT THEY OBTAIN FROM EACH OTHER TO LITIGATING THIS CASE

Lycos' declared intention to use the discovery procedures of this Court to broadcast

whatever material it receives from CSI as widely as possible reeks of unfairness – essentially it is

the threat of a smear campaign – against which CSI is legitimately entitled to protection.  *See*

*Gillard v. Boulder Valley School District*, 196 F.R.D. 382, 387 (D. Colo. 2000) ("The plaintiff's

final objection to the entry of a blanket protective order is that it improperly prevents her from

using the information obtained through discovery *to embarrass* the defendants, … and to

'encourage public debate … [but] *contrary to the plaintiff's argument, a party has no right to*

*make unrestricted disclosure of the information obtained through discovery*. … the motion for

protective order is *granted*.") (emphasis added).

The easiest way to protect against this result is to impose on both parties here the same

"use for purposes of this litigation only" requirement which ***already appears*** in the parties

stipulation on discovery from Lycos' acccountants.  *See* Footnote 1, *supra*; and Exhibit 1 hereto.

Such provisions are routinely included in discovery orders that are entered in private commercial

---

[8]    Lycos also cites *Jepson v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 861 (7th Cir. 1994), where the Seventh Circuit allowed a party to share a deposition transcript which was covered by a protective order with the U.S. International Trade Commission (ITC) because federal law specifically gave the ITC authority to access and copy any such records.  *Id*. at 860.  Again, that is not the situation here.  Moreover, in *Jepson*, the deposition testimony provided to the ITC did not contain business information produced by the parties, but rather general testimony concerning how consumers behave in the market.

cases, and they are clearly appropriate here, where the potential for abuse is patent, and where the parties are called upon to release records that deal not only with their internal business operations, but with the activities of individual employees whose privacy rights would otherwise be placed at risk. *See, e.g., Parkway Gallery Furniture, Inc. v. Kittinger Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 266 (D.N.C. 1988)("... paragraph no. 8 of the protective order stat[ed] that any information provided by Thomasville, whether designated as confidential or not, ***shall be used only for purposes of the instant litigation*.**")(emphasis added); *Harris and EEOC v. Amoco Production, Inc.*, 768 F.2d 669, 684-85 (5th Cir. 1985) (upholding protective order which "restricted the Commission's use of the [discovery] material ***to the present litigation***").

Rule 26 expressly contemplates that the Court will issue protective orders where appropriate to protect a party against precisely the kind of "annoyance, embarrassment, oppression or undue burden or expense" that Lycos threatens in its motion. *See* Fed. R. Civ. P. 26(c). In this case, the risk of unfair harassment and oppression is unusually clear from Lycos' specific statements of intent to use any material it obtains from CSI to pursue attacks against CSI in other forums. *See* Lycos Motion at pp. 1-3. *See also* <u>Exhibit 2</u> hereto (Affidavit of Jeffrey Rousseau). It is also clear from the prior conduct of Lycos' leasing experts in this case, who have a history of approaching CSI customers.

Having hamstrung CSI by precluding it from making any use of Lycos accounting records to defend itself in these other forums, *see* Footnote 1, *supra*, Lycos now wants to use what it receives from CSI to attack CSI in those forums. This would be patently unfair, and would not in the slightest advance this litigation. It would be a classic misuse of the discovery process.

-10-

In this regard, the Supreme Court recognized in *Rhinehart* that litigants have a broad "privacy" interest that is properly protected by the courts through protective orders:

> Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that **pretrial discovery** by depositions and interrogatories **has a significant potential for abuse.** This abuse is not limited to matters of delay and expense; discovery also **may seriously implicate privacy interest of litigants** and third parties.

467 U.S. at 34-35 (emphasis added). *See also id.* at n.21 (noting that Rule 26(c) is designed to protect a "party or person from annoyance, embarrassment, oppression or undue burden or expense," and that "privacy or ... other rights or interests" are implicit in the broad purpose and language of the Rule).

The protective order sought by CSI, which limits use of discovery to the immediate litigation only, *see* Exhibit 5, will not at all hamper Lycos in its defense and prosecution of the present case. In fact, the First Circuit has recognized the "lubricating effects of [a] protective order on pre-trial discovery" and stated that those effects would be lost in the absence of such an order. *Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 535 (1st Cir. 1993). In view of Lycos statements as to its intentions for widespread use of CSI's records, CSI clearly has legitimate cause for concern.

In this regard, as the Supreme Court has stated, this Court may properly consider what Lycos intends to do with CSI's information in deciding what restrictions to impose on the use of that information:

> In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-53 n.17 (1978). The fact that Lycos intends to use information it obtains in this litigation against CSI in a complaint to a trade association like the Equipment Leasing Association, where discovery is nonexistent, is yet another reason why Lycos should not be allowed the unfettered discretion to disseminate material produced by CSI in discovery in this case. *See* 8 Wright, Miller & Marcus, Federal Practice and Procedure, § 2040 ("[t]he courts do not permit the discovery procedures in federal civil actions to be used merely as a device to obtain evidence for use in some other proceeding in which discovery is less extensive . . . .").

In all fairness, CSI's proposed protective order, attached hereto as Exhibit 5, should be entered – rather than the one-sided order Lycos has proposed in its motion (which would allow it to use CSI's records for any purpose while CSI can use the Lycos accounting records only for this purposes of litigating this case). CSI should not be forced to provide its internal records to Lycos under the "liberal" rules of federal discovery only to have Lycos turn around and attempt to concoct claims against CSI in other fora or, worse, conduct a public relations campaign that would clearly be very damaging to CSI. *See* Exhibit 2 hereto (Affidavit of Jeffrey Rousseau).

The federal rules are intended to allow parties to discover information relevant to their claims and defenses in a given lawsuit, not to permit "fishing expeditions" in which a party casts around a wide net in order to find material to use to support other activities. *See Micro Motion, Inc. v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim"). For these reasons, Lycos argument that it should be free to access CSI's records in discovery in this case in order to use them elsewhere for other purposes should not be accepted by this Court.

**III.  LYCOS IS NOT ENTITLED TO AN ORDER WHICH WOULD EFFECTIVELY OVERRULE CSI'S LIMITED OBJECTIONS TO ITS DOCUMENT REQUESTS**

Finally, this Court should deny the Lycos motion because of it *sub silentio* request, which is not supported by any argument or citation to relevant legal authority, for an Order "compelling" CSI to comply with Lycos' discovery requests.  To the extent such an order would effectively overrule CSI's limited objections to those requests -- which are legitimate objections *that mirror Lycos' own objections* – it would be patently unfair.

Just as Lycos has done in responding to CSI's Document Requests, CSI has objected to Lycos' requests to the extent that they have overbroadly demanded the production of privileged or irrelevant material, or insisted on a burdensome collection of low-level accounting materials and production of same in Boston (*e.g.* voluminous check stubs, individual invoices, etc.).  *See* Plaintiff Computer Sales International's Response to Defendant Lycos, Inc.'s First Request for Production of Documents," dated January 24, 2006.

