UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL, INC., <br><br>        Plaintiff and Defendant-in-Counterclaim, <br>v. <br><br>LYCOS, INC., <br><br>        Defendant and Plaintiff-in-Counterclaim, <br>and <br><br>BANK OR AMERICA f/k/a FLEET BANK, <br><br>        Trustee Process Defendant. | C.A. No. 05-10017- RWZ |

**ORDER REGARDING THE HANDLING
OF CONFIDENTIAL INFORMATION PRODUCED IN DISCOVERY**

    WHEREAS, Plaintiffs Computer Sales International, Inc. a/k/a CSI Leasing, Inc. ("CSI") and defendant Lycos, Inc. ("Lycos") have already stipulated to a "Stipulation and Order Regarding the Handling of Confidential Information Produced in Discovery By Accountants for Lycos," which Lycos filed with this Court on February 15, 2006 (the "Lycos Accountants Stipulation"), and

    WHEREAS, the parties have agree that almost all of the provisions in the Lycos Accountants Stipulation should apply to their exchanges of their own records, but have disagreed over whether the provision in the Lycos Accountants Stipulation limiting the use of any material

produced by those accountants to prosecuting this case, regardless of whether it is designated confidential, should apply equally to the parties exchanges of their own records; and

WHEREAS, good cause has been shown that the aforesaid provision in the Lycos Accountants Stipulation should, like all the other provisions in that Stipulation, apply equally to the parties' exchanges of their own records, in that the parties should limit their use of any material that they obtain from each other in discovery to prosecuting this case;

IT IS HEREBY ORDERED by this Court as follows:

**1.** Either party to this case may designate any information produced in this action by it or by a third-party (hereinafter a "Designating Party"), whether in the form of documents, discovery responses (*i.e.* deposition testimony, interrogatory answers, etc.) or other tangible or intangible things (hereinafter the "Information") as "CONFIDENTIAL" in accordance with the provisions hereof if it believes in good faith that such information qualifies for such designation under the provisions of paragraph 2 hereof.  Any such designation shall be made by marking the documents, discovery responses, or other tangible things that contain the information being designated as "CONFIDENTIAL."  If a third party is subpoenaed to produce documents, and a party believes in good faith that those documents may satisfy the requirements set forth in paragraph 2 for confidentiality, that party may designate documents marked for copying by the subpoenaing party as CONFIDENTIAL, and the copies of those documents made by the subpoenaing party shall be marked as such.  Unless and until a CONFIDENTIAL designation is dissolved pursuant to the provisions hereof, the information covered by the designation shall be treated by the party receiving it (the "Receiving Party") in the manner required hereby.

**2.** Information may be designated as "CONFIDENTIAL" in accordance with the provisions hereof only if it consists of or contains confidential information of a Designating Party

(*e.g.* sensitive information regarding the financial, manufacturing, cost, pricing or marketing areas of the Designating Party's business), trade secrets or other non-public research, development or commercial information of or about the Designating Party; and only if it is so designated at the time it is produced for inspection, or at the time copies of it are delivered to the party receiving it (hereinafter the "Receiving Party").

    **3.** Information of any kind (including documents, electronic records, interrogatory answers, and deposition testimony) that satisfies the requirements for such designation set forth herein may be designated "CONFIDENTIAL" in the following manner and at the following times, unless otherwise agreed in writing between the parties:

    (a) documents may be designated "CONFIDENTIAL" either by marking them to that effect prior to or at the time of their initial production to the Receiving Party for inspection and copying;

    (b) interrogatory answers may be designated "CONFIDENTIAL" either by marking them to that effect prior to or at the time of their service on the Receiving Party for inspection and copying; and

    (c) deposition testimony may be designated "CONFIDENTIAL" by counsel for the Producing Party so designating the relevant portions of the deposition transcript within seven (7) days of receipt of said transcript, and to allow for such designations to be effective, the entire transcript of each deposition shall be held treated as CONFIDENTIAL until the aforesaid time period for designating portions thereof as CONFIDENTIAL has elapsed, after which time only those portions designated CONFIDENTIAL need be treated as such.

    **4.** In the event the Receiving Party objects to any designations of information as "CONFIDENTIAL", the Receiving Party's counsel shall advise the Designating Party of such

objection, and the reasons therefore, in writing. Counsel for the Designating Party shall then have ten (10) days within which to respond in writing setting forth the rationale for designating the information in question as "CONFIDENTIAL." At the expiration of that ten (10) day period, if counsel for the Receiving Party disagrees with the rationale for Designating Party's designating the material as "CONFIDENTIAL," or fails to receive a written response from the Producing Party setting forth any rational for the designation, the Receiving Party may file a motion to set aside the designation, and in connection with proceedings on that motion, the Designating Party shall bear the burden of proving that the designation was appropriate.

