UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| LYCOS, INC., | ) | C.A. No. 05-10017- RWZ |
| Defendant, | ) ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) | |
| Trustee Process Defendant. | ) ) | |

**COMPUTER SALES INTERNATIONAL, INC.'S
MOTION TO IMPOUND OPPOSITION TO LYCOS'S MOTION TO COMPEL AND
CROSS-MOTION TO DISMISS OR, ALTERNATIVELY, COMPEL PRODUCTION**

Pursuant to Local Rule 7.2, Plaintiff and Counterclaim Defendant Computer Sales International, Inc. ("CSI") hereby moves to impound its *Opposition* to Lycos's Motion to Compel, which Defendant and Counterclaimant Lycos, Inc. ("Lycos") filed under seal on June 20, 2006 (Docket No. 71). CSI seeks to do so for substantially the same reasons Lycos cited when it filed its *Motion to Compel* under an order of impoundment granted by the Court on June 20, 2006.

In support of this *Motion to Impound*, CSI states that Lycos made a similar motion on June 14, 2006, in advance of filing its *Motion to Compel*. Citing exhibits to and references within its *Motion to Compel*, Lycos correctly stated that its Motion contains information designated by CSI as "Confidential" within the meaning of the Court's Order Regarding the Handling of Confidential Information Produced in Discovery (the "Confidentiality Order" – Docket No. 61). Consistent with that Order, and noting that CSI must address in its *Opposition* points raised by Lycos in its Motion to Compel – which also includes discussing and attaching

additional "Confidential" documents – CSI respectfully moves that its *Opposition* be impounded from public inspection until further order of this Court.  Additionally, CSI is serving this Opposition today on Lycos's counsel, though it will wait for a ruling on this Motion before filing it with the Court.

CSI also moves for an order to impound a *Cross-Motion to Dismiss or, Alternatively, to Compel Production* ("Cross-Motion") which CSI intends to file.   That Motion – which details the information revealed in discovery which is at odds with Lycos's earlier representations to the Court concerning Lycos's knowledge of information concerning the CSI equipments schedules, including the original equipment costs therefore, and which sets forth categories of documents Lycos has failed to produce – also will discuss and refer to documents designated as "Confidential" pursuant to the Confidentiality Order.  As with Lycos's *Motion to Compel*, CSI requests that its *Cross-Motion* be likewise impounded and withheld from public inspection until further order of this Court.

WHEREFORE, CSI prays that this motion be allowed, that CSI be granted leave to file its *Opposition to Lycos's Motion to Compel* as well as its *Cross-Motion* as impounded and under seal, and that the Court allow such other and further relief as this Court deems proper.

> Respectfully submitted,
>
> COMPUTER SALES INTERNATIONAL, INC.
> By its attorneys,
> /s/ Edward W. Little, Jr.
> Robert J. Kaler, BBO No. 542040
> rkaler@ghlaw.com
> Edward W. Little, Jr., BBO No. 628985
> elittle@ghlaw.com
> Gadsby Hannah LLP
> 225 Franklin Street
> Boston, MA  0211
> Tel. (617) 345-7000

Dated:  July 10, 2006

## Certificate of Service

    I, Edward W. Little, Jr., hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action by electronic means and by hand this 10th day of July 2006.

                                            /s/ Edward W. Little, Jr.
                                            Edward W. Little, Jr.