UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) | |
| Plaintiff, | ) | *** *Oral Argument Requested* |
| v. | ) | |
| LYCOS, INC., | ) | C.A. No. 05-10017- RWZ |
| Defendant, | ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) | |
| Trustee Process Defendant. | ) | |

**COMPUTER SALES INTERNATIONAL, INC.'S
CROSS-MOTION TO DISMISS OR, ALTERNATIVELY, TO COMPEL**

Plaintiff and Counterclaim Defendant Computer Sales International, Inc. ("CSI") hereby cross-moves seeking an order of the Court dismissing the counterclaims of Lycos, Inc. ("Lycos"), or, alternatively, compelling production from Lycos of documents relevant to claims and defenses herein. As explained more fully in the accompanying *Memorandum of Law in Support* ("Memorandum") – which is being filed under seal pursuant to the Court's order of July 11, 2006 – the documents CSI seeks include critical electronic records, among other documents, which Lycos has been withholding without basis for months.

Lycos has claimed throughout this case that it entered into re-writes or "roll-ups" of its equipment lease schedules, as well as a 2003 purchase of the leased equipment (the "Sales Agreement"), based on misrepresentations made by CSI. Specifically, Lycos claims that CSI misrepresented the financial effect of the "roll-ups" as well as the original cost of, and payments Lycos made for, the leased equipment. Lycos claims it relied on such statements and could not verify them because it was unable to (and did not) track these expenses itself. However, discovery taken from Lycos thus far – including documents produced and admissions by its Rule

30(b)(6) designee – now reveals that Lycos not only knew but in fact tracked internally the exact information it has claimed under oath that it could and did not.

CSI additionally relies on the points and authorities raised in the accompanying Memorandum filed under seal.

WHEREFORE, for all of the foregoing reasons and those in the accompanying Memorandum, CSI respectfully requests that – due to the recent revelations in discovery which contradict Lycos's assertions under oath on which the Court supported its denial of CSI's earlier motions to dismiss and for summary judgment – the Court dismiss Lycos's counterclaim in its entirety. Alternatively, CSI requests that the Court enter an order compelling Lycos to produce the information it has withheld, as discussed above. CSI also requests such other and further relief as this Court deems proper.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Edward W. Little, Jr.
Robert J. Kaler, BBO No. 542040
rkaler@ghlaw.com
Edward W. Little, Jr., BBO No. 628985
elittle@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated:  July 17, 2006

## CERTIFICATE OF COMPLIANCE WITH LR 37.1(B)

    I, Edward W. Little, Jr., hereby certify that I have complied with Local Rule 37.1(B) by participating in discovery conferences with counsel for Lycos, Inc., by telephone and in written correspondence, as set forth in the accompanying *Memorandum of Law in Support* ("Memorandum"), and have in good faith (though unsuccessfully) attempted to narrow the issues addressed in this Motion and the accompanying Memorandum.

                          /s/ Edward W. Little, Jr.
                          Edward W. Little, Jr.

## CERTIFICATE OF SERVICE

    I, Edward W. Little, Jr., hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this by hand this 17th day of July 2006.

                          /s/ Edward W. Little, Jr.
                          Edward W. Little, Jr.