UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br>    Plaintiff, <br><br> v. <br><br> LYCOS, INC., <br><br>    Defendant, <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br>    Trustee Process Defendant | Civil Action No. 05-10017-RWZ |

**THIRD-PARTY AMERICAN RIVER PARTNERS' OPPOSITION TO
COMPUTER SALES INTERNATIONAL, INC'S MOTION TO COMPEL**

American River Partners, formerly doing business as LeaseForum, opposes CSI's Motion to Compel on the grounds that American River has already produced <u>all</u> documents -- except those subject to a privilege/work product assertion by Lycos -- related in any way to its work for Lycos. Given that the above-captioned suit is limited to a dispute over Lycos-CSI leasing arrangements, American River should be required to do no more.

There are three issues raised by CSI's motion: (1) whether American River should be required to produce documents related to its other (<u>i.e.</u>, non-Lycos) clients and business activity; (2) whether American River should be required to reproduce in electronic form all of the documents it already produced; and (3) whether Lycos' privilege assertions were improper. For the reasons set forth below, the answer to each of these questions is "no."

## BACKGROUND

### American River Partners (f/k/a LeaseForum)

American River Partners ("American River") is a two-person consulting firm founded by Susan Franklin ("Franklin") and John Kirk ("Kirk"). American River provides consulting services to businesses that lease commercial equipment in order to assist them in managing and controlling the cost of equipment leases. American River fills a void in the complicated commercial equipment leasing marketplace by trying to help clients better understand leasing in general, and analyze both the economics and terms of their complex lease portfolios.

More specifically, at the direction of lessees, American River reviews information including lessee requirements, evaluates lease options and lessor offers, analyzes existing portfolios to assess the total cost to the client of leasing certain equipment, and, when requested, supports or participates in the evaluation, implementation and/or negotiation of various lease events, including exercise of contract options, or other restructuring activities, including refinancing of leases and end of lease compliance activities like lease return processing. See Affidavit of Susan Franklin ("Franklin Aff."), attached to CSI's Memorandum in Support of its Motion to Compel ("CSI Mem."), Ex. A, ¶ 7.

In recent years, the demand in American River's services has risen as a result of the reported overreaching by equipment lessors. See, e.g., Linda Corman, "(Don't) Look Deep into My Lease -- Terms can be mesmerizing, but companies get a rude awakening when leasing's real cost is revealed," CFO Magazine, July 2006.[1] These recent revelations, coupled with increased scrutiny on financial officers, place pressure on management to protect shareholder value from draconian leasing arrangements.

---

[1] http://www.cfo.com/article.cfm/7108979/c_7129649?f=magazine_alsoinside

**The Lycos-American River Relationship**

In 2003, Lycos, Inc. ("Lycos") engaged American River to assist in evaluating and, at the direction of Lycos, assist the company in negotiating acceptable outcomes for equipment leases that Lycos had with five separate leasing companies, including Computer Sales International, Inc. ("CSI").[2] Franklin Aff., ¶ 12. With respect to the other four leasing companies, American River was able to assist Lycos in negotiating acceptable outcomes for those specific equipment leases. Franklin Aff., ¶ 18. In regards to CSI, American River reviewed various lease files including the Master Lease Agreement, the active equipment lease schedules, acceptance certificates present in the files, some purchase orders and invoices, and additional related documents. Franklin Aff., ¶ 14. At the direction of Lycos and on Lycos' behalf, American River negotiated with CSI a purchase price for the leased equipment. At that time, American River was unaware of, and Lycos was unable to provide information with respect to, the actual total equipment cost of all equipment leased from CSI to Lycos and the total rent payments made or to be made under all the lease Schedules. Franklin Aff., ¶ 19. After the July, 2003 Sales Agreement was signed between Lycos and CSI, Lycos requested that American River undertake additional lease analysis on the CSI leases.

**CSI Threatens American River**

In October, 2003, CSI sent American River a threatening letter regarding American River's commercial activities. See Ex. 1. Specifically, CSI alleged that "[American River] appears to be attempting to profit by sullying the name of CSI and deceiving our customers, in its efforts to insert itself into lease negotiations with established CSI customers." Id. American River replied to CSI's letter, denying all allegations, and requesting that CSI provide evidence to support its allegations. See Ex. 2. CSI chose not to respond to American River's letter.

---

[2] CSI is the largest independent IT lessor in the United States. See http://www.csileasing.com/.

