UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> LYCOS, INC., <br><br> Defendant, <br> and <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br> Trustee Process Defendant. | C.A. No. 05-10017- RWZ |

**SUPPLEMENTAL STATUS REPORT
OF PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.
ON RESOLUTION OF DISCOVERY ISSUES**

Plaintiff CSI Leasing, Inc. f/k/a Computer Sales International, Inc. ("CSI") respectfully submits this brief status report in preparation for today's 2:30 PM telephone Status Conference on the resolution of discovery issues pending between itself and defendant Lycos, Inc. ("Lycos").

**1.** Per the discussion with the Court at last week's Status Conference, lead counsel for the parties met for several hours last Friday, and have either resolved by agreement, or agreed to reserve their rights on and not press at this time, the outstanding discovery issues between them that were the subject of the pending discovery motions, oppositions, and cross-motions variously docketed as Docket Nos. 71, 75, 78, 79, 81 and 84 (and the supporting memoranda therefor).[1]

---

[1] Briefly summarized, the parties have agreed that CSI will produce to Lycos – to be shared only with Lycos, its counsel and experts agreeing to the Court's confidentiality order – the "matrices" it has that may have been used in pricing equipment leases (including the Lycos leases) during the relevant time period, and will also provide

2. On an unrelated issue, CSI's undersigned counsel has received a copy of Lycos' counsel's letter to the Court of Tuesday, August 1, 2006 (Docket No. 87), requesting the opportunity to inquire, during today's conference, as to the basis for the Court's Order of July 28, 2006 denying Lycos' motion to amend to add a usury claim. CSI has no objection to that request, but respectfully disagrees with the portions of Lycos' counsel's letter arguing the merits of the proposed amendment, and relies on its previously-filed briefs in that regard. *See* Docket Nos. 64 and 68.

3. The only other issue that remains extant at this point is CSI's request to the third party "Leaseforum (a/k/a American River Partners)," a leasing consultant firm that advised Lycos on its dealings with CSI, for (a) electronic copies of the Excel spreadsheets and Powerpoint presentations that Leaseforum produced in hardcopy several months ago in response to a CSI subpoena, and (b) a commitment to produce two Leaseforum executives who were subpoenaed for depositions some months ago, John Kirk and Susan Franklin, at mutually convenient times within the next six weeks or so, for their depositions.

4. A discovery motion filed by CSI is pending on the Leaseforum and a number of other privilege and scope of discovery issues involving Leaseforum, *see* Docket Nos. 76, 80, 85 and 86, but CSI has concluded that only the two issues (a) and (b) referenced above are pressing,

---

the base pay amount for Paul Stenberg during the relevant years, any commission records on Lycos transactions not already produced, documents relating to the residual value figures used by Michelle Thompson to calculate the $350K commission threshold figure, a stipulation as to the Paul Stenberg expense reports concerning what he certified as to them and whether the claimed expenses were reimbursed, any lease documents (e.g., Certificates of Acceptance and Stipulated Loss Value statements) that Lycos cannot locate within CSI's document production, Excel spreadsheet downloads of data on CSI subledger cards for the Lycos transactions, information on efforts to back-up its August 2003 back-up tape, Stenberg's performance evaluations from 1997 to 2003, to the extent they exist (these were not done every year), Stenberg's bonus and compensation plans from 1997 to 2003, to the extent they exist, and a specific identification by Bates number of each equipment schedule and associated request for contract, ledger entries, etc. The parties have further agreed that Lycos will produce native form electronic versions of documents it has produced in hardcopy, any separation agreements for Brian Lucy, Julie Callagee, and Monique Walsh, and any other "Leasing Data" documents, records of the analyses referred to in Plaintiff's Exh. 29, or internal/external accounting communications regarding the CSI leases, that it has.

and that resolution of the other issues can be deferred in the hopes that they might become moot, or if not, that they can be decided at a later date on the basis of a fuller record.

Accordingly, at this time, CSI is only pressing, as to the third party Leaseforum, its request for electronic versions of the relevant documents, and the two depositions within a reasonable time.[2] (Counsel for Leaseforum was notified of this scheduled hearing earlier this week, and was invited to participate.)

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, Esq., BBO No. 542040
Edward W. Little, Esq.
McCarter & English LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated: August 3, 2006

Certificate of Service

The undersigned counsel hereby certifies that a copy of this document was served on opposing counsel electronically and by hand this 3rd day of August 2006.

/s/ Robert J. Kaler
Robert J. Kaler, Esq.

---

[2] The electronic versions of the spreadsheets and Powerpoint presentations that Leaseforum produced are needed, and were subpoenaed by CSI some months ago, because they contain latent electronic "metadata" – not available on the printed versions of these documents – recording the dates and times when and by whom those documents (many of which refer to the original cost of the equipment leased from CSI by Lycos) were created, accessed, last modified, etc.

The depositions are needed because Mr. Kirk and Ms. Franklin – as consultants who advised Lycos on its buy-out of the CSI leases in the Summer of 2003, and simultaneously proposed to Lycos (which accepted) a so-called "Phase II" effort to seek a reduction in the required buy-out payments from CSI – are key witnesses in this case.

B0473516v1