UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL, INC., <br><br>    Plaintiff and Defendant-in-Counterclaim,<br><br>v.<br><br>LYCOS, INC.,<br><br>    Defendant and Plaintiff-in-Counterclaim,<br><br>and<br><br>BANK OF AMERICA f/k/a FLEET BANK,<br><br>    Trustee Process Defendant | **LYCOS'S MOTION FOR LEAVE TO IMPOUND STATUS REPORT**<br><br>C.A. No. 05-10017-RWZ |

Pursuant to Local Rules 7.1(B)(3) and 7.2, Defendant and Plaintiff-in-Counterclaim, Lycos, Inc. ("Lycos"), moves for leave to impound its Status Report and Proposed Agenda for Conference Scheduled for September 13, 2006 (the "Status Report").

1.    Because the Status Report contains information designated by CSI as "Confidential" within the meaning of the this Court's Order Regarding the Handling of Confidential Information Produced in Discovery (Dkt. No. 61) (the "Confidentiality Order"), Lycos is unable to file the Status Report except under seal.

2.    Virtually all of the information to which Lycos cites in the Status Report that CSI has designated as Confidential comes from the transcript of the deposition of Paul Stenberg. After CSI designated the entire 434 pages of that transcript as Confidential – including Mr. Stenberg's testimony as to the addressees of his homes, his children's birth dates, and his

educational background and professional employment – Lycos sent CSI a letter identifying pages in that transcript that it believed were not Confidential. Incredibly, CSI responded by stating that "we have not yet had a chance to review the transcript in detail, but continue to believe that the designation of his testimony and exhibits as confidential was appropriate."[1] Moreover, CSI failed to respond to Lycos's subsequent request that CSI at least de-designate certain pages so that Lycos could avoid filing the Status Report under seal. As is set forth more fully in the Status Report, this approach is consistent with CSI's approach to discovery in this case.

3.  Finally, impounding the Status Report is consistent with the Court's Confidentiality Order.

WHEREFORE, Lycos requests that the Court enter an Order:

A.  Granting it leave to file the Status Report under seal in accordance with Local Rule 7.2 and the terms of the Confidentiality Order; and

B.  Granting it such other relief as may be appropriate and just under the circumstances.

Respectfully submitted,

LYCOS, INC.

By its attorneys,

Dated: September 12, 2006

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton  (BBO# 654641)
McDermott, Will & Emery, LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

---

[1] *See* Exhibit A hereto at 3.

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2006, that a true and accurate copy of the foregoing document will be sent by electronic mail to Robert J. Kaler at rkaler@mccarter.com and that I will cause a true and accurate copy of the foregoing to be delivered by hand to Robert J. Kaler, McCarter & English, LLP, 225 Franklin Street, Boston, MA 02111, on September 13, 2006.

/s/ Peter M. Acton, Jr.
Peter M. Acton, Jr.

# EXHIBIT A



McCARTER ENGLISH
ATTORNEYS AT LAW

September 7, 2006

**Edward W. Little**
T. 617.345.7018
F. 617.204.8018
elittle@mccarter.com

VIA HAND DELIVERY

Thomas O. Bean, Esquire
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775

Re: *Lycos, Inc. v. Computer Sales International, Inc.*,
United States District Court – Massachusetts, C.A. No. 04-10017-RWZ

McCarter & English, LLP
225 Franklin Street
Boston, MA 02110
T. 617.345.7000
F. 617.345.7050
www.mccarter.com

Dear Tom:

This will respond to your firm's letters of August 31 and September 5 to Mr. Kaler in which you make various assertions about CSI employee Paul Stenberg and, unfortunately, resume your practice of demanding records which you "assume" exist and are being intentionally withheld by CSI.

In your letter of August 31st, you demand certain additional materials, and we have the following responses and reciprocal requests, in addition to the basic relevancy and burdensomeness objections that were made to all of your requests when they were initially made:

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

1. <u>Override Commissions</u> – We understand from CSI that any commissions or incentive payments paid to CSI sales managers were for the overall performance of their group, and were not tied to specific customers, so we do not believe that there are any further records to be produced in this category.

2. <u>Compensation Plans</u> – Although we do not agree with your comments, the FY 2004 Sales Compensation Plan that we believe Mr. Stenberg referred to in his testimony is enclosed herewith (numbered CSI 044513 – 533). Please note that, as we have done with previously-produced Sales Compensation Plans, we are requesting confidential treatment per the Court's prior protective order and are marking this "for attorneys' eyes only," as per our previous agreement. While these documents are not relevant to this case, we are producing them without waiving any objections.

