UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br> Plaintiff, <br><br> v. <br><br> LYCOS, INC., <br><br> Defendant, <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br> Trustee Process Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-10017-RWZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## THIRD-PARTY AMERICAN RIVER PARTNERS'
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA

Third-Party American River Partners ("American River") respectfully submits this memorandum of law in support of its Motion to Quash Subpoena. Although a non-party to this action, American River has continuously been subjected to heavy-handed discovery tactics of Computer Sales International, Inc. ("CSI"). Although American River, a two person firm, has already produced documents and electronic files requested by CSI, and has already committed to three depositions in October, on September 8, 2006, CSI served American River with yet another subpoena (the "Fourth Subpoena").

The stated reason for this latest subpoena is to ask more questions of American River about its March, 2006 document production and production of electronic data on September 1, 2006. There is no reason why American River should be required to appear on multiple occasions to answer questions that it has already answered through counsel, and that it can confirm directly at the previously-scheduled depositions next month. In short, American River

seeks this Court's protection from CSI's disruptive efforts to haul American River into a deposition on 7 days notice.

## BACKGROUND

In 2003, Lycos, Inc. ("Lycos") engaged American River to assist in evaluating and, at the direction of Lycos, assist the company in negotiating acceptable outcomes for equipment leases that Lycos had with five separate leasing companies, including CSI. On January 5, 2005, CSI filed this action against Lycos. One year later, CSI served American River and it principals each with three subpoenas.[1] In particular, the Subpoenas sought two categories of documents relevant to the current motion:

1.  All documents and electronic records concerning Lycos and Lycos' equipment leases, schedules, sales agreements, and the cost of equipment ("Request No. 1");

2.  All documents and electronic records concerning CSI, including documents related to equipment leases, agreements, equipment schedules, and sales agreements ("Request No. 2").[2]

In response to the Subpoenas, after entry of a confidentiality order by this Court, American River produced all documents in its possession, custody or control that in any way relate to the Lycos-CSI relationship. Included among these were all of the documents American River created in connection with its analysis of the Lycos-CSI lease program, including numerous Excel spreadsheets. The only documents related to the Lycos-CSI relationship that were not produced were those that were the subject of an attorney-client privilege or work product assertion by Lycos. The privileged and work product documents were identified on a privilege log provided to CSI in April, 2006.

---

[1] American River, Susan Franklin, and John Kirk were each served with a subpoena. These three depositions are currently scheduled for October, 2006.

[2] Because American River's services were of such interest to CSI, the three subpoenas also sought all documents regarding American River's other non-Lycos-CSI business activities.

After American River produced in hard copy all responsive, non-privileged, non-objectionable documents, CSI continued to pursue discovery from American River by requesting electronic copies of the documents produced by American River. As far back as June, 2006, in an effort to avoid motion practice, American River asked CSI to identify any particular documents that CSI wished to see in electronic form. CSI resisted American River's attempts to resolve this issue amicably, and instead filed a motion to compel electronic copies of <u>all</u> documents produced by American River.

In July, 2006, more than four months after American River and its principals produced documents, CSI filed a motion to compel all of American River's electronic records. Prior hearing on the motion to compel, CSI sent a letter to American River on August 1, 2006 identifying for the first time the specific documents that it wanted in electronic format ("CSI's August 1st list"). A copy of that letter is attached hereto as Exhibit 1.

This Court heard arguments on CSI's motion to compel on August 22, 2006. During that hearing, the Court expressly asked CSI's counsel if the documents on CSI's August 1st list were the <u>only</u> documents which CSI sought in electronic format. CSI's counsel confirmed that the documents on CSI's August 1st list, were the only documents that CSI sought in electronic format and that CSI sought no further electronic discovery from American River. At the hearing, this Court, acknowledging the burden on non-party American River, granted CSI's motion to compel <u>only</u> as to the electronic versions of those documents on CSI's August 1st list and required that CSI pay the reasonable cost of such a production.

In compliance with the Court's Order, on September 1, 2006, American River produced a CD-ROM containing 27 electronic files. These 27 files represented all of the electronic files in American River's possession, custody or control that correspond to any of the 70 documents on

CSI's August 1st list. (Because many of the electronic files were Excel spreadsheets, one spreadsheet could contain upwards of four separate documents from CSI's list).

