UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> LYCOS, INC., <br><br> Defendant, <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br> Trustee Process Defendant | Civil Action No. 05-10017-RWZ |

## AFFIDAVIT OF SUSAN FRANKLIN IN SUPPORT OF MOTION TO QUASH

I, Susan Franklin, being duly sworn, do hereby depose and state as follows:

1. I submit this Affidavit, which is based upon my personal knowledge, in support of American River Partners' Motion to Quash the Fourth Subpoena served by Computer Sales International, Inc. ("CSI") on or about September 8, 2006 (the "Fourth Subpoena"). A true and accurate copy of the Subpoena is attached hereto as Exhibit A.

2. I am the Chief Executive Officer of American River Partners.

3. On or about August 22, 2006, I began working on the process of searching for and identifying electronic files of documents that CSI's counsel requested, and the Court ordered produced. This process required approximately 5 hours of my time.

4. On September 1, 2006, the electronic records of the documents identified by CSI's counsel were provided to CSI. The electronic records produced on September 1, 2006 reflect all those electronic records in American River Partners' possession that correspond to the documents requested by CSI and ordered produced by the Court.

5.  The photocopy of an Excel spreadsheet attached hereto as Exhibit B (AR000744-AR000750), which was produced to CSI on or about March 17, 2006 represents a printout from an Excel spreadsheet I utilized in my work on behalf of Lycos during 2003.

6.  Upon information and belief, the document identified as Exhibit B was printed out from the source spreadsheet in our about June 2003.

7.  From in or about June 2003 to in our about October 2003, I utilized the Excel spreadsheet from which Exhibit B was printed on numerous occasions in my efforts to perform services and analysis for Lycos in connection with its lease program with CSI. For example, as I continued to gather more data from Lycos and CSI, I would update the spreadsheet to include the recently acquired data. In other words, the spreadsheet continued to evolve in terms of its substance and appearance during the above-referenced period. Therefore, there exists no electronic version of the Exhibit B printout.

8.  In or about October 2003, in anticipation of Lycos' potential assertion of claims against CSI, I continued to work with and update the Excel spreadsheet from which Exhibit B was printed.

9.  The current version of the Excel spreadsheet from which Exhibit B was printed has been designated by Lycos as subject to the attorney-client privilege and/or work product protection doctrine. The printout of the current version was identified as Bates Nos. AR10297-AR10301 on American River Partners' privilege log, which was provided to CSI on or about April 19, 2006.

SIGNED under the pains and penalties of perjury this 13th day of September, 2006, in Cohasset, Massachusetts.

Susan Franklin

## CERTIFICATE OF SERVICE

I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 13, 2006.

/s/ Robert N. Feldman
Robert N. Feldman

**EXHIBIT A**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

V.

LYCOS, INC., et al., Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-10017-RWZ

**TO:** AMERICAN RIVER PARTNERS, LLC
a/k/a LEASEFORUM
380 Chief Justice Cushing Highway
Cohasset, MA 02025

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the subject specified in the attached **SCHEDULE A.**\*\*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter English LLP<br>225 Franklin Street<br>Boston, MA 02110 | Friday,<br>September 15, 2006<br>at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described below and time specified below:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

\*\* Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kaler, Esq. / Edward W. Little, Esq.<br>McCarter English LLP, 225 Franklin St., Boston, MA 02110<br>(Attorneys for Plaintiff-Counterdefendant) | September 8, 2006 |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that he person to (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any part, or whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### (Subject Matters On Which Examination Will Be Conducted)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a. The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b. The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts. In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c. The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d. The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### *Subject Matters on Which Examination Will Be Conducted*

1. All information in your possession concerning the creation, location, use, and disposition of all electronic source material for, and all present or previously existing electronic versions of, the 7 pages of spreadsheets produced by you in this case bated numbered AR000744-AR000750, including whether any such electronic source material or electronic versions have been destroyed, and if so by whom, when, and why.

2. The identity of all electronic computer systems used by you, and all electronic back-up, record-keeping, and record destruction procedures followed by you, during the period 2003 to the present.

3. The exact steps taken by you to comply with the Court's Order of August 22, 2006, including what search of what computer records was made, what results were obtained, and what if any records were not checked or have been destroyed.

**EXHIBIT B**

*"CONFIDENTIAL" DOCUMENT -- SUBJECT TO MARCH 16, 2006 ORDER REGARDING THE HANDLING OF CONFIDENTIAL INFORMATION PRODUCED IN DISCOVERY*

*FILED UNDER SEPERATE COVER WITH MOTION TO FILE UNDER SEAL*