UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br> Plaintiff, <br> v. <br> LYCOS, INC., <br> Defendant, <br> BANK OF AMERICA f/k/a FLEET BANK, <br> Trustee Process Defendant. | C.A. No. 05-10017- RWZ |

**COMPUTER SALES INTERNATIONAL, INC.'S
MOTION TO EXCEED TEN DEPOSITIONS AND MEMORANDUM IN SUPPORT**

Plaintiff/counterdefendant Computer Sales International, Inc. a/k/a CSI Leasing, Inc. ("CSI") respectfully moves this Court, pursuant to Local Rule 26.1, for leave for both sides in this case to take more than the ten (10) depositions automatically authorized under Local Rule 26.1(C), on the following grounds:

**1.** This is a complex equipment finance leasing case between two large multinational companies in which one of them, CSI, is being required to defend itself against a $14 million-plus fraud, unjust enrichment, negligent misprepresentation, and unfair practices counterclaim (set forth in a 26-page, 93-paragraph pleading) filed by the other, defendant/counterplaintiff Lycos, Inc. ("Lycos"). In its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the counterclaimant Lycos has identified *twenty-nine (29) individuals* as "likely to have discoverable information that Lycos may use to support its claims or defenses," specifying a variety of key subject matters about which each supposedly has knowledge. *See* Exh. 1 hereto at pp. 1-4.

2. CSI is diligently pursuing appropriately focused discovery from each of the individuals Lycos has identified. It has already deposed three (3) of the listed persons, and has noticed or subpoenaed seven (7) more to appear for depositions in the next six weeks. In the meantime, Lycos itself has deposed four (4) of CSI's employees, and has subpoenaed or noticed another six (6) depositions over the next two months. It seems clear, however, that within a short time, both sides are likely to exceed the 10 depositions that are allowed without leave of Court under Local Rule 26.1(C). For this reason, CSI is seeking relief from the 10-deposition limit in L.R. 26.1 for both itself and Lycos (*ie*. it is not in any way seeking the right to take more depositions than Lycos).

3. CSI's need for more than ten depositions is particularly acute in that, apart from the twenty-nine (29) individuals listed on Lycos' Rule 26 Disclosure (which hopefully will not all have to be deposed, although many will), CSI has concluded that it needs to depose several other third parties, including several of Lycos' former accountants and lease consultants – in order to show completely what Lycos knew about certain CSI equipment lease issues, and when it knew it. This is partly because several of Lycos' former officers, while being represented by Lycos in their recent depositions, are claiming, somewhat frustratingly, not to recall their own emails, spreadsheets, and other documents – even when they are shown them and given ample opportunity to refresh their memory. It is critical to CSI's defense, therefore, that it not be restricted in its ability to discover the truth about these records through other sources.

4. CSI did attempt to reach agreement with Lycos to jointly seek relief, for both sides, from the 10-deposition provision of L.R. 26.1, but Lycos would only agree to twelve (12) depositions per side (apparently Lycos has concluded that 12 depositions is all it needs, as it does

not have to conduct discovery to determine what the 29 witnesses it has listed will say about its counterclaim if called at trial), and only if CSI produced its salesman Paul Stenberg for another day of deposition, when he has already testified for the full day of seven hours authorized by Fed. R. Civ. P. 30.

5.      In the interest of trying to resolve the matter by agreement, CSI expressed a willingness to produce Mr. Stenberg for a second deposition day (albeit for about a 6-hour second day of direct exam by Lycos, reserving one hour for any cross-examination), but emphasized that two (2) extra depositions would not be enough even to cover the majority of the persons listed in Lycos' Local Rule 26 Disclosure, let alone Lycos' auditors and other consultants, and that general relief from the 10-deposition limit was warranted (subject, obviously, to the right of any party to challenge any truly unreasonable multiplication or duplication of depositions in the future if that occurs). Lycos declined, however; hence this motion.

6.      Clearly, Local Rule 26.1 was never intended to encourage "trial by ambush," nor was it intended to deprive a counterdefendant such as CSI from the opportunity to depose all witnesses identified as "likely to have discoverable information" by a claimant such as Lycos, which is seeking tens of millions of dollars in damages. To the contrary, the Court has a right to expect that by the close of discovery, all persons with material relevant information will have been deposed, and the case put in a posture where it is ready for trial – particularly where the litigants are large multinational companies with substantial financial resources, and the claims involve tens of millions of dollars. That point of readiness for trial cannot be reached, however, unless relief from the ten deposition limit of Local Rule 26.1 is granted.

## CONCLUSION

The "just" resolution of a dispute such as this, *see* Fed. R. Civ. P. 1, depends on the ability of each side – particularly the party defending against a large claim – to obtain testimony from any witnesses with material, relevant information, and in this case, those witnesses far exceed ten (10) in number. *See, e.g.*, Exh. 1 hereto. For this reason, relief from the 10-deposition limit is genuinely warranted, and should be granted to both sides – which is all that this motion seeks.

