## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) ) ) | C.A. No. 05-10017-RWZ |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) | |
| v. | ) ) | |
| LYCOS, INC., | ) ) ) | LYCOS'S OPPOSITION TO CSI'S MOTION TO EXCEED TEN DEPOSITIONS |
| Defendant and Plaintiff-in-Counterclaim, | ) ) ) | |
| and | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) ) | |
| Trustee Process Defendant | ) | |

Defendant and Plaintiff-in-Counterclaim, Lycos, Inc. ("Lycos"), opposes Computer Sales International, Inc.'s ("CSI") Motion to Exceed Ten Depositions filed October 13, 2006 (the "Motion"), on the grounds that, among other things, CSI has violated Local Rule 26.2(B)(2) by filing the Motion *before* exhausting the ten depositions permitted by Local Rule 26.1(C).

In further support thereof, Lycos states as follows:

**CSI Has Failed to Comply with Local Rule 26.2(B)(2)**

1.  While Lycos is neither "large" nor a "multinational company" as claimed by CSI,[1] more pertinent to disposition of CSI's Motion is CSI's admission of facts demonstrating its failure to comply with Local Rule 26.2(B)(2) before filing the Motion.

---

[1] Motion ¶ 1. In fact, Lycos is a small company with approximately 75 employees and only one place of business, located in Waltham, MA. Although Lycos owns a website, www.lycos.ca, targeted to a Canadian audience, that website is licensed to, and managed and operated entirely by, a third party. Lycos is therefore not a multi-national company. Furthermore, during the majority of the years it entered into equipment leases with CSI, Lycos was an internet "start-up" company in a fledgling industry. CSI's description of Lycos then and now is simply inaccurate.

2. Local Rule 26.2(B)(2) provides, in pertinent part, as follows:

> Should a party exhaust the opportunities for any type of discovery events under Local Rule 26.2(C), any requests that such party may make for additional . . . depositions, . . . beyond that allowed pursuant to Local Rule 26.1(C) should be by discovery motion.

Local Rule 26.2(B)(2). The Rule thus requires a party to exhaust its ten depositions *before* filing a motion to take additional depositions. *Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995) (denying motion to take more than ten depositions based on movant's failure to exhaust available discovery "before seeking leave for additional discovery events.")

3. In its Motion, CSI asserts (erroneously[2]) that it has already taken three depositions, and that it has noticed or subpoenaed people for seven more depositions in the next six weeks. Motion ¶ 2. Thus, by its own admission, CSI has *not* exhausted its opportunity to take the ten depositions permitted by Local Rule 26.1(C). Having failed to do so, the Motion must be denied.

4. Moreover, CSI does not simply seek to take a specific number of depositions more than ten; it seeks to take an *unlimited* number of depositions. *See generally*, Motion. It then seeks to shift the burden to Lycos and stand Local Rule 26.2(B)(2) on its head by stating that leave is sought "subject to the right of any party to challenge any unreasonable multiplication or duplication of depositions that occurs." Motion at 4, "Wherefore" clause. Indeed, the Rule requires the moving party to *exhaust* its discovery opportunities *before* seeking leave to take additional depositions and, even if a party could seek leave prior to exhausting all

---

[2] CSI misrepresents in the Motion both the number of depositions it has already taken and the number it has noticed for the next six weeks. CSI had taken, as of the date it filed the Motion, four -- not three -- depositions: Lycos's 30(b)(6); Monique Walsh, Sam Ziba, and Adrienne Moore Cullerton. CSI had also noticed ten -- not seven -- depositions for the next six weeks: John Kirk, Susan Franklin, 30(b)(6) of American River Partners, Edward Philip, Thomas Guilfoile, Brian Lucy, Michael Ripps, Andrew Feinberg, Peter Karol, and Kevin Baillie. Since filing the Motion, CSI has noticed yet another deposition – KPMG. CSI also has outstanding a second 30(b)(6) deposition notice of Lycos. Thus, all told, CSI currently has outstanding twelve deposition notices, making the total depositions taken and recently noticed by CSI in this case to *sixteen*.

such opportunities, there is no authority for leave to be granted subject to the non-moving party's right to move subsequently for a protective order. The Rule, and applicable case law, is clear: CSI bears the burden of demonstrating the need for each additional deposition *after* having exhausted the ten depositions permitted by Local Rule 26.1(C).

