UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br>                  Plaintiff, <br> **v.** <br><br> LYCOS, INC., <br>                 Defendant, <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br>          Trustee Process Defendant. | C.A. No. 05-10017- RWZ |

**AFFIDAVIT OF COUNSEL ATTACHING RELEVANT DISCOVERY MATERIALS
IN SUPPORT OF CSI, INC.'S MOTION TO AMEND COMPLAINT
<u>BASED ON NEW EVIDENCE UNCOVERED IN DISCOVERY</u>**

I, Robert J. Kaler, being duly sworn, do hereby depose and state that:

1.     I have been counsel for the plaintiff herein, Computer Sales International, Inc. a/k/a CSI Leasing, Inc. ("CSI"), since the inception of this case, and have knowledge of the basic facts stated herein.  Although this action was commenced on January 5, 2005, no discovery was conducted during the first eleven (11) months of the case because various pre-discovery motions to dismiss by CSI were being presented to and decided by the Court.  Those motions were decided in an Order dated December 6, 2005.  Although CSI filed a motion for reconsideration of that Order on December 21, 2005 (which was subsequently denied), CSI did not delay in initiating discovery, but rather served its initial Rule 26 disclosures, and a comprehensive Rule 34 document and electronic records request, on Lycos on December 29, 2005.  A copy of the latter is attached hereto as Exhibit 1.

2.     An initial status conference with the Court concerning discovery was then held on January 10, 2006, and discovery was tentatively set to conclude a year later on January 31, 2007.

The week after that conference, on January 18, 2006, CSI served deposition subpoenas *duces tecum* on a leasing consultant company called Leaseforum, and its President Susan Franklin, seeking production of all documents and electronic records relevant to Lycos and CSI, because CSI had knowledge that Susan Franklin had represented Lycos in its negotiations with CSI concerning an August 2003 lease buy-out that was the subject of several of Lycos' claims against CSI, and had submitted an affidavit in support of Lycos' claims in 2005.  Copies of those subpoenas are attached hereto as Exhibit 2.

3.     Lycos' responses to CSI's document requests were originally due on January 30, 2006, but were delayed as a result of a dispute over whether the parties' protective order should limit the use of discovery materials to litigating this case, as CSI claimed, or whether they should be useable for other purposes, as Lycos claimed.  Lycos filed a motion on that issue on February 15, 2006, CSI responded on February 28, 2006, and on March 3, 2006, the Court resolved that issue, clearing the way for the parties' document exchanges to begin, in an Order dated March 3, 2006 which stated "as to the use of discovery to be produced, I accept the limitations proposed by CSI."  A copy of the Court's aforesaid electronic Order is attached hereto as Exhibit 3.

4.     Leaseforum and Susan Franklin's production of records in response to CSI's aforesaid January 18, 2006 subpoenas was due on February 6, 2006, and the subpoenas called for those witnesses' depositions to go forward on February 10, 2006.  On January 27, 2006, however, counsel for those witnesses served a Rule 45(d) objection letter on CSI, objecting to the subpoenas, and stating on page 2 that "absent resolution of these objections, my clients will not further respond to the Subpoenas unless required to do so by Court Order."  A copy of that correspondence is attached hereto as Exhibit 4.

5.      In an effort to avoid involving the Court, CSI at that point negotiated with counsel for Leaseforum and Ms. Franklin for almost two months in an attempt to resolve the issues presented by the witnesses' objections, and to their later expressed concerns about "confidentiality" of the records sought by the subpoenas.   Their confidentiality concerns were resolved by the Court on March 16, 2006 when it signed and formally issued the Order on Confidential Information that it had already approved on March 3, 2006, but that counsel for the witnesses wanted to be issued as a formal Order before they would produce any records.

6.      The witnesses' other objections to the subpoenas remained unresolved, but on March 17, 2006, Leaseforum and Susan Franklin made a partial production of 1,822 pages of hard copy documents.   A copy of the covering correspondence from Leaseforum's counsel producing that material, dated March 17, 2006, is attached hereto as Exhibit 5.   A month later, on April 19, 2006, they produced an additional 81 pages of hard copy documents, and a 32-page Privilege Log listing over 2,000 documents that their counsel advised were being withheld based on claims of "attorney-client privilege" and "work product immunity" by Lycos – although many did not appear to be communications with attorneys.   A copy of the covering correspondence from Leaseforum's counsel producing that material, dated April 19, 2006, is attached hereto as Exhibit 6.

7.      One of the documents listed as being withheld by Leaseforum, purportedly on grounds of "attorney-client privilege" and "work product," was an August 8, 2003 email from Leaseforum official John Kirk to Lycos official Julie Callagee, bates numbered 11873 and described as "E-mail prepared because of the prospect of litigation regarding payments by Lycos to CSI."   As it turned out, an August 8, 2003 email from John Kirk to Julie Callagee had already been produced by Lycos to CSI on March 24, 2006, but only as a part of a 23,000 page

production of documents by Lycos.  By the end of April, 2006, however, CSI had discovered the document in Lycos' March 24, 2006 production, and questioned the recipient of that email, Julie Callagee, about it in a Rule 30(b)(6) of Lycos in which Ms. Callagee was produced as Lycos' corporate designee, on April 26, 2006.

8.      To determine the extent to which that email would actually support further affirmative tort claims against Lycos (such as fraud, breach of implied covenant, abuse of process, etc.), CSI determined that it needed to (a) obtain electronic records from Leaseforum and Susan Franklin detailing the actual dates when certain hardcopy spreadsheets produced by those witnesses had been created, (b) obtain testimony from John Kirk confirming that he actually wrote the email on August 8, 2003, the date that Lycos apparently signed the Sales Agreement with CSI that is the subject of conflicting claims by the parties; and (c) obtain testimony from Susan Franklin and John Kirk concerning precisely what their first phase of work for Lycos prior to the execution of the August 8, 2003 Sales Agreement actually consisted of – which would reveal what they and Lycos knew, and when they knew it, about the financial implications of Lycos' prior extensions of its leases with CSI.

