UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) | C.A. No. 05-10017-RWZ |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) ) | |
| v. | ) ) | |
| LYCOS, INC., | ) ) ) | LYCOS'S OPPOSITION TO CSI'S MOTION TO IMPOUND MEMORANDUM AND AFFIDAVIT ATTACHING DISCOVERY MATERIALS IN SUPPORT OF ITS MOTION TO OVERRULE PRIVILEGE OBJECTIONS OF LYCOS, INC. |
| Defendant and Plaintiff-in-Counterclaim, | ) ) ) ) | |
| and | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) ) | |
| Trustee Process Defendant | ) | |

Defendant and Plaintiff-in-Counterclaim Lycos, Inc. ("Lycos"), hereby opposes CSI's Motion to Impound Memorandum and Affidavit Attaching Discovery Materials in Support of Its Motion to Overrule Privilege Objections of Lycos, Inc. (Dkt. No. 110 - the "Motion"), to correct a misleading statement contained therein and to address the continuing problems with CSI's blanket designation of documents and transcript testimony as "Confidential" in this case.

1.   In the Motion, CSI represents to the Court that "CSI requested that Lycos withdraw the confidentiality designation on the privilege log and some of the other discovery materials that need to be filed in connection with the aforesaid motion . . . but to date Lycos has declined to withdraw that designation." Motion at 1. That representation to the Court is

misleading and indicative of an increasingly disturbing trend by CSI to make misstatements to the Court in its papers.[1]

2. At 9:35 a.m. on October 31, 2006, CSI's counsel sent the undersigned the e-mail attached as *Exhibit 1* requesting that Lycos de-designate as "Confidential" certain material from the depositions of John Kirk and Susan Franklin, and LeaseForum's privilege log even though CSI's counsel knows that the undersigned does not represent either Mr. Kirk, Ms. Franklin, or LeaseForum, and should know that Lycos did not deliver LeaseForum's privilege log to CSI or designate it as "Confidential." *See Exhibit 2.*

3. At 3:10 p.m. that same day, the undersigned advised CSI's counsel that he (CSI's counsel) would need to check with counsel to LeaseForum, Mr. Kirk, and Ms. Franklin on his request for de-designation as the confidentiality issues were his (LeaseForum's counsel) to decide. *See Exhibit 1*

4. Notwithstanding this, at or about 3:29 p.m., CSI represented to the Court that "Lycos has declined to withdraw th[e Confidentiality] designation." Even if CSI had not received the undersigned's e-mail as of the time it filed the Motion, it was misleading for CSI to imply that Lycos was refusing to de-designate material given that CSI made the request only several hours earlier. Indeed, Lycos had not designated the materials "Confidential" in the first place.

5. At approximately 4:42 p.m., Lycos requested that CSI immediately correct its misleading statement to the Court. CSI expressly declined that request.

6. Perhaps even more troubling than the misrepresentation itself is CSI's continuing game-playing with respect to its "Confidentiality" designations in this case. As Lycos has

---

[1] Lycos will address this issue in greater detail in its Opposition to CSI's Motion for Leave to File an Amended Complaint.

informed the Court on several occasions, CSI has designated *every single document* it has produced in this case, even photocopies of Red Sox tickets, as "Confidential." CSI has further designated as "Confidential" the entire transcript of every deposition taken of its employees in this case, even pages in which the only questions asked and answered concerned the employees' educational and professional background – material that is clearly not "Confidential" within the meaning of paragraph 2 of this Court's Confidentiality Order.

7. CSI has made these "blanket" designations not only in violation of this Court's Confidentiality Order, but also in continuing contravention of this Court's directive at a status conference held on July 27, 2006, that CSI review its "Confidentiality" designations and de-designate accordingly (due to the hardship imposed on the Court in not being able to view filings electronically). To date, CSI has ignored the Court's instruction and continued its practice of designating all documents and transcripts of CSI as "Confidential" in violation of the limitations contained in paragraph 2 of this Court's Confidentiality Order on material that may be designated as "Confidential."

8. On October 31, 2006, CSI demonstrated its hypocritical and cavalier approach to its "Confidentiality" designations. It filed, *unsealed*, as Exhibit 2 to a motion (Dkt. No. 109), Lycos's Answers to CSI's Interrogatories. In those Answers, which Lycos served on CSI but did not file, Lycos refers repeatedly to documents and other materials that CSI had designated as "Confidential." *See* Exhibit 2 to Dkt. No. 109, Response to Interrogatories 1 and 2. CSI nevertheless filed publicly Lycos's Answers. Apparently, it was not genuinely concerned about the material it had previously designated as "Confidential." CSI's filing of Lycos's Answers demonstrates that its approach to "Confidential" material is disingenuous and obstructionist, and must be stopped.

