UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ |
| Defendant, ) | |
| ) | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | |
| ) | |
| Trustee Process Defendant. ) | |

**COMPUTER SALES INTERNATIONAL, INC.'S MOTION
FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO IMPOUND, AND MEMORANDUM IN SUPPORT**

Plaintiff Computer Sales International, Inc., a/k/a CSI Leasing ("CSI"), respectfully moves this Court for leave to file the Reply Memorandum attached hereto as Exhibit A in support of its recent Motion to Seal materials relating to CSI's upcoming Motion to Overrule Lycos' Privilege Claims, *see* Docket No. 110, and in response to an objectionable Opposition to that motion filed by the defendant herein earlier today. *See Lycos Opposition to CSI's Motion to Impound Memorandum and Affidavit Attaching Discovery Materials in Support of Its Motion to Overrule Privilege Objections of Lycos, Inc.*, Docket No. 111 ("Lycos Opposition to Motion to Seal").

Because the Lycos Opposition includes a series of inaccurate, unexpected, and irrelevant *ad hominem* attacks on CSI, and improperly makes a series of unsubstantiated demands for

affirmative relief unrelated to CSI's simple impoundment request, CSI ought to have a fair opportunity to respond.[1]

WHEREFORE, CSI prays that this motion be allowed, and that it be granted leave to file the attached Reply Memorandum in further support Computer Sales International, Inc.'s Motion to Impound Memorandum and Affidavit Attaching Discovery Materials in Support of its Motion to Overrule Privilege Objections of Lycos, Inc.

> COMPUTER SALES INTERNATIONAL, INC.
>
> By its attorneys,
>
> /s/ Robert J. Kaler
> Robert J. Kaler, Esq., BBO No. 542040
> rkaler@ghlaw.com
> Edward W. Little, Esq., BBO No. 628985
> elittle@ghlaw.com
> David Himelfarb, BBO No. 649596
> dhimelfarb@ghlaw.com
> Gadsby Hannah LLP
> 225 Franklin Street
> Boston, MA  0211
> Tel. (617) 345-7000

Dated: November 1, 2006

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Robert J. Kaler, counsel for CSI, hereby certify pursuant to Local Rule 7.1(A)(2) that I have corresponded with counsel for Lycos to attempt to resolve or narrow the issues raised in this motion.

> /s/ Robert J. Kaler
> Robert J. Kaler

---

[1] CSI's impoundment motion was only two-pages and three paragraphs long, and simply sought to file under seal materials that Lycos and LeaseForum, at Lycos's behest, designated as "Confidential." The motion actually sought to protect Lycos and LeaseForum's rights, as agreed by the parties and entered by the Court in the *Order Regarding the Handling of Confidential Information Produced in Discovery* (Docket No. 61). This standard request was met with an accusatory opposition from Lycos not only asking that CSI's request be denied, but further seeking entirely separate relief dealing with CSI's production of its records, which has nothing to do with CSI's Motion to Seal.

-3-

## CERTIFICATE OF SERVICE

    I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing motion to be served on counsel for Lycos through the Court's ECF system and by hand, this 1st day of November, 2006.

                                    /s/ Robert J. Kaler
                                    Robert J. Kaler

UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LYCOS, INC., )<br>Defendant, )<br>)<br>BANK OF AMERICA f/k/a FLEET BANK, )<br>)<br>Trustee Process Defendant. ) | C.A. No. 05-10017- RWZ |

**CSI'S REPLY MEMORANDUM
IN RESPONSE TO LYCOS' OPPOSITION TO CSI'S MOTION TO IMPOUND**

Plaintiff Computer Sales International, Inc. a/k/a CSI Leasing ("CSI") respectfully submits this Reply Memorandum response to an objectionable pleading filed by the defendant herein earlier today entitled *Lycos Opposition to CSI's Motion to Impound Memorandum and Affidavit Attaching Discovery Materials in Support of Its Motion to Overrule Privilege Objections of Lycos, Inc.* ("Lycos Opposition to Motion to Seal").

