UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| LYCOS, INC., | ) C.A. No. 05-10017- RWZ |
| Defendant, | ) |
| BANK OF AMERICA f/k/a FLEET BANK, | ) |
| Trustee Process Defendant. | ) |

**COMPUTER SALES INTERNATIONAL, INC.'S MOTION
FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND COMPLAINT BASED ON NEW EVIDENCE
<u>UNCOVERED IN DISCOVERY</u>**

Plaintiff Computer Sales International, Inc., a/k/a CSI Leasing ("CSI"), respectfully moves this Court for leave to file the Reply Memorandum attached hereto as Exhibit A in support of its recent Motion to Amend Complaint Based on New Evidence Uncovered in Discovery, dated October 31, 2006 (Docket No. 104).

The grounds for this motion are that a short reply along the lines of the attached will assist the Court in deciding the motion to amend, and CSI, as moving party, ought to have the opportunity to respond briefly to the mistaken arguments in the Lycos' opposition to that motion.

WHEREFORE, CSI prays that this motion be allowed, and that it be granted leave to file the attached Reply Memorandum in further support Computer Sales International, Inc.'s Motion to Amend Complaint Based on New Evidence Uncovered in Discovery, dated October 31, 2006 (Docket No. 104). .

COMPUTER SALES INTERNATIONAL, INC.

By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, Esq., BBO No. 542040
rkaler@ghlaw.com
Edward W. Little, Esq., BBO No. 628985
elittle@ghlaw.com
David Himelfarb, BBO No. 649596
dhimelfarb@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated:  November 17, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Robert J. Kaler, counsel for CSI, hereby certify pursuant to Local Rule 7.1(A)(2) that I have conferred with counsel for Lycos to attempt to resolve or narrow the issues raised in this motion.

/s/ Robert J. Kaler
Robert J. Kaler

## CERTIFICATE OF SERVICE

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing motion to be served on counsel for Lycos through the Court's ECF system and by mail, this 17th day of November, 2006.

/s/ Robert J. Kaler
Robert J. Kaler

B0491388v1

UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| LYCOS, INC., | ) | C.A. No. 05-10017- RWZ |
| Defendant, | ) ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) | |
| Trustee Process Defendant. | ) ) | |

**REPLY MEMORANDUM OF PLAINTIFF CSI IN
FURTHER SUPPORT OF ITS MOTION TO AMEND COMPLAINT
BASED ON NEW EVIDENCE UNCOVERED IN DISCOVERY**

Plaintiff Computer Sales International, Inc., a/k/a CSI Leasing ("CSI"), respectfully submits this Reply Memorandum in further support of its Motion to Amend Complaint Based on New Evidence Uncovered in Discovery, dated October 31, 2006 (Docket No. 104) ("Motion to Amend"), and in response to defendant Lycos, Inc.'s opposition to that motion.[1]

**SUMMARY OF ARGUMENT**

Rather than attempting to dispute CSI's evidence as to the relevant events leading up to its filing of its Motion to Amend, as set forth in the affidavit and attached documentary evidence filed by CSI with that motion,[2] and without submitting any evidence establishing even a *prima facie* case of undue prejudice, and without attempting to distinguish CSI's legal citations, the

---

[1] *See* Lycos's Opposition to CSI's Motion to Amend Its Complaint, dated November 13, 2006 (Docket No. 113) (the "Lycos Opposition").

[2] *See* Affidavit of Counsel Attaching Relevant Discovery Materials in Support of CSI, Inc.'s Motion to Amend Complaint Based on New Evidence Uncovered in Discovery, dated October 31, 2006 (Docket No. 106) (the "CSI Affidavit").

Lycos Opposition challenges CSI's Motion to Amend, and its good faith, primarily by referring to various legal memoranda filed by CSI over the last several months in which CSI tried to keep the Court apprised of what it thought were important facts being uncovered in discovery.

There is a difference, however, between the discovery of incriminating facts, and the accumulation of sufficient evidence in total, including evidence of damage, to satisfy the requirements for asserting specific legal claims that will withstand close scrutiny. *See Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1247 (N.D. Cal. 1997) ("because the legal theory implicates Federal Rule of Civil Procedure 9(b), requiring pleading of fraud with particularity, ***[the defendant] was entitled to confirm factual allegations before amending to include the [new defense].***") (emphasis added).

