UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br> Plaintiff, <br> v. <br> LYCOS, INC., <br> Defendant-Counterclaimant, <br> and <br> BANK OF AMERICA f/k/a FLEET BANK, <br> Trustee Process Defendant. | C.A. No. 05-10017- RWZ |

**STATUS REPORT**
**OF PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.**

Plaintiff CSI Leasing, Inc. f/k/a Computer Sales International, Inc. ("CSI") respectfully submits this Status Report pursuant to the Court's directive of November 8, 2006.

**I.**

The parties have agreed, in an effort to alleviate the problem of having to file documents under seal, that they will each review their confidentiality designations and de-designate whatever categories of records they can within the next three weeks. This should alleviate the problem of filing documents under seal. CSI has also proposed an exchange of detailed privilege logs to narrow the issues related to its challenge to Lycos assertion of attorney-client privilege as to its communications with its consultant LeaseForum, and has asked for supplemental interrogatory answers from Lycos definitively stating its alleged counterclaim damages (the existing answers say only what the damages "may" be). Other issues are also being discussed.

The draft of a joint status report submitted by Lycos to CSI this week, however, illustrates a problem. It was so replete with insupportable personal attacks on counsel that CSI

could not join in it; hence this report.  Without submitting *any* evidence to support its claims, Lycos is simply lashing out at its opponent with increasingly reckless claims of discovery malfeasance that simply have no factual basis – virtually goading this Court to appoint a discovery master, and to enter a draconian order (a draft of which was attached to Lycos' draft report) ceding all manner of authority to the master, when (i) none is warranted, (ii) nothing material has been withheld from Lycos, and (iii) Lycos is badly losing on the facts.

CSI appreciates that the Court is disinclined to act as a referee on discovery disputes.  On the other hand, Lycos' willingness, in unsworn legal memoranda, to accuse, insult, and disparage CSI, its employees, and its counsel (something which has been happening for months, and was repeated in the Lycos status report it proposed to CSI) ***ought not to buy it a discovery master***.  Unsworn and insupportable allegations of counsel cannot substitute for <u>actual</u> <u>evidence</u> that CSI (which has produced hundreds of thousands of records, far more than it was required) has in any way failed to meet its discovery obligations.  Here there is no such evidence.

**II.**

As Wright & Miller, *Federal Practice and Procedure*, points out, "[b]ecause the use of masters is expensive and frequently leads to delay, reference to a master is justified only in rare cases."  *Id.* at § 2601, pp. 643-644.  Put simply, Lycos is attempting to manipulate the Court into appointing such a Master based on unsworn and unsubstantiated *ad hominem* attacks which demean the Court, counsel, and the parties.  If it has evidence that relevant material is being withheld, for example, it has not submitted it to the Court – or to CSI.  And as to depositions, the problem in this case is not that witnesses have been in any way mistreated, as Lycos strangely and belatedly claimed in its draft report, but that they have admitted facts severely detrimental to Lycos' counterclaim.

In this regard, the evidence more recently uncovered in discovery – principally through depositions of key Lycos personnel, and subpoenas to Lycos advisors – has called into serious question the legitimacy of Lycos' counterclaim, and has shown that its officers clearly understood the CSI leases, made millions of dollars in part by extending Lycos' leases with CSI and keeping the company's earnings up, and were in no way deceived by Paul Stenberg or anyone else from CSI. *See* Reply Status Memorandum of Plaintiff Computer Sales International, Inc., dated September 28, 2006 (Docket No. 109).

Lycos demand for a Discovery Master, resuscitated in the wake of CSI's Motion to Amend its Complaint (prior to that time CSI was under the impression that most discovery issues, except for the privilege questions, had been resolved), is not supported by any affidavits that would establish "good cause" for anything. Instead, it consists solely of unsworn, unsupported, and frequently non-specific allegations of counsel -- which include increasingly bizarre claims that Lycos witnesses ***who have admitted*** under cross-examination that Lycos kept detailed records of the CSI leases, and knew full well what CSI was earning on those leases, were somehow bullied into doing so – a specious claim belied by the fact that all were represented by counsel at their depositions, and were not in any way mistreated.

In making these allegations, Lycos is attempting to play on the Court's impatience with the parties ongoing exchanges, which are admittedly distasteful, and maneuver the Court into appointing a master with whom Lycos will attempt to employ the same strategy described above, and if possible delay and cripple the ongoing depositions that are eviscerating the purported factual basis for its counterclaim. Although CSI appreciates the Court's impatience with this entire issue, it respectfully submits that apart from the issue of limiting the designation of

documents as Confidential, which the parties have addressed, the appointment of a discovery master is not necessary, and would be particularly counterproductive at this time.

In this regard, notwithstanding Lycos unsupported allegations to the contrary, CSI has done nothing that would justify the conclusion that it should be subjected to the expense, inevitable delay, and burden of a discovery master process, in which the entire case would have to be explained anew to the master, and currently scheduled depositions inevitably delayed. To the contrary, CSI has bent over backwards to produce to Lycos literally thousands of pages of irrelevant but requested records -- expense reports, internal financials, commission records, etc. – all in an effort to avoid discovery disputes.

At this point, there are simpler and more effective alternatives to a discovery master that would bring about far better results if the parties cannot resolve any future issues on their own. One is for evidence, rather than argument, to be presented—and for any issues to be raised and decided in a single hearing without motion practice. Because the Court knows this case, and the issues in it, and will ultimately be determining what evidence is relevant and admissible at trial, it is uniquely well-positioned to set the limits of discovery. In addition, there are several issues, such as Lycos attorney-client privilege claim as to its communications with the LeaseForum witnesses, and the proper scope of discovery given the remaining issues in this case, that will have to be decided by the Court in any event.

If, however, the Court were to conclude that it wanted a master, CSI would request the opportunity to propose promptly a list of experienced candidates, and to submit promptly a proposed order which would be more suitable than that proposed by Lycos in its status memorandum.

## III.

To some extent, Lycos has sought to expand the scope of its discovery in this case into areas well beyond what CSI believes is legitimately relevant to the issues. CSI has tried to accommodate that expansion, although it disagrees with it, simply to avoid disputes, and has pressed on with depositions on the key issues. Much of what Lycos may be seeking now seems to go beyond previous limits, however (*e.g.* it has just subpoenaed one of CSI's major shareholders, a venture capital firm, seeking investment information from that company that would appear to have no relevance to the events at issue in this case). In CSI's view, only the Court can judge the proper scope of that discovery.

### CONCLUSION

For all of these reasons, CSI respectfully submits that the appointment of a discovery master is not appropriate or warranted at this time, and would actually increase, rather than help control and resolve, discovery problems – in a situation in which CSI would like to see discovery completed within the next few months.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, Esq., BBO No. 542040
Edward W. Little, Esq.
McCarter & English LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated: November 17, 2006

B0473516v1