UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ |
| Defendant, ) | |
| ) | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | |
| ) | |
| Trustee Process Defendant. ) | |

**LYCOS'S STATEMENT WITH RESPECT TO
APPOINTMENT OF A DISCOVERY MASTER**

Defendant and plaintiff-in-counterclaim, Lycos, Inc. ("Lycos"), respectfully submits this Statement with Respect to Appointment of a Discovery Master in response to this Court's Order entered on November 8, 2006.

Perhaps the best indicators that the parties need a Discovery Master in this case are that the parties could not even agree on a joint statement to file with the Court (as was requested by the Court) and the hostility of Computer Sales International, Inc.'s ("CSI") comments in its Status Report filed earlier today (Dkt. No. 115). As is also evidenced by the number of discovery motions filed over the past several months, the parties simply require assistance in resolving their discovery differences in this case. While the parties disagree about the reasons for the difficulty, one fact is undisputed: despite months of negotiations and numerous meetings after the Court requested the parties seek to resolve their differences, the parties have been unable to settle their discovery disputes on their own. At the Court's request during last week's telephonic conference, the parties again exchanged lists of outstanding discovery issues (as they

have done in the past) and met again this week in an effort to resolve those outstanding issues. Those efforts were again unsuccessful.[1]

Lycos wants a Discovery Master because it continues to be frustrated with and hamstrung by CSI's conduct during discovery. Despite its protestations to the contrary in, among other things, its Status Report, CSI has failed or refused to produce clearly discoverable materials (including materials identified during a deposition today of CSI's co-Chief Financial Officer), claimed that directly relevant materials had no relevance whatsoever (most often when such materials were harmful to its case),[2] relied on self-created and improper standards of discovery (such as "reciprocity"),[3] "bullied" Lycos and third-party witnesses, attempted to bully counsel for Lycos and LeaseForum, and made repeated speaking objections during depositions. Indeed, Lycos is still waiting for certain documents from CSI that it requested *last December*. It is in part because of its difficulty in obtaining documents from CSI that Lycos has subpoenaed a CSI shareholder (a large private equity firm that invested $30 million in CSI approximately four

---

[1] In an effort to alleviate the problem of having to file documents under seal, the parties have agreed that they will each review their "Confidentiality" designations and remove the "Confidentiality" designation on all documents and pages of deposition transcripts that are not "Confidential" within the meaning of paragraph 2 of this Court's Confidentiality Order provided, however, that the parties may designate as "Confidential" personal financial information of any current or former employees, regardless of whether such information falls within the definition of "Confidentiality" in that Order. The parties have agreed to do this on or before December 8, 2006.

[2] One need look no further than CSI's Status Report for an example of this. CSI claims that "commission records" are irrelevant. Status Report at 4. These records, which were produced only after *months* of persistence and motion practice by Lycos, have revealed that CSI's account executive responsible for the Lycos account was paid *over $4 million dollars in commissions in connection with Lycos alone*—most of which was earned on rewrites and the buyout. That CSI personnel had a massive economic incentive to push rewrites and buyouts is relevant because, among other things, it rebuts CSI's argument that it was Lycos's idea to rewrite the leases and gets to CSI's motive to defraud Lycos.

[3] Without citing any authority whatsoever, CSI has maintained that discovery should be based not on relevance, but on "reciprocity." See CSI's Reply Status Memorandum (Dkt. No. 101) at 15-16. As evidence of CSI's gamesmanship, on October 5, 2006, CSI served a second document request on Lycos in which it seeks, virtually verbatim, the same documents that Lycos requested from CSI in Lycos's first document request, even though Lycos documents of the same nature have absolutely no bearing whatsoever on CSI's defenses to Lycos's claims. In fact, in one request, CSI failed even to change the proper party involved, requesting "All documents concerning any incentive or bonus plan made available by *CSI* to its employees. " (Emphasis supplied.) Copies of Lycos's and CSI's document requests can be made available to the Court upon request.

