UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10017-RWZ

COMPUTER SALES INTERNATIONAL, INC.

v.

LYCOS, INC.

and

BANK OF AMERICA f/k/a FLEET BANK

MEMORANDUM OF DECISION and ORDER

December 1, 2006

ZOBEL, D.J.

Plaintiff Computer Sales International ("CSI") moves to amend its complaint for the first time pursuant to Fed. R. Civ. P. 15(a) based on new evidence uncovered in discovery. (Docket #104.) The four new counts assert fraud and related claims against defendant Lycos arising out of the parties' August 2003 Sales Agreement. CSI notes that it was originally unable to plead these claims because, prior to discovery, it lacked the evidence necessary to state them with particularity as required under the Federal Rules. See Fed. R. Civ P. 9(b) (requiring the "circumstances constituting fraud ... [to] be stated with particularity."). This heightened pleading requirement made it impossible for CSI to assert these claims in good faith in its original complaint. CSI documents a litany of discovery delays, challenges, motions and orders that delayed deposition of the witnesses necessary to plead the fraud claim until October 2006. It filed the present motion less than a week after the relevant depositions. Because CSI could not have

included the proposed claims prior to the recent depositions, the motion to amend is allowed. See Advanced Cardiovascular Sys. v. Scimed Life Sys., 989 F. Supp. 1237, 1247 (N.D. Cal. 1997) (allowing the defendant to add a defense thirteen months after its first amended answer, noting that the movant "was entitled to confirm factual allegations [through a deposition] before amending to include the inequitable conduct defense" ... "because the legal theory implicates Federal Rule of Civil Procedure 9(b), requiring pleading of fraud with particularity"); Don Webster Co. v. Ind. Western Express, Inc., 2001 U.S. Dist. LEXIS 4714 at *6 (D. Ind. 2001) (allowing the addition of a claim for fraud based on evidence obtained from the deposition of opposition witnesses where the moving party did not have the particular facts necessary to adequately state such a claim in the original complaint).

Lycos objects to allowing CSI to amend its complaint on the grounds that the motion is untimely and was filed in bad faith. In support of its argument, it points to multiple filings by CSI, beginning in May 2006, in which CSI asserts that the evidence shows that Lycos intended to renege on the August agreement even before it was signed. Lycos argues that either these earlier assertions, or the present motion, both signed by CSI's counsel, necessarily evidence a Rule 11 violation. See Fed. R. Civ. P. 11 (requiring a representation by an attorney upon presenting a pleading or motion to the court that the allegations have evidentiary support and the legal contentions are not frivolous). Under Lycos' reasoning, if CSI had a good faith basis in May 2006 that Lycos had committed fraud, CSI cannot now claim that newly discovered evidence is the reason to allow their motion. Alternately, if new evidence truly is the basis for the motion, CSI's assertions in May could not have been made in good faith. This

argument is unpersuasive.

If, as Lycos implies, compliance with Rule 11 was all that was necessary to support a complaint of fraud, there would be no need for Rule 9(b). The existence of Rule 9(b) itself shows that something more – heightened pleading – is needed to allege fraud, and that something more is what CSI claims to have obtained from the recent depositions. Thus, there is no conflict between CSI having an adequate belief under Rule 11 to make allegations of fraud <u>as a defense</u> in May, but requiring additional evidence to meet the Rule 9(b) requirement <u>to plead fraud</u> in the complaint. Specifically, CSI relies on the testimony of Susan Franklin concerning financial information she provided to Lycos prior to the August agreement and an admission by John Kirk that he sent a particular email message on August 8, 2003 to support its proposed amended complaint. (Docket #106 ¶¶ 15-16.) Both of these evidentiary items were only obtained in late October 2006, and CSI filed its motion to amend promptly, supporting its claim that it did not engage in undue delay or dilatory conduct. <u>See</u> <u>Phoenix Technologies, Inc. v. TRW, Inc.</u>, 834 F. Supp. 148, 150 (E.D. Pa. 1993) (finding no undue delay in seeking leave to amend where counsel filed its motion within two weeks of deposition providing evidence of fraud).

Lycos further argues that allowing CSI to amend its complaint would require additional discovery and place an unreasonable burden on it, the non-moving party, given that discovery is scheduled to end on January 31, 2007. However, the case Lycos relies on, <u>Stepanischen v. Merchants Despatch Transp. Corp.</u>, 722 F.2d 922 (1st Cir. 1983), denied a motion to amend made <u>ten days</u> before the end of discovery and <u>after</u> a trial date had been set, not with <u>three months</u> of discovery remaining and <u>with no</u>

3

set trial date, as in the present case. Id. at 933. Although discovery is ongoing, Lycos will not be unduly prejudiced by the addition of these claims as it has been on notice since at least May 2, 2006 that CSI believed its actions were fraudulent. (See Lycos's Opp'n to CSI's Mot. to Am. Its Compl. 4 (Docket #113).)[1]  In addition, since the proposed counts address conduct by Lycos and its third-party consultants, allowing the amendment is unlikely to require additional testimony from CSI witnesses already deposed by Lycos. Finally, unlike Stepanischen, who attempted to add a breach of contract claim that could have been pled at any time, the movant here has met its "burden of showing some valid reason for [its] ... delay" by citing the heightened requirement to plead fraud and describing the torturous course of discovery in the case. 722 F.2d at 933 (internal quotations removed).

## Conclusion

I accept CSI's explanation that it was unable to plead fraud without the recent deposition testimony of third-party witnesses. Additionally, there is no suggestion by Lycos that CSI deliberately delayed the relevant depositions. The amended claims arise from the same transactions that gave rise to the original complaint and counterclaim and involve the same evidence necessary to CSI's defense against those counterclaims. Finally, it does not appear that Lycos will be unduly prejudiced by the added claims. Thus, they are most efficiently resolved in the present action.

---

[1] CSI also pleaded fraud by Lycos as an affirmative defense in its answer to Lycos' counterclaims, filed December 29, 2005. (Pl. Computer Sales Int'l, Inc.'s Reply to Countercl. of Def. Lycos, Inc. and Jury Demand 11 (Docket #49).)

CSI's motion to amend its complaint (#104 on the docket) is allowed. CSI's motion for leave to file a reply memorandum in response to Lycos' opposition memorandum (#112) is allowed.

December 1, 2006
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE