UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |
|---|---|
| COMPUTER SALES INTERNATIONAL, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LYCOS, INC., ) <br> ) <br> Defendant, ) <br> ) <br> BANK OF AMERICA f/k/a FLEET BANK, ) <br> ) <br> Trustee Process Defendant. ) <br> ) | C.A. No. 05-10017- RWZ |

**COMPUTER SALES INTERNATIONAL, INC.'S MOTION TO DISMISS PORTIONS OF LYCOS' RECENT "ANSWER" TO CSI'S AMENDED COMPLAINT WHICH PURPORT TO SET FORTH "USURY" AND OTHER NEW COUNTERCLAIMS**

Plaintiff Computer Sales International, Inc. ("CSI") respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(f), and the "law of the case" doctrine, to dismiss those portions of Lycos's recent "Answer to CSI's Amended Complaint and Counterclaim of Lycos, Inc.," filed yesterday, Dec.13, 2006 (Docket No. 122), that **(1)** seek to renew the very same "usury" counterclaims that CSI opposed earlier this year on grounds that they were a nullity, and that *this Court has already ruled Lycos cannot amend to its counterclaim*, see Order of July 28, 2006; and **(2)** seek to add, without leave of Court, other counterclaims asserting new legal theories that are *unrelated* to the recent amendments to CSI's complaint, and *could have been but were not pled* in Lycos' original counterclaim or its first amended counterclaim two years ago.

ME1 6033710v.1

In its *fourth* attempted iteration of a counterclaim in this case,[1] Lycos has taken advantage of the Court-approved filing of a limited five-page amendment to CSI's Complaint, which was based entirely on new facts uncovered by CSI in discovery,[2] to attempt to assert, under the guise of answering CSI's limited amendment, a whole new universe of counterclaims -- not in any way related to CSI's amendment - that could have been but were not pled at the outset of this case, and that include usury claims that CSI opposed earlier this year on grounds, *inter alia*, that they were a nullity, *see* Docket Nos. 64 and 68, and that this Court has already ruled Lycos cannot assert. *See* Order of July 28, 2006 (denying Lycos' Docket No. 62 Motion to Amend).

By this motion, CSI properly seeks the dismissal and/or striking of the aforesaid portions of Lycos new counterclaim (Docket No. 122, pp. 8-46) on grounds that **(1)** the "law of the case" doctrine prohibits the renewed attempt to introduce usury claims that have already been

---

[1]  Lycos filed its original Counterclaim with its original Answer on February 4, 2005. *See* Docket No. 11. After CSI moved to dismiss that Counterclaim with a supporting memorandum of law, *see* Docket Nos. 15, 16, but before that motion was heard, Lycos filed an Amended Counterclaim on March 22, 2005, *see* Docket No. 19, as to which CSI then moved for summary judgment, *see* Docket Nos. 21, 23-26, which the Court ultimately granted in part (as to the unconscionability claim) and denied in part. *See* Docket No. 46 (Order of December 7, 2005).

A year later, on April; 14, 2006, Lycos moved for leave to file yet a third iteration of a Counterclaim, which it called a "Second Amended Counterclaim," asserting "Usury" claims. CSI opposed this attempt primarily on grounds that Usury claims clearly do not lie in this case, see docket Now. 64, 68, and the Court denied Lycos leave to file these claims on July 28, 2006. *See* Order of July 28, 2006. Now, Lycos is seeking to re-introduce these same claims, and several others that could have been but were not pled at the outset of this case, in a *fourth* iteration of a Counterclaim subsumed within its newly-filed Answer, *see* Docket No. 122, to the limited five page amendment of CSI's complaint that the Court granted CSI leave to file three weeks ago.

[2]  *See* Memorandum and Decision and Order dated December 1, 2006, at 1-2 ("Because CSI could not have included the proposed claims prior to the recent depositions, the motion to amend is allowed.")

ME1 6033710v.1

disallowed, *see, e.g., In re Stone & Webster, Inc. Securities Litig.*, 2006 WL 1738348 (D. Mass. June 23, 2006) (Zobel, J.)(held that plaintiffs could not add amendments to their complaint that were previously rejected by the Court in denying an earlier motion to amend);[3] **(2)** usury claims do not lie in this situation anyway, for the reasons that CSI argued earlier this year, *see* Docket Nos. 64, 68, and as the Massachusetts state and federal courts have both held;[4] and **(3)** Lycos should not be permitted, without leave of Court, to add new counterclaims -- **unrelated to the recently allowed amendment to CSI's Complaint** -- that could have been but were not pled by Lycos before, would require significant new analysis and discovery, and that seek to apply entirely new legal theories (*e.g.* Uniform Commercial Code, M.G.L. c. 231, §85J, breach of implied covenant as applied to equipment leases, etc.), to facts that were known to Lycos at the

