UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 05-10017-RWZ

COMPUTER SALES INTERNATIONAL,
INC.,
    Plaintiff

v.

LYCOS, INC., ET AL.,
    Defendants

<u>MOTION OF AVNET, INC., TO MODIFY SUBPOENA</u>

Pursuant to Fed.R.Civ.P. 45(c)(3)(A), Avnet, Inc., moves

to modify a subpoena served upon it by the plaintiff Computer

Sales International, Inc. ("CSI"), by ordering that the Rule

30(b)(6) deposition noticed in the subpoena be conductedon a

date to be agreed upon by the parties in Phoenix, Arizona,

which is the location of Avnet's principal place of business.

See, Moore's Fed. Prac. 3d, sec. 45.51[2] ("A subpoena that

imposes an excessive travel burden on a nonparty witness <u>must</u>,

on timely motion, be quashed or modified.  The burden is

excessive if the subpoena requires the witness to travel more

than 100 miles from the witness's residence, workplace, or

place of business to attend the deposition."  [emphasis

added]).

Avnet further moves that the subpoena be modified as

follows, for the reasons indicated.  (The number corresponds

to the subpoena paragraphs headed, "Subject Matters On Which Examination Will Be Conducted"):

1.  By deleting the requirement of disclosure of "the identity and current home and work addresses of all persons who created, wrote, sent, received and/or held possession of those documents and electronic records, and when they did so," because such information is not necessary for authentication of documents [Fed.R.Evid. 803(6)], and its assembly and disclosure would be unduly burdensome for Avnet.

2.  The request for "all information (whether in documents or otherwise) provided by [Avnet] to Lycos (including all oral and written statements made by [Avnet] to Lycos), and all information provided by Lycos to [Avnet] (including all statements made by Lycos to [Avnet] or in [Avnet's] presence), during the periods from 1994 to the present day, concerning Lycos' leases and equipment from CSI or other lessors" (emphasis added) is overly broad in subject and time, and excessively burdensome, because it would require Avnet to retrieve closed files from its Texas archives, and give notice of the disclosure to the "other lessors" with whom Avnet has confidentiality agreements.

2.e. The request for communications "concerning this subpoena or the previous subpoena served on [Avnet] by CSI in the above-entitled action, and how and when [Avnet] intended to respond to it," delves into the mechanics of Avnet's response to this subpoena and an earlier subpoena, so unnecessarily burdens Avnet without any realistic likelihood of producing discoverable evidence.

3. The request for "all communications" between Avnet and "any third party or parties (i.e., other than Lycos)" for the periods from 1994 to the present is unduly burdensome.

4, 5. These topics, like topic 2.e., above, delve into the mechanics of Avnet's response to this subpoena and the earlier subpoena, so unnecessarily burden Avnet without any realistic likelihood of producing discoverable evidence.

Facts supporting this motion are set forth in the Affidavit of Michael R. Coppock attached hereto.

AVNET, INC.
By its attorneys,

Michael R. Coppock
BBO #098840
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA  02110
(617) 330-7000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 05-10017-RWZ

COMPUTER SALES INTERNATIONAL,
INC.,
     Plaintiff

v.

LYCOS, INC., ET AL.,
     Defendants

### AFFIDAVIT OF MICHAEL R. COPPOCK

Now comes Michael R. Coppock, and deposes, saying:

1.    I am counsel to Avnet, Inc.  This affidavit is given in support of the motion of Avnet, Inc., to modify the subpoena served upon it by the plaintiff Computer Sales International, Inc. ("CSI").

2.    On the afternoon of December 18, 2006, I was contacted by telephone by Kaja-Anne Jezycki, Associate General Counsel of Avnet, resident in Phoenix, Arizona.  She explained that Avnet had been subpoenaed to produce documents and a Rule 30(b)(6) deponent in Boston on December 19, 2006; that because of recent medical treatment she had not been able to respond to the subpoena on behalf of Avnet; and that counsel for CSI had refused her request for a postponement of the deposition. She asked me to call counsel for CSI and request a postponement.  She faxed a copy of the subpoena to me, which is attached hereto as Exhibit A.

