UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) | C.A. No. 05-10017-RWZ |
| | ) | |
| Plaintiff and Defendant-in-Counterclaim, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT LYCOS, INC.'S** |
| LYCOS, INC., | ) | **OPPOSITION TO CSI'S** |
| | ) | **MOTION TO DISMISS PORTIONS OF** |
| Defendant and Plaintiff-in-Counterclaim, | ) | **LYCOS'S RECENT "ANSWER" TO CSI'S AMENDED COMPLAINT WHICH** |
| | ) | **PURPORTS TO SET FORTH "USURY" AND** |
| and | ) | **OTHER NEW COUNTERCLAIMS** |
| | ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) | |
| | ) | |
| Trustee Process Defendant | ) | |

Defendant and Plaintiff-in-Counterclaim, Lycos, Inc. ("Lycos"), for the reasons stated herein and in the accompanying Memorandum of Law filed in support hereof, hereby opposes CSI's Motion to Dismiss Portions of Lycos's Recent "Answer" to CSI's Amended Complaint Which Purports to Set Forth "Usury" and Other New Counterclaims. (Dkt. No. 123, with memorandum in support at Dkt. No. 124).

In its Memorandum in support hereof, Lycos refers to the Relevant Procedural History of this case, as set forth below.

**RELEVANT PROCEDURAL HISTORY**

1.  CSI commenced this action by filing a two-count Verified Complaint on January 5, 2005 "to collect an account receivable of over $300,000, and for breach of contract. . . ." Verified Complaint (Dkt. No. 1), ¶ 1. It sought a judgment of approximately $300,000 and an

- 2 -

injunction permitting it to repossess certain equipment leased to Lycos. *Id.*, "Wherefore" clauses, Counts I and II.

2. On March 22, 2005, Lycos filed an Amended Answer and Counterclaim in response to CSI's Verified Complaint. (Dkt. No. 19). Shortly thereafter, and before the parties commenced discovery, CSI moved for summary judgment on its claims against Lycos and Lycos's counterclaims against it. (Dkt. No. 21).

3. On December 6, 2005, this Court issued its Memorandum of Decision with respect to CSI's Motion for Summary Judgment. There, it addressed, among other things, whether Massachusetts or Missouri law governed Lycos's counterclaims that went to the validity of its contracts with CSI. The Court quoted the First Circuit's decision in *Northeast Data Sys.., Inc. v. McDonnell Douglas Computer Sys. Co.*, 986 F.2d 607, 609-10 (1st Cir. 1993), for the proposition that "where a claim 'concerns the validity of the formation of the contract, it cannot be categorized as involving the rights or obligations under the contract,' and therefore is not subject to the contract's choice-of-law provision." Memorandum of Decision (Dkt. No. 46), at 5 (emphasis in original). Subsequently, in its Memorandum of Decision denying CSI's Motion for Reconsideration of the decision denying its Motion for Summary Judgment, the Court observed that "giving effect to a choice-of-law provision before determining the validity of the entire agreement would be illogical." Memorandum of Decision (Dkt. No. 73), at 3.

4. On April 14, 2006, before it took a single deposition in the case, Lycos filed a Motion for Leave to file a Second Amended Counterclaim to add four counts related to its assertion that Schedules 93 and 94 were usurious under Massachusetts law at the time they were executed. CSI opposed Lycos's Motion for Leave on several independent grounds including that

- 3 -

the underlying claims would be futile, that the addition of new claims at that time would be unduly prejudicial to CSI, and that Lycos's proposed claims were untimely. (Dkt. No. 64).

5.  On July 28, 2006, the Court denied, without decision, Lycos's Motion for Leave. (Dkt. Entry on July 28, 2006.)

6.  On October 30, 2006, CSI moved pursuant to Fed. R. Civ. P. 15(a) for leave to amend its complaint. (Dkt. No. 104, at 1, and docket entry dated January 10, 2006). Its proposed amendment sought to add four new counts sounding primarily in tort:

   A.  Count III, for fraud, in which CSI alleged that Lycos fraudulently induced it to enter into a Sales Agreement pursuant to which CSI agreed to sell the equipment to Lycos that Lycos had leased under certain equipment schedules (*See* Amended Complaint attached as Exhibit 1 to Dkt No. 104, at ¶¶ 42-46);

   B.  Count IV, for breach of the implied covenant of good faith and fair dealing in connection with the Sales Agreement, in which CSI alleged that Lycos willfully and repeatedly failed to make lease payments and attempted to coerce CSI to reduce Lycos's payments obligations under the then extant equipment schedules (*Id*. at ¶¶ 47-49);

   C.  Count V, for abuse of process, by filing a "baseless" action in Massachusetts Superior Court in December, 2003, and then using that lawsuit to attempt to coerce CSI to agree to negotiate a reduction in the amount of payments CSI claims were due under the Sales Agreement (*Id*. at ¶¶ 50-53); and

   D.  Count VI, for violation of M.G.L. c. 93A, as a result of the acts described in Counts III-V (*Id*. at ¶¶ 54-55).

7. Lycos opposed CSI's Motion for Leave to Amend on several independent grounds including that CSI's proposed new claims were lodged in bad faith, untimely, and unduly prejudicial to Lycos. (Dkt. No. 113).