CSI has agreed, however, to produce all material relating to its agreements and leases with Lycos, including all communications that it had with Lycos about those agreements, and all records that it has concerning those agreements, and the equipment covered by them.  *Id*.  Thus, there is no basis for the type of order requested in the conclusion of Lycos Motion, "[c]ompelling CSI to produce documents responsive to Lycos First Request for Production of Documents," *see* Lycos Motion at p. 5, and Lycos has presented no argument that there is.

**CONCLUSION**

For all of the foregoing reasons, CSI respectfully requests that "Lycos Motion to Compel Production of Documents and to Resolve Dispute Over Proposed Confidentiality Agreement" be denied, that the proposed order attached hereto as <u>Exhibit 5</u> (which mirrors the Lycos

Accountants Stipulation attached hereto as <u>Exhibit 1</u>) be entered, and that the parties be directed to proceed expeditiously with discovery.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler_____
Robert J. Kaler, BBO No. 542040
rkaler@ghlaw.com
Edward W. Little, Jr., BBO No. 628985
elittle@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated:  February 28, 2006

<u>**Certificate of Service**</u>

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this by hand this 28th day of February 2006.

/s/ Robert J. Kaler
Robert J. Kaler

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL, INC., <br><br> Plaintiff and Defendant-in-Counterclaim, <br><br> v. <br><br> LYCOS, INC., <br><br> Defendant and Plaintiff-in-Counterclaim, <br><br> and <br><br> BANK OR AMERICA f/k/a FLEET BANK, <br><br> Trustee Process Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 05-10017- RWZ <br> ) <br> ) <br> ) |

## STIPULATION AND ORDER REGARDING THE HANDLING OF CONFIDENTIAL INFORMATION PRODUCED IN DISCOVERY BY ACCOUNTANTS FOR LYCOS

Plaintiffs Computer Sales International, Inc. a/k/a CSI Leasing, Inc. ("CSI") and

defendant Lycos, Inc. ("Lycos") hereby stipulate and agree, and IT IS HEREBY ORDERED by

the Court, as follows with respect to any and all information provided in response to subpoenas

issued by CSI to Lycos' present or former outside accountants ("Accountant Information"),

including but not limited to Arthur Anderson, Deloitte, and PriceWaterhouseCoopers (together,

the "Accountants"):

1.      Either party to this case may designate any Accountant Information (hereinafter a

"Designating Party"), whether in the form of documents, discovery responses (*i.e.* deposition

testimony, interrogatory answers, etc.) or other tangible or intangible things as

-2-

"CONFIDENTIAL" in accordance with the provisions hereof if it believes in good faith that

such information qualifies for such designation under the provisions of paragraph 2 hereof.  Any

such designation shall be made by marking the documents, discovery responses, or other tangible

things that contain the information being designated as "CONFIDENTIAL."  If a third party is

subpoenaed to produce documents, and a party believes in good faith that those documents may

satisfy the requirements set forth in paragraph 2 for confidentiality, that party may designate

documents marked for copying by the subpoenaing party as CONFIDENTIAL before those

documents are delivered to the subpoenaing party.  Unless and until a CONFIDENTIAL

designation is dissolved pursuant to the provisions hereof, the information covered by the

designation shall be treated by the party receiving it (the "Receiving Party") in the manner

required hereby.

2.    Accountant Information may be designated as "CONFIDENTIAL" in accordance

with the provisions hereof only if it consists of or contains confidential information of a

Designating Party (*e.g.* sensitive information regarding the financial, manufacturing, cost,

pricing or marketing areas of the Designating Party's business), trade secrets or other non-public

research, development or commercial information of or about the Designating Party; and only if

it is so designated at the time it is produced for inspection, or at the time copies of it are

delivered to the party receiving it (hereinafter the "Receiving Party").

3.    Accountant Information of any kind (including documents, electronic records,

interrogatory answers, and deposition testimony) that satisfies the requirements for such

designation set forth herein may be designated "CONFIDENTIAL" in the following manner and

at the following times, unless otherwise agreed in writing between the parties:

-3-

      (a)     documents may be designated "CONFIDENTIAL" either by marking them to that effect prior to or at the time of their initial production to the Receiving Party for inspection and copying;

      (b)     interrogatory answers may be designated "CONFIDENTIAL" either by marking them to that effect prior to or at the time of their service on the Receiving Party for inspection and copying; and

      (c)     counsel for a party may, within ten days after receipt of a transcript, designate pages from a deposition transcript (and exhibits thereto) as containing CONFIDENTIAL information.  Until expiration of the fifteen-day period, the entire deposition transcript and exhibits will be treated as CONFIDENTIAL under this order.

     4.     In the event the Receiving Party objects to any designations of Accountant Information as "CONFIDENTIAL", the Receiving Party's counsel shall advise the Designating Party of such objection, and the reasons therefore, in writing.  Counsel for the Designating Party shall then have ten (10) days within which to respond in writing setting forth the rationale for designating the information in question as "CONFIDENTIAL."  At the expiration of that ten (10) day period, if counsel for the Receiving Party disagrees with the rationale for Designating Party's designating the material as "CONFIDENTIAL," or fails to receive a written response from the Producing Party setting forth any rationale for the designation, the Receiving Party may file a motion to set aside the designation, and in connection with proceedings on that motion, the Designating Party shall bear the burden of proving that the designation was appropriate.

     5.     Accountant Information designated "CONFIDENTIAL" pursuant to this Stipulation and Order shall be treated as follows:

-4-

    (a)     The Receiving Party may disclose Accountant Information designated "CONFIDENTIAL" only to "Qualified Persons," which is hereby defined to mean:

        (i)     the Court, in the manner provided by Paragraph 8 hereof;

        (ii)    court reporters or stenographers whose services are used in connection with this action, and other persons working for such reporters or stenographers;

        (iii)   the parties (including current and former employees of parties);

        (iv)   counsel of record for the parties to this action and members and employees of the law firms of the counsel of record, and in-house legal counsel and legal staff of the parties;

        (v)    consultants or experts retained by the parties in connection with this litigation, provided that each such consultant or expert provides to the party retaining him or her the certification set forth in Exhibit "A" to this Agreement, unless otherwise agreed in writing by the parties; and

        (vi)   to non-party witnesses or prospective witnesses in this action, although they shall not be provided, except temporarily for purposes of questioning them, with copies of any material designated "CONFIDENTIAL" pursuant to this Order.