    **5.**    Information designated "CONFIDENTIAL" pursuant to this Stipulation and Order shall be treated as follows:

    (a)    The Receiving Party may disclose information designated "CONFIDENTIAL" only to "Qualified Persons," which is hereby defined to mean:

        (i)    the Court, in the manner provided by Paragraph 8 hereof;

        (ii)    court reporters or stenographers whose services are used in connection with this action, and other persons working for such reporters or stenographers;

        (iii)    the parties (including current and former employees of parties);

        (iv)    counsel of record for the parties to this action and members and employees of the law firms of the counsel of record, and in-house legal counsel and legal staff of the parties;

        (v)    consultants or experts retained by the parties in connection with this litigation, provided that each such consultant or expert provides to the party retaining him or her the certification set forth in Exhibit "A" to this Agreement, unless otherwise agreed in writing by the parties; and

    (vi) to the extent necessary, to non-party witnesses or prospective witnesses in this action, although they shall not be provided, except temporarily for purposes of questioning them, with copies of any material designated "CONFIDENTIAL" pursuant to this Order.

  7. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to prohibit a Receiving Party from producing documents, material, or information designated as "CONFIDENTIAL" in its possession pursuant to a subpoena or other legal process <u>provided</u> <u>that</u> the Receiving Party, if subpoenaed to produce such material, shall give the person or party who designated the document as "CONFIDENTIAL" notice of the subpoena within five (5) business days after receiving the subpoena, and shall not produce such material in response to the subpoena for a period of at least seven (7) business days after giving the required notice to the designating party. If, within seven (7) business days of receiving such notice, the designating party moves to quash the production, then the Receiving Party shall not release the material pending a decision on that motion.

  8. All documents and discovery materials produced in this action, whether or not designated as "CONFIDENTIAL" or not, shall be used by the persons receiving the materials only for the purpose of preparing for and conducting this action; provided, however, that nothing herein shall impose any restrictions on the use or disclosure by a party or witness of-

    (a) documents or information obtained by such party or witness independently of the formal or informal discovery proceedings in this action if the source of such information was not obligated to hold such documents or information in confidence; or

    (b) public and other documents obtained, or obtainable, from another source or already in the possession or knowledge of, or previously known to a witness, his employer, or

another person who is not obligated to maintain such documents in confidence.

      9.      If documents, deposition transcripts, things, or other materials designated as confidential are filed with the Court or included in any papers filed with the Court, such discovery materials or papers, after the entry of an appropriate Court Order, shall be labeled "CONFIDENTIAL -- SUBJECT TO COURT ORDER" and filed under seal and kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and to counsel of record for the parties.

      10.      Non-parties producing documents, testimony or other materials during the course of this action may designate the same as "CONFIDENTIAL" under this Protective Order by following the procedures set forth in paragraphs 2 and 3 above, and such information shall thereafter be treated by the Receiving Parties under this Protective Order in the same manner as if produced by a Producing Party to this action and so designated hereunder.

      11.      Within 180 days after the final termination of this litigation, all parties or their counsel in possession, custody or control of documents or things produced to them during discovery containing information designated "CONFIDENTIAL" shall:

      (a)      return the documents, things or other materials to the Designating Party, or destroy them; and

      (b)      with respect to documents, things or other materials prepared by the Receiving Party that incorporate or are derived from the Designating Party's Confidential Information, the Receiving Party shall, at its discretion, destroy or return such documents, things, or other materials. If such documents are destroyed, the corporate officer or person who supervised such destruction shall certify in writing the complete destruction of each document.

    **12.**    Entering into, agreeing to, and/or complying with the terms of this Confidentiality Stipulation and Protective Order shall not:

    (a)    operate as an admission for evidentiary purposes;

    (b)    prejudice the right of either party to contest the alleged relevancy, admissibility, or discoverability of Information designated as CONFIDENTIAL;

    (c)    prejudice in any way the right of a party at any time to seek a determination by the Court or agreement by other parties as to whether any particular document should be subject to the terms of this Confidentiality Stipulation and Protective Order; or

    (d)    prejudice the right of a party to introduce at the trial of the action information designated as "CONFIDENTIAL" pursuant to this Confidentiality Stipulation and Protective Order.

| COMPUTER SALES INTERNATIONAL, INC. | LYCOS, INC. |
|---|---|
| By its attorneys, | By its attorneys, |
| Robert J. Kaler, Esq.<br>Edward Little, Esq.<br>Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110<br>Tel. (617) 345-7007 | Thomas O. Bean, Esq.<br>Peter M. Acton, Esq.<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, MA 02110<br>Tel. 617.535.4426 |

Dated: March __, 2006

                    SO ORDERED:

                    UNITED STATES DISTRICT JUDGE

-8-

## EXHIBIT "A"

  I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" will be provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Stipulation and Protective Order signed by counsel for the parties on _____ 2006, and entered as an Order of Court on _____ 2006 in a civil action entitled *Computer Sales International, Inc. v. Lycos, Inc.*, C.A. No. No. 05-10017- RWZ, pending in the United States District Court for the District of Massachusetts, and that:

  (a) I have been given a copy of and have read the Confidentiality Stipulation and Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such information or documents;

  (b) I agree to be bound by it and its terms;

  (c) I shall not disclose such information or documents to others, except in accordance with the Confidentiality Stipulation and Protective Order;

  (d) I am obligated to honor the confidentiality of such information or documents after the termination of this legal proceeding;

  (e) If I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt imposed by the Court and any other remedies available including those in law and equity.

_____    _____
Date                                Signature

                            _____
                            Name (Print)