3

**The Lycos-CSI Litigation and the Third-Party Subpoenas**

On January 5, 2005, CSI filed the current action against Lycos.[3] In January, 2006, CSI served American River and Franklin each with a subpoena. Specifically, the Subpoenas sought four categories of documents:[4]

1. All documents and electronic records concerning Lycos and Lycos' equipment leases, schedules, sales agreements, and the cost of equipment ("Request No. 1");

2. All documents and electronic records concerning CSI, including documents related to equipment leases, agreements, equipment schedules, and sales agreements ("Request No. 2");

3. All documents and electronic records concerning communications by American River to customers of CSI regarding their dealings, leases, or agreements with CSI or other leasing companies ("Request No. 3"); and

4. All documents and electronic records concerning the Equipment Leasing Association ("Request No. 4").

In response to the Subpoenas, after entry of a protective order by this Court, American River produced all documents in its possession, custody or control that in any way relate to the Lycos-CSI relationship. Included among these were <u>all</u> of the documents American River created in connection with its analysis of the Lycos-CSI lease program. The only documents related to the Lycos-CSI relationship that were not produced were those that were the subject of an attorney-client privilege or work product assertion by Lycos. The privileged and work product documents were identified on a privilege log provided to CSI. <u>See</u> Ex. 3; CSI Mem., Ex. M.

---

[3] To the extent that CSI argues the merits of this lawsuit in its Memorandum in Support of its Motion to Compel, American River, John Kirk, and Susan Franklin do not address those arguments.

[4] All subpoenas, including that of John Kirk served on May 15, 2006, seek the same four categories of documents. These subpoenas are collectively referred to herein as "the Subpoenas." <u>See</u> CSI Mem., Exs. J, K, and N.

The Subpoenas, however, seek more than those documents relating to the CSI-Lycos relationship. The Subpoenas also seek information regarding American River's other business activities and its existing and potential clients. By way of example, Request No. 3 demands that American River produce all of its other client communications (i.e., all communications with clients other than Lycos) who may also be CSI lessees. American River, Franklin and Kirk served timely objections to these requests on the grounds that they were overbroad, burdensome and in no way calculated to lead to the discovery of admissible evidence.[5] Now, more than four months after American River produced all of its responsive, non-privileged documents, CSI files the present motion to compel.

## ARGUMENT

### I. THE SUBPOENAS SEEK INFORMATION HAVING NOTHING TO DO WITH THIS LITIGATION

American River (and Franklin and Kirk) has produced all non-privileged/work product documents in its possession related to the CSI-Lycos relationship. CSI, however, wants American River to produce all documents and electronic records "concerning, referring, or *in any way* relating to Computer Sales International, Inc." (see CSI's Mem., Exs. J, K, N (emphasis added)) and all documents and electronic records "concerning communications by [American River] to customers of CSI concerning their dealings, leases, or agreements with CSI *or other leasing companies*...." See CSI Mem., Exs. J, K, N (emphasis added).[6]

In other words, CSI is not satisfied with American River producing all of the information it has concerning its work for Lycos, but instead wants to discover the details of any commercial

---

[5] Additionally, in light of CSI's threatening behavior towards American River in 2003, American River, Franklin, and Kirk objected to the requests to the extent that CSI was improperly using Fed. R. Civ. P. 45 to engage in competitive fact finding or to exert some sort of commercial pressure on American River. See CSI Mem., Ex. L.

[6] The objected to subpoena categories are Documents Request Nos. 2(a), 3(a), 3(b), and 4 as well as Rule 30(b)(6) subject area No. 4.

activity between American River and any party for whom CSI has been a lessor. Not only are these requests burdensome and impractical, but they represent a heavy-handed use of third-party discovery to gather information about American River's legitimate business activities that have nothing to do with the facts underlying this litigation.

As noted above, CSI is the largest independent IT leasor in the United States. See http://www.csileasing.com/. American River analyzes equipment lease portfolios for many lessees -- and given CSI's market dominance, American River inevitably has encountered companies that have worked with CSI. CSI has not and cannot explain how such documents -- wholly unrelated to American River's work for Lycos and wholly unrelated to the CSI-Lycos relationship -- could possibly be discoverable in this matter.

As a pretext for its commercial intelligence gathering, CSI states that it should be permitted to discover everything about American River and its business activity because such information could reveal a bias against CSI. This argument -- the hope of finding some document that reveals some bias -- could be made in any and every discovery dispute, and should not be a sufficient reason to compel American River, a non-party, to spend the significant resources needed to collect, review and produce the requested additional documents.

American River's concern about the overreaching requests is not theoretical. If CSI's motion is allowed, American River, a two person firm, will essentially have to halt all operations for some time to go through its universe of files to identify all past, present and prospective clients that have or have had some relationship with CSI. Then, American River would need to inform these parties that their financial and/or leasing information will be provided to CSI. This is particularly troubling because American River universally enters into non-disclosure agreements with clients and prospective clients and these clients do not want it disclosed to CSI

that they have engaged or are considering engaging American River to review their lease portfolios.