3. <u>Training Materials</u> – We do not believe that you have correctly or completely characterized Mr. Stenberg's testimony on this issue, which

Thomas O. Bean, Esquire
September 7, 2006
Page 2

        appears, as you admit, at pages 225-227 of his transcript. He specifically said he was not referring to "materials contain[ing] suggestions or strategies for marketing," but rather information on CSI and its products, which you have. Moreover, Mr. Stenberg was hired by CSI in 1992, and no documents exist regarding marketing strategies from this period.

4. <u>Unredacted Expense Reports</u> – We do not agree with your unfairly disparaging comments about Mr. Stenberg and remind you of your agreement to accept the expense reports already produced to you, combined with CSI's responses to Lycos's admissions ("RFA"), in lieu of making still more requests for what we regard as irrelevant but voluminous records.

5. <u>Reimbursements</u> – We do not agree with your unfairly disparaging comments about Mr. Stenberg, but CSI will review the RFA response to which you object and respond further if there is any change.

6. <u>Mr. Stenberg's duties and responsibilities as an account executive</u> – Again, we do not agree with your unfairly disparaging comments about Mr. Stenberg, and we believe that you have already received records describing Mr. Stenberg's duties and responsibilities.

7. <u>Mr. Stenberg's "hard" files</u> – We do not believe Mr. Stenberg said that he has the records to which you refer.

8. <u>Hard Drives</u> – We have already advised you that production of hard drives must be reciprocal, and if the hard drives of the Lycos employees Brian Lucy, Monique Walsh and Kevin Bailee were destroyed, then we have a problem, and you must disclose when and why this occurred as Mr. Kaler has asked.

9. <u>Back-Up Tapes</u>. We do not agree with your unfairly disparaging comments about Mr. Stenberg, or your characterization of his testimony, but will be amenable to a reciprocal production of comparable back-up materials, which you have not yet offered or made.

In your firm's letters of September 5, you have simply ignored the requests in Mr. Kaler's letter to you of August 31, attacked a non-party witness, Mr. Stenberg, and reiterated still more requests of your own which are well beyond the permissible or reasonable scope of discovery. In many cases, you repeat information that we have already told you – such as that electronic versions of the subledger cards you earlier demanded (and we provided) are of limited utility for the purposes you had stated. Your comments that Ms. Thompson testified "that CSI required an account executive's supervisor to approve all expense reports" misstates her testimony, in which she made clear that she did not know if that was a "policy" at CSI and, more

Thomas O. Bean, Esquire
September 7, 2006
Page 3

importantly, that her involvement with expense reports while working in CSI's accounts payable department <u>predated</u> any business between CSI and Lycos. You have also, in your statements at Ms. Thompson's deposition and most recently in your August 31st letter, essentially threatened criminal proceedings against Mr. Stenberg solely to gain an advantage in this case. Enough is enough.

This is a straightforward collection action that Lycos is belatedly seeking to transform into a fraud case through groundless allegations which its own electronic records have now shown to be without merit. Nevertheless, we have tried to respond at length and in detail to all of your requests – e.g., we are reviewing the memorandum listing documents which you claim to be missing from CSI's production, for example, and will respond shortly – and we will continue to do so.

We note, however, that while CSI has gone to great effort to identify by Bates stamp number the documents Lycos has requested, you have refused to identify by number certain information we have requested – such as, most recently, the numbers of the hard-copy spreadsheets Lycos has produced which correspond to the electronic versions Lycos has only recently turned over. This is simply unfair and in bad faith. Furthermore, you continue to withhold identification of documents related to the disposition of the equipment contained in the Sales Agreement – that is, for each asset purchased by Lycos, CSI is entitled to know for damage mitigation purposes whether that asset is still in use and, if not, when it was decommissioned and whether Lycos received any monies or other value in transferring the asset. Your prior response to our request was useless and directed us only to documents from the time period before the 2003 Sale. We cannot continue this process *ad nauseum*, particularly where almost nothing of what you are now demanding has any genuine relevance to the issues that remain in this case.

Lastly, as to the deposition of Mr. Stenberg, we have not yet had a chance to review the transcript in detail, but continue to believe that the designation of his testimony and exhibits as confidential was appropriate. If you feel you need to file any exhibit to it or portion of it with the Court, however, please advise us as to which portions, and we will consider whether a waiver of that designation will be possible.

Sincerely,

*[signature]*

Edward W. Little, Jr.

EWL:orb
Enclosure
cc:    Robert J. Kaler, Esq. (w/out encl.)

B0479650v1