One day after American River complied with this Court's Order, CSI contacted American River's counsel alleging that American River had somehow hidden or erased metadata from the electronic files. September 5, 2006 Electronic Mail From Robert Feldman To Robert Kaler (attached hereto as Exhibit 2). CSI was mistaken, and American River's counsel (with the assistance of a computer consultant) confirmed for CSI that the metadata it was seeking was not altered and was easily discernable from the electronic files that were produced earlier. See Id. Despite American River assurances, CSI (without consulting with its own computer expert) continued to allege falsely that American River's electronic document production had been "altered." See September 6, 2006 Electronic Mail From Robert Kaler To Robert Feldman (attached hereto as Exhibit 3).

CSI further inquired about a particular paper document (Bates numbers AR000744 – AR000750), and demanded that it be produced in electronic form. If not produced, CSI threatened to move to compel (again). American River promptly responded to CSI's inquiry and informed CSI that an electronic copy of AR000744 – AR000750, as it was printed, does not exist. See September 7, 2006 Letter From Robert Feldman To Robert Kaler (attached hereto as Exhibit 4).

In response, CSI served American River with a fourth Subpoena on September 8, 2006 to appear for a deposition on September 15, 2006 (the "Fourth Subpoena"). Specifically, the Subpoena seeks a designee with knowledge on the following three topic areas:

1.    All information concerning the creation, location, use and disposition of all electronic source material for, and all present or previously existing electronic versions, of the 7 pages of spreadsheets produced bearing Bates numbers AR000744 – AR000750, including whether any material has been destroyed;

2.   The identity of all electronic computer systems used by American River, and all electronic back-up, record-keeping, and record destruction procedures followed by American River; and

3.   The exact steps taken by American River to comply with the Court's Order of August 22, 2006, including "what search of what computer records was made, what results were obtained, and what if any records were not checked or have been destroyed."

In response to the Subpoena, American River served an objection letter that again explained why CSI was mistaken in its assumption regarding Bates number AR000744 – AR000750, and confirming (again) that that particular document does not exist in electronic form. See September 11, 2006 Letter From Robert Feldman To Robert Kaler (attached hereto as Exhibit 5). Despite American River's request that CSI withdraw its unnecessary Fourth Subpoena, CSI refused to do so. See September 11, 2006 Electronic Mail From Robert Kaler To Robert Feldman (attached hereto as Exhibit 6).

For the Court's benefit, the document bearing Bates number AR000744 – AR000750 is a photocopy of a hard-copy of an Excel spreadsheet that was used by American River during its relationship with Lycos. See Affidavit of Susan Franklin, ¶ 5 ("Franklin Aff."), submitted herewith. That this document is a photocopy, as opposed to a document that was directly printed from an electronic file, is further evidenced by the handwriting on the document. The photocopy is of a version of the source spreadsheet that was printed in or about June, 2003. Id. at ¶¶ 5, 6. From June, 2003, when American River began its relationship with Lycos, until approximately October, 2003, American River continued to utilize the source spreadsheet to provide services and analysis to Lycos. Id. at ¶ 7. As a result, after around or about June, 2003 (when the document at issue was printed), American River continuously changed and updated the data in the spreadsheet. Id.

Therefore, the source spreadsheet from which the document bearing Bates number

AR000744 – AR00750 was printed no longer exists in the electronic form that it existed in June,

2003. Id. Instead, the source spreadsheet exists as it did after October, 2003. Id. at ¶¶ 7, 8.

Prior to the electronic production, Lycos asserted a privilege over the hard-copy version of the

source spreadsheet in its current electronic form, and that asserted is listed on American Rivers'

privilege log at Bates Nos. AR10297-AR10301. Id. at ¶ 9. Similarly, Lycos has asserted an

objection over the production of the electronic version of that document.

## DISCUSSION

Under Federal Rule of Civil Procedure 45(c)(3)(iv), "the court by which a subpoena was

issued shall quash or modify the subpoena if it . . . (iv) subjects a person to undue burden." See

also Blount Int'l, Ltd. V. Schuylkill Energy Resources, Inc., 124 F.R.D. 523, 526-27 (D. Mass.

1989) (internal citations omitted). Here, American River already has produced volumes of

documents and has produced all electronic files requested by CSI. Moreover, American River

has set aside three days in October for the depositions CSI seeks in connection with this matter.

Additionally, American River has now twice been forced into motion practice due to CSI's

hyper-aggressive litigation tactics.