WHEREFORE, CSI prays that this motion be allowed, and that the CSI and Lycos each be permitted, in their discretion, to take more than ten (10) depositions, subject to the right of any party to challenge any unreasonable multiplication or duplication of depositions if that occurs.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, BBO No. 542040
rkaler@ghlaw.com
Edward W. Little, Jr., BBO No. 628985
elittle@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated:  October 13, 2006

## Local Rule 7.1 Certification

I, Robert J. Kaler, hereby certify that I have conferred with opposing counsel on the subject of this motion, but have been unable to resolve or narrow the issues presented herein.

/s/ Robert J. Kaler
Robert J. Kaler

**Certificate of Service**

    I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action electronically and by hand this 13th day of October 2006.

                                            /s/ Robert J. Kaler
                                            Robert J. Kaler

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) ) ) | C.A. No. 05-10017-RWZ |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) ) | |
| v. | ) ) | |
| LYCOS, INC., | ) ) | INITIAL DISCLOSURES OF DEFENDANT AND PLAINTIFF-IN-COUNTERCLAIM, LYCOS, INC |
| Defendant and Plaintiff-in-Counterclaim, | ) ) ) ) | |
| and | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) ) | |
| Trustee Process Defendant | ) ) | |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant and plaintiff-in-counterclaim Lycos, Inc. ("Lycos"), hereby makes the following initial disclosures based on the information reasonably available to it at this time. Lycos reserve the right to supplement this disclosure as new information is made available to it.

I.  **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

The following individuals are likely to have discoverable information that Lycos may use to support its claims or defenses, other than solely for impeachment.

| INDIVIDUAL | SUBJECT MATTER(S) OF KNOWLEDGE |
|---|---|
| Deborah Bibbo<br>Associate Accountant<br>Lycos, Inc.<br>100 Fifth Avenue<br>Waltham, MA 02451 | Associate in charge of processing purchase orders at Lycos; responsible for filing and maintenance of purchase orders, invoices, and payment authorization certificates with respect to equipment leased from CSI |

| INDIVIDUAL | SUBJECT MATTER(S) OF KNOWLEDGE |
|---|---|
| Kevin Baillie<br>Chief Financial Officer<br>Lycos, Inc.<br>100 Fifth Avenue<br>Waltham, MA 02451 | Responsible for business relationship with CSI for a period of time. |
| Michael Bunis<br>(former Lycos Deputy General Counsel)<br>19 Bowker Street<br>Brookline, MA 02445 | Legal |
| Julie Callagee, Controller<br>Lycos, Inc.<br>100 Fifth Avenue<br>Waltham, MA 02451 | Engaged consultants; participated in negotiation of purchase of leased equipment. |
| Ruth Campbell<br>(former Lycos Accounts Payable Specialist)<br>10 Estabrook Road<br>Roxbury, MA 02120 | Processed accounts payable invoices |
| Judith Christensen<br>(former Lycos Senior Accountant) | Tracked leases on a spreadsheet to record the expense in the general ledger |
| Beth Clancy<br>(former Lycos Accounts Payable Specialist)<br>65 Narragansett Avenue<br>Weymouth, MA 02188 | Processed accounts payable invoices |
| Susan Crapo<br>(former Lycos Senior Accounts Payable Specialist)<br>585 Middlesex Turnpike<br>Billerica, MA 01821 | Processed accounts payable invoices |
| Sandra Cucuiliza<br>(Lycos Purchasing Director) | Equipment buyer, responsible for purchase orders, interacted with CSI |
| Andrew Feinberg<br>(former Lycos General Counsel)<br>56 Shadow Oak Drive<br>Sudbury, MA 01776 | Legal |
| Susan Franklin/John Kirk<br>American River Partners, LLC<br>380 Chief Justice Cushing Highway<br>Cohasset, MA 02025 | Consultants: among other things, assisted Lycos in the purchase of equipment from CSI. |
| Matt Fuller<br>(former Lycos General Accounting Supervisor)<br>138 Summer Street<br>Stoneham, MA 02180 | Recorded lease expense for general ledger purposes |
| Tom Guilfoile<br>(former Lycos V.P. – Strategic Planning & M&A)<br>116 Powder Point Avenue<br>Duxbury, MA 02332 | Responsible for business relationship with CSI for a period of time |