5. The rationale for requiring exhaustion before filing a motion to take additional depositions is sound and well-grounded in the Federal Rules. Fed. R. Civ. P. 26(b)(2) provides that discovery should be limited if the Court determines, among other things, that the discovery sought is "unreasonably cumulative or duplicative." The Court cannot possibly determine whether CSI's request for additional depositions is "unreasonably cumulative or duplicative" unless and until CSI has completed its allowed ten depositions. *See Whittingham*, 163 F.R.D. at 171. Indeed, CSI cannot even begin to make the required showing that the proposed additional depositions are not cumulative or duplicative until it has completed those depositions. As a practical matter, if CSI were to take an unlimited number of depositions as it seeks to do, it is a virtual certainty that there would be duplication among them.

6. Finally, even if the Court had the authority to enter an Order in direct contravention of the Rules and applicable case law by granting CSI leave and shifting the burden going forward to the party opposing a particular deposition, CSI has failed to state any justification for doing so in this case.

**CSI's Motion is So Deficient that the Court**
**Cannot Begin to Determine Whether the Proposed**
**Discovery Is Cumulative or Duplicative**

7. Although Lycos, in an effort to fulfill its obligation of completeness, listed in its automatic disclosures filed at the outset of discovery twenty-nine individuals likely to have discoverable information (pursuant to the broad definition of discovery under the Federal Rules), CSI, like the losing movant in *Whittingham*, has not "assert[ed] that these potential trial

witnesses all need to be deposed nor has [it] list[ed] the exact number of additional depositions [it] wishes to take, let alone the particular individuals [it] seeks to depose." *Id.* at 170. Absent this information, the Motion, like the motion in *Whittingham*, must be denied.

8. Before CSI filed the Motion, Lycos advised CSI that it was not opposed to a few additional depositions being allotted to each party. In response to CSI's request for an unlimited number of depositions, Lycos proposed that each side be permitted to take twelve depositions provided that Lycos be allowed to continue the deposition of Paul Stenberg, perhaps the most important witness in this litigation for either side, for one additional seven hour day. CSI summarily declined this offer. Thus, CSI is effectively asking this Court for authority to take an indeterminate and unlimited number of depositions while refusing to allow *one* additional day of deposition for *one* of its witnesses.

**CSI's Inconsistent Positions on Discovery**

9. CSI takes a broad or narrow approach to the scope of discovery in this case depending on which party is seeking the discovery. At the last status conference on September 13, 2006, CSI advised the Court that it had not produced certain documents Lycos had requested based on its concerns about Lycos's "scope of discovery." CSI repeated this concern in its Reply to Lycos's Status Conference Report when it voiced its fear that Lycos's document requests would cause discovery in this case to "spin out of control." Reply Status Memorandum at 16. Now that *CSI* wants leave to take additional depositions, however, this concern has conveniently dissipated and the case has suddenly become a "complex equipment finance leasing case" in which an unlimited number of depositions is somehow reasonable. Motion ¶ 1.

- 4 -

- 5 -

WHEREFORE, Lycos respectfully requests that this Court enter an Order:

1. Denying the Motion; and

2. Granting Lycos such other relief as may be appropriate and just.

| | |
|---|---|
| Dated: October 27, 2006 | Respectfully submitted, |
| | LYCOS, INC.,<br>By its attorneys, |
| | /s/ Thomas O. Bean<br>Thomas O. Bean (BBO# 548072)<br>Peter M. Acton, Jr. (BBO# 654641)<br>McDERMOTT WILL & EMERY LLP<br>28 State Street<br>Boston MA 02109<br>(617) 535-4000 |

- 6 -

## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of October, 2006, I caused a true and correct copy of the within Opposition to be delivered by hand to Robert Kaler, McCarter & English, LLP, 225 Franklin Street, Boston, MA 02111.

                          /s/ Thomas O. Bean
                          Thomas O. Bean

BST99 1519652-3.057077.0012