9.      Accordingly, on May 15, 2006, less than 3 weeks after the deposition of Julie Callagee in which she admitted she had received Mr. Kirk's email on August 8, 2003, CSI issued a deposition subpoena *duces tecum* to John Kirk of Leaseforum to produce records on May 30, 2006 and appear for a deposition on June 2, 2006.  A copy of that subpoena is attached hereto as Exhibit 7.  On May 23, 2006, however, Mr. Kirk's counsel (the same attorney who was representing Leaseforum and Ms. Franklin) served another Rule 45(d) objection letter on CSI objecting to the production of further records, and referring to Leaseforum's previous productions.  A copy of that objection letter is attached hereto as Exhibit 8.

10.     CSI responded to that objection letter on May 24, 2006, pointing out, among other things, that it needed the electronic versions of the records that Leaseforum had previously produced, and asking that they be produced.   A copy of CSI counsel Edward Little's letter requesting those records is attached hereto as Exhibit 9.   In June of 2003, counsel for Ms. Franklin, Mr. Kirk, and Leaseforum declined to produce those electronic records.   Because the electronic versions of the spreadsheets were needed to pin down critical information relating to when certain Leaseforum financial spreadsheets had been prepared, CSI then filed, in July 2006, a motion to compel production of those and other materials from these witnesses, which appears at Docket Nos. 76 and 80 of the docket in this case.   The witnesses opposed that motion, and it was heard by the Court, and granted with conditions, on August 22, 2006.   At that time, the witnesses were ordered to produce electronic versions of specifically identified spreadsheet records within ten (10) days.

11.     Thereafter, on September 1, 2006, Leaseforum, Ms. Franklin, and Mr. Kirk finally produced the electronic versions of their spreadsheets, but did not produce the electronic version of an analysis done by Leaseforum that was regarded by CSI as one of the most revealing on the relevant issues.   This spreadsheet, bates numbered AR 000744 – AR 000750, had no date on the hard copy, but determining when it was created was considered critical to determining whether Lycos and its consultants knew the information on it prior to Lycos signing the Sales Agreement on August 8, 2003 – which in turn was considered important to determining whether CSI had tort claims against Lycos for fraud, breach of implied covenant of good faith, abuse of process, etc., arising out of Lycos subsequent conduct.

12.     Accordingly, when its requests for information about when the AR 000744–AR 000750 spreadsheet was created were not answered, CSI promptly issued another subpoena to

Leaseforum on September 8, 2006, seeking a deposition of Leaseforum on September 15, 2006 concerning the timing of the creation and use of that spreadsheet. A copy of that subpoena is attached hereto as Exhibit 10. In its motion to quash that subpoena filed on September 13, 2006, Leaseforum filed an affidavit in which it finally admitted that the AR000744–AR000750 spreadsheet existed, and was printed out, ***in June of 2003*** – well before Lycos entered into the August 8, 2003 Sales Agreement.

13.    CSI still did not know exactly when in June that spreadsheet was created, however, or whether it was in existence when CSI salesman Paul Stenberg was alleged to have misrepresented the original cost of the equipment covered by Lycos' leases with CSI. That information could only be obtained from Susan Franklin, and in August of 2006, CSI had already begun requesting firm dates for her deposition. On September 1, 2006, in an email attached hereto as Exhibit 11, their counsel advised that they would be available in late October 2006. Again, rather than involve the Court in a discovery dispute, CSI's counsel agreed on dates this past week – October 23-25, 2006 – for those depositions.

14.    CSI finally had the chance to begin the depositions of Ms. Franklin and Mr. Kirk last week. Although neither deposition is finished, and the final transcripts are not yet available, CSI has concluded that their testimony has finally clearly established the requisite facts to support specific fraud, breach of implied covenant of good faith and fair dealing, abuse of process, and c. 93A claims by CSI against Lycos.

15.    Among other things, Ms. Franklin admitted that the AR000744–AR000750 financial spreadsheet existed, was in her possession, and in fact was in front of her, when she spoke by telephone with Mr. Stenberg in June of 2003, and allegedly was first told that the Original Equipment Cost of the equipment leased by Lycos was "in the forties," and later that it

was "in the sixties" – referring to millions of dollars. Ms. Franklin has further testified that she gave Lycos information about the financial impact of its roll-ups of certain Lycos' leases more than a month prior to Lycos signing the August 8, 2003 Sales Agreement in which it reaffirmed the validity of those Leases and agreed to pay them.

16.    This testimony, combined with Mr. Kirk's testimony earlier this week that he did indeed send the August 8, 2003 "Phase II" email to Lycos on August 8, 2003, is considered to have finally created an unquestionable good faith basis, under Fed. R. Civ. P. 11, for the amendments that CSI is now seeking to add to its Complaint. In this regard, the attached record shows that CSI has aggressively pursued discovery of the relevant facts on this issue over the last six months, and has in no way delayed in gathering all the relevant pieces of information necessary to support the amended claims.

17.    The depositions of Ms. Franklin and Mr. Kirk last week appear to have also established that Lycos has paid Leaseforum over $500,000 for work, including $15,000 per month for a dozen months, to assist it in dealing with CSI, that Leaseforum has a 20% contingent interest in the outcome of this litigation, and that Ms. Franklin submitted her affidavit in support of Lycos claims in this case in April of 2005 while she was being paid $15,000 per month by Lycos for that service.

18.    In addition, within the last ten days, Lycos has produced to CSI what are reported to be approximately 42,000 additional electronic records responsive to CSI's December 2005 document requests, and some of those records show that they were printed off by Lycos for production back in July of this year, but not released to CSI until now. Similarly, Lycos has just last week served its responses to CSI's outstanding contention interrogatories, seeking the factual basis for Lycos' claims and defenses, and an identification of the evidence supporting them.

-8-

Clearly, important discovery information is still being produced and exchanged, and at this time, there is no firm discovery deadline that has yet been set (although January 31, 2007 was referenced by the Court as a tentative date earlier this year).  At the same time, Lycos has only taken four depositions of CSI personnel – all of whom CSI will produce for further deposition if Lycos considers that it needs to question them about any aspect of the currently requested amendments to its Complaint.

**19.**    Finally, the claims that CSI seeks to add to its Complaint are intimately related to, and directly arise out of, the exact same nucleus of operative facts and documents that are already pled both in the Complaint and in Lycos' Counterclaim – to wit, the Leases and Sales Agreement between Lycos and CSI, and the circumstances surrounding their execution.  There are no new contract documents being relied upon, for example, and the evidence supporting the requested amended claims will be offered by CSI at trial anyway in defense to Lycos' claims.