- 3 -

9.  While the Court has previously granted motions to impound such as the Motion, it is time to deny CSI's Motion and use it as a basis for developing a more reasoned and reasonable approach to confidentiality in this case. This Court should enter an Order directing CSI to redesignate within ten days every single document it has produced in this case and every transcript it has designated as "Confidential," and order that only that material that is truly "Confidential" within the meaning of paragraph 2 of the Confidentiality Order be designated as "Confidential."

WHEREFORE, Lycos requests that the Court enter an Order:

1.  Denying the Motion; and

2.  Directing CSI to redesignate, within ten days after entry of the Order, every single document it has produced in this case and every transcript it has designated as "Confidential," and directing it to designate as "Confidential" only that material that is "Confidential" within the meaning of paragraph 2 of the Confidentiality Order entered in this case; and

3.  Granting Lycos such other relief as may be appropriate and just.

Dated: November 1, 2006

Respectfully submitted,

LYCOS, INC.,

By its attorneys,

/s/   Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
McDERMOTT WILL & EMERY, LLP
28 State Street
Boston MA 02109
(617) 535-4000

- 5 -

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of November, 2006, I caused a true and accurate copy of the within document to be delivered by hand delivery to Robert J. Kaler, McCarter & English, LLP, 225 Franklin Street, Boston, MA 02111.

                                      /s/ Thomas O. Bean
                                      Thomas O. Bean

BST99 1521447-2 057077 0012

# EXHIBIT 1

| | | |
|---|---|---|
| Thomas O Bean/BST/MWE<br>10/31/2006 03:10 PM | To | "Kaler, Robert" <RKaler@mccarter.com> |
| | cc | feldman@birnbaumgodkin.com |
| | bcc | |
| | Subject | Re: Confidentiality Designations |

Bob, you'll need to check with Rob Feldman as confidentiality issues are his to decide. My issues concern privilege.

Thomas O. Bean
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
(617) 535-4426 (ph)
(617) 535-3800 (fax)
tbean@mwe.com

"Kaler, Robert" <RKaler@mccarter.com>



| | | |
|---|---|---|
| "Kaler, Robert"<br><RKaler@mccarter.com><br>10/31/2006 09:28 AM | To | TBean@mwe.com, PActon@mwe.com |
| | cc | "Little, Edward" <ELittle@mccarter.com>, "Himelfarb, David" <DHimelfarb@mccarter.com>, "Pellerin, Eileen" <EPellerin@mccarter.com> |
| | Subject | Confidentiality Designations |

Tom --

As discussed last week, we are moving to overrule Lycos' privilege objections with regard to its communications with Leaseforum, Mr. Kirk, and Ms. Franklin. To do so, we need to file the privilege log that Leaseforum generated, and excerpts from the deposition transcripts where the Kirk and Franklin witnesses were instructed not to answer on privilege grounds. Both are currently designated Confidential, however. Please advise if you will de-designate them. Thank you.

Bob.
Robert J. Kaler, Esq.
Partner
McCarter & English LLP
225 Franklin Street
Boston, MA 02110
Direct Tel. 617-345-7007
Direct Fax: 617-204-8007
Email: rkaler@mccarter.com

**Boston  New York  Philadelphia  Baltimore  Hartford  Newark  Stamford  Wilmington**

# EXHIBIT 2



# BIRNBAUM & GODKIN, LLP
### ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

April 19, 2006



RECEIVED
APR 1 9 2006
MW&E

**BY HAND**

Robert J. Kaler, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

    Re: *Computer Sales International, Inc. v. Lycos, Inc., et al.*
          *United States District Court, C.A. No. 05-10017-RWZ*

Dear Bob:

    As discussed, enclosed please find American River Partners' "log" of documents over which an objection on the grounds of attorney-client privilege, work product or some other appropriate privilege has been asserted and described by Lycos, in connection with American River's document production on March 17, 2006. You have agreed that this log and the descriptions of documents herein shall not amount to a waiver of any asserted privilege.

    Additionally, enclosed are responsive, non-privileged, non-objectionable documents bearing Bates Nos. AR 001823 – AR 001890 and AR 11489 – AR 11604, which supplement American River's March 17th production.

Very truly yours,

Robert N. Feldman

RNF:cam
cc: Thomas O. Bean, Esq.

280 SUMMER STREET, BOSTON, MA 02210 • TEL: (617) 307-6100 • FAX: (617) 307-6101 • www.birnbaumgodkin.com