**Argument**

**I.   THE LYCOS OPPOSITION TO MOTION TO SEAL IS IMPROPERLY ACCUSATORY AND THOROUGHLY INACCURATE**

With evidence mounting that its multimillion dollar Counterclaim against CSI in this case was a calculated fabrication, and part of a fraudulent scheme to "squeeze" CSI to abandon its legal rights with threats of adverse publicity and bogus legal claims,[1] Lycos has now embarked

---

[1] *See* Plaintiff Computer Sales International, Inc.'s Motion for Leave to Amend Complaint Based on New Evidence Uncovered in Discovery, and supporting memoranda, filed October 30, 2006 at Docket Nos. 104, 105, 106; Reply Status Memorandum of Plaintiff Computer Sales International, Inc., filed (under seal) September 29, 2006 at Docket No. 101.

on the last refuge of litigants with weak legal positions -- it has begun to simply attack its opponent at any opportunity, regardless of whether the attack is fair, makes sense, or is warranted.

Lycos' Opposition to Motion to Seal, with its unsubstantiated accusations and demands for affirmative relief unrelated to CSI's simple impoundment request, is the opening salvo in what promises to be a litany of new Lycos pleadings accusing CSI of "misstating" the supposed "facts." *See* Lycos Opposition to Motion to Seal, at p. 2, Footnote 1 (promising to "address this issue in greater detail" in Lycos' opposition to CSI's Motion to Amend).

Fortunately, duly authenticated documents and electronic records, and sworn deposition testimony, will belie **_all_** of Lycos' claims that the facts are being "misstated," and will demonstrate that its entire counterclaim is an action that should never have been brought. In the meantime, some simple points belie the accusations in the Lycos' Opposition to Motion to Seal (the "Lycos Opposition").

First, the email from Lycos' counsel to which the Lycos Opposition refers was not read prior to the filing of the Motion to Seal, and in any event is not accurate. It was read and responded to by CSI early this morning, in the email attached hereto, in which CSI pointed out that "[a]s we understand the facts, the Leaseforum privilege log was created by you and Lycos, and designated by Lycos as "Confidential," as were other Leaseforum documents." *See* Exh. 1 hereto, at pp. 1-2.

Second, in the same email, CSI stated that "we will be happy to withdraw the motion to impound if appropriate de-designations are made by the two of you [Lycos and its consultant Laeseforum]." *Id.* In response, Lycos declined to engage in any discussion of the issue, and instead simply used the opportunity to file an Opposition accusing CSI of misstating the facts,

and demanding punitive action against CSI on matters relating to CSI's production that Lycos has not conferred with CSI about for months, and that were not even thought to be an issue at this point.

Third, Lycos has determined what its expert Leaseforum has done throughout this case, and Lycos reviewed Leaseforum's production of records for both privilege and confidentiality months ago. Clearly, it is Lycos that is controlling its expert Leaseforum's designations, and in any event, Lycos has the right to designate as Confidential the deposition testimony that will be the subject of CSI's Motion to Overrule Privilege Claims. A motion to seal that material is therefore necessary if it is to be filed, as Lycos has not de-designated it.

Fourth, it is simply not true that "CSI has...designated as 'Confidential' the entire transcript of every deposition taken in this case," as the Lycos Opposition incorrectly claims at page 3. Lycos has only taken a handful of depositions, for example, and none of CSI employee Michele Thompson's deposition has been designated "Confidential." Similarly, portions of CSI salesman Paul Stenberg's deposition were specifically designated *not* Confidential after Lycos advised that it wished to file them with the Court. So this claim is mistaken. In fact, CSI has tried wherever possible to limit its "Confidential" designations, and although both Lycos and CSI have taken an expansive view of what constitutes their respective "Confidential" information, CSI is trying to limit its designations.