In this case, the evidence in the record before the Court shows that CSI waited to seek the amendment only until it could confirm – with two of the key witnesses in the case, Susan Franklin and John Kirk of LeaseForum – all the elements it would need to prove the claims that it now seeks to amend to its Complaint with respect to Lycos (no claims are being sought against LeaseForum). *See* CSI Affidavit at pp. 4-7. Since there is no evidence whatever of "undue prejudice" to Lycos (in fact it has submitted no evidence),³ and no evidence that the proposed amendments are legally insufficient or a nullity, and since they clearly arise out of the same facts

---

3   As the federal courts have repeatedly held, the test for allowing an amendment which states a valid legal claim is not whether the opposing party would be prejudiced -- because it is always prejudiced to some degree in that the amendment is being sought by its opponent -- but whether there is **<u>undue prejudice</u>** to the opposing party ***that outweighs the law's interest in having a case decided in its entirety on the merits in one proceeding, and the moving party's legitimate interest in presenting its case in full in that proceeding.*** *See Alberto-Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1162 (N.D. Ill. 1976) ("Almost every amendment of a complaint results in some prejudice to the defendant. … The test in each case then, must be whether **undue** prejudice would result. … ***Only where the prejudice outweighs the moving party's right to have the case decided on the merits should amendment be prohibited***."); *American Broadcasting Co., Inc. v. Maljack Productions, Inc*., 1998 WL 325209, *3 (N.D. Ill. June 9, 1998) ("As nearly every motion to amend will result in some prejudice to the non-moving party, the test is whether there is **undue** prejudice to the non-moving party.") (citation in original) (citing *United States v. Hougham*, 364 U.S. 310, 316 (1960)).

that will be presented at trial already as part of the existing case, the Motion to Amend should be properly allowed under Fed. R. Civ. P. 15.

## ARGUMENT

**A.    CSI'S MOTION TO AMEND WAS PROMPTLY FILED AS SOON AS CSI LEARNED ALL OF THE RELEVANT SUPPORTING FACTS**

Lycos's primary argument in opposition to CSI's Motion to Amend is that CSI unduly delayed bringing its motion because it supposedly knew the facts necessary to amend its Complaint as early as May 2, 2006, but waited until October 2006 to seek leave to do so.  *See* Opposition at 2.  This contention is misplaced.  While CSI did learn of Lycos's "Phase II" plan in the Spring of 2006, CSI did not understand the particularities and full import of the plan until it received the Affidavit of Susan Franklin on September 13, 2006, and deposed both Ms. Franklin and Mr. Kirk on October 24 and 25, 2006.

The testimony of those witnesses was vital to CSI's decision to seek leave to amend its complaint because it established that Lycos' professed ignorance as to the amount of money CSI was making under the leases was belied by the evidence.  This information, in turn, connected the dots, so to speak, as to how exactly Lycos intended to implement "Phase II" – namely by entering into the Sales Agreement to set a ceiling for its liabilities, and then attempting to drive that amount down further based on spurious claims that CSI's representative Paul Stenberg misrepresented this and other information.  The testimony of those witnesses was also necessary to establish that they were representing Lycos in the negotiation with CSI that Summer, and had in fact commenced "Phase II" before the August 8, 2003 Sales Agreement was signed.

In this regard, it was not until September 13, 2006, when Susan Franklin filed an affidavit with the Court revealing that she had in her possession, months before the buyout and while she was negotiating with CSI, a critical spreadsheet showing a breakdown of CSI's original

equipment cost and lease rental revenue, that the full scope of the evidence pointing to fraud and abuse of process by Lycos began to become clear. *See* Affidavit of Susan Franklin in Support of Motion to Quash ¶¶ 5-6 dated September 13, 2006 (Docket No. 94) ("The photocopy of an Excel spreadsheet … which was produced to CSI on or about March 17, 2006 represents a printout from an Excel spreadsheet I utilized in my work on behalf of Lycos during 2003.  Upon information and belief, *the document identified as Exhibit B was printed out from the source spreadsheet in [or] about June 2003*.") (emphasis added).