years ago during CSI's relationship with Lycos). Unfortunately, Lycos's experience with CSI is not unique. At least three third parties have written letters in which they have objected to and described CSI's abusive conduct. In its Status Report, CSI claims that Lycos's allegations in this regard are unsupported.[4] In response to that charge, attached hereto as *Exhibit 1* are those letters.[5]

With respect to CSI's concerns about the scope of discovery, it was CSI that filed a motion to take an unlimited number of depositions. Dkt. No. 102. It was also CSI who wanted to go so far beyond a reasonable scope of discovery in examining LeaseForum that the Court held a telephonic hearing in the middle of a deposition on October 25, 2006 that limited the scope of CSI's inquiries. Thus, to the extent CSI is concerned that Lycos is seeking to unnecessarily expand the scope of discovery, "the pot is calling the kettle black."

Perhaps most frustrating, however, is that CSI continues its practice of saying one thing to the Court after having said something different to Lycos. Prior to filing separate Statements, Lycos and CSI exchanged draft position statements concerning the appointment of a Discovery Master with an eye toward filing a joint statement. In CSI's draft statement, it represented that "In addition, there is at least one significant issue of attorney client privilege (which is really CSI's only major discovery problem at the moment) that will have to be decided by the Court in any event." Yet, at the end of last week, CSI sent Lycos two e-mails listing at least *nine*

---

[4] Ironically, even after making numerous misrepresentations to the Court in its recently filed Motion to File Amended Complaint (*see* Lycos's Opposition thereto, Dkt. No. 113), CSI charges *Lycos* with making unsupported accusations. CSI then goes on to represent to the Court that Lycos witnesses have admitted certain facts that CSI apparently deems dispositive of Lycos's claims. Yet, CSI neglects to include any reference, cite, or otherwise to support for its assertions. The reason, of course, is because there assertions are simply not true. And, if CSI really believes its representations in this regard, it demonstrates a lack of understanding of Lycos's claims, the relevant facts, and the applicable law.

[5] Contrary to what is insinuated in CSI's Status Report, Lycos takes no pleasure in making statements concerning CSI's counsel's conduct, but that conduct has proven to be such a hindrance in this case that Lycos has little choice but to refer to it as a basis for appointing a Discovery Master.

discovery issues it wanted to discuss. One of the e-mails described the list as a "preliminary short list of *major* outstanding discovery issues for discussion from [CSI's] standpoint." (Emphasis added.). *See Exhibits 2* and *3* hereto.[6]

It is time to get control of discovery in this case. While Lycos does not relish having to pay half the reasonable attorneys' fees and costs of a Discovery Master, it believes that, given the foregoing, the appointment of a Discovery Master is the only way to proceed at this point. Lycos believes that CSI's objection to the appointment of a Discovery Master (which it told the Court just last week it was not afraid of) is because, in reality, it does not want its actions to be scrutinized and subject to oversight. Lycos requests that the Court appoint a "no-nonsense" Discovery Master to supervise both parties.

Lycos has attached as *Exhibit 4* a proposed form of Order for the Court's consideration appointing a Discovery Master in accordance with Fed. R. Civ. P. 53(b).[7]

Respectfully submitted,

Dated: November 17, 2006

LYCOS, INC.,

By its attorneys,

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston MA 02109
(617) 535-4000

---

[6] CSI offers yet another characterization in its as-filed Status Report—claiming that until recently it was under the impression that "most discovery issues, except for the privilege questions, had been resolved." Status Report at 3.

[7] While CSI describes Lycos's proposed form of order as "draconian," the form of order is virtually identical to that entered by Judge Lindsay on December 13, 2005, in *Kotva a.s. v. Andrew Weiss, et al.*, C.A. No. 05-10679 (Dkt. No. 43 of that case).