---

[3] The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Harlow v. Children's Hosp.*, 432 F.3d 50, 55 (1st Cir. 2005) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). *See also Scottish Air Int'l v. British Caledonian Group, PLC*, 152 F.R.D. 18, 25 (S.D.N.Y. 1993) ("The law of the case doctrine is … applied where a court is asked to reconsider its own prior rulings…."). While the doctrine is discretionary, the general rule is that a Court should not depart from a prior holding unless it is convinced that the prior holding was "clearly erroneous and would work a manifest injustice." *Harlow*, 432 F.2d at 55. *See also Scottish Air Int'l*, 152 F.R.D. at 25 ("the law of the case counsels against reconsideration absent 'compelling circumstances,' including an intervening change of law, the availability of new evidence, or to correct a clear error or prevent manifest injustice.") (citation omitted); *United States v. Moran*, 393 F.3d 1 (1st Cir. 2004) (discussing the limited circumstances under which a court should reconsider its past decisions); *Bieneman v. City of Chicago*, 662 F. Supp. 1297, 1299 (N.D. Ill. 1987) (rejecting an effort to replead dismissed claims under the law of the case doctrine).

[4] *Human Resources Development Press, Inc. v. IKON Office Solutions Company, Inc.*, 2006 WL 149043, *7 (D. Mass. Jan. 12, 2006) ("section 49 was not intended to protect leases of personal property … [T]he transformation of the lease into a loan **would be patently untenable as a matter of law**…."); *Allegheny Int'l Credit Corp. v. Bio-Energy of Lincoln, Inc.*, 21 Mass. App. Ct. 155, 159-61 (1986) (holding that the Massachusetts usury statute does not apply to leases); *Peck v. Coffman*, 1995 WL 809892 (Mass. Super. June 19, 1995) ("The usury statute, by its own language, **does not apply** to transactions other than loans of money or property.")

outset of this case. *See Colm Nolan v. City of Yonkers*, 92 Civ. 6067, 1996 U.S. Dist. LEXIS 3221 (S.D.N.Y. 1996) ("defendants ***did not*** have a right to assert new counterclaims ***unrelated to the amendment*** in their answers to the Second Amended Complaint in the same way they had the right to assert counterclaims in their original answer."), *citing Chrysler Corp. v. Fedders Corp.*, 540 F.Supp. 706, 712-13 (S.D.N.Y. 1982). *See also* 3 James W. Moore, et al., Moore's Federal Practice, Civil, § 15.17[6] (3rd Ed. 1997) ("Normally, a party responding to an amended pleading must request leave of court if it wishes to add any new counterclaims in its response to the amended pleading.").

For these reasons, the usury and usury-related claims in Lycos' recent "Answer to CSI's Amended Complaint and Counterclaim of Lycos, Inc.," filed December 14, 2006 (Docket No. 122), which appear at pages 35-41 of that pleading as new Counts VIII, IX, X, and XI, should be properly stricken and dismissed; *as should* the other newly added claims, appearing at pages 31-33 of that pleading as new Counts IV, V, and VI (making new allegations of violation of M.G.L. c. 231, §85J, violation of M.G.L. c. 93A on account of supposedly violating c. 231, §85J, and alleged breach of implied covenant of good faith based on CSI's calculation of "stipulated loss values" in its leases with Lycos-- an issue never raised in Lycos' prior counterclaims.

In support of this motion, CSI respectfully submits herewith its "Memorandum of Law in Support of Motion to Dismiss Portions of Lycos' Recent "Answer" to CSI's Amended Complaint Which Purport to Set Forth Usury and Other Counterclaims," dated December 15, 2006 and filed herewith.

CSI further relies on its previously-filed memoranda opposing Lycos' attempt to add a usury claim to its counterclaim earlier this year. *See* Docket Nos. 64, 68.

ME1 6033710v.1

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, CSI prays that this motion be allowed, that Lycos be properly limited to its previously existing counterclaim (Docket No. 19).

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, BBO No. 542040
rkaler@ghlaw.com
Edward W. Little, Jr., BBO No. 628985
elittle@ghlaw.com
David Himelfarb, BBO No. 649596
dhimelfarb@ghlaw.com
McCarter & English LLP
225 Franklin Street
Boston, MA  0211
Tel. (617) 345-7000

Dated: December 15, 2006

### Certificate of Service

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this by hand this 15th day of December 2006.

/s/ Robert J. Kaler
Robert J. Kaler

ME1 6033710v.1