3.    I telephoned Edward W. Little, Jr., counsel for CSI
at McCarter & English, LLP, Boston.  I told him that I
represent Avnet, and asked if the deposition could be
postponed until the documents could be produced, and the Rule
30(b)(6) deponents identified.  He was flexible.  I telephoned
Attorney Jezycki at Avnet to get more information.  I called
Attorney Little back, and spoke to both him and Robert Kaler,
whom I infer is the senior attorney for CSI.  Mr. Kaler also
seemed willing to postpone the deposition, but first wanted a
new agreed date.  I telephoned Attorney Jezycki in an effort
to get a new date.  She was unable to give me one, because she
had not yet identified the prospective Rule 30(b)(6)
deponents.  She also told me that the prospective Rule
30(b)(6) deponents are all employed at Avnet's office in
Phoenix, and that none of the employees at the Avnet facility
in Massachusetts has any knowledge of the subject matter of
the subpoena.  Attorney Jezycki said it would be a great
hardship to send Avnet employees from Phoenix to Boston for
the deposition.

4.    In the course of our conversations, Attorney Kaler
told me that the purpose of the deposition is to authenticate
documents produced by Avnet, and that the deposition will be
short because he is under a strict deposition time limit.

5.    I asked Attorney Kaler if he would agree to take Avnet's deposition in Phoenix.  He declined.  He also declined a formal postponement of the deposition, taking the position that Avnet will be in default if it does not appear on December 19, 2006, as subpoenaed.  I did not agree, but explained that I would file a motion to modify the subpoena by requiring that the deposition be taken in Phoenix, Arizona.

Signed and sworn to under the pains and penalties of perjury this 19th day of December, 2006.

Michael R. Coppock
BBO #098840
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA  02110
(617) 330-7000

729590_1                                3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COMPUTER SALES INTERNATIONAL, INC., Plaintiff,

### V.

LYCOS, INC., et al., Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-10017-RWZ

**TO:**   AVNET, INC.
c/o CT Corporation System, Registered Agent
101 Federal Street
Boston, MA 02110

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Subject matters for examination are set forth on the attached **SCHEDULE A**.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>225 Franklin Street<br>Boston, MA 02110 | Tuesday, December 19, 2006, at 9:00 a.m. |

Attest A True Copy

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the documents and electronic records described on the attached **SCHEDULE B** at the place, date, and time specified below:

_Gerard O'Donnell Godsoe_
Constable

| PLACE | DATE AND TIME |
|---|---|
| McCarter & English, LLP<br>225 Franklin Street<br>Boston, MA 02110 | Friday, December 15, 2006, at 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

** Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Edward W. Little e.V._<br>Edward W. Little, Esquire (BBO # 628985), McCarter & English, LLP, 225 Franklin Street, Boston, MA 02110 (tel. 617-345-7018) (Attorneys for Plaintiff) | November 29, 2006 |

[1] If action is pending in district other than district of issuance, state district under case number.
(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

ME1 5991223v.1

# EXHIBIT A

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

|  |  |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

|  |  |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move, at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person

may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

11/29/06  15:08 FAX

## SCHEDULE A

### (Subject Matters On Which
### Examination Will Be Conducted)

### Definitions

Except as otherwise expressly indicated, as used in this Schedule A, the following terms have the following meanings:

1.    The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

2.    The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts. In particular, the term "document" includes without limitation any and all electronic and/or electronically stored versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

3.    The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

4.    The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

### Subject Matters on Which Examination Will Be Conducted

1.    The source and authenticity of all documents and electronic records requested and/or produced by you in response to this subpoena and the previous subpoena served on you by CSI in the above-captioned case, and the identity and current home and work addresses of all persons who created, wrote, sent, received and/or held possession of those documents and electronic records, and when they did so.

2.    The form and substance of all information (whether in documents or otherwise) provided by you to Lycos (including all oral and written statements made by you to Lycos), and all information provided by Lycos to you (including all statements made by Lycos to you or in your presence), during the period 1994 to the present day, concerning Lycos' leases of equipment from CSI or other lessors, or its sale of any equipment previously leased from CSI or other lessors, including but not limited to:

    a.    all such information or statements concerning Lycos's lease of equipment from CSI and/or other lessors made, produced, received, or witnessed by (i) **Phil Williams**, listed as Avnet Project Manager on page 14 of the "Lease Assessment and

11/29/06  15:08 FAX    MCCARTER & ENGLISH    ☒007

Asset Inventory Analysis Report" delivered by Avnet to Lycos, dated December 15, 2000, and prepared by Avnet Enterprise Solutions (the "Avnet Report"), (ii) **Dean Stoneburner**, listed as Program Manager on page 14 of the Avnet Report, (iii) **Alvin Milner**, listed as Technical Consultant on page 14 of the Avnet Report, (iv) **Stefanie Johnson**, listed as Field Technical Consultant on page 14 of the Avnet Report, (v) **Ora Maughan**, listed as Documentation Control Specialist on page 14 of the Avnet Report, (vi) **Dave Mammen**, listed as Financial Consultant-Analyst on page 14 of the Avnet Report, (vii) **Chris Scheefer**, listed as Field Technical Consultant on page 14 of the Avnet Report, (viii) **Debbie Steiner**, listed as Technical Writer on page 14 of the Avnet Report, (ix) **Antonio Pollino**, listed as an Avnet Account Representative on documents produced by Avnet, (x) **J.T. Hilton**, listed as an Avnet Engagement Manager on documents produced by Avnet, (xi) Beth Orozco, listed as a Customer Care Representative for Avnet, (xii) John Sweeney, identified as a Financial Services Manager of Avnet in Canada, and/or (xiii) John Carselle of Avnet;