8. On December 1, 2006, the Court granted CSI leave to amend its complaint noting that the motion had been filed "pursuant to Fed. R. Civ. P. 15(a) based on new evidence uncovered in discovery." (Dkt. No. 120, at 1).

9. On December 4, 2006, CSI filed and served its Amended Complaint. (Dkt. No. 121).

10. On December 14, 2006, Lycos filed and served its Answer to Amended Complaint and Counterclaim. (Dkt. No. 122). It added seven new counts arising from the same nucleus of underlying facts contained in its Amended Answer and Counterclaim filed in March, 2005. These facts included:

    A. with respect to the "residual value" of the equipment, Lycos learned that:

        1. at some point during the life of Schedules 93 and 94, CSI booked the residual value of those schedules at zero; and

        2. CSI booked its equipment schedules under Financial Accounting Standards Board 13 ("FASB 13"), which provides that the estimated residual value of leased property is to equal the estimated "fair value" of the leased property at the end of the lease term, (FASB 13, at ¶5(h)), and that "fair value" is to be the "price for which the property could be sold in an arm's-length transaction between unrelated parties," (FASB 13, at ¶5(c)) (Counterclaim, ¶ 94; and

    B. after execution of the Sales Agreement, CSI believed that Lycos would automatically own the equipment upon making the "rent" payments required under the various

- 4 -

equipment schedules and paying applicable taxes, which CSI accelerated for payment in full upon such execution. *See id.,* ¶ 102.

11. The seven new counts that Lycos added were the following:

   A. with respect to counts not appearing in its proposed Second Amended Complaint,

      1. Count IV, for violation of M.G.L. c. 231, § 85J, a statute that automatically provides for treble damages for a fraud committed in the sale of personal property. Lycos had previously alleged in the Amended Counterclaim that CSI had fraudulently induced it to enter into the Sales Agreement, but had not included a claim for treble damages under c. 231, § 85J;

      2. Count V, for violation of M.G.L. c. 93A, §§ 2 and 11 in connection with having violated M.G.L. c. 231, § 85J and 940 C.M.R. 3.16(3) with respect to the Sales Agreement, the latter being a regulation that provides that a violation of a consumer protection statute such as M.G.L. c. 231, § 85J is a violation of c. 93A;

      3. Count VI, for breach of the implied covenant of good faith and fair dealing in connection with the rolled-up and rewritten equipment schedules, and in connection with the Sales Agreement pursuant to which Lycos purchased equipment from CSI;

      4. a claim in Count VIII that even if Equipment Schedules 93 and 94 were not usurious at the time they were executed, they became usurious when the Sales Agreement was executed. (*Id.*, at ¶ 102); and

   B. with respect to counts appearing in part in the proposed Second Amended Answer and Counterclaim (but absent some of the facts Lycos later learned during the many months of discovery following the Court's denial of leave),

- 5 -

      1.      Count VIII, for a declaration that Schedules 93 and 94 each evidenced a loan and security agreement at the time they were executed;

      2.      Count IX, for a declaration that determination of whether Schedules 93 and 94 were usurious should be governed by Massachusetts rather than Missouri law;

      3.      Count X, a count to void Schedules 93 and 94 pursuant to M.G.L. c. 271, § 49, along with a request that the Court order CSI to refund to Lycos the amounts Lycos paid CSI under those schedules; and

      4.      Count XI, for violation of M.G.L. c. 93A, §§ 2 and 11, by charging Lycos excessive interest. In that Count, Lycos asserts that CSI's (a) violation of the Massachusetts usury state violates c. 93A (Counterclaim, ¶¶ 121-123); and (b) regardless of whether CSI has violated the state's usury state, CSI's imposition of an excessive interest rate violates c. 93A. *Id.*, ¶ 124.

12.    On December 15, 2006, CSI filed its Motion to Dismiss the seven new counts in Lycos's Answer to Amended Complaint and Counterclaim, arguing that those counts are barred by the "law of the case" doctrine, untimely, and otherwise futile. (Dkt. No. 123).

WHEREFORE, for the reasons stated herein and in the Memorandum of Law in support hereof, Lycos respectfully requests that the Court enter an Order:

1.    Denying CSI's Motion to Dismiss; and

2.    Granting Lycos such other relief as may be appropriate and just.

BST99 1527221-1.057077.0012

- 7 -

                                                                 Respectfully submitted,

                                                                 LYCOS, INC.

                                                                 By its attorneys,

Dated: December 28, 2006                  /s/ Thomas O. Bean
                                                                Thomas O. Bean (BBO# 548072)
                                                                Peter M. Acton, Jr. (BBO# 654641)
                                                                McDermott Will & Emery LLP
                                                                28 State Street
                                                                Boston, Massachusetts 02209
                                                                (617) 535-4000

- 8 -

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for plaintiff, Robert J. Kaler, McCarter & English, LLP, 225 Franklin Street, Boston, MA 02110, by hand on December 28, 2006.

                                              <u>/s/ Thomas O. Bean</u>
                                              Thomas O. Bean

BST99 1527221-1.057077.0012