    6.     Nothing in this Confidentiality Stipulation and Protective Order shall be construed to prohibit a Receiving Party from producing documents, material, or information designated as "CONFIDENTIAL" in its possession pursuant to a subpoena or other legal process provided that the Receiving Party, if subpoenaed to produce such material, shall give the person or party who designated the document as "CONFIDENTIAL" notice of the subpoena within five (5) business days after receiving the subpoena, and shall not produce such material in response to the subpoena for a period of at least seven (7) business days after giving the required notice to the

-5-

designating party. If, within seven (7) business days of receiving such notice, the designating

party moves to quash the production, then the Receiving Party shall not release the material

pending a decision on that motion.

      7.    If documents, deposition transcripts, things, or other materials designated as

confidential are filed with the Court or included in any papers filed with the Court, such

discovery materials or papers, after the entry of an appropriate Court Order, shall be labeled

"CONFIDENTIAL -- SUBJECT TO COURT ORDER" and filed under seal and kept under seal

until further Order of the Court; provided, however, that such information shall be available to

the Court and to counsel of record for the parties.

      8.    The Accountants may designate the same as "CONFIDENTIAL" under this

Protective Order by following the procedures set forth in paragraphs 2 and 3 above, and such

information shall thereafter be treated by the Receiving Parties under this Protective Order in the

same manner as if produced by a Producing Party to this action and so designated hereunder.

      9.    All Accountant Information, whether or not designated as "CONFIDENTIAL" or

not, shall be used by the persons receiving the materials only for the purpose of preparing for and

conducting this action; provided, however, that nothing herein shall impose any restrictions on

the use or disclosure by a party or witness of-

      (a)    documents or information obtained by such party or witness independently

of the formal or informal discovery proceedings in this action if the source of such information

was not obligated to hold such documents or information in confidence; or

      (b)    public and other documents obtained, or obtainable, from another source

or already in the possession or knowledge of, or previously known to a witness, his employer, or

another person who is not obligated to maintain such documents in confidence.

BST99 1489438-7 057077 0012

-6-

10.    If documents, deposition transcripts, things, or other materials designated as confidential are filed with the Court or included in any papers filed with the Court, such discovery materials or papers, after the entry of an appropriate Court Order, shall be labeled "CONFIDENTIAL -- SUBJECT TO COURT ORDER" and filed under seal and kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and to counsel of record for the parties.

11.    Within 180 days after the final termination of this litigation, all parties or their counsel in possession, custody or control of Accountant Information designated "CONFIDENTIAL" shall:

(a)    return the documents, things or other materials to the Designating Party, or destroy them; and

(b)    with respect to documents, things or other materials prepared by the Receiving Party that incorporate or are derived from the Designating Party's Confidential Information, the Receiving Party shall, at its discretion, destroy or return such documents, things, or other materials. If such documents are destroyed, the corporate officer or person who supervised such destruction shall certify in writing the complete destruction of each document.

12.    Entering into, agreeing to, and/or complying with the terms of this Confidentiality Stipulation and Protective Order shall not:

(a)    operate as an admission for evidentiary purposes;

(b)    prejudice the right of either party to contest the alleged relevancy, admissibility, or discoverability of Accountant Information designated as CONFIDENTIAL;

-7-

(c)       prejudice in any way the right of a party at any time to seek a

determination by the Court or agreement by other parties as to whether any particular document

should be subject to the terms of this Confidentiality Stipulation and Protective Order; or

(d)       prejudice the right of a party to introduce at the trial of the action

information designated as "CONFIDENTIAL" pursuant to this Confidentiality Stipulation and

Protective Order.

| COMPUTER SALES INTERNATIONAL, INC. | LYCOS, INC. |
|---|---|
| By its attorneys, | By its attorneys, |
| _____ | _____ |
| Robert J. Kaler, Esq. | Thomas O. Bean, Esq. |
| Edward Little, Esq. | Peter M. Acton, Esq. |
| Gadsby Hannah LLP | McDermott Will & Emery LLP |
| 225 Franklin Street | 28 State Street |
| Boston, MA 02110 | Boston, MA 02110 |
| Tel. (617) 345-7007 | Tel. 617.535.4426 |

Dated: February 15, 2006

SO ORDERED:

_____

UNITED STATES DISTRICT JUDGE

-8-

## EXHIBIT "A"

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" will be provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Stipulation and Protective Order signed by counsel for the parties on _____ 2006, and entered as an Order of Court on _____ 2006 in a civil action entitled *Computer Sales International, Inc. v. Lycos, Inc.*, C.A. No. No. 05-10017- RWZ, pending in the United States District Court for the District of Massachusetts, and that:

       (a)    I have been given a copy of and have read the Confidentiality Stipulation and Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such information or documents;

       (b)    I agree to be bound by it and its terms;

       (c)    I shall not disclose such information or documents to others, except in accordance with the Confidentiality Stipulation and Protective Order;

       (d)    I am obligated to honor the confidentiality of such information or documents after the termination of this legal proceeding;

       (e)    If I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt imposed by the Court and any other remedies available including those in law and equity.

_____
Date

_____
Signature

_____
Name (Print)

## Kaler, Robert

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Wednesday, February 15, 2006 3:40 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-10017-RWZ Computer Sales International, Inc. v. Lycos Inc. et al "Stipulation" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Bean, Thomas entered on 2/15/2006 at 3:40 PM EST and filed on 2/15/2006

| | |
|---|---|
| **Case Name:** | Computer Sales International, Inc. v. Lycos Inc. et al |
| **Case Number:** | 1:05-cv-10017 |
| **Filer:** | Lycos Inc. |
| **Document Number:** | 54 |

**Docket Text:**
STIPULATION *and Order Regarding the Handling of Confidential Information Produced in Discovery by Accountants for Lycos* by Lycos Inc.. (Bean, Thomas)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=2/15/2006] [FileNumber=1314754-0
] [b00926811db2003c59238d298c6c3d156b798e8ea30e2397ad69043730d713e0313
5bdcd1bd50afa8c15fbe2d60dc89cda515fd1c40889aae4a31428c5c5ffa6]]

**1:05-cv-10017 Notice will be electronically mailed to:**

Peter M. Acton    pacton@mwe.com

Thomas O. Bean    tbean@mwe.com

Robert J. Kaler    rkaler@ghlaw.com, obuonopane@ghlaw.com

Edward William Little , Jr    elittle@ghlaw.com, obuonopane@ghlaw.com

Eric Neyman    eneyman@ghlaw.com

UNITED STATES DISTRICT COURT
For the District of Massachusetts

```
                                    )
COMPUTER SALES INTERNATIONAL,       )
INC.,                               )
                    Plaintiff,      )
                                    )
        V.                          )
                                    )
LYCOS, INC.,                        )
                    Defendant,      )        C. A. No. 05-10017-RWZ
and                                 )
                                    )
BANK OF AMERICA                     )
f/k/a FLEET BANK,                   )
                                    )
                    Trustee-Defendant.  )
                                    )
```

## AFFIDAVIT OF JEFFREY L. ROUSSEAU

I, Jeffrey L. Rousseau, being duly sworn, do hereby depose and state that:

1.      I am a Vice President of Computer Sales International, Inc., which is a Delaware corporation with its principal place of business at 9990 Old Olive Street Road, Suite 101, St. Louis, Missouri 63141 ("CSI").  CSI is an independent information technology ("IT") leasing company, founded in 1973, which has its headquarters in St. Louis, Missouri, and does business all over the United States.