On the other hand, it is easy to see why CSI would view the requested information as both interesting and valuable for non-litigation purposes. CSI would presumably want to determine which of its former or current lessees have taken steps to better understand their leasing activity in an effort to lower their leasing costs and how those lessees may intend to do so. The information CSI seeks provides a window into American River's sensitive business dealings, and CSI could, as it has in the past, take steps to frustrate and chill American River's present and future business relationships. Therefore, while CSI has business reasons for wanting the additional information it seeks, it should not be allowed to use Rule 45 as a contrivance to get it.

## II.   THE REQUESTED ELECTRONIC DISCOVERY IS DUPLICATIVE, UNNECESSARY AND OVERLY BURDENSOME

CSI also moves to compel an electronic copy of each and every document already produced by American River. This request is burdensome and costly for American River, and unnecessary because CSI has already been provided all non-privileged, non-objectionable responsive documents in hard copy format.

CSI's sole argument for why American River should reproduce all documents in electronic format concerns the "'autodate' problem." CSI Mem., at 9-15. When CSI first raised this issue, in an effort to address CSI's stated concerns and avoid unnecessary motion practice, American River proposed that CSI identify specific documents that it needed in electronic format in order to cure the "autodate" problem. American River could then efficiently provide CSI with the additional information it claims to need. See CSI Mem., Ex. Q. CSI rejected this proposal.

If the Court is inclined to grant certain spreadsheets to be produced in electronic format to cure the "autodate" problem, American River respectfully request that CSI be required to

identify by Bates Number which spreadsheets contain the "autodate" problem, and that this Court's Order be limited to the reproduction of those particular documents.

### III. AMERICAN RIVER PROPERLY HONORED LYCOS' PRIVILEGE AND WORK PRODUCT DESIGNATIONS

CSI argues that <u>American River</u> has the burden of demonstrating that an applicable privilege asserted over documents on the privilege log is valid. American River has not asserted a privilege over the documents on the privilege log, but instead, as requested, has honored the privilege and work product assertions advanced by Lycos. <u>See</u> Ex. 4. In light of the fact that Lycos, not American River, is the privilege holder, American River defers to, and where necessary incorporates herein, Lycos' arguments on the privilege issue.

### CONCLUSION

For the foregoing reasons, American River, Susan Franklin and John Kirk respectfully request that CSI's motion to compel be denied.

Respectfully submitted,
AMERICAN RIVER PARTNERS,
SUSAN FRANKLIN, and JOHN KIRK

By Their Attorneys,
BIRNBAUM & GODKIN, LLP

DATE:   July 31, 2005

/s/ Robert N. Feldman
Robert N. Feldman (BBO #630734)
280 Summer Street
Boston, MA 02210
Tel: 617-307-6100
Fax: 617-307-6101

## CERTIFICATE OF SERVICE

    I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 31, 2006.

                              /s/ Robert N. Feldman
                              Robert N. Feldman

**EXHIBIT 1**



**COMPUTER SALES INTERNATIONAL, INC.**

9990 Old Olive Street Road
Suite 101
St. Louis, Missouri 63141
314-997-7010
1-800-955-0960
Fax 314-997-7844
www.csileasing.com

VIA ELECTRONIC AND CERTIFIED MAIL

October 2, 2003

Ms. Susan Franklin
Leaseforum, Inc.
313 Congress Street
Boston, MA 02210

Re: Computer Sales International, Inc. ("CSI")

Dear Ms. Franklin:

CSI has obtained very disturbing information regarding the business practices of Leaseforum, Inc. ("Leaseforum") and its efforts to harm the reputation of CSI and its established business relationships.

Specifically, CSI has been informed that Mr. John Kirk of Leaseforum has contacted at least one CSI customer and implied that he is a former CSI employee, which is blatantly false. Moreover, we have learned that Mr. Kirk has disparaged CSI with entirely baseless allegations as a result of his supposed "inside information." We have also learned that he has recklessly implied that the customer relationships, which CSI works so hard to cultivate, are improper, to the point where the customer felt threatened by him.

I understand that Mr. Paul Stenberg of CSI has already contacted you regarding our concerns. I further understand that, rather than looking into these serious matters, you instead immediately responded with accusations that CSI's customer is "lying." This remarkable assertion and denial not only suggests complicity with Mr. Kirk's actions, but also defies logic, because CSI's customer has no motivation to create such fabrications against itself and CSI. On the other hand, Leaseforum appears to be attempting to profit by sullying the name of CSI and deceiving our customers, in its efforts to insert itself into lease negotiations with established CSI customers.

CSI views this as an extremely serious matter and will take all appropriate steps to protect its reputation and relationships. Accordingly, CSI hereby demands that Leaseforum and Mr. Kirk immediately CEASE and DESIST from taking any further actions deliberately designed to harm CSI. CSI also demands that Leaseforum identify all CSI customers it has contacted in the previous twelve months. In addition, CSI will be demanding a formal apology from Mr. Kirk and Leaseforum to all CSI customers contacted in an improper manner.