The Fourth Subpoena issued by CSI is just the latest in CSI's pattern of "shooting first,

and asking questions later." The stated reason for the Fourth Subpoena is to discovery additional

information regarding American River's electronic records, particularly a document bearing

Bates Nos. AR000744-AR000750. Given that American River has (twice) explained to CSI's

counsel (in writing) that there exists no electronic copy of that document, there is no justifiable

grounds for having an emergency deposition to explore what it already has been told. To the

extent CSI has further questions regarding the specifics of a particular document or electronic

6

file, it will have ample opportunity to ask questions regarding these topics at any one of the <u>three</u> American River depositions scheduled for the third week in October.

Most troubling, however, is CSI's pattern of using the discovery rules to disrupt American River's affairs, and increase American River's legal fees. This motion practice was and is entirely unnecessary, and serves only to distract and burden American River's two-person operations. <u>See</u> Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment (attorney responsible for issuance and service of subpoena has affirmative duty to avoid imposing undue burden or expense; issuing court may enforce duty by imposing appropriate sanctions, including payment of witness' lost earnings). <u>See also</u> Fed. R. Civ. P. 26(b)(2)(i) (the Court may limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive....").

## CONCLUSION

For the reasons set forth above, the Fourth Subpoena should be <u>quashed</u>, and this Court should require CSI to pay American River's reasonable attorney's fees incurred in connection with this motion.

<div style="margin-left: 40%;">

Respectfully submitted,

AMERICAN RIVER PARTNERS,
SUSAN FRANKLIN, and JOHN KIRK

By Their Attorneys,
BIRNBAUM & GODKIN, LLP

</div>

DATE:    September 13, 2006        /s/ Robert N. Feldman
                                   Robert N. Feldman (BBO #630734)
                                   280 Summer Street
                                   Boston, MA  02210
                                   Tel: 617-307-6100
                                   Fax: 617-307-6101

## CERTIFICATE OF SERVICE

I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 13, 2006.

/s/ Robert N. Feldman
Robert N. Feldman

**EXHIBIT   1**



ATTORNEYS AT LAW

August 1, 2006

VIA FACSIMILE AND US MAIL

Robert N. Feldman, Esq.
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02110

Dear Robert:

Following up on my emails and voicemail to you earlier today, I am enclosing herewith a list by bates number of the approximately 79 hardcopy documents produced by Leaseforum a/k/a American River Partners for which we need the electronic native form versions with their metadata (showing authors, dates of creation, modification, etc.).

As our subpoena called for the production of these electronic records, I am hoping this will not be a problem, and if you would please contact me to discuss this as soon as possible I would appreciate it. Again, we would like to report to the Court later this week on the results of our efforts to address these issues with you.

Lastly, we would like to take the depositions of your clients Susan Franklin and John Kirk of American River Partners sometime in the next six weeks or so. Would you please advise me as to alternative dates on which they could appear? Thank you.

Very truly yours,

Robert J. Kaler

Enclosure

Robert J. Kaler

T. 617 345 7007
F. 617 204 8007
rkaler@mccarter.com


McCarter & English, LLP
225 Franklin Street
Boston, MA 02110
T. 617.345.7000
F. 617.345.7050
www.mccarter.com

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

B0474362v1

**CSI v. Lycos**
**Index of Electronic American River**
**Documents for Which CSI is Requesting Native Format Copies**

| Beginning Bates Number | Ending Bates Number | Document Type |
|---|---|---|
| AR000037 | AR000038 | MS Excel Spreadsheet |
| AR000744 | AR00750 | MS Excel Spreadsheet |
| AR000751 | AR000751 | MS Excel Spreadsheet |
| AR000775 | AR000776 | MS Excel Spreadsheet |
| AR000777 | AR000778 | MS Excel Spreadsheet |
| AR000779 | AR000785 | MS Excel Spreadsheet |
| AR000793 | AR000797 | MS PowerPoint |
| AR000811 | AR000812 | MS Excel Spreadsheet |
| AR000837 | AR000837 | MS Excel Spreadsheet |
| AR000838 | AR000838 | MS Excel Spreadsheet |
| AR000839 | AR000839 | MS Excel Spreadsheet |
| AR000840 | AR000845 | MS Excel Spreadsheet |
| AR000846 | AR000848 | MS Excel Spreadsheet |
| AR000849 | AR000849 | MS Excel Spreadsheet |
| AR000850 | AR000852 | MS Excel Spreadsheet |
| AR000853 | AR000853 | MS Excel Spreadsheet |
| AR000854 | AR000857 | MS Excel Spreadsheet |
| AR000858 | AR000860 | MS Excel Spreadsheet |
| AR000861 | AR000863 | MS Excel Spreadsheet |
| AR000867 | AR000867 | MS Excel Spreadsheet |
| AR000892 | AR000892 | MS Excel Spreadsheet |