BST99 1484870-1.057077.0012

| INDIVIDUAL | SUBJECT MATTER(S) OF KNOWLEDGE |
|---|---|
| Peter Karol<br>*(former Lycos General Counsel)*<br>31 Cider Mill road<br>Sudbury, MA 01776 | Legal |
| Sachiko Kase<br>*(former Lycos Accountant)*<br>2 Appleton Street, Apartment 204<br>Waltham, MA 02453 | Processed accounts payable invoices |
| Kenneth Lougheed<br>Accounts Payable Manager<br>Lycos, Inc.<br>100 Fifth Avenue<br>Waltham, MA 02451 | Processed accounts payable invoices |
| Brian Lucy<br>*(former Lycos Chief Financial Officer)*<br>42 Windkist Farm Road<br>North Andover, MA 01845 | Responsible for business relationship with CSI for a period of time. |
| Karen Ann Nakouzi<br>*(former Lycos Accounts Payable Specialist)*<br>P.O. Box 71<br>Brockton, MA 02303 | Processed accounts payable invoices |
| Chad Pelletier<br>*(Lycos Senior Accountant)*<br>55 Concord Road<br>Chelmsford, MA 01824 | Recorded lease expense |
| Ted Philip<br>*(former Lycos Senior V.P. Special Projects)*<br>115 Draper Road<br>Wayland, MA 01778 | May have been responsible for establishing or approving original relationship. |
| Donna Quach<br>*(former Lycos Accountant)*<br>217 B Street<br>Lowell, MA 01851 | Tracked lease schedules for a period of time. |
| Michael Ripps<br>*(former Lycos – Asia JV COO)*<br>275 Cherokee Avenue<br>Athens, GA 30606 | Responsible for business relationship with CSI for a period of time. |
| Jeff Snider<br>*(former Lycos Senior V.P. – Legal)*<br>56 Park Avenue<br>Newton, MA 02458 | Responsible for business relationship with CSI for a period of time. |
| Paul Stenberg<br>(unknown) | CSI's account representative with respect to Lycos. |
| Kevin Streeter<br>*(former Lycos Financial Analyst)*<br>14 Park Way<br>North Andover, MA 01845 | Recorded lease expense |

- 3 -

| INDIVIDUAL | SUBJECT MATTER(S) OF KNOWLEDGE |
|---|---|
| Jeff Tierney<br>*(former Lycos Accounts Payable Specialist)*<br>26 Boulevard Terrace<br>Allston, MA 02134 | Processed accounts payable invoices |
| Victor Turner<br>Lycos, Inc.<br>100 Fifth Avenue<br>Waltham, MA 02451 | Project Manager in Operations |
| Monique Walsh<br>*(former Lycos Staff Accountant)*<br>15 Carlson circle<br>Natick, MA 01760 | Attempted to reconcile invoices to lease schedules. |
| Sam Ziba<br>*(former Lycos Finance & Treasury Director)*<br>8 Francine Road<br>Framingham, MA 01701 | Responsible for business relationship with CSI for a period of time. |

## II.   **DOCUMENTS**

Lycos has the following categories of documents, data compilations, and tangible things in their possession, custody, or control that Lycos may use to support their claims or defenses, unless solely for impeachment:

1. Copies of the Master Lease Agreement and certain equipment schedules.

2. Documents reflecting internal communications between Lycos employees concerning CSI and the lease schedules.

3. Documents reflecting communications between Lycos and CSI, including Paul Stenberg, concerning the Master Lease and the lease schedules, the "rollovers", the value of equipment, lease buyout figures, the rental and purchase of equipment from Trellix, and certain vendor invoices received by CSI.

4. Documents reflecting communications between Lycos and CSI, primarily Paul Stenberg, concerning the planning of social and other engagements

5. Documents reflecting communications between Lycos and CSI concerning the alleged default by Lycos under the Master Lease Agreement.

BST99 1484870-1.057077.0012

Copies of the foregoing documents are kept either at Lycos' headquarters or at the offices of McDermott, Will & Emery, 28 State Street, Boston, MA. Lycos is prepared to exchange copies of disclosed, non-privileged documents with defendant and plaintiff in counterclaim at a mutually agreed upon time:

## III. DAMAGES

As set forth more fully in the Counterclaim, Lycos has suffered damages arising from, among other things, the overpayment of leased equipment and purchase of leased equipment from CSI. In addition, Lycos is incurring liability for attorneys' fees and costs. Lycos is prepared to exchange copies of non-privileged documents reflecting such information with defendant and plaintiff in counterclaim at a mutually agreed upon time.

## IV. INSURANCE

Lycos does not have insurance available to satisfy any judgment by CSI against it under Counts I or II of CSI's complaint. Lycos is unaware of insurance or indemnification agreements CSI may have to satisfy a judgment by Lycos against it on Lycos' counterclaims.

Dated: December 27, 2005

LYCOS, INC.,
By its attorneys

Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109

- 5 -

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of December, 2005, I caused a true and accurate copy of the within document to be delivered by hand to Robert J. Kaler, Gadsby Hannah, LLP, 225 Franklin Street, Boston, MA 02111.

/s/ Thomas O. Bean
Thomas O. Bean