Sworn to under the pains and penalties of perjury as true and correct to the best of my knowledge, information and belief this 30th day of October 2006.

[s]  Robert J. Kaler

Robert J. Kaler

## Certificate of Service

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action electronically and by hand this 30th day of October 2006.

/s/ Robert J. Kaler

Robert J. Kaler

UNITED STATES DISTRICT COURT
For the District of Massachusetts

EXHIBIT

1

COMPUTER SALES INTERNATIONAL INC.,    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )
                                       )
LYCOS, INC.,                           )        C.A. No. 05-10017- RWZ
                    Defendant,         )
                                       )
BANK OF AMERICA f/k/a FLEET BANK,      )
                                       )
            Trustee Process Defendant. )

**PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONIC
RECORDS DIRECTED TO DEFENDANT/COUNTERPLAINTIFF LYCOS, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Computer Sales International, Inc. ("CSI") respectfully hereby requests that defendant and counterplaintiff Lycos, Inc. ("Lycos") produce, either at the offices of plaintiff's counsel or at such other reasonable location as the parties may agree upon in writing, all the documents described below that are within its possession, custody or control, or the possession, custody or control of any of its officers, directors, managers, employees, agents or affiliates, for inspection and copying within thirty (30) days of the date hereof:

**Definitions**

Except as otherwise expressly indicated, as used in this document, the following terms have the following meanings:

a.    The terms "communication," "document," "identify," "parties," "person," "concerning," and "state the basis" mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, coming within the scope of the relevant request.

b.    The term "Lycos" means the defendant and counterplaintiff Lyco, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

c.     The term "CSI" means the plaintiff Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Local Rule Instructions

CSI hereby requests that Lycos conform its responses to these document requests to the requirements of Local Rule 34.1(A) (Form or Response); 34.1(C) (Objections to Document Request); and 34.1(E) (Claims of Privilege) of the United States District Court for the District of Massachusetts.

### Documents and Electronic Records Requested

Pursuant to Fed. R. Civ. P. 34, defendant Lycos is hereby requested to produce all of the following materials that are in its possession, custody or control (including all of the following materials that are in the possession, custody or control of any of its officers, directors, employees, agents or attorneys):

1.     All documents and electronic records (email, e-documents, etc.) concerning, referring, or in any way relating to CSI, or to any of the contracts, leases, equipment schedules or sales agreements between Lycos and CSI, including but not limited to documents sent or received by Lycos to or from LeaseForum, American River Partners f/k/a LeaseForum, Susan Franklin, John Kirk, Brian Lucy, Terra Networks, Telefonica, or Daum Communications Corp., and including all documents concerning or showing how Lycos accounted for its various equipment leases with CSI, and its Sales Agreement with CSI, throughout the period 1996 to the present day.

2.     All documents and electronic records (email, e-documents, etc.) concerning the other leasing companies referenced in the Counterclaim and in the Affidavit of Susan Franklin previously filed in this action.

3.     All documents and electronic records (email, e-documents, etc.) concerning Lycos' efforts, strategies and plans to acquire capital equipment and reduce expenses between 1996-2004, including but not limited any lease versus purchase analyses.

4.     All and electronic records (email, e-documents, etc.) concerning compensation, incentive and bonus plans for Lycos employees related in any manner to obtaining reduced lease payments from CSI.

5.     All and electronic records (email, e-documents, etc.) stock warrants and options offered to any lessor or business partner of Lycos.

6.     All documents and electronic records (email, e-documents, etc.) concerning Lycos accounting for the CSI leases and sales agreement, including all external and internal accounting records related thereto.

7.    All documents and electronic records (email, e-documents, etc.) and communications received by Lycos from its outside auditors, sent by Lycos to its outside auditors, or in the possession, custody or control of those outside auditors, concerning CSI or any of the leases or sales agreements entered into between Lycos and CSI.

8.    All documents and electronic records (email, e-documents, etc.) and communications received by Lycos from any governmental agency or authority (including but not limited to the U.S. Securities and Exchange Commission), or sent by Lycos to any governmental agency or authority, concerning CSI or any of the leases or sales agreements entered into between Lycos and CSI.

9.    All documents and electronic records (email, e-documents, etc.) and communications received by Lycos from the Equipment Leasing Association (the ELA"), or sent by Lycos to the ELA, concerning CSI or any of the leases or sales agreements entered into between Lycos and CSI.

10.    All documents and electronic records (email, e-documents, etc.) between Lycos and any government agency concerning Lycos' accounting practices and methods.

11.    All documents and electronic records (email, e-documents, etc.) with any computer equipment leasing company Lycos had done business with between 1996 and 2004.

12.    All documents and electronic records (email, e-documents, etc.) related to any leasing company that refused to do business with Lycos between 1996-2004;

13.    All documents and electronic records (email, e-documents, etc.) and analyses concerning the CSI leases or Sales Agreement prepared prior or subsequent to Lycos entering into any transaction and the reasons Lycos decided whether or not to proceed.

14.    All documents and electronic records (email, e-documents, etc.) concerning LeaseForum or its successors, including any records regarding any fees paid to LeaseForum with respect to the sales agreement and any agreements to share in any proceeds recovered from CSI with respect to the pending litigation;

15.    All documents and electronic records (email, e-documents, etc.) reflecting any communications between Lycos and any customer of CSI regarding CSI;

16.    All documents and electronic records (email, e-documents, etc.) referring or relating to the Stenberg email attached to Lycos counterclaim herein;

17.    All documents and electronic records (email, e-documents, etc.) related to the sale by Lycos of any equipment previously leased from CSI.

18.    All documents and electronic records (email, e-documents, etc.) concerning Lycos' records retention policies from 1996 to the present.

19.    All documents and electronic records (email, e-documents, etc.) concerning Lycos counterclaim, including all documents and electronic records concerning Lycos' damages as alleged therein.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, Esq., BBO No. 542040
rkaler@ghlaw.com
Eric Neyman, Esq., BBO No. 564803
eneyman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated:  December 29, 2005

**Certificate of Service**

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action ~~electronically and~~ by hand this 29st day of December 2005.

/s/ Robert J. Kaler
Robert J. Kaler

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS



EXHIBIT
2

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

v.