In this regard, CSI has expressly advised Lycos that if it wishes to file with the Court any portions of CSI's discovery materials that it thinks are improperly designated "Confidential," CSI will review those portions and de-designate them wherever possible -- consistent with CSI's legitimate concerns about Lycos' efforts to publicize the discovery materials in this case. This has already occurred on several occasions, and the complaints in the Lycos Opposition are the

only recent ones that have been heard. Under these circumstances, the attack on Lycos handling of its own production is unwarranted, and in any event has nothing to do with the Motion to Seal material and testimony produced by Leaseforum and Lycos.

## II.   LYCOS' OPPOSITION TO MOTION TO SEAL PROVIDES NO LEGITIMATE BASIS FOR OPPOSING CSI'S MOTION

CSI's simple two-page, four-paragraph, impoundment request, filed in order to comply with the Court's *Order Regarding the Handling of Confidential Information Produced in Discovery* (Docket No. 61) (the "Order"), was intended to protect both Lycos' and Leaseforum's rights by seeking leave to file their alleged "Confidential" documents and testimony under seal, rather than in open court. Not only did Lycos file a similar request the prior day, but CSI's request was in conformity with the procedure the parties mutually agreed to, and the Court approved, in the Order. In particular, under Paragraph 8 of the Order, CSI is entitled to use "Confidential" materials "for the purpose of ... conducting this action" and under Paragraph 9, CSI is entitled to file such materials with the Court under seal so long prior permission from the Court is obtained.

Under these circumstances, Lycos' blanket request that CSI's Motion be denied makes no sense. If denied, CSI would be in a quandary as to whether to (i) file Lycos' and Leaseforum's "Confidential" material on the public record, (ii) delay the filing of its motion, or (iii) simply refer to the material obliquely without disclosing its content. This would hamstring the parties, and do no service to the Court adjudicating the motion. All CSI is seeking permission to do is to file material under seal that was designated by CSI and Leaseforum as Confidential, relief that only benefits those parties. That Motion should clearly be granted, and the issues raised in Lycos' Opposition (which seems to be the classic "opposition for opposition's sake") left for another day – if they need to be addressed at all.

### III. LYCOS'S OPPOSITION IMPROPERLY SEEKS AFFIRMATIVE RELIEF

Going off on something of a tangent, the Lycos' Opposition not only opposes CSI's Motion, but asks the Court to "enter an order directing CSI to redesignate within ten days every single document it has produced in this case and every transcript it has designated as 'Confidential.'" Lycos Opposition at 4. The problem is that (i) there is no factual or legal basis for this demand, particularly where Lycos and its expert have repeatedly designated material as Confidential that did not meet the requirements for such designations; and (ii) this demand has nothing to do with CSI's Motion to Seal, which deals with the sealing of material designated by Lycos and Leaseforum as Confidential.

It is well-settled that a party may not seek affirmative relief in an opposition brief unrelated to the motion at hand; otherwise a party could freely circumvent the requirements of the Local Rules requiring it to meet and confer prior to filing any motion by lying in wait and springing a wholly unrelated demand for relief in the context of an opposition brief, without the opposing party having the normal 14-day period to respond. This is what Lycos has done in the Lycos Opposition.

The Lycos' Opposition also violates the clear dictates of the Confidentiality Stipulation and Order, which provides a simple framework for objecting to another party's confidentiality designations. *See* Order at ¶ 4 (requiring notice of the specific objections, a ten-day period to respond, then requiring the moving party to file a motion to set aside the designation). Lycos has ignored that procedure entirely, electing instead to launch a blanket objection to all of CSI's designations in the context of opposing a motion to have its own records, and its expert Leaseforum's own records, filed under seal.

In so doing, Lycos is inappropriately seeking to free itself from (a) attempting to resolve this matter privately, without burdening the Court; (b) its obligation to specifically identify the documents it contends were improperly designated; (c) its agreement to give CSI ten days to respond; and (d) its obligation to file a motion with the Court to de-designate specific records, if that becomes necessary, and allowing CSI an opportunity to respond to that motion.

Moreover, if it is true, as Lycos has tried to claim in its filings, that the "Confidentiality" designations at issue here were made by Leaseforum and not by Lycos, it is unclear why Lycos even has standing to oppose CSI's Motion to Seal.