This September 13, 2006 affidavit, however, was stated only "upon information and belief," and omitted other relevant information.  CSI therefore deemed it prudent to wait until it could take the depositions of Ms. Franklin and Mr. Kirk, and obtain definitive testimony from them, before asserting serious claims on this issue -- and those depositions were delayed at the witnesses' and counsel's request until late October 2006.  *See* Affidavit of Counsel, ¶¶ 12-16.[4]

Thus, CSI's purported "delay" in bringing its Motion to Amend was, at most, from October 25, 2005 (the date of the Susan Franklin deposition) to October 30, 2006, a span of three (3) business days -- not the six months claimed by Lycos – and it was legitimately motivated by the need to verify certain key facts relating to the claim in the depositions of John Franklin and Susan Kirk.  This kind of brief delay is not in any way unreasonable, nor can it fairly merit denial of the Motion to Amend.  *See, e.g.*, *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (reversing district court order denying leave to amend on the grounds of a month-long delay,

---

[4] Lycos's Opposition cites *Resnick v. Copyright Clearance Center, Inc.*, 422 F. Supp. 2d. 252 (D. Mass. 2006) (Zobel, J.), to support its undue delay argument.  That case is easily distinguishable.  There, plaintiffs waited over ***three years*** between the time one of their counts was dismissed and the time they attempted to revive the count.  The Court denied leave to amend on delay and futility grounds and found that plaintiffs offered no "valid reason" for their delay.  *Id.* at 256.  In contrast, here there was no delay, much less a three-year delay, and CSI's conduct was reasonable throughout as carefully explained in the Affidavit of Counsel accompanying the Motion to Amend.

-5-

noting that "[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.").[5]

This is particularly true where the record clearly establishes that CSI had been attempting to depose LeaseForum employees since May 2006 (the time when Lycos claims CSI should have brought its motion), but due to a variety of circumstances beyond its control, including the witnesses declining to produce certain key electronic records, thereby requiring CSI to bring a motion to compel that was decided at the end of August 2006, those depositions were delayed until October.  *See Affidavit of Counsel* at ¶ 9-14.  Less than a week after those depositions were taken, and key evidence established, CSI filed its Motion to Amend.  *Phoenix Technologies, Inc. v. TRW, Inc.*, 834 F. Supp. 148 150-51 (E.D. Pa. 1993) (no undue delay to add fraud claim when motion was made less than two weeks after taking of deposition which disclosed the fraud).[6] This was not untimely.

**B.    THE LYCOS OPPOSITION FAILS TO ESTABLISH THAT GRANTING THE MOTION TO AMEND WOULD BE IN ANY WAY UNDULY PREJUDICIAL**

The Lycos Opposition also argues that granting CSI's Motion to Amend would be unduly prejudicial to it because "Lycos has already deposed five and is in the middle of deposing a sixth

---

[5]  Even under Lycos's theory that CSI learned of all the information it needed in May 2006, which is mistaken, CSI acted diligently in attempting to confirm this information through the depositions of Susan Franklin and John Kirk shortly thereafter. *See Affidavit of Counsel* at ¶¶ 8-16.  CSI served a subpoena on John Kirk on May 15, 2006 seeking to take his deposition on June 2, 2006, for example.  After unsuccessfully attempting to work the matter out with LeaseForum, CSI was forced to bring a Motion to Compel as to key electronic records that it needed.  After a hearing with the Court, LeaseForum was ordered to produce documents and those documents were received on or about September 1, 2006, but omitted certain crucial information (such as the date when the lease information spreadsheet was created).  That information was not learned until mid-September 2006, with Ms. Franklin and Mr. Kirk's depositions set to go forward the next month.

[6]  Lycos's Opposition inordinately fixates on CSI's comment that a thorough pre-filing investigation is required to satisfy Rule 11.  While that is clearly the case, CSI is further entitled to exceed the pre-filing investigation requirements of Rule 11 and to ensure not only that its claims satisfy Rule 11, but that they can be proven at trial.  This is particularly so when fraud allegations are involved, which are subject to a more stringent pleading requirement.