- 5 -

## CERTIFICATE OF SERVICE

      I, Peter M. Acton, Jr., hereby certify that on this 17th day of November, 2006, I caused a true and correct copy of the foregoing document to be served by electronic mail and first-class mail, postage pre-paid, on the following:

Robert J. Kaler  
Edward W. Little, Jr.  
McCarter & English LLP  
225 Franklin Street  
Boston, MA 02110  
rkaler@mccarter.com  
elittle@mccarter.com (and elittlejr@comcast.net)

                                              /s/ Peter M. Acton, Jr.  
                                              Peter M. Acton, Jr



**Peter M. Sanders**
Chief Litigation & Employment Counsel

Direct Dial (480) 643-7836

September 19, 2006

Mark O. Blais
Deputy General Counsel
Lycos, Inc.
100 Fifth Avenue
Waltham, MA   02451

Dear Mark:

    Pursuant to your request, attached please find a copy of the email communication I sent to Robert Kaler, Esq. for your perusal. I found him to be very unprofessional, rude, and extremely disrespectful to my Administrative Assistant. Conversely, I cannot say anything negative about Edward Little, Jr., he was the consummate professional.

    Until our paths cross again....good luck in all of your endeavors.

Respectfully submitted,

Peter M. Sanders

PMS:ss

Attachments

# Deloitte

Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754
USA

Tel: +1 212 492 4000
Fax: +1 212 492 4201
www.deloitte.com

February 2, 2006

**VIA FACSIMILE AND MAIL**

Robert J. Kaler, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

    Re:   *Computer Sales International, Inc. v. Lycos, Inc.*/Subpoena
            Addressed to Deloitte & Touche LLP

Dear Mr. Kaler:

    I am in receipt of your correspondence of today's date and have listened to your voicemail. As I stated in our conversations and in my previous letters, Deloitte & Touche LLP ("D&T") – a third party to your litigation – will not be in a position to produce a 30(b)(6) witness prior to gathering and reviewing documents responsive to your subpoena. Accordingly, we are unable to produce a witness tomorrow.

    On the other hand, we have indicated that we will make an appropriate document production, and we will produce a 30(b)(6) witness at a mutually convenient date. Moreover, we remain willing to discuss this matter so that it can be amicably resolved. Your repeated threats are not productive, and should you move to compel under these circumstances, we will cross move for costs and sanctions.

    Please call me if you would like to discuss this further.

Very truly yours,

Jolie L. Schwell
Counsel

cc: Thomas O. Bean, Esq. (*via facsimile and mail*)



# BIRNBAUM & GODKIN, LLP
### ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

February 24, 2006

**BY FACSIMILE AND
FIRST CLASS MAIL**

Robert J. Kaler, Esq
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

    Re:    *Computer Sales International, Inc. v. Lycos, Inc., et al.*
           United States District Court, C.A. No. 05-10017-RWZ

Dear Bob:

    At your request, attached is the letter you and I received from Lycos' counsel on January 23, 2006.

    As I told you during our phone conversation this morning, while we have objected to the subpoenas -- for reasons which include the fact that certain requests suggest that CSI intends to use Rule 45 for an improper purpose (see January 27, 2006 Letter From Robert Feldman To Robert Kaler, Objection No. 3) -- my clients nonetheless had hoped to resolve our objections amicably. The goal was to provide you with the bulk of the information you requested, while narrowing the scope of the subpoenas to address my clients' concern. Up until today's call, I thought we were making progress.

    I was surprised by your threats and bombast in today's call. After not hearing from you for more than a week, today you threatened a motion for sanctions against American River and Ms. Franklin for failing to produce responsive documents. Moreover, you stated that you were going to file a motion to compel on the documents that are most objectionable to us.

    As I told you, I will confer with Ms. Franklin upon her return next week to discuss CSI's threats and its changing position. I will be prepared to discuss these matters further with you early next week.

Very truly yours,

Robert N. Feldman

RNF:cam
Attachment
cc: Thomas O. Bean, Esq. (By fax)



"Kaler, Robert" &lt;RKaler@mccarter.com&gt;
11/10/2006 04:27 PM

To  TBean@mwe.com
cc  "Little, Edward" &lt;ELittle@mccarter.com&gt;, "Himelfarb, David" &lt;DHimelfarb@mccarter.com&gt;, "Pellerin, Eileen" &lt;EPellerin@mccarter.com&gt;
bcc
Subject  Discovery Issues for Discussion

History:   This message has been replied to and forwarded.

Tom --

Below is a preliminary short list of major outstanding discovery issues for discussion from our standpoint. We may add to it, but it should give you an idea. Why don't you send me what you have, and we can talk next week.