    **b.**    all such information, services and opinions concerning the tracking and accounting treatment of the equipment leases, equipment schedules, and/or sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day;

    **c.**    all such information, services and opinions concerning the cost of the equipment covered by any equipment leases, equipment schedules, and/or sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day;

    **d.**    all such information, services and opinions concerning Lycos' business during the period 1994 to the present day, including communications relating to the cost of Lycos' equipment leases with CSI and other entities, Lycos' efforts to reduce those costs, and Lycos' efforts to generally reduce its expenses;

    **e.**    all communications between you and attorneys or accountants for Lycos during the period 1994 to the present day concerning CSI or any of the equipment leases, equipment schedules, sales agreements or other agreements that Lycos entered into with CSI or any other entity during the period 1994 through the present day, or concerning this subpoena or the previous subpoena served on you by CSI in the above-entitled action, and how and when you intended to respond to it; and

    **f.**    all such information, services and opinions concerning the "Lease Assessment and Asset Inventory Analysis Report" dated December 15, 2000, and prepared by Avnet Enterprise Solutions, and all computer databases prepared by Avnet for Lycos in connection therewith, including without limitation all drafts thereof, all communications with Lycos and/or any third parties concerning it, and any internal communications, note and/or memoranda concerning it.

    **3.**    The nature, extent, and substance of all communications between you and any third party or parties (i.e., other than Lycos), and all information provided by you to them or them to you, during the period 1994 to the present day and concerning Lycos's leasing and/or

purchasing of equipment from or through CSI.

4.    The steps taken by you to identify and produce to CSI all the documents and electronic records requested in this subpoena and the previous subpoena served on you by CSI in the above-captioned case, and whether any other steps could have been taken to ensure more complete compliance with those subpoenas, and for any documents responsive to those subpoenas which are no longer in your possession, custody and/or control, the date such documents left your possession, custody and/or control and where they were sent.

5.    All communications between you (or your attorneys) and Lycos (or Lycos's attorneys) concerning the nature and timing of your response to the previous subpoena served on you by CSI in this case, including without limitation any discussions between you and Lycos, or your respective attorneys, concerning any delays in your response to that subpoena.

### SCHEDULE B
**(Documents and Electronic Records**
**Required To Be Produced)**

#### Definitions

Except as otherwise expressly indicated, as used in this <u>Schedule B</u>, the following terms have the following meanings:

     **1.**    The term "you" or "your" means the person or organization to whom this subpoena is directed, any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of that person or organization, or any subsidiary, division or affiliate thereof.

     **2.**    The terms "communication," "document," "identify," "parties," "person," and "concerning," mean what they are defined to mean in Local Rule 26.3 ("Uniform Definitions in Discovery Requests") of the Local Rules of the United States District Court for the District of Massachusetts.  In particular, the term "document" includes without limitation any and all electronic and/or electronically stored versions of documents, and any and all electronic records, including email, coming within the scope of the relevant request.

     **3.**    The term "Lycos" means Lycos, Inc., any parent, subsidiary, division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of Lycos or any subsidiary, division or affiliate thereof.

     **4.**    The term "CSI" means Computer Sales International, Inc., any subsidiary or division or affiliate thereof, and any present or former officer, director, employee, attorney or other agent of CSI or any subsidiary, division or affiliate thereof.

#### Documents and Electronic Records Required To Be Produced

     **1.**    All documents and electronic records whose production was called for by CSI's previous subpoena to you in the above-captioned case, but which have not yet been produced to CSI.

     **2.**    All documents and electronic records (including email) concerning or referring to CSI's previous subpoena to you in this case — including, but not limited to, (a) all internal communications among your own personnel, and all external communications between you and Lycos (or any other party), concerning the nature, extent, and timing of your response to that subpoena, (b) all records of what you did to identify and produce all the materials in your possession, custody or control responsive to that subpoena, and (c) all records of what materials responsive to CSI's previous subpoena to you in this case have not yet been produced to CSI, and why.