2.      In a Request for Production of Documents served on CSI in the above-captioned case, Lycos, Inc. ("Lycos"), a former customer of CSI, has requested that CSI produce thousands of documents from its internal company files.  Lycos has further stated, in a motion to compel that I have recently reviewed, that it wants to use the records produced by CSI in discovery in this case to support complaints against CSI with a trade group called the Equipment Leasing

-2-

Association, and with a Massachusetts state agency that I understand its counsel formerly worked for, the Office of the Massachusetts Attorney General. Lycos' motion also says that Lycos wants to use records produced by CSI in discovery in this case "for other legal purposes" which it does not describe.

3.    I have reviewed much of the material being produced by CSI in discovery in this case, and it contains sensitive internal business information of CSI dealing with its financial operations, its employees, and its business and marketing activities. Regardless of whether all of CSI's material can be classified as "confidential" within the meaning of any particular definition of that term, it clearly would damage the reputation and business standing of CSI to have its own internal records publicly disseminated by a former customer such as Lycos outside the context of this litigation, particularly where CSI could not use Lycos accounting records to defend itself.

4.    Among other things, Lycos has demanded that CSI produce a series of purely internal documents pertaining to certain leases of equipment between Lycos and CSI. Those purely internal documents include information regarding, among other things, how CSI calculates its lease charges and develops an ultimate sales price. For example, Lycos has requested documents concerning economic or financial analyses prepared by or on behalf of CSI with respect to each Equipment Schedule that it entered into with Lycos, documents reflecting how CSI determined the lease price for each Equipment Schedule, revenue projections for each Equipment Schedule, profit analyses for each Equipment Schedule, and analyses of internal rates of return for each Equipment Schedule.

5.    Because CSI's is a computer-equipment leasing company in an extremely competitive marketplace and its business model revolves around the financial calculations related to its lease transactions, these financial calculations and the procedures for making them

-3-

comprise the core of its business. If Lycos were allowed to freely disseminate this information in the market, CSI would lose its competitive advantage as its competitors could imitate its models, and its business would be damaged.

6.    For these reasons, and based on Lycos' specific threats, CSI is seeking to ensure that material it produces to Lycos in discovery in this case, regardless of whether it is formally designated confidential, is used only for purposes of this litigation.

Sworn to under the pains and penalties of perjury this 28th day of Feb., 2006.

Jeffrey L. Rousseau

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

### V.

LYCOS, INC., et al., Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] **05-10017-RWZ**

**TO:    DELOITTE & TOUCHE LLP**
**DELOITTE TOUCHE USA LLP**
**c/o Michael J. Joyce, Registered Agent**
**200 Berkeley Street**
**Boston, MA 02116-1616**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the subjects specified in the attached **SCHEDULE B.**\*\*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Gadsby Hannah LLP**<br>**225 Franklin Street**<br>**Boston, MA 02110** | **Friday, February 3, 2006**<br>**9:00 a.m.** |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE A** at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| **Gadsby Hannah LLP**<br>**225 Franklin Street**<br>**Boston, MA 02110** | **Monday, January 30,**<br>**2006, at 9:00 a.m.** |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

\*\*    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kaler, Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA 02110<br>(Attorney for Plaintiff) | **January 13, 2006** |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A
### (Documents and Electronic Records
### Required To Be Produced)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a.      The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.      The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.      The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.      The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### *Documents and Electronic Records Required To Be Produced*

1.      All documents and electronic records (email, e-documents, etc.) concerning, referring, or in any way relating to Lycos, particularly including but not limited to

a.      all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, including all communications with Lycos or any other party regarding same, and all of your and Lycos' internal memoranda and notes concerning Lycos' accounting treatment of same; and

b.      all documents and electronic records concerning the cost of computer equipment leased or purchased by Lycos between 1994 and the present day, including but not limited to all payment and invoice records related thereto, any summaries thereof, and all of your and Lycos' internal memoranda and notes regarding the same, and any efforts to reduce the expense of same.

## SCHEDULE B
### (Subject Matters On Which
### Examination Will Be Conducted)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule B, the following terms have the following meanings:

a.    The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.    The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.    The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.    The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### *Subject Matters on Which Examination Will Be Conducted*

1.    The source and authenticity of all documents and electronic records produced by you in response to this subpoena, and the nature, extent, and substance of the accounting services and opinions provided by you to Lycos during the period 1994 to the present day.

2.    The cost and accounting treatment of the equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, and the cost of the equipment covered by same.

3.    The source, content and substance of all internal communications between your employees, and between you and Lycos or any other party, concerning Lycos' business during the period 1994 to the present day, including communications relating to the cost of Lycos' equipment leases with CSI and other entities, relating to Lycos' efforts to reduce those costs, and relating to Lycos' efforts to generally reduce its expenses.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

V.

LYCOS, INC., Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 05-10017-RWZ
**(U.S. District Court, District of Massachusetts)**

**TO:   ARTHUR ANDERSEN LLP**
      **33 West Monroe, Suite 1800**
      **Chicago, Illinois 60603**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the subjects specified in the attached **SCHEDULE B.**\*\*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jenner & Block LLP<br>One IBM Plaza<br>Chicago, IL 60611-7603 | **Monday, February 5, 2006 at 9:00 a.m.** |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE A** at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| Jenner & Block LLP<br>One IBM Plaza<br>Chicago, IL 60611-7603<br><u>Attn:  John H. Mathias, Jr.</u> | **Tuesday, January 31, 2006 at 9:00 a.m.** |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

\*\*   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kaler, Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA 02110<br>(Attorney for Plaintiff) | **January 17, 2006** |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A
### (Documents and Electronic Records
### Required To Be Produced)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a.      The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.      The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.      The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.      The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Documents and Electronic Records Required To Be Produced

1.      All documents and electronic records (email, e-documents, etc.) concerning, referring, or in any way relating to Lycos, particularly including but not limited to

a.      all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, including all communications with Lycos or any other party regarding same, and all of your and Lycos' internal memoranda and notes concerning Lycos' accounting treatment of same; and

b.      all documents and electronic records concerning the cost of computer equipment leased or purchased by Lycos between 1994 and the present day, including but not limited to all payment and invoice records related thereto, any summaries thereof, and all of your and Lycos' internal memoranda and notes regarding the same, and any efforts to reduce the expense of same.