Ms. Susan Franklin
October 2, 2003
Page 2

Please be advised CSI will be pursuing its legal remedies should Leaseforum fail to rectify the situation as set forth above. This may include, but is not limited to, seeking an injunction against Leaseforum and Mr. Kirk, along with monetary damages for the deliberately false statements and tortious attempts to interfere with CSI's business relations, as well as relief under the Massachusetts unfair and deceptive acts or practices statute which provides for three times actual damages plus interest, costs and attorney fees, as set forth at M.G.L. c. 93A.

I look forward to your response by the close of business on October 3, 2003.

Very truly yours,

COMPUTER SALES INTERNATIONAL, INC.

By: *Lorraine S Cherrick*
Lorraine S. Cherrick
Senior Vice President and General Counsel

Cc: Mr. John Kirk

**EXHIBIT 2**

# BIRNBAUM & ASSOCIATES, P.C.
### ATTORNEYS AT LAW

Robert N. Feldman, Counsel
rnf@birnbaumlaw.com

268 Summer Street
Boston, MA 02210-1108
Tel: (617) 542-3100
Fax: (617) 542-3111

October 10, 2003

**By Facsimile and First Class Mail**

Lorraine S. Cherrick
Senior Vice President and General Counsel
Computer Sales International, Inc.
9990 Old Olive Street Road, Suite 101
St. Louis, MO 63141

RE: LeaseForum/Computer Sales International, Inc. ("CSI")

Dear Ms. Cherrick:

I write as follow-up to my letter of October 3, 2003, and in response to your October 2, 2003 letter.

We have reviewed the assertions made in your letter and have found them to be groundless. Specifically, at no time has Mr. Kirk represented to anyone that he is a former CSI employee. Additionally, Mr. Kirk has not explicitly or impliedly characterized CSI's customer relationships as improper. If, as you claim, there are CSI customers making such baseless allegations, please provide us with those customers' names so that we may take appropriate corrective action.

Finally, as for CSI's threats of litigation on this matter, please be advised that any baseless suit will be vigorously defended, and LeaseForum will seek, among other things, sanctions and reimbursement of attorney's fees.

Very truly yours,

Robert N. Feldman

RNF/c-js

**EXHIBIT 3**



**BIRNBAUM &
GODKIN**, LLP
ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

April 19, 2006

**BY HAND**

Robert J. Kaler, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

    Re:    *Computer Sales International, Inc. v. Lycos, Inc., et al.*
           United States District Court, C.A. No. 05-10017-RWZ

Dear Bob:

    As discussed, enclosed please find American River Partners' "log" of documents over which an objection on the grounds of attorney-client privilege, work product or some other appropriate privilege has been asserted and described by Lycos, in connection with American River's document production on March 17, 2006. You have agreed that this log and the descriptions of documents herein shall not amount to a waiver of any asserted privilege.

    Additionally, enclosed are responsive, non-privileged, non-objectionable documents bearing Bates Nos. AR 001823 – AR 001890 and AR 11489 – AR 11604, which supplement American River's March 17th production.

                                    Very truly yours,

                                    Robert N. Feldman

RNF:cam
cc:    Thomas O. Bean, Esq.

**EXHIBIT 4**

# McDermott Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Thomas O. Bean
tbean@mwe.com
617.535.4426

January 23, 2006

**VIA FACSIMILE - 617.307.6101**

Robert Feldman
Birnbaum & Godkin, LLP
280 Summer Street – 5th Floor
Boston, MA 02110

Re: Computer Sales International, Inc v. Lycos, Inc.,
    Case No. 05-10017-RWZ

Dear Rob:

This firm represents Lycos, Inc. in the above-referenced matter. I write with respect to the subpoenas served by Computer Sales International, Inc. ("CSI") on your clients, Ms. Susan Franklin and American River Partners, LLC (a/k/a LeaseForum) ("ARP").

Please be advised that Lycos, Inc. (as defined in the subpoena) has not waived and does not waive any privilege applicable to its communications with Ms. Franklin and ARP. Accordingly, but without limitation, Lycos objects to Ms. Franklin's and ARP's producing any documents in response to the subpoenas that are in any way privileged, and to their providing testimony in contravention of a privilege.

Thank you for your attention to this matter. If you have any questions concerning it, please do not hesitate to contact me.

Very truly yours,

Thomas O. Bean

cc: Robert Kaler, Esq.

U.S. practice conducted through McDermott Will & Emery LLP.
28 State Street Boston, Massachusetts 02109-1775 Telephone: 617.535.4000 Facsimile: 617.535.3800 www.mwe.com
BST99 1488548-1.057077.0012