| Beginning Bates Number | Ending Bates Number | Document Type |
|---|---|---|
| AR000893 | AR000893 | MS Excel Spreadsheet |
| AR000898 | AR000898 | MS Excel Spreadsheet |
| AR000899 | AR000906 | MS Excel Spreadsheet |
| AR000909 | AR000910 | MS Excel Spreadsheet |
| AR000916 | AR000917 | MS Excel Spreadsheet |
| AR000919 | AR000932 | MS Excel Spreadsheet |
| AR000933 | AR000955 | MS Excel Spreadsheet |
| AR000956 | AR000957 | MS Excel Spreadsheet |
| AR000958 | AR000959 | MS Excel Spreadsheet |
| AR000970 | AR001040.69 | MS Excel Spreadsheet |
| AR001047 | AR001180 | MS Excel Spreadsheet |
| AR001346 | AR001346 | MS Excel Spreadsheet |
| AR001358 | AR001358 | MS Excel Spreadsheet |
| AR001363 | AR001365 | MS Excel Spreadsheet |
| AR001367 | AR001367 | MS Excel Spreadsheet |
| AR001369 | AR001369 | MS Excel Spreadsheet |
| AR001373 | AR001373 | MS Excel Spreadsheet |
| AR001386 | AR001386 | MS Excel Spreadsheet |
| AR001388 | AR001388 | MS Excel Spreadsheet |
| AR001391 | AR001397 | MS PowerPoint |
| AR001398 | AR001404 | MS Excel Spreadsheet |
| AR001416 | AR001416 | MS Excel Spreadsheet |
| AR001426 | AR001426 | MS Excel Spreadsheet |

B0474298v1

| Beginning Bates Number | Ending Bates Number | Document Type |
|---|---|---|
| AR001427 | AR001427 | MS Excel Spreadsheet |
| AR001439 | AR001439 | MS Excel Spreadsheet |
| AR001442 | AR001442 | MS Excel Spreadsheet |
| AR001453 | AR001455 | MS Excel Spreadsheet |
| AR001461 | AR001462 | MS Excel Spreadsheet |
| AR001471 | AR001471 | MS Excel Spreadsheet |
| AR001479 | AR001479 | MS Excel Spreadsheet |
| AR001481 | AR001481 | MS Excel Spreadsheet |
| AR001494 | AR001494 | MS Excel Spreadsheet |
| AR001496 | AR001496 | MS Excel Spreadsheet |
| AR001502 | AR001502 | MS Excel Spreadsheet |
| AR001512 | AR001512 | MS Excel Spreadsheet |
| AR001520 | AR001522 | MS Excel Spreadsheet |
| AR001523 | AR001523 | MS Excel Spreadsheet |
| AR001524 | AR001524 | MS Excel Spreadsheet |
| AR001525 | AR001525 | MS Excel Spreadsheet |
| AR001526 | AR001526 | MS Excel Spreadsheet |
| AR001527 | AR001527 | MS Excel Spreadsheet |
| AR001528 | AR001528 | MS Excel Spreadsheet |
| AR001531 | AR001531 | MS Excel Spreadsheet |
| AR001546 | AR001552 | MS PowerPoint |
| AR001553 | AR001559 | MS PowerPoint |
| AR001560 | AR001566 | MS PowerPoint |

B0474298v1

| Beginning Bates Number | Ending Bates Number | Document Type |
|---|---|---|
| AR001662 | AR001664 | MS Excel Spreadsheet |
| AR001755 | AR001756 | MS Excel Spreadsheet |
| AR001764 | AR001764 | MS Excel Spreadsheet |
| AR001773 | AR001773 | MS Excel Spreadsheet |
| AR001779 | AR001779 | MS Excel Spreadsheet |
| AR001785 | AR001785 | MS Excel Spreadsheet |
| AR001804 | AR001805 | MS Excel Spreadsheet |
| AR001807 | AR001807 | MS Excel Spreadsheet |
| AR001809 | AR001809 | MS Excel Spreadsheet |
| AR001811 | AR001811 | MS Excel Spreadsheet |
| AR00786 | AR00792 | MS PowerPoint |
| AR01371 | AR01371 | MS Excel Spreadsheet |