LYCOS, INC., et al., Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-10017-RWZ

TO:   **AMERICAN RIVER PARTNERS, LLC**
      **a/k/a LEASEFORUM**
      **380 Chief Justice Cushing Highway**
      **Cohasset, MA 02025**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| CE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | **Friday, February 10,**<br>**2006**<br>**9:00 a.m.** |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE A** at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | **Monday, February 6,**<br>**2006, at 9:00 a.m.** |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

**   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kaler, Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA  02110<br>(Attorney for Plaintiff) | January 18, 2006 |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

# SCHEDULE A
## (Documents and Electronic Records Required To Be Produced)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a.  The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.  The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.  In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.  The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.  The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Documents and Electronic Records Required To Be Produced

1.  All documents and electronic records (including email and all electronic versions of word, excel, and other documents, etc.) concerning, referring, or in any way relating to Lycos, particularly including but not limited to

a.  all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, including all communications with Lycos or any other party regarding same, and all of your and Lycos' internal memoranda and notes concerning same; and

b.  all documents and electronic records concerning the cost of computer equipment leased or purchased by Lycos between 1994 and the present day, including but not limited to all payment and invoice records related thereto, any summaries thereof, and all of your and Lycos' internal

-2-

b.    all such information, services and opinions concerning the cost and accounting treatment of the equipment leases, equipment schedules, and/or sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day,

c.    all such information, services and opinions concerning the cost of the equipment covered by any equipment leases, equipment schedules, and/or sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day

d.    all such information, services and opinions concerning Lycos' business during the period 1994 to the present day, including communications relating to the cost of Lycos' equipment leases with CSI and other entities, Lycos' efforts to reduce those costs, and Lycos' efforts to generally reduce its expenses.

e.    all communications between you and attorneys or accountants for Lycos during the period 1994 to the present day, including but not limited to all communications between you and attorneys or accountants for Lycos concerning CSI or any of the equipment leases, equipment schedules, sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day .

4.    The nature, extent, and substance of all communications between you and customers of CSI, and all information provided by you to customers of CSI, or them to you, during the period 1994 to the present day, concerning their leases or purchases of equipment from CSI or an other entities.

## SCHEDULE B
### (Subject Matters On Which
### Examination Will Be Conducted)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule B, the following terms have the following meanings:

a.    The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.    The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.    The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.    The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Subject Matters on Which Examination Will Be Conducted

1.    The steps taken by you to comply with this subpoena and identify and produce all the documents and electronic records listed in Schedule A hereof, and whether any other steps could have been taken to ensure more complete compliance with this subpoena.

2.    The source, nature and authenticity of all documents and electronic records produced by you in response to this subpoena, and the identity of all persons who wrote or created those documents and electronic records, from whom they were received, and/or to whom they were sent.

3.    The nature, extent, and substance of all information provided by Lycos to you, and all information, services and opinions provided by you to Lycos, during the period 1994 to the present day, including but not limited to

a.    all such information, services and opinions concerning Lycos' lease or purchase of equipment from CSI and/or other entities.

-2-

memoranda and notes regarding the same, and any efforts to reduce the expense of same.

c.  all communications between you and accountants or attorneys for Lycos concerning Lycos' lease or purchase of equipment from CSI.

2.  All documents and electronic records (including email, e-documents, etc.) concerning, referring, or in any way relating to Computer Sales International, Inc. ("CSI"), particularly including but not limited to

a.  all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that any persons or businesses entered into with CSI during the period 1994 through the present day, including all communications with any other party regarding same, and all of your internal memoranda and notes concerning same; and

3.  All documents and electronic records concerning communications by you to customers of CSI concerning their dealings, leases, or agreements with CSI or other leasing companies, including but not limited to

a.  all electronic and hard copy communications sent by you or received by you from customers of CSI concerning their lease or purchase of equipment from CSI; and

b.  all electronic and hardcopy notes or memoranda recording or commenting on such communications.

4.  All documents and electronic records concerning the Equipment Leasing Association.

**IN HAND**   MS. SUSAN FRANKLIN, CEO AND DULY AUTHORIZED AGENT   **RETURN OF SERVICE** (3)

| RECEIVED BY SERVER | DATE January 18, 2006 | PLACE Boston, Massachusetts |
|---|---|---|
| SERVED | DATE January 19, 2006 | PLACE 380 CHIEF JUSTICE CUSHING HIGHWAY, COHASSET , Massachusetts |

| SERVED ON (NAME) AMERICAN RIVER PARTNERS, LLC AKA LEASEFORUM | FEES TENDERED  ☒ YES  ☐ NO AMOUNT $ 53.00  ☐ Advanced By Attorney |
|---|---|
| SERVED BY GERARD O'DONNELL JODREY | TITLE Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| | SERVICE FEE $ 25.00 _____ Trips | TOTAL $ 78.00 |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___January 19, 2006___
                        **Date**

_(signature)_
**Signature of Server**

One Devonshire Place, Boston, Massachusetts
**Address of Server**

ADDITIONAL INFORMATION
PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

**Suvalle, Jodrey & Associates**          **One Devonshire Place**          Telephone # (617) 720-5733
**Massachusetts Constables since 1925**   **Boston, MA 02109**              Fax #        (617) 720-5737

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

V.

LYCOS, INC., et al., Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-10017-RWZ

**TO:**  **SUSAN FRANKLIN**
**142 Lamberts Lane**
**Cohasset, MA 02025**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | **Friday, February 10,<br>2006<br>9:00 a.m.** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE A** at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | **Monday, February 6,<br>2006, at 9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | **January 18, 2006** |

Robert J. Kaler, Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA 02110
(Attorney for Plaintiff)

See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A
### (Documents and Electronic Records Required To Be Produced)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a.     The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.     The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.     The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.     The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Documents and Electronic Records Required To Be Produced

1.     All documents and electronic records (including email and all electronic versions of word, excel, and other documents, etc.) concerning, referring, or in any way relating to Lycos, particularly including but not limited to

a.     all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, including all communications with Lycos or any other party regarding same, and all of your and Lycos' internal memoranda and notes concerning same; and

b.     all documents and electronic records concerning the cost of computer equipment leased or purchased by Lycos between 1994 and the present day, including but not limited to all payment and invoice records related thereto, any summaries thereof, and all of your and Lycos' internal

-2-

memoranda and notes regarding the same, and any efforts to reduce the expense of same.

c.   all communications between you and accountants or attorneys for Lycos concerning Lycos' lease or purchase of equipment from CSI.