In this regard, Lycos' complaints about not having an opportunity to de-designate material that it claims it never designated in the first place make little sense. First, CSI has asked both Lycos and Leaseforum to de-designate the relevant materials but has as yet received no response. Second, CSI had no obligation to begin with to request such a de-designation prior to filing its impoundment request; it did so simply to see if the issues could be addressed by agreement – particularly in the case of the privilege log. Third, the designating party is free to change or not change its designation at any time and, if it does, the document can simply be made part of the record at that time, or the Motion to Seal withdrawn.

In short, the Lycos Opposition is not about CSI's request to file material under seal. It is an effort to create the misimpression that CSI is somehow "misstating" the record in this case. In fact, CSI is not. The record is showing, increasingly, that Lycos' entire set of claims in this case was, and is, a fabrication. *See* Page 1, Footnote 1, *supra*. With those claims unraveling, Lycos is unfairly lashing out against CSI, in its Opposition to CSI's Motion to Seal, without any legitimate grounds for doing so. Clearly, it plans to do the same thing in its opposition to CSI's Motion to Amend. *See* Lycos Opposition at p. 2, footnote 1. Hyperbole, however, is no

substitute for reasoned argument based on evidence, and Lycos has no evidence – either to support its claims, or to support its increasing attacks on CSI.

## Conclusion

For all of the foregoing reasons, CSI's Motion to Impound Memorandum and Affidavit Attaching Discovery Materials in Support of its Motion to Overrule Privilege Objections of Lycos, Inc. should be allowed, and the demands in the Lycos' Opposition not accepted.

        COMPUTER SALES INTERNATIONAL, INC.

        By its attorneys,

        /s/ Robert J. Kaler
        Robert J. Kale, Esq., BBO No. 542040
        rkaler@ghlaw.com
        Edward W. Little, Esq., BBO No. 628985
        elittle@ghlaw.com
        David Himelfarb, BBO No. 649596
        dhimelfarb@ghlaw.com
        Gadsby Hannah LLP
        225 Franklin Street
        Boston, MA  0211
        Tel. (617) 345-7000

Dated: November 1, 2006

## CERTIFICATE OF SERVICE

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing motion to be served on counsel for Lycos through the Court's ECF system and by hand, this 1st day of November 2006.

        /s/ Robert J. Kaler
        Robert J. Kaler

B0488889v1

**Kaler, Robert**

**From:** TBean@mwe.com
**Sent:** Wednesday, November 01, 2006 7:54 AM
**To:** Kaler, Robert
**Cc:** Himelfarb, David; Little, Edward; Pellerin, Eileen; Robert Feldman
**Subject:** RE: Motion to Impound



We will file our response with the Court this a.m.

Thomas O. Bean
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
(617) 535-4426 (ph)
(617) 535-3800 (fax)
tbean@mwe.com

---

"Kaler, Robert" <RKaler@mccarter.com>

11/01/2006 07:26 AM

To  TBean@mwe.com
cc  "Robert Feldman" <feldman@birnbaumgodkin.com>, "Little, Edward" <ELittle@mccarter.com>, "Himelfarb, David" <DHimelfarb@mccarter.com>, "Pellerin, Eileen" <EPellerin@mccarter.com>
Subject  RE: Motion to Impound

Tom -

I have received your email below, but cannot agree with you. We certainly are not trying to mislead the Court or anyone else, and we have serious difficulty understanding your below disclaimer, and do not believe it is correct.

As we understand the facts, the Leaseforum privilege log was created by you and Lycos, and designated by Lycos as "Confidential," as were other Leaseforum documents. In particular, it was you folks who withheld the important August 8, 2003 email from John Kirk to Julie Callagee from Leaseforum's production as purportedly "privileged," and placed it instead on a "Confidential" privilege log. We have asked you to eliminate these designations.