CSI employee, and has cross-examined witnesses in two third-party depositions taken by CSI, including one in California." Opposition at 8. Several of these depositions were taken after the Motion to Amend was filed, however, and no questions about the proposed amended claims were asked. The Lycos Opposition also offers no explanation as to why any of the four witnesses whose depositions had already been taken at the time the Motion to Amend was filed would need to be re-deposed on the issues raised in the proposed amendment, which were already part of CSI's defense to Lycos claims at the time of those depositions – and CSI has offered to make them available anyway if the need arises. Moreover, the proposed amended claims involve facts intimately known to Lycos, but only recently uncovered by CSI. They are not matters about which Lycos can get discovery from CSI (except on damages issues, which have not yet been addressed).

In short, while the Lycos Opposition makes a series of boilerplate assertions of "prejudice," Lycos has not presented, and cannot show, any actual *evidence* of prejudice, let alone undue prejudice, that would result from allowance of the Motion to Amend. Even if it could demonstrate that it had to re-depose a one or more witnesses, for example (which it has not), that would not outweigh CSI's legitimate right, and the law's interest, in having these closely related claims adjudicated in one proceeding. *See Alberto-Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1162 (N.D. Ill. 1976) ("Almost every amendment of a complaint results in some prejudice to the defendant. … Only where the prejudice outweighs the moving party's right to have the case decided on the merits should amendment be prohibited.").

**C.   LYCOS HAS PRESENTED NO EVIDENCE OF BAD FAITH THAT WOULD BAR THE PROPOSED AMENDMENT**

Finally, the Lycos Opposition argues that CSI has somehow acted in bad faith because its Motion to Amend was filed "on the second business day after receiving Lycos's Answers to

Interrogatories." *See* Lycos Opposition at 9.  The Motion to Amend, however, was obviously not triggered by that, but by the information gleaned through the Franklin and Kirk depositions, which CSI has explained is the reason for the timing of its Motion to Amend.  In this regard, the Lycos Opposition does not explain why there is any relevance to the fact that CSI's Motion to Amend came shortly after its interrogatory responses were served, much less why this perceived connection "is the epitome of bad faith."  *See* Lycos Opposition at 10.[7]  Lycos' claimed damages were already stated to be in excess of $15 million before trebling, so the revelation in Lycos' interrogatory answers that those damages are now claimed to be between $18 Million and $19 Million was not revealing anything extraordinary – and common sense suggests that those answers are not likely to have influenced the filing of the Motion to Amend, and more importantly, Lycos has submitted no *evidence* that they did.

Again, saying something does not make it so, and the Lycos Opposition does not establish in any way that CSI has acted in bad faith, nor does it explain why the rule of liberally allowing amendments to pleadings, especially when they are based on newly discovered evidence that clearly was not available to CSI when the Complaint was filed, should be disregarded in this case.  For these reasons, the Motion to Amend should be properly allowed.

---

[7] Lycos also argues, somewhat confusingly, that CSI's Motion to Amend is brought in bad faith because it "does not even pass the 'red face' test …." Lycos Opposition at 11. If Lycos believes CSI's claims lack merit, it can always bring a motion to dismiss and it could have challenged the amendment on futility grounds, something it has chosen not to do. In any event, Lycos's arguments are unpersuasive and misapprehend CSI's proposed amendment. Lycos appears to argue that because Lycos was obligated to honor the Sales Agreement, it cannot have committed fraud. This ignores the internal documents CSI has uncovered where Lycos agreed to the Sales Agreement to set a baseline for its potential liability to CSI and then proceeded to attempt to further reduce its obligations by refusing to honor those obligations.

-8-

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in CSI's Motion to Amend and its original supporting memorandum and affidavit, CSI respectfully requests that its Motion to Amend be allowed.

        COMPUTER SALES INTERNATIONAL, INC.

        By its attorneys,

        /s/ Robert J. Kaler
        Robert J. Kaler, Esq., BBO No. 542040
        rkaler@ghlaw.com
        Edward W. Little, Esq., BBO No. 628985
        elittle@ghlaw.com
        David Himelfarb, BBO No. 649596
        dhimelfarb@ghlaw.com
        Gadsby Hannah LLP
        225 Franklin Street
        Boston, MA 0211

Dated: November 17, 2006        Tel. (617) 345-7000

## CERTIFICATE OF SERVICE

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing motion to be served on counsel for Lycos through the Court's ECF system and by mail, this 17th day of November 2006.

        /s/ Robert J. Kaler
        Robert J. Kaler

B0490684v1