Robert J. Kaler, Esq.
Partner
McCarter & English LLP
225 Franklin Street
Boston, MA 02110
Direct Tel. 617-345-7007
Direct Fax: 617-204-8007
Email: rkaler@mccarter.com

Boston  New York  Philadelphia  Baltimore  Hartford  Newark  Stamford  Wilmington

## ISSUES FOR DISCUSSION

1. **Lycos Privilege Claims**
   a. Lycos/American River Privilege Logs (CSI & Lycos Logs still to be exchanged; Eileen will call Peter Monday) -- CSI challenges privilege claims
   b. Redactions from Selected Lycos Documents -- CSI challenges selected privilege claims
   c. Deposition Testimony Privilege Claims -- CSI challenges selected privilege claims

2. **Lycos Documents/Electronic Records Not Produced**
   a. Stock Option Grant Detail Reports for Lycos employees - Bailee, Ripps, Callagee, Karol, Feinberg, et al. -- CSI seeking stock option info
   b. Lycos Gift & Expense Policies and records -- CSI seeking these records as to CSI
   c. Lycos records re accrual of $3.7 Million recorded by Lycos/Kevin Baillie -- CSI seeking those
   d. Email Back-up -- Ted Philip, Cucoliza, Simmons-Berry, etc -- CSI seeking those records

3. **Lycos Interrogatory Answers** -- CSI seeking more complete and definitive responses (*e.g.* as to method of calculating and amount of damages, other interrogatory answers, etc.)

4. CSI Depositions underway, scheduled or to be scheduled
   a. Lucy
   b. Ripps
   c. Guilfoyle
   d. Karol
   e. Feinberg
   f. Baillie
   g. *Rule 30(b)(6) -- Susan Franklin*
5. Lycos Depositions underway, scheduled, or to be scheduled
   a. Steinback -- protective order issue
   b. Kersting -- location & timing issue
   c. Ausubel -- location & timing issue
   d. Zigman -- location & timing issue
6. Discovery Completion Schedule - CSI view is that realistically, we will need to go somewhat past 1/31/07

**Effective June 1, 2006, the law firm of Gadsby Hannah has become part of McCarter & English, LLP. Going forward please make a note of the new email addresses for Gadsby Hannah personnel. These new email addresses can be found on the McCarter & English website at www.mccarter.com**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email (or helpdesk@mccarter.com ) and destroy all copies of the original message.



"Kaler, Robert"
<RKaler@mccarter.com>
11/13/2006 08:17 AM

To  TBean@mwe.com
cc  "Little, Edward" <ELittle@mccarter.com>, "Himelfarb, David" <DHimelfarb@mccarter.com>, "Pellerin, Eileen" <EPellerin@mccarter.com>
bcc
Subject  RE: Discovery Issues for Discussion

History:        This message has been replied to.

Tom --

The following should be added to our list of issues to discuss:

1.       Production of the Lycos Acceptance of Gifts policy identified by Ted Philip

2.       Production of the Lycos' and Terra Lycos' (and now Daum's)records of stock option grants

3.       Production of theLycos records of its expense reduction measures and policies, particularly in 2001

Robert J. Kaler, Esq.
Partner
McCarter & English LLP
225 Franklin Street
Boston, MA 02110
Direct Tel. 617-345-7007
Direct Fax: 617-204-8007
Email: rkaler@mccarter.com <mailto:rkaler@mccarter.com>

Boston  New York  Philadelphia  Baltimore  Hartford  Newark  Stamford  Wilmington
Bob.

-----Original Message-----
From: TBean@mwe.com [mailto:TBean@mwe.com]
Sent: Friday, November 10, 2006 4:35 PM
To: Kaler, Robert
Subject: Discovery Issues for Discussion


Return Receipt

    Your        Discovery Issues for Discussion
    document:

    was         Thomas O Bean/BST/MWE
    received
    by:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) | C.A. No. 05-10017-RWZ |
| v. | ) ) ) | |
| LYCOS, INC., | ) ) | |
| Defendant and Plaintiff-in-Counterclaim, | ) ) ) | |
| and | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) ) | |
| Trustee Process Defendant | ) | |

**ORDER APPOINTING DISCOVERY MASTER**

To facilitate the prompt and efficient disposition of this case, the Court makes the following orders.

1. Pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court appoints _____ as Discovery Master in this matter. His/her telephone/fax number is _____. _____ may be reached by e-mail at _____.

2. All pending and future discovery motions brought under Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure are hereby referred to the Discovery Master. The Discovery Master promptly must resolve discovery motions made by a party to this action or by a nonparty recipient of a subpoena. (Any party serving a subpoena on a nonparty to this action must also serve the recipient thereof with a copy of this Order.)

3. The Discovery Master shall have the authority to convene conferences with the parties and any nonparty recipient of a subpoena for the purposes of facilitating discovery and avoiding and resolving discovery disputes. He/she shall have the authority to resolve disputes concerning the sequence, timing and manner of discovery (including the limiting or expanding of the number of discovery events, the limiting or expanding of the time within which a discovery event may be accomplished, and the issuance of protective orders). The Discover Master also shall have the authority to impose upon any party a non-contempt sanction provided by Rule 37 or 45, and may recommend contempt sanctions against a party and sanctions against a nonparty. The Discovery Master shall not have the authority, however, to modify any scheduling order previously entered by the Court.

4. The plaintiff shall forthwith deliver to the Discovery Master copies of the complaint and the answers filed by the defendants, and such other documents as each party shall deem necessary or appropriate. Each party shall forthwith deliver to the Discovery Master copies of all papers it has filed in connection with pending discovery motions. Future discovery motions, if any, and papers related to such motions shall be filed with the Court and served upon the Discovery Master. The filing and service of discovery motions shall otherwise comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules").

5. The Discovery Master shall determine the extent of any written briefing of discovery motions, whether and to what extent hearings are required for the resolution of such motions, and the location of any such hearings. Upon ruling on a discovery motion, the Discovery Master must state his/her rulings in writing.

BST99 1523298-1.057077.0012

6. Fed. R. Civ. P. 53(g) shall govern the standard of review applicable to rulings made by the Discovery Master. The procedure for seeking review of a ruling on the Discovery Master, however, shall be that set out in Fed. R. Civ. P. 72(a) with respect to non-dispositive matters referred to a magistrate judge. The Court expects that parties and nonparties affected by rulings of the Discovery Master will exercise restraint in seeking review of rulings made by the Discovery Master, and that review will not be sought routinely, but only in those circumstances in which substantial interests of the party or nonparty seeking review are affected by the rulings of the Discovery Master. Moreover, before any party or nonparty may file with the Court a motion by which review of a ruling of the Discovery Master is sought, the movant must first confer in good faith with all other parties and/or nonparties affected by the ruling, for the purpose of resolving or narrowing the issue(s) as to which review otherwise would be sought. In any motion for review of ruling of the Discovery Masters, the movant must include with the motion a certificate of compliance with this provision of this order. That certification must set forth the information required by Rule 37.1 of the Local Rules. The failure of the movant to include such a certificate shall be grounds for denial, with prejudice, for the motion for review of the Discovery Master's ruling.

7. No party shall engage in ex parte communications with The Discovery Master.

8. In the case of any matter referred to the Discovery Master pursuant to this Order, the Discovery Master shall be compensate at his/her customary hourly billing rate of $\_\_\_\_\_. Unless the Discovery Maser otherwise orders, on the basis of the conduct of a party with respect to a particular matter in dispute, the fees and expenses of the Discovery Master shall be borne equally by the parties involved in the particular matter referred to the Discovery Master. The Discovery Master shall render bills monthly with respect to matters referred to him/her. Such

BST99 1523298-1.057077.0012

- 4 -

bills shall be payable within forty-five days from the date they are received. Persons and entities not named in any complaint, as parties to this action, shall not be required to contribute to the fees and expenses of the Discovery Master.

    SO ORDERED.

                                                      _____
                                                      Rya Zobel
                                                      United States District Judge

BST99 1523298-1.057077.0012