**SCHEDULE B**
**(Subject Matters On Which**
**Examination Will Be Conducted)**

**Definitions**

Except as otherwise expressly indicated, as used in this Schedule B, the following terms have the following meanings:

a.      The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.      The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.      The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.      The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

*Subject Matters on Which Examination Will Be Conducted*

1.      The source and authenticity of all documents and electronic records produced by you in response to this subpoena, and the nature, extent, and substance of the accounting services and opinions provided by you to Lycos during the period 1994 to the present day.

2.      The cost and accounting treatment of the equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, and the cost of the equipment covered by same.

3.      The source, content and substance of all internal communications between your employees, and between you and Lycos or any other party, concerning Lycos' business during the period 1994 to the present day, including communications relating to the cost of Lycos' equipment leases with CSI and other entities, relating to Lycos' efforts to reduce those costs, and relating to Lycos' efforts to generally reduce its expenses.

*1-19  112*

*53*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

## V.

LYCOS, INC., et al., Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-10017-RWZ

**TO:   SUSAN FRANKLIN
142 Lamberts Lane
Cohasset, MA 02025** 

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA  02110 | **Friday, February 10, 2006**<br>**9:00 a.m.** |

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE A** at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | **Monday, February 6, 2006, at 9:00 a.m.** |

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kaler, Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA  02110<br>(Attorney for Plaintiff) | **January 18, 2006** |

See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A
### (Documents and Electronic Records Required To Be Produced)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a.     The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.     The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.     The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.     The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Documents and Electronic Records Required To Be Produced

1.     All documents and electronic records (including email and all electronic versions of word, excel, and other documents, etc.) concerning, referring, or in any way relating to Lycos, particularly including but not limited to

a.     all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, including all communications with Lycos or any other party regarding same, and all of your and Lycos' internal memoranda and notes concerning same; and

b.     all documents and electronic records concerning the cost of computer equipment leased or purchased by Lycos between 1994 and the present day, including but not limited to all payment and invoice records related thereto, any summaries thereof, and all of your and Lycos' internal

-2-

memoranda and notes regarding the same, and any efforts to reduce the expense of same.

c.   all communications between you and accountants or attorneys for Lycos concerning Lycos' lease or purchase of equipment from CSI.

2.   All documents and electronic records (including email, e-documents, etc.) concerning, referring, or in any way relating to Computer Sales International, Inc. ("CSI"), particularly including but not limited to

a.   all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that any persons or businesses entered into with CSI during the period 1994 through the present day, including all communications with any other party regarding same, and all of your internal memoranda and notes concerning same; and

3.   All documents and electronic records concerning communications by you to customers of CSI concerning their dealings, leases, or agreements with CSI or other leasing companies, including but not limited to

a.   all electronic and hard copy communications sent by you or received by you from customers of CSI concerning their lease or purchase of equipment from CSI; and

b.   all electronic and hardcopy notes or memoranda recording or commenting on such communications.

4.   All documents and electronic records concerning the Equipment Leasing Association.

| IN HAND | MS. SUSAN FRANKLIN | RETURN OF SERVICE (3) |
|---|---|---|

| RECEIVED BY SERVER | DATE<br>January 18, 2006 | PLACE<br>Boston, Massachusetts |
|---|---|---|
| SERVED | DATE<br>January 19, 2006 | PLACE<br>380 CHIEF JUSTICE CUSHING HIGHWAY, COHASSET , Massachusetts |

**SERVED ON (NAME)**

MS. SUSAN FRANKLIN

**FEES TENDERED**
☒ YES ☐ NO AMOUNT $ ____53.00____
☐ Advanced By Attorney

**SERVED BY**

GERARD O'DONNELL JODREY

**TITLE**

Process Server and a Disinterested Person

## STATEMENT OF SERVICE FEES

| | SERVICE FEE<br>$ ____65.00____ _____ Trips | TOTAL<br>$ ____118.00____ |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ____January 19, 2006____
Date

Signature of Server

One Devonshire Place, Boston, Massachusetts
Address of Server

**ADDITIONAL INFORMATION**
PLEASE NOTE THAT IT WAS NECESSARY TO MAKE _____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

| Suvalle, Jodrey & Associates<br>Massachusetts Constables since 1925 | One Devonshire Place<br>Boston, MA 02109 | Telephone # (617) 720-5733<br>Fax # (617) 720-5737 |
|---|---|---|

AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

V.

LYCOS, INC., et al., Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 05-10017-RWZ

**TO:** **AMERICAN RIVER PARTNERS, LLC**
**a/k/a LEASEFORUM**
**380 Chief Justice Cushing Highway**
**Cohasset, MA 02025**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| CE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | **Friday, February 10, 2006**<br>**9:00 a.m.** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE A** at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | **Monday, February 6, 2006, at 9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kaler, Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA 02110<br>(Attorney for Plaintiff) | **January 18, 2006** |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

# SCHEDULE A
## (Documents and Electronic Records
### Required To Be Produced)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a.       The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.       The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.       The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.       The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Documents and Electronic Records Required To Be Produced

1.       All documents and electronic records (including email and all electronic versions of word, excel, and other documents, etc.) concerning, referring, or in any way relating to Lycos, particularly including but not limited to

a.       all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, including all communications with Lycos or any other party regarding same, and all of your and Lycos' internal memoranda and notes concerning same; and

b.       all documents and electronic records concerning the cost of computer equipment leased or purchased by Lycos between 1994 and the present day, including but not limited to all payment and invoice records related thereto, any summaries thereof, and all of your and Lycos' internal

-2-

b.    all such information, services and opinions concerning the cost and accounting treatment of the equipment leases, equipment schedules, and/or sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day,

c.    all such information, services and opinions concerning the cost of the equipment covered by any equipment leases, equipment schedules, and/or sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day

d.    all such information, services and opinions concerning Lycos' business during the period 1994 to the present day, including communications relating to the cost of Lycos' equipment leases with CSI and other entities, Lycos' efforts to reduce those costs, and Lycos' efforts to generally reduce its expenses.

e.    all communications between you and attorneys or accountants for Lycos during the period 1994 to the present day, including but not limited to all communications between you and attorneys or accountants for Lycos concerning CSI or any of the equipment leases, equipment schedules, sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day.

4.    The nature, extent, and substance of all communications between you and customers of CSI, and all information provided by you to customers of CSI, or them to you, during the period 1994 to the present day, concerning their leases or purchases of equipment from CSI or an other entities.

**SCHEDULE B**
**(Subject Matters On Which**
**Examination Will Be Conducted)**

**Definitions**

Except as otherwise expressly indicated, as used in this Schedule B, the following terms have the following meanings:

a.      The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.      The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.      The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.      The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

**Subject Matters on Which Examination Will Be Conducted**

1.      The steps taken by you to comply with this subpoena and identify and produce all the documents and electronic records listed in Schedule A hereof, and whether any other steps could have been taken to ensure more complete compliance with this subpoena.