4

**EXHIBIT  2**

| | |
|---|---|
| **From:** | Robert Feldman [feldman@birnbaumgodkin.com] |
| **Sent:** | Tuesday, September 05, 2006 4:09 PM |
| **To:** | 'Kaler, Robert' |
| **Cc:** | 'tbean@mwe.com' |
| **Subject:** | Your Message |

Bob --

I received your voicemail message regarding American River's September 1, 2006 electronic document production, and your claim that we have erased or somehow hidden metadata from you.  You are mistaken.

The metadata you claim to seek is easily accessible from the files we sent to you on Friday.  The September 1, 2006 dates you are seeing were an unavoidable consequence of us having to review the electronic data prior to production.  The actual creation dates, authors, etc. remain in the electronic files, however, and your computer expert should be able to assist you in accessing them.  If, after you confer with your computer expert, you are still unable to access the information you claim to seek, please explain in writing what steps you have taken to access the metadata, and the problems you are encountering.  After receipt of your letter, I will promptly attempt to assist you in identifying the information you seek.

Regards,

Rob

_____

Robert N. Feldman
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210-1108
Direct Dial: (617) 307-6130
Main Dial: (617) 307-6100
Fax: (617) 307-6101
e-mail: feldman@birnbaumgodkin.com

NOTE:  This email message and any files transmitted with it are subject to attorney-client privilege, and contains confidential information intended only for the person(s) to whom it is addressed. If you have received this message in error, please immediately notify the sender by e-mail or telephone and destroy the original message without making a copy. Thank you.

**EXHIBIT 3**

**Robert Feldman**

| | |
|---|---|
| **From:** | Kaler, Robert [RKaler@mccarter.com] |
| **Sent:** | Wednesday, September 06, 2006 2:17 PM |
| **To:** | Robert Feldman |
| **Cc:** | tbean@mwe.com; Little, Edward; Pellerin, Eileen |
| **Subject:** | RE: Your Message |
| **Importance:** | High |

**Dear Rob --**

   I have your email below, and have some difficulty understanding your reluctance to confer with us about these issues either in person or by telephone, despite our repeated attempts.   Again, this is important to our client, and we ask that you please return our phone calls seeking to discuss with you in person, and if necessary with your consultants (if any), the details of the problems with your clients' electronic production.   Letters and emails back and forth are really no substitute for a full and frank discussion -- especially when the issues involve complicated questions of electronic records -- and a few minutes discussion might save a great deal of time and confusion, which is why the local rules in this district require it.

   Although we can have an expert look at the electronic materials you produced last week as you suggest in your email below, and will do so, the materials were supposed to have been produced to us in their entirety in their "native form" so that the metadata was easily visible.   This was not done, the records have been altered, and we do not understand your comment about "reviewing" the electronic versions before producing them -- have any portions been withheld on any grounds?   We do not see how they could be given that the hard copy versions have already been produced, and no privilege log was provided.

   In addition, among other things, the disk you delivered to us late Friday afternoon does not contain the electronic versions, including metadata, of the key spreadsheet produced by your clients whose hardcopy is bates numbered AR000744 - AR000750.  We need all the electronic versions of that spreadsheet and its subsidiary calculations, and all other electronic records that have been withheld, rather promptly -- to proceed with several important depositions of Lycos personnel later this month.  We are accordingly preparing a motion asking the Court to compel complete and good faith compliance with its previous Order relative to your clients on this issue, and we would like to have the required Local Rule 7.1 conference with you today or tomorrow concerning that motion.

   In this regard, we again request that you please call us to confer -- this time as required by the local rules -- either today or tomorrow.  In addition, we would ask that you please plan to attend the hearing before the Court now scheduled for next Wednesday, September 13, at 2:30 PM, as we are going to have to ask the Court at that time (*ex parte* if necessary) to address these issues, unless we can resolve them with you before then, which I would much prefer.

   Please give me a call.  Thank you.