2.   All documents and electronic records (including email, e-documents, etc.) concerning, referring, or in any way relating to Computer Sales International, Inc. ("CSI"), particularly including but not limited to

a.   all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that any persons or businesses entered into with CSI during the period 1994 through the present day, including all communications with any other party regarding same, and all of your internal memoranda and notes concerning same; and

3.   All documents and electronic records concerning communications by you to customers of CSI concerning their dealings, leases, or agreements with CSI or other leasing companies, including but not limited to

a.   all electronic and hard copy communications sent by you or received by you from customers of CSI concerning their lease or purchase of equipment from CSI; and

b.   all electronic and hardcopy notes or memoranda recording or commenting on such communications.

4.   All documents and electronic records concerning the Equipment Leasing Association.

| **IN HAND** | MS. SUSAN FRANKLIN | **RETURN OF SERVICE** (3) | |
|---|---|---|---|

| **RECEIVED BY SERVER** | **DATE**  January 18, 2006 | **PLACE**  Boston, Massachusetts |
|---|---|---|
| **SERVED** | **DATE**  January 19, 2006 | **PLACE**  380 CHIEF JUSTICE CUSHING HIGHWAY, COHASSET , Massachusetts |

**SERVED ON (NAME)**

MS. SUSAN FRANKLIN

**FEES TENDERED**

☒ YES   ☐ NO AMOUNT $ ___53.00___

☐ **Advanced By Attorney**

**SERVED BY**

GERARD O'DONNELL JODREY

**TITLE**

Process Server and a Disinterested Person

## STATEMENT OF SERVICE FEES

| | **SERVICE FEE**  $ ___65.00___  _____ Trips | **TOTAL**  $ ___118.00___ |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___January 19, 2006___
               **Date**

_signature_
**Signature of Server**

One Devonshire Place, Boston, Massachusetts
**Address of Server**

ADDITIONAL INFORMATION

PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "Fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

| **Suvalle, Jodrey & Associates**  **Massachusetts Constables since 1925** | **One Devonshire Place**  **Boston, MA 02109** | **Telephone # (617) 720-5733**  **Fax #       (617) 720-5737** |
|---|---|---|

**Kaler, Robert**

EXHIBIT

3

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Friday, March 03, 2006 2:42 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-10017-RWZ Computer Sales International, Inc. v. Lycos Inc. et al "Order on Motion to Compel" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Urso, Lisa entered on 3/3/2006 at 2:42 PM EST and filed on 3/3/2006

| | |
|---|---|
| **Case Name:** | Computer Sales International, Inc. v. Lycos Inc. et al |
| **Case Number:** | 1:05-cv-10017 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
Judge Rya W. Zobel : endorsedORDER entered granting [55] Motion to Compel. As respects CSI's broad objection as to the use of discovery to be produced, I accept the limitations proposed by CSI. (Urso, Lisa)

The following document(s) are associated with this transaction:

**1:05-cv-10017 Notice will be electronically mailed to:**

Peter M. Acton     pacton@mwe.com

Thomas O. Bean     tbean@mwe.com

Robert J. Kaler     rkaler@ghlaw.com, obuonopane@ghlaw.com

Edward William Little , Jr     elittle@ghlaw.com, obuonopane@ghlaw.com

Eric Neyman     eneyman@ghlaw.com

**1:05-cv-10017 Notice will not be electronically mailed to:**





BIRNBAUM &
GODKIN, LLP
ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

January 27, 2006

**BY FACSIMILE AND**
**FIRST CLASS MAIL**

Robert J. Kaler, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

   Re:   *Computer Sales International, Inc. v. Lycos, Inc., et al.*
         *United States District Court, C.A. No. 05-10017-RWZ*

Dear Mr. Kaler:

      This firm represents American River Partners, LLC ("ARP") and Susan Franklin
("Franklin"). I am writing to object and respond to the subpoena to ARP and the
subpoena to Franklin, both dated January 18, 2006 (the "Subpoenas"). Pursuant to Fed.
R. Civ. P. 45, ARP and Franklin object to Subpoenas on the following grounds:

   1.   ARP and Franklin object to the Subpoenas due to defective service and to
        the extent that they purport to impose obligations and burdens differing
        from, or in excess of those permitted by, the Federal Rules of Civil
        Procedure, including Rule 45.

   2.   ARP and Franklin object to the Subpoenas insofar as they seek production
        of any information protected by the attorney-client privilege, the work
        product privilege, or any other applicable privilege. (Please note that ARP
        and Franklin have been made aware that Lycos, Inc. has asserted an
        objection on the grounds of privilege.) In the event any privileged
        information is produced by ARP or Franklin, its production is inadvertent
        and does not constitute a waiver of any privilege.

   3.   ARP and Franklin object to the Subpoenas insofar as they seek production
        of any information concerning matters that are not subjects of the claims
        and defenses set forth in the pleadings in the captioned action. ARP and
        Franklin further object to the Subpoenas insofar as they seek information
        concerning transactions or events that are unrelated in nature, context or
        time to the captioned action. In particular, ARP and Franklin object to
        Requests 2, 3 and 4 of Schedules A and ARP objects to Topic 4 on
        Schedule B.

01/27/2006 FRI 18:27  FAX 6173076101 Birnbaum & Godkin, LLP                    ☒003/003

Robert J. Kaler, Esq.
January 27, 2006
Page 2



4.      ARP and Franklin object to the Subpoenas as overly broad, oppressive and
        unduly burdensome.  ARP and Franklin further object to the Schedules A
        and Schedule B to the extent they are vague, ambiguous, confusing, and
        consequently overbroad and oppressive.

5.      ARP and Franklin object to the Subpoenas insofar as they seek
        information not in ARP's or Franklin's possession, custody or control.

6.      ARP and Franklin object to the Subpoenas insofar as they seek
        information that is already in CSI's possession, custody or control.

7.      ARP and Franklin object to the Subpoenas insofar as they seek
        information that has already been or will be produced by Lycos, Inc.

8.      ARP and Franklin object to the Subpoenas insofar as they seek
        information that may contain confidential and/or proprietary and trade
        secret information.