To the extent that you are suggesting, in your email below, that it was Mr. Feldman who made these determinations, we are, by copy of this email, repeating the same request to him (although we believe you are the responsible party in this instance), and we will be happy to withdraw the motion to impound if appropriate de-designations are made by the

11/1/2006

two of you. If not, we will respond as necessary to anything you choose to file on the issue, as the withholding of the August 8, 2003 email is obviously an important issue.

Please feel free to give me a call if you have any questions.

Bob.

**Robert J. Kaler, Esq.**
**Partner**
**McCarter & English LLP**
**225 Franklin Street**
**Boston, MA 02110**
**Direct Tel. 617-345-7007**
**Direct Fax: 617-204-8007**
**Email: rkaler@mccarter.com**

**Boston   New York   Philadelphia   Baltimore   Hartford   Newark   Stamford   Wilmington**


-----Original Message-----
**From:** TBean@mwe.com [mailto:TBean@mwe.com]
**Sent:** Tuesday, October 31, 2006 4:42 PM
**To:** Kaler, Robert
**Cc:** Little, Edward
**Subject:** Motion to Impound


Bob, you have to stop misleading the Court. This morning, you sent me an e-mail requesting that Lycos de-designate certain material that was confidential to LeaseForum. At 3:10 this afternoon, p.m., I informed you that you should deal with LeaseForum on this request because Lycos had not designated any of the documents to which you refer "Confidential."

Now I see that at 3:29 p.m. you filed a pleading in which you represented to the Court that "to date Lycos has declined to withdraw [the confidentiality] designation." Your statement is miseadling in that (a) it implies that Lycos has designated that material confidential; and (b) Lycos has not agreed to withdraw the designation.

Request is hereby made that you file an Amended Motion to Impound before 6:00 p.m. today. correcting your misleading statement. Otherwise, we will file a pleading alerting the Court to those misleading statements.

Thomas O. Bean
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
(617) 535-4426 (ph)
(617) 535-3800 (fax)
tbean@mwe.com


******************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVATE communication. This message and all attachments are a private communication sent

by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.

---

**Effective June 1, 2006, the law firm of Gadsby Hannah has become part of McCarter & English, LLP.  Going forward please make a note of the new email addresses for Gadsby Hannah personnel.  These new email addresses can be found on the McCarter & English website at www.mccarter.com**

---

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email (or helpdesk@mccarter.com ) and destroy all copies of the original message.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.

11/1/2006

## Kaler, Robert

**From:** Kaler, Robert
**Sent:** Wednesday, November 01, 2006 11:31 AM
**To:** 'TBean@mwe.com'
**Cc:** Himelfarb, David; Little, Edward; Pellerin, Eileen
**Subject:** RE: Motion to Impound

EXHIBIT 2

Tom --

    I have your email below, and regret that you have filed an objection to our motion to file under seal without explaining that I responded to your email of yesterday (which I did not see until early this morning) in the below email earlier this morning.

    Your objection makes a series of vituperative and mistaken claims about CSI's document production, and seeks relief from the Court, without making a motion, that you have never discussed seeking with us as required by the Court's local rules. We wish to file a reply memorandum in response, and request that you promptly assent to this.

    In the meantime, the issue presented by our motion to impound does not relate to CSI's document production, but rather to Lycos' designations of Leaseforum material as both confidential and privileged. Please advise if Lycos (and/or its expert Leaseforum, if you claim they are making the designations) will de-designate the privilege log and the other materials we have requested, as this would render the motion moot.

                                                  RJKaler

**Robert J. Kaler, Esq.**
**Partner**
**McCarter & English LLP**
225 Franklin Street
Boston, MA 02110
Direct Tel. 617-345-7007
Direct Fax: 617-204-8007
Email: rkaler@mccarter.com

Boston  New York  Philadelphia  Baltimore  Hartford  Newark  Stamford  Wilmington


-----Original Message-----
**From:** TBean@mwe.com [mailto:TBean@mwe.com]
**Sent:** Wednesday, November 01, 2006 10:34 AM
**To:** Kaler, Robert
**Subject:** Re: Motion to Impound

```
Yes.  We just filed the objection.

Thomas O. Bean
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
```

11/1/2006