2.      The source, nature and authenticity of all documents and electronic records produced by you in response to this subpoena, and the identity of all persons who wrote or created those documents and electronic records, from whom they were received, and/or to whom they were sent.

3.      The nature, extent, and substance of all information provided by Lycos to you, and all information, services and opinions provided by you to Lycos, during the period 1994 to the present day, including but not limited to

a.      all such information, services and opinions concerning Lycos' lease or purchase of equipment from CSI and/or other entities.

-2-

memoranda and notes regarding the same, and any efforts to reduce the expense of same.

    c.    all communications between you and accountants or attorneys for Lycos concerning Lycos' lease or purchase of equipment from CSI.

2.    All documents and electronic records (including email, e-documents, etc.) concerning, referring, or in any way relating to Computer Sales International, Inc. ("CSI"), particularly including but not limited to

    a.    all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that any persons or businesses entered into with CSI during the period 1994 through the present day, including all communications with any other party regarding same, and all of your internal memoranda and notes concerning same; and

3.    All documents and electronic records concerning communications by you to customers of CSI concerning their dealings, leases, or agreements with CSI or other leasing companies, including but not limited to

    a.    all electronic and hard copy communications sent by you or received by you from customers of CSI concerning their lease or purchase of equipment from CSI; and

    b.    all electronic and hardcopy notes or memoranda recording or commenting on such communications.

4.    All documents and electronic records concerning the Equipment Leasing Association.

| **IN HAND** | MS. SUSAN FRANKLIN, CEO AND DULY AUTHORIZED AGENT | **RETURN OF SERVICE** (3) |
|---|---|---|

| **RECEIVED BY SERVER** | **DATE** January 18, 2006 | **PLACE** Boston, Massachusetts |
|---|---|---|
| **SERVED** | **DATE** January 19, 2006 | **PLACE** 380 CHIEF JUSTICE CUSHING HIGHWAY, COHASSET    , Massachusetts |

| **SERVED ON (NAME)** AMERICAN RIVER PARTNERS, LLC AKA LEASEFORUM | **FEES TENDERED** ☒ YES ☐ NO AMOUNT $ ___53.00___ ☐ Advanced By Attorney |
|---|---|
| **SERVED BY** GERARD O'DONNELL JODREY | **TITLE** Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| | **SERVICE FEE** $ ___25.00___ _____ Trips | **TOTAL** $ ___78.00___ |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____January 19, 2006_____
**Date**

_Signature of Server_

One Devonshire Place, Boston, Massachusetts
**Address of Server**

**ADDITIONAL INFORMATION**
PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "Fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Thomas O. Bean
tbean@mwe.com
617.535.4426

January 30, 2006

<u>VIA FACSIMILE 212-653-7290</u>

Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754
Attn: Ms. Jolie L. Schwell

     Re:    Computer Sales International, Inc v. Lycos, Inc.,
            Case No. 05-10017-RWZ

            Subpoena Addressed to Deloite & Touch LLP and
            <u>Deloite & Touche USA LLP (together, "Deloitte")</u>

Dear Ms. Schwell:

    This firm represent Lycos, Inc. in the above-referenced litigation. This letter concerns the above-referenced subpoena and your letter to Robert Kaler dated January 26, 2006.

    As you may know, Deloitte served as auditors for Lycos, Inc. and its predecessor in certain years. While Lycos does not know precisely what documents Deloitte might have that are responsive to the subpoena, if any, Lycos believes that some or all of those documents may contain information that is confidential and proprietary to Lycos. Although Lycos anticipates that a confidentiality agreement will be entered into by the parties to the above-referenced litigation, no agreement has been reached as of this time. Lycos anticipates further that when one is reached, it will permit the parties to designate certain documents as "confidential."

    Lycos therefore requests that Deloitte <u>not</u> produce any documents responsive to the subpoena until <u>after</u> Lycos has had an opportunity to review them and mark them as "confidential" in accordance with a confidentiality agreement. Similarly, Lycos would object to Deloitte providing any testimony that might reveal confidential information until a confidentiality agreement is entered.

Deloitte & Touche USA, LLP
January 30, 2006
Page 2


      Thank you for your attention to this matter.  If you have any questions concerning it, please do not hesitate to contact me.


                           Very truly yours,

                           Thomas O. Bean

cc:    Robert Kaler, Esq.

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

<div align="right">
Thomas O. Bean
tbean@mwe.com
617.535.4426
</div>

January 30, 2006

**VIA FACSIMILE 312-462-8691**

Arthur Anderson, LLP
33 West Monroe – Suite 1800
Chicago, Illinois 60603
Attn: Mr. David Dymkowski

> Re:    Computer Sales International, Inc v. Lycos, Inc.,
>          Case No. 05-10017-RWZ
>
>          Subpoena Addressed to Arthur Anderson LLP ("AA")

Dear Mr. Dymkowski:

This firm represent Lycos, Inc. in the above-referenced litigation. This letter concerns the above-referenced subpoena and your letter to Robert Kaler dated January 27, 2006.

As you may know, AA served as auditors for Lycos, Inc. and/or its predecessor in certain years. While Lycos does not know precisely what documents AA might have that are responsive to the subpoena, if any, Lycos believes that some or all of those documents may contain information that is confidential and proprietary to Lycos. Although Lycos anticipates that a confidentiality agreement will be entered into by the parties to the above-referenced litigation, no agreement has been reached as of this time. Lycos anticipates further that when one is reached, it will permit the parties to designate certain documents as "confidential."

Lycos therefore requests that AA not produce any documents responsive to the subpoena until after Lycos has had an opportunity to review them and mark them as "confidential" in accordance with a confidentiality agreement. Similarly, Lycos would object to AA providing any testimony that might reveal confidential information until a confidentiality agreement is entered.

U.S. practice conducted through McDermott Will & Emery LLP.

28 State Street  Boston, Massachusetts  02109-1775   Telephone: 617.535.4000   Facsimile: 617.535.3800   www.mwe.com

BST99 1489412-1.057077.0012

Arthur Anderson, LLP
January 30, 2006
Page 2


     Thank you for your attention to this matter.  If you have any questions concerning it, please do not hesitate to contact me.

                                           Very truly yours,

                                           Thomas O. Bean

cc:    Robert Kaler, Esq.

02/24/2006 FRI 14:36   FAX 6173076101 Birnbaum & Godkin, LLP                    ☑003/003
01/23/2006 17:01 FAX                   MCDERMOTT, WILL & EMERY                   ☑002/002



# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Thomas O. Bean
tbean@mwe.com
617.535.4426

January 23, 2006

<u>**VIA FACSIMILE - 617.307.6101**</u>

Robert Feldman
Birnbaum & Godkin, LLP
280 Summer Street – 5th Floor
Boston, MA 02110

      Re:    Computer Sales International, Inc v. Lycos, Inc.,
             <u>Case No. 05-10017-RWZ</u>

Dear Rob:

      This firm represents Lycos, Inc. in the above-referenced matter. I write with respect to the subpoenas served by Computer Sales International, Inc. ("CSI") on your clients, Ms. Susan Franklin and American River Partners, LLC (a/k/a LeaseForum) ("ARP").