                                                                                    RJKaler

Robert J. Kaler, Esq.
Partner
McCarter & English LLP
225 Franklin Street
Boston, MA 02110
Direct Tel. 617-345-7007
Direct Fax: 617-204-8007
Email: rkaler@mccarter.com

Boston  New York  Philadelphia  Baltimore  Hartford  Newark  Stamford  Wilmington

**From:** Robert Feldman [mailto:feldman@birnbaumgodkin.com]
**Sent:** Tuesday, September 05, 2006 4:09 PM
**To:** Kaler, Robert
**Cc:** tbean@mwe.com
**Subject:** Your Message

Bob --

I received your voicemail message regarding American River's September 1, 2006 electronic document production, and your claim that we have erased or somehow hidden metadata from you. You are mistaken.

The metadata you claim to seek is easily accessible from the files we sent to you on Friday. The September 1, 2006 dates you are seeing were an unavoidable consequence of us having to review the electronic data prior to production. The actual creation dates, authors, etc. remain in the electronic files, however, and your computer expert should be able to assist you in accessing them. If, after you confer with your computer expert, you are still unable to access the information you claim to seek, please explain in writing what steps you have taken to access the metadata, and the problems you are encountering. After receipt of your letter, I will promptly attempt to assist you in identifying the information you seek.

Regards,

Rob

Robert N. Feldman
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210-1108
Direct Dial: (617) 307-6130
Main Dial: (617) 307-6100
Fax: (617) 307-6101
e-mail: feldman@birnbaumgodkin.com

NOTE: This email message and any files transmitted with it are subject to attorney-client privilege, and contains confidential information intended only for the person(s) to whom it is addressed. If you have received this message in error, please immediately notify the sender by e-mail or telephone and destroy the original message without making a copy. Thank you.

---

**Effective June 1, 2006, the law firm of Gadsby Hannah has become part of McCarter & English, LLP. Going forward please make a note of the new email addresses for Gadsby Hannah personnel. These new email addresses can be found on the McCarter & English website at www.mccarter.com**

---

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email (or helpdesk@mccarter.com ) and destroy all copies of the original message.

**EXHIBIT  4**



**BIRNBAUM &**
**GODKIN,** LLP
ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

September 7, 2006

**BY ELECTRONIC MAIL**

Robert J. Kaler, Esq.
McCarter & English, LLP
225 Franklin Street
Boston, MA 02110

*Re:*    *Computer Sales International, Inc. v. Lycos, Inc., et al.*
         *United States District Court, C.A. No. 05-10017-RWZ*

Dear Bob:

I received your electronic mail of yesterday, as well as your facsimile.

As for your claimed inability to access the metadata from the produced native electronic files, I *again* suggest that you confer with your expert, as I have been assured by our computer consultant that the metadata you seek is easily accessible by anyone familiar with electronic material. I am disappointed that you would threaten motion practice before taking this simple suggested step. And, as I suggested in my earlier email to you, if you and your expert continue to encounter problems, please explain in writing what problems you are encountering. The main reason why I suggest that you put your problems in writing is so that I can pass on your written inquiry to our consultant. This will be the fastest way to solve any problems you have.

Since you asked, however, my preference to confer with you in writing, rather than by telephone, has to do with your generally belligerent manner. Specifically, I have not appreciated your past threats ("you're playing with fire") and your repeated calls demanding us to do this or that. In my limited dealings with you, I have found you eager to threaten motion practice at every turn, without any legitimate basis to do so. You often leave me multiple messages during the course of a business day repeating unfounded threats or admonitions.

With respect to documents bearing Bates Nos. AR000744-AR000750, we possess no electronic copy of those documents, which is why we did not produce the documents in electronic form on Friday. Notwithstanding the fact that the Court's Order does not require us to do so, I am making inquiry to determine if any Excel spreadsheets exist that appear to be the source for the printed version we produced months ago.

Finally, if you have a motion to file, you should file it. If, after we submit our opposition, the Court wishes to hear argument on that motion, we will gladly appear as directed by the Court. It is inappropriate, however, for *you* to invite me to the previously-scheduled September 13, 2006 Court conference. As for your threat to engage in *ex parte*



Robert J. Kaler, Esq.
September 7, 2006
Page 2

communications with the Court at that hearing, I trust the Court will properly evaluate the propriety of such conduct.

Very truly yours,

Robert N. Feldman

RNF:cam

cc:  Thomas Bean, Esq.