9.      ARP and Franklin reserve the right to revise, correct, add to, supplement,
        modify, or clarify this response at any time.

        As referenced in the third objection set forth above, Requests Nos. 2, 3 and 4 of
Schedules A and Topic 4 identified in Schedule B raise significant concern that CSI
intends to use Rule 45 for an improper purpose.  That said, please call me if you would
like to discuss these objections, and the information CSI seeks.  To be clear, absent
resolution of these objections, my clients will not further respond to the Subpoenas unless
required to do so by Court order.

        If you try to reach me in the coming days, and I am slow to respond, please
understand that I am committed to be in court every day during the next three weeks for a
trial in Norfolk County before Hon. Judge Elizabeth B. Donovan.

                                Very truly yours,

                                Robert N. Feldman

RNF:cam
Cc:  Thomas O. Bean, Esq.





Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.c

March 17, 2006

**BY HAND**

Robert J. Kaler, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

     *Re:*    *Computer Sales International, Inc. v. Lycos, Inc., et al.*
            *United States District Court, C.A. No. 05-10017-RWZ*

Dear Bob:

     Enclosed please find American River Partners' responsive, non-privileged, non-objectionable documents in response to CSI's subpoena bearing Bates Nos. AR 00001 – AR 001822.

     Shortly, we will provide you with a "log" of documents for which Lycos has asserted an objection on the grounds of attorney-client privilege, work product or some other appropriate privilege.

     Moreover, these documents are being produced subject to the Court's March 16, 2006 Protective Order. As you are aware, American River has designated the documents "Confidential" and you have agreed that all such documents will be handled in accordance with the Protective Order.

                         Very truly yours,

                         Robert N. Feldman

RNF:cam
cc:   Thomas O. Bean, Esq.





## BIRNBAUM & GODKIN, LLP
### ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

April 19, 2006

EXHIBIT
6

**BY HAND**

Robert J. Kaler, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

    *Re:*    *Computer Sales International, Inc. v. Lycos, Inc., et al.*
            *United States District Court, C.A. No. 05-10017-RWZ*

Dear Bob:

      As discussed, enclosed please find American River Partners' "log" of documents over which an objection on the grounds of attorney-client privilege, work product or some other appropriate privilege has been asserted and described by Lycos, in connection with American River's document production on March 17, 2006. You have agreed that this log and the descriptions of documents herein shall not amount to a waiver of any asserted privilege.

      Additionally, enclosed are responsive, non-privileged, non-objectionable documents bearing Bates Nos. AR 001823 – AR 001890 and AR 11489 – AR 11604, which supplement American River's March 17th production.

                               Very truly yours,

                               Robert N. Feldman

RNF:cam
cc:   Thomas O. Bean, Esq.

AO 88 (Rev. 1/94) Subpoena in a Civil Case



**EXHIBIT**

**7**

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

V.

LYCOS, INC., et al., Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] **05-10017-RWZ**

TO:   **JOHN P. KIRK**
      **100 Warren Street**
      **Needham, MA 02492-3116**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Gadsby Hannah LLP**<br>**225 Franklin Street**<br>**Boston, MA  02110** | **Friday,    June    2, 2006, at 9:00 a.m.** |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE A** at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| **Gadsby Hannah LLP**<br>**225 Franklin Street**<br>**Boston, MA 02110** | **Tuesday, May 30, 2006, at 9:00 a.m.** |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

**\*\*** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Edward W. Little, Jr.*<br>Edward W. Little, Jr., Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA  02110<br>(Attorneys for Plaintiff) | May 15, 2006 |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**SCHEDULE A**
**(Documents and Electronic Records**
**Required To Be Produced)**

**Definitions**

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

a.    The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

b.    The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.   In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

c.    The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

d.    The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

*Documents and Electronic Records Required To Be Produced*

1.    All documents and electronic records (including email and all electronic versions of word, excel, and other documents, etc.) in your possession, custody or control concerning, referring, or in any way relating to Lycos, particularly including but not limited to

      a.    all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, including all communications with Lycos or any other party regarding same, and all of your and Lycos' internal memoranda and notes concerning same; and

      b.    all documents and electronic records concerning the cost of computer equipment leased or purchased by Lycos between 1994 and the present day, including but not limited to all payment and invoice records related thereto, any summaries thereof, and all of your and Lycos' internal

memoranda and notes regarding the same, and any efforts to reduce the expense of same.

    c.    all communications between you and accountants or attorneys for Lycos concerning Lycos' lease or purchase of equipment from CSI.

2.    All documents and electronic records (including email, e-documents, etc.) in your possession, custody or control concerning, referring, or in any way relating to Computer Sales International, Inc. ("CSI"), particularly including but not limited to

    a.    all documents and electronic records concerning, referring, or in any way relating to any equipment leases, agreements, equipment schedules or sales agreements that any persons or businesses entered into with CSI during the period 1994 through the present day, including all communications with any other party regarding same, and all of your internal memoranda and notes concerning same; and

3.    All documents and electronic records in your possession, custody or control concerning communications by you to customers of CSI concerning their dealings, leases, or agreements with CSI or other leasing companies, including but not limited to

    a.    all electronic and hard copy communications sent by you or received by you from customers of CSI concerning their lease or purchase of equipment from CSI; and

    b.    all electronic and hardcopy notes or memoranda recording or commenting on such communications.

4.    All documents and electronic records in your possession, custody or control concerning the Equipment Leasing Association.