      Please be advised that Lycos, Inc. (as defined in the subpoena) has not waived and does not waive any privilege applicable to its communications with Ms. Franklin and ARP. Accordingly, but without limitation, Lycos objects to Ms. Franklin's and ARP's producing any documents in response to the subpoenas that are in any way privileged, and to their providing testimony in contravention of a privilege.

      Thank you for your attention to this matter. If you have any questions concerning it, please do not hesitate to contact me.

                      Very truly yours,

                      Thomas O. Bean

cc:    Robert Kaler, Esq.

U.S. practice conducted through McDermott Will & Emery LLP.

28 State Street  Boston, Massachusetts  02109-1775  Telephone: 617.535.4000  Facsimile: 617.535.3800  www.mwe.com

BST99 1488548-1.057077.0012

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Thomas O. Bean
tbean@mwe.com
617.535.4426

February 7, 2006

**BY HAND**

PriceWaterhouseCoopers, LLP
c/o CT Corporation System, Registered Agent
101 Federal Street
Boston, MA 02110

Re:    Computer Sales International, Inc v. Lycos, Inc.,
        Case No. 05-10017-RWZ

        <u>Subpoena Addressed to PriceWaterhouse Coopers LLP ("PwC")</u>

Dear PwC:

This firm represents Lycos, Inc. in the above-referenced litigation. This letter concerns the above-referenced subpoena to you dated February 2, 2006, served by Robert J. Kaler of Gadsby Hannah LLP.

As you know, PwC has served as auditors for Lycos, Inc. for a few years. While Lycos does not know precisely what documents PwC might have that are responsive to the subpoena, if any, Lycos believes that some or all of those documents may contain information that is confidential and proprietary to Lycos. Although Lycos anticipates that a confidentiality agreement will be entered into by the parties to the above-referenced litigation, no agreement has been reached as of this time. Lycos anticipates further that when one is reached, it will permit the parties to designate certain documents as "confidential," and that Lycos may elect to designate certain documents PwC may have that are responsive as "confidential."

Lycos therefore requests you contact me at your earliest convenience to discuss the subpoena.

U.S. practice conducted through McDermott Will & Emery LLP.
28 State Street  Boston, Massachusetts  02109-1775   Telephone: 617.535.4000   Facsimile: 617.535.3800   www.mwe.com

PriceWaterhouse Coopers, LLP
February 7, 2006
Page 2

    Thank you for your attention to this matter.  If you have any questions concerning it, please do not hesitate to contact me.

                                        Very truly yours,

                                        Thomas O. Bean

cc:    Robert Kaler, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff and Defendant- ) | |
| in-Counterclaim, ) | |
| v. ) | |
| ) | |
| LYCOS, INC., ) | |
| ) | C.A. No. 05-10017-RWZ |
| Defendant and Plaintiff- ) | |
| in-Counterclaim, ) | |
| ) | |
| and ) | |
| ) | |
| BANK OR AMERICA f/k/a FLEET BANK, ) | |
| ) | |
| Trustee Process Defendant. ) | |

**ORDER REGARDING THE HANDLING
OF CONFIDENTIAL INFORMATION PRODUCED IN DISCOVERY**

WHEREAS, Plaintiffs Computer Sales International, Inc. a/k/a CSI Leasing, Inc. ("CSI")

and defendant Lycos, Inc. ("Lycos") have already stipulated to a "Stipulation and Order

Regarding the Handling of Confidential Information Produced in Discovery By Accountants for

Lycos," which Lycos filed with this Court on February 15, 2006 (the "Lycos Accountants

Stipulation"), and

WHEREAS, the parties have agree that almost all of the provisions in the Lycos

Accountants Stipulation should apply to their exchanges of their own records, but have disagreed

over whether the provision in the Lycos Accountants Stipulation limiting the use of any material

-2-

produced by those accountants to prosecuting this case, regardless of whether it is designated

confidential, should apply equally to the parties exchanges of their own records; and

WHEREAS, good cause has been shown that the aforesaid provision in the Lycos

Accountants Stipulation should, like all the other provisions in that Stipulation, apply equally to

the parties' exchanges of their own records, in that the parties should limit their use of any

material that they obtain from each other in discovery to prosecuting this case;

IT IS HEREBY ORDERED by this Court as follows:

1.      Either party to this case may designate any information produced in this action by

it or by a third-party (hereinafter a "Designating Party"), whether in the form of documents,

discovery responses (*i.e.* deposition testimony, interrogatory answers, etc.) or other tangible or

intangible things (hereinafter the "Information") as "CONFIDENTIAL" in accordance with the

provisions hereof if it believes in good faith that such information qualifies for such designation

under the provisions of paragraph 2 hereof.  Any such designation shall be made by marking the

documents, discovery responses, or other tangible things that contain the information being

designated as "CONFIDENTIAL."  If a third party is subpoenaed to produce documents, and a

party believes in good faith that those documents may satisfy the requirements set forth in

paragraph 2 for confidentiality, that party may designate documents marked for copying by the

subpoenaing party as CONFIDENTIAL, and the copies of those documents made by the

subpoenaing party shall be marked as such.  Unless and until a CONFIDENTIAL designation is

dissolved pursuant to the provisions hereof, the information covered by the designation shall be

treated by the party receiving it (the "Receiving Party") in the manner required hereby.

2.      Information may be designated as "CONFIDENTIAL" in accordance with the

provisions hereof only if it consists of or contains confidential information of a Designating Party

-3-

(*e.g.* sensitive information regarding the financial, manufacturing, cost, pricing or marketing areas of the Designating Party's business), trade secrets or other non-public research, development or commercial information of or about the Designating Party; and only if it is so designated at the time it is produced for inspection, or at the time copies of it are delivered to the party receiving it (hereinafter the "Receiving Party").

      3.      Information of any kind (including documents, electronic records, interrogatory answers, and deposition testimony) that satisfies the requirements for such designation set forth herein may be designated "CONFIDENTIAL" in the following manner and at the following times, unless otherwise agreed in writing between the parties:

      (a)      documents may be designated "CONFIDENTIAL" either by marking them to that effect prior to or at the time of their initial production to the Receiving Party for inspection and copying;

      (b)      interrogatory answers may be designated "CONFIDENTIAL" either by marking them to that effect prior to or at the time of their service on the Receiving Party for inspection and copying; and

      (c)      deposition testimony may be designated "CONFIDENTIAL" by counsel for the Producing Party making a statement for inclusion in the deposition transcript identifying, immediately after an answer is given, what portions of the answer are subject to the claim of confidentiality.