# EXHIBIT 5

# BIRNBAUM & GODKIN, LLP
## ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

September 11, 2006

**BY ELECTRONIC MAIL
AND FIRST CLASS MAIL**

Robert J. Kaler, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

  *Re:* *Computer Sales International, Inc. v. Lycos, Inc., et al.*
    *United States District Court, C.A. No. 05-10017-RWZ*

Dear Bob:

  I am writing to object and respond to the subpoena to American River Partners ("ARP"), dated September 8, 2006 (the "Subpoena"). Pursuant to Fed. R. Civ. P. 45, ARP objects to the Subpoena on the following grounds:

1. ARP objects to the Subpoena due to defective service and to the extent that it purports to impose obligations and burdens differing from, or in excess of those permitted by, the Federal Rules of Civil Procedure, including Rule 45.

2. ARP objects to the Subpoena insofar as it seeks production of any information protected by the attorney-client privilege, the work product privilege, or any other applicable privilege. As you know, Lycos, Inc. has asserted certain objections on the grounds of privilege. In the event any privileged information is produced by ARP, its production is inadvertent and does not constitute a waiver of any privilege. In particular, ARP objects to Topic No. 1 on Subpoena Schedule A.

3. ARP objects to the Subpoena insofar as it seeks production of any information concerning matters that are not the subject of the claims and defenses set forth in the pleadings in the captioned action. ARP further objects to the Subpoena insofar as it seeks information concerning transactions or events that are unrelated in nature, context or time to the captioned action.

4. ARP objects to the Subpoena as overly broad, oppressive and unduly burdensome. ARP further objects to Schedule A to the extent it is vague, ambiguous, confusing, and consequently overbroad and oppressive.



Robert J. Kaler, Esq.
September 11, 2006
Page 2

5.      ARP objects to the Subpoena insofar as it seeks information not in ARP's possession, custody or control.

6.      ARP objects to the Subpoena insofar as it seeks information that is already in CSI's possession, custody or control.

7.      ARP objects to the Subpoena insofar as it seeks information that has already been or will be produced by Lycos, Inc.

8.      ARP objects to the Subpoena insofar as it seeks information that may contain confidential and/or proprietary and trade secret information.

9.      ARP reserves the right to revise, correct, add to, supplement, modify, or clarify this response at any time.

Please note that document you now seek in electronic form (Bates Nos. AR000744-AR000750) is a printout from an Excel spreadsheet. That spreadsheet was revised subsequent to the printing of the hard copy that was produced to you. There is no electronic version of Bates Nos. AR000744-000750. The electronic version of the spreadsheet as revised was listed in ARP's privilege log due to Lycos, Inc.'s assertion of a privilege. Lycos has not withdrawn its assertion of the privilege. Accordingly, ARP is bound to honor the privilege assertion and object to your request.

*** 

In light of the above, I expect that you will promptly withdraw the September 8th subpoena. If, however, you are not planning to do so, please let me know by the close of business tomorrow.

Very truly yours,

Robert N. Feldman

RNF:cam
Cc: Thomas O. Bean, Esq.

**EXHIBIT 6**

**From:**    Kaler, Robert [RKaler@mccarter.com]
**Sent:**    Monday, September 11, 2006 4:07 PM
**To:**      Robert Feldman
**Cc:**      TBean@mwe.com
**Subject:** RE: Letter to Kaler.09.11.06.pdf

Mr. Feldman:

   In reply to your letter emailed below, this is to advise that we will not be withdrawing the the subpoena.

**Robert J. Kaler, Esq.**
**Partner**
**McCarter & English LLP**
**225 Franklin Street**
**Boston, MA 02110**
**Direct Tel. 617-345-7007**
**Direct Fax: 617-204-8007**
**Email: rkaler@mccarter.com**

**Boston  New York  Philadelphia  Baltimore  Hartford  Newark  Stamford  Wilmington**


        -----Original Message-----
        **From:** Robert Feldman [mailto:feldman@birnbaumgodkin.com]
        **Sent:** Monday, September 11, 2006 3:56 PM
        **To:** Kaler, Robert
        **Cc:** TBean@mwe.com
        **Subject:** Letter to Kaler.09.11.06.pdf

        Bob --

        Please see attached.

        Regards,
        Rob

---

**Effective June 1, 2006, the law firm of Gadsby Hannah has become part of McCarter & English, LLP. Going forward please make a note of the new email addresses for Gadsby Hannah personnel.  These new email addresses can be found on the McCarter & English website at www.mccarter.com**

---

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email (or helpdesk@mccarter.com ) and destroy all copies of the original message.


9/13/2006