██████ LAST AND USUAL PLACE OF ABODE    **RETURN OF SERVICE** (3)

| RECEIVED BY SERVER | DATE<br>May 15, 2006 | PLACE<br>Boston, Massachusetts | |
|---|---|---|---|
| SERVED | DATE<br>May 16, 2006 | PLACE<br>100 WARREN STREET, NEEDHAM , Massachusetts | |

| SERVED ON (NAME)<br>JOHN P. KIRK | FEES TENDERED<br>☒ YES  ☐ NO AMOUNT $ 49.00<br>☐ Advanced By Attorney |
|---|---|
| SERVED BY<br>GERARD O'DONNELL JODREY | TITLE<br>Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| | SERVICE FEE<br>$ 55.00 | _____ Trips | TOTAL<br>$ 104.00 |
|---|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ May 16, 2006 _____
           **Date**

           **Signature of Server**

           One Devonshire Place, Boston, Massachusetts
           **Address of Server**

**ADDITIONAL INFORMATION**

PLEASE NOTE THAT IT WAS NECESSARY TO MAKE _____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

**Suvalle, Jodrey & Associates**
**Massachusetts Constables since 1925**
    **One Devonshire Place**
    **Boston, MA 02109**
    Telephone # (617) 720-5733
    Fax #    (617) 720-5737

05/23/2006 TUE 17:09   FAX 6173076101  Birnbaum & Godkin, LLP                    ☑002/003





Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

May 23, 2006

**BY FACSIMILE AND**
**FIRST CLASS MAIL**

Edward W. Little, Jr., Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

> Re:  *Computer Sales International, Inc. v. Lycos, Inc., et al.*
> *United States District Court, C.A. No. 05-10017-RWZ*

Dear Mr. Little:

   This firm represents John P. Kirk.  I am writing to object and respond to the subpoena to Mr. Kirk dated May 15, 2006.  Pursuant to Fed. R. Civ. P. 45, Mr. Kirk objects to the inspection or copying of the documents and tangible things described in Schedule A to the subpoena (the "Request") on the following grounds:

1.    Mr. Kirk objects to the Subpoena to the extent that it purports to impose obligations and burdens differing from, or in excess of those permitted by, the Federal Rules of Civil Procedure, including Rule 45.

2.    Mr. Kirk objects to the Subpoena insofar as it seeks production of any information protected by the attorney-client privilege, the work product privilege, or any other applicable privilege.  (As you know, Lycos, Inc. has asserted an objection on the grounds of privilege.)  In the event any privileged information is produced by Mr. Kirk, its production is inadvertent and does not constitute a waiver of any privilege.

3.    Mr. Kirk objects to the Subpoena insofar as it seeks production of any information concerning matters that are not the subject of the claims and defenses set forth in the pleadings in the captioned action.  Mr. Kirk further objects to the Subpoena insofar as it seeks information concerning transactions or events that are unrelated in nature, context or time to the captioned action.  In particular, Mr. Kirk objects to Requests 2, 3 and 4 of Subpoena Schedule A.

4.    Mr. Kirk objects to the Subpoena as overly broad, oppressive and unduly burdensome.  Mr. Kirk further objects to the Schedule A to the extent it is vague, ambiguous, confusing, and consequently overbroad and oppressive.

Edward W. Little, Jr., Esq.
May 23, 2006
Page 2



    5.    Mr. Kirk objects to the Subpoena insofar as it seeks information not in Mr. Kirk's possession, custody or control.

    6.    Mr. Kirk objects to the Subpoena insofar as it seeks information that is already in Computer Sales International, Inc.'s possession, custody or control.

    7.    Mr. Kirk objects to the Subpoena insofar as it seeks information that has already been or will be produced by Lycos, Inc.

    8.    Mr. Kirk objects to the Subpoena insofar as it seeks information that may contain confidential and/or proprietary and trade secret information.

    9.    Mr. Kirk reserves the right to revise, correct, add to, supplement, modify, or clarify this response at any time.

As with previous subpoenas served by CSI on Susan Franklin and American River Partners, Requests Nos. 2, 3 and 4 of Schedule A raise significant concern that Computer Sales International, Inc. intends to use Rule 45 for an improper purpose. Despite this, and notwithstanding the foregoing objections, and without waiving them, all non-objectionable, non-privileged, responsive documents in Mr. Kirk's possession, custody or control were produced on March 17 and April 19, 2006 pursuant to the subpoena previously served on American River Partners and Susan Franklin.

*** 

Please let me know by the end of this week if you intend to take Mr. Kirk's deposition on June 2, 2006.  Currently, he is available.

Very truly yours,

Robert N. Feldman

RNF:cam
Cc:  Thomas O. Bean, Esq. (By fax)





Edward W. Little, Jr.
elittle@ghlaw.com

Tel: 617 345 7018
Fax: 617 204 8018

May 24, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Robert N. Feldman, Esquire
Birnbaum & Godkin LLP
280 Summer Street
Boston, MA 02210

   Re:  Computer Sales International, Inc. v. Lycos, Inc. and Bank of
       America f/k/a Fleet Bank, C.A. No. 05-10017 RWZ

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax  617 345 7050

www.ghlaw.com

Dear Mr. Feldman:

   We received your letter of May 23 objecting to the subpoena of our client,
Computer Sales International, Inc. ("CSI"), which was served on your client John
P. Kirk. This again raises issues that we attempted unsuccessfully to resolve with
you when we issued subpoenas to Ms. Franklin and American River Partners a/k/a
LeaseForum many months ago in January 2006. These issues need resolution
now, as they are continuing to impact our discovery efforts.

   Though you state in your letter that all of your clients, including Mr. Kirk,
have already produced in March and April "all non-objectionable, non-privileged,
responsive documents" – and have done so "notwithstanding the foregoing
objections" raised in your letter – we have found no documents in your clients'
production responsive to items 2, 3 and 4 of the subpoenas. For example, we
have no communications between LeaseForum and any CSI customers (other than
Lycos) concerning their dealings, leases or agreement with CSI or other leasing
companies (item 3). These communications are clearly relevant in support of our
position that your clients' attitude toward CSI, as expressed in its vigorous pursuit
of business from other of CSI's customers, influenced how it advised Lycos and, in
turn, Lycos's relationship with CSI during the relevant time period. Nor do we
have any communications between your clients and the Equipment Leasing
Association concerning CSI (item 4), and these are directly relevant again to your
clients' attitude toward CSI which undoubtedly affected the advice your clients
were giving to Lycos as it continued to deal with CSI, including Lycos's decision to
enter the 2003 sale agreement.

   More troubling is your refusal to provide electronic records despite the
subpoenas' clear directive to produce such items and our repeated requests for
them. Please produce them immediately and without further delay, as you have
articulated no basis – because there is none – to refuse their production.