      4.      In the event the Receiving Party objects to any designations of information as "CONFIDENTIAL", the Receiving Party's counsel shall advise the Designating Party of such objection, and the reasons therefore, in writing.   Counsel for the Designating Party shall then have ten (10) days within which to respond in writing setting forth the rationale for designating

-4-

the information in question as "CONFIDENTIAL." At the expiration of that ten (10) day period,

if counsel for the Receiving Party disagrees with the rationale for Designating Party's designating

the material as "CONFIDENTIAL," or fails to receive a written response from the Producing

Party setting forth any rational for the designation, the Receiving Party may file a motion to set

aside the designation, and in connection with proceedings on that motion, the Designating Party

shall bear the burden of proving that the designation was appropriate.

     **5.**    Information designated "CONFIDENTIAL" pursuant to this Stipulation and Order

shall be treated as follows:

     (a)    The Receiving Party may disclose information designated "CONFIDENTIAL"

only to "Qualified Persons," which is hereby defined to mean:

          (i)    the Court, in the manner provided by Paragraph 8 hereof;

          (ii)    court reporters or stenographers whose services are used in connection

with this action, and other persons working for such reporters or stenographers;

          (iii)    the parties (including current and former employees of parties);

          (iv)    counsel of record for the parties to this action and members and

employees of the law firms of the counsel of record, and in-house legal counsel and legal staff of

the parties;

          (v)    consultants or experts retained by the parties in connection with this

litigation, provided that each such consultant or expert provides to the party retaining him or her the

certification set forth in Exhibit "A" to this Agreement, unless otherwise agreed in writing by the

parties; and

          (vi)    to the extent necessary, to non-party witnesses or prospective

witnesses in this action, although they shall not be provided, except temporarily for purposes of

-5-

questioning them, with copies of any material designated "CONFIDENTIAL" pursuant to this Order.

7.      Nothing in this Confidentiality Stipulation and Protective Order shall be construed to prohibit a Receiving Party from producing documents, material, or information designated as "CONFIDENTIAL" in its possession pursuant to a subpoena or other legal process provided that the Receiving Party, if subpoenaed to produce such material, shall give the person or party who designated the document as "CONFIDENTIAL" notice of the subpoena within five (5) business days after receiving the subpoena, and shall not produce such material in response to the subpoena for a period of at least seven (7) business days after giving the required notice to the designating party. If, within seven (7) business days of receiving such notice, the designating party moves to quash the production, then the Receiving Party shall not release the material pending a decision on that motion.

8.      All documents and discovery materials produced in this action, whether or not designated as "CONFIDENTIAL" or not, shall be used by the persons receiving the materials only for the purpose of preparing for and conducting this action; provided, however, that nothing herein shall impose any restrictions on the use or disclosure by a party or witness of-

        (a)      documents or information obtained by such party or witness independently of the formal or informal discovery proceedings in this action if the source of such information was not obligated to hold such documents or information in confidence; or

        (b)      public and other documents obtained, or obtainable, from another source or already in the possession or knowledge of, or previously known to a witness, his employer, or another person who is not obligated to maintain such documents in confidence.

9.      If documents, deposition transcripts, things, or other materials designated as

-6-

confidential are filed with the Court or included in any papers filed with the Court, such

discovery materials or papers, after the entry of an appropriate Court Order, shall be labeled

"CONFIDENTIAL -- SUBJECT TO COURT ORDER" and filed under seal and kept under seal

until further Order of the Court; provided, however, that such information shall be available to

the Court and to counsel of record for the parties.

10.    Non-parties producing documents, testimony or other materials during the course

of this action may designate the same as "CONFIDENTIAL" under this Protective Order by

following the procedures set forth in paragraphs 2 and 3 above, and such information shall

thereafter be treated by the Receiving Parties under this Protective Order in the same manner as if

produced by a Producing Party to this action and so designated hereunder.

11.    Within 180 days after the final termination of this litigation, all parties or their

counsel in possession, custody or control of documents or things produced to them during

discovery containing information designated "CONFIDENTIAL" shall:

(a)    return the documents, things or other materials to the Designating Party, or

destroy them; and

(b)    with respect to documents, things or other materials prepared by the

Receiving Party that incorporate or are derived from the Designating Party's Confidential

Information, the Receiving Party shall, at its discretion, destroy or return such documents, things,

or other materials.  If such documents are destroyed, the corporate officer or person who

supervised such destruction shall certify in writing the complete destruction of each document.

10.    Entering into, agreeing to, and/or complying with the terms of this Confidentiality

Stipulation and Protective Order shall not:

(a)    operate as an admission for evidentiary purposes;

(b)    prejudice the right of either party to contest the alleged relevancy, admissibility, or discoverability of Information designated as CONFIDENTIAL;

(c)    prejudice in any way the right of a party at any time to seek a determination by the Court or agreement by other parties as to whether any particular document should be subject to the terms of this Confidentiality Stipulation and Protective Order; or

(d)    prejudice the right of a party to introduce at the trial of the action information designated as "CONFIDENTIAL" pursuant to this Confidentiality Stipulation and Protective Order.

COMPUTER SALES INTERNATIONAL, INC.        LYCOS, INC.

By its attorneys,                                                  By its attorneys,


_____                    _____
Robert J. Kaler, Esq.                                      Thomas O. Bean, Esq.
Edward Little, Esq.                                         Peter M. Acton, Esq.
Gadsby Hannah LLP                                       McDermott Will & Emery LLP
225 Franklin Street                                        28 State Street
Boston, MA 02110                                        Boston, MA 02110
Tel. (617) 345-7007                                      Tel. 617.535.4426


Dated: February __, 2006

                              SO ORDERED:

                              _____
                              UNITED STATES DISTRICT JUDGE

*EXHIBIT "A"*

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" will be provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Stipulation and Protective Order signed by counsel for the parties on _____ 2006, and entered as an Order of Court on _____ 2006 in a civil action entitled *Computer Sales International, Inc. v. Lycos, Inc.*, C.A. No. No. 05-10017- RWZ, pending in the United States District Court for the District of Massachusetts, and that:

(a)      I have been given a copy of and have read the Confidentiality Stipulation and Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such information or documents;

(b)      I agree to be bound by it and its terms;

(c)      I shall not disclose such information or documents to others, except in accordance with the Confidentiality Stipulation and Protective Order;

(d)      I am obligated to honor the confidentiality of such information or documents after the termination of this legal proceeding;

(e)      If I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt imposed by the Court and any other remedies available including those in law and equity.

_____                    _____
Date                                                         Signature

                                                              _____
                                                              Name (Print)

-9-

-
**&lt;sp&gt;**

B0448251v1