Robert Feldman, Esq.
May 24, 2006
Page 2                                  G A D S B Y  H A N N A H  LLP

As we have also discussed with you, we also have concerns about privilege claims made by your clients in withholding clearly relevant materials from production. Based on the privilege log your clients compiled, it appears that communications between your clients and lawyers for Lycos, including Mr. Bean, are being withheld on the basis of the attorney-client privilege and as work product. It is our understanding that your clients have never been represented by Lycos's counsel, and we therefore question the assertion of attorney-client privilege for these documents. As for work product, if you are claiming that your clients at some point were retained by Lycos to assist in the litigation, the burden on you is to demonstrate the application of a work product protection – and a good start would be to produce any retainer letter(s) between you and Lycos (and/or its agents) setting forth the date and term of such retainer as well the nature and scope of your assistance with regard to the litigation.

As you are aware, the attorney-client and work product privileges are narrowly construed in discovery because each "obscure[s] the search for truth." Savoy v. Richard A. Carrier Trucking, 178 F.R.D. 346 (D. Mass. 1998) (quoting Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 152 F.R.D. 132, 135 (N.D. Ill. 1993); see also In re XYZ Corp., 348 F.3d 16, 22 (1st Cir. 2003) (same). To withhold a document as work product, the custodian or owner of the document must prove that it was prepared *under the direction of an attorney in contemplation of litigation*. Church of Scientology Int'l v. United States Dep't of Justice, 30 F.3d 224 (1st Cir. 1994). Your privilege log fails to meet this burden. See, for example, an undated document listed on your log (10836-40) from LeaseForum to "None" described as comments on an attorney's report "on call with CSI prepared in support of litigation," or an October 2003 document (10933-45) from LeaseForum to TerraLycos withheld as privileged because it was purportedly prepared "because of the prospect of litigation." In neither case – and there are other examples in your privilege log – is your clients' burden to withhold these documents met.

Please produce immediately the documents that are being withheld – including the electronic records called for in CSI's subpoenas – and contact us right away to discuss how your clients intend to meet their burden, if possible, to continue withholding documents under questionable claims of privilege and work product.

Sincerely,

Edward W. Little, Jr.

EWL:ob
cc:    Robert J. Kaler, Esq.

B0463771v1

9.8.06 SUSAN Franklin, Ub run.

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS



**EXHIBIT**
**10**

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

**V.**

LYCOS, INC., et al., Defendants.

# SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-10017-RWZ

**TO:   AMERICAN RIVER PARTNERS, LLC**
**a/k/a LEASEFORUM**
**380 Chief Justice Cushing Highway**
**Cohasset, MA 02025**

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the subject specified in the attached **SCHEDULE A.**\*\*

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **McCarter English LLP** <br> **225 Franklin Street** <br> **Boston, MA  02110** | **Friday,** <br> **September 15, 2006** <br> **at 10:00 a.m.** |

☐     YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described below and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| | |

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

\*\*   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert J. Kaler, Esq., Edward W. Little, Esq. <br> McCarter English LLP, 225 Franklin St., Boston, MA  02110 <br> **(Attorneys for Plaintiff-Counterdefendant)** | September 8, 2006 |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that he person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**
**(Subject Matters On Which**
**Examination Will Be Conducted)**

**Definitions**

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

     a.    The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

     b.    The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.  In particular, the term "document" includes any and all electronic versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

     c.    The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

     d.    The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

*Subject Matters on Which Examination Will Be Conducted*

     1.    All information in your possession concerning the creation, location, use, and disposition of all electronic source material for, and all present or previously existing electronic versions of, the 7 pages of spreadsheets produced by you in this case bated numbered AR000744–AR000750, including whether any such electronic source material or electronic versions have been destroyed, and if so by whom, when, and why.

     2.    The identity of all electronic computer systems used by you, and all electronic back-up, record-keeping, and record destruction procedures followed by you, during the period 2003 to the present.

     3.    The exact steps taken by you to comply with the Court's Order of August 22, 2006, including what search of what computer records was made, what results were obtained, and what if any records were not checked or have been destroyed.

| IN HAND | SUSAN FRANKLIN, OFFICE MANAGER | RETURN OF SERVICE (3) |
|---------|---------|---------|

| RECEIVED BY SERVER | DATE September 08, 2006 | PLACE Boston, Massachusetts |
|---|---|---|
| SERVED | DATE September 08, 2006 | PLACE 380 CHIEF JUSTICE CUSHING HIGHWAY, COHASSET , Massachusetts |

**SERVED ON (NAME)**

AMERICAN RIVER PARTNERS, LLC, A/K/A LEASE FORUM

**FEES TENDERED**

☒ YES ☐ NO AMOUNT $ 53.00

☐ Advanced By Attorney

**SERVED BY**

GERARD O'DONNELL JODREY

**TITLE**

Process Server and a Disinterested Person

## STATEMENT OF SERVICE FEES

| | SERVICE FEE $ 80.00 ___ Trips | TOTAL $ 133.00 |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____September 08, 2006_____
Date

_Gerard O'Donnell Jodrey_
Signature of Server

One Devonshire Place, Boston, Massachusetts
Address of Server

**ADDITIONAL INFORMATION**

PLEASE NOTE THAT IT WAS NECESSARY TO MAKE ____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.
(4) "fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

**Suvalle, Jodrey & Associates**
**Massachusetts Constables since 1925**

One Devonshire Place
Boston, MA 02109

Telephone # (617) 720-5733
Fax #        (617) 720-5737

**Kaler, Robert**

**EXHIBIT**

**11**

tabbies

**From:**   Robert Feldman [feldman@birnbaumgodkin.com]
**Sent:**   Friday, September 01, 2006 4:57 PM
**To:**     tbean@mwe.com; pacton@mwe.com; Kaler, Robert; Little, Edward
**Subject:** American River Depositions

Counsel --

As requested, I've identified dates in October for the depositions of Ms. Franklin and Mr. Kirk.  Please be advised that Ms. Franklin will be available on October 23rd for her deposition.  Mr. Kirk is available on October 25th.  If these dates are unworkable, please let me know as soon as possible.

Regards,

Rob Feldman


Robert N. Feldman
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210-1108
Direct Dial: (617) 307-6130
Main Dial: (617) 307-6100
Fax: (617) 307-6101
e-mail: feldman@birnbaumgodkin.com

NOTE: This email message and any files transmitted with it are subject to attorney-client privilege, and contains confidential information intended only for the person(s) to whom it is addressed. If you have received this message in error, please immediately notify the sender by e-mail or telephone and destroy the original message without making a copy. Thank you.