UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action #05-10017-RWZ

Computer Sales International, Inc. (CSI)
    Plaintiff and Defendant in Counterclaim

v.

Lycos, Inc. (Lycos)
    Defendant and Plaintiff in Counterclaim

DISCOVERY MASTER REPORT # 3

March 21, 2007

Discovery was to be concluded February 23rd. As is not unusual, some "punch-list"-equivalent matters remained undone. Some were decided at a conference February 28th. Some were agreed upon in principle with the details to be worked out thereafter by the parties. Still others were to be subject to a written request. Results were memorialized in "Addendum #2" to Discovery Master Report #2.

Nevertheless, the "punch-list" grew. The parties this month alone– and as recently as last night – submitted more than twenty letters and emails, several with attached exhibits. LeaseForum's counsel submitted three more. Thus, a meeting was arranged for today to deal with all open issues. Each side was allowed to distill what it seeks. The following describes the remaining Discovery issues and their resolution.

1. Asset Portal

The parties accepted the proposal that Interactive Data, by itself or with the help of an expert (or two, should the parties not agree on one), shall create a copy for each side.

2. Stipulation on CSI's website.

As was agreed upon in February, the parties are to draft a Stipulation, but with an introductory express reservation by CSI of its claim against its admissibility, deposition testimony of Lycos' personnel having established that Lycos had not relied on the information the site contained.

3. Deb Bibbo Deposition.

This issue is dealt with in the Susan Franklin matter, # 4.c, below.

4. Susan Franklin.

This issue has three parts.

    a. CSI's request for a legible copy of various electronic versions of "power point" or similar charts provided by LF was <u>Allowed</u>, neither Lycos nor LF having objected. CSI was to identify for LF's counsel the allegedly illegible documents and LF timely to provide a legible copy of each.

    b. CSI's renewed request for additional LF electronic data was again <u>Denied</u>, "they have more information than the hard copy" not being viewed as an adequate basis to reverse the earlier decision.

    c. CSI's request to resume the Deposition of Susan Franklin for an additional day is <u>Allowed</u>, in part, and <u>Denied</u>, in part.

Comment: As Lycos has pointed out, CSI delayed before pressing for Discovery of Lycos' claimed privileged/immunity documents. Moreover, CSI acknowledges that it also exceeded by two hours the time it was allowed to conduct Depositions. Nevertheless, what tips the balance in favor of allowing additional time to depose Susan Franklin, whose testimony remains central to Lycos' multi-million dollar counterclaim, is LF's significant fee contingent on its success. If Ms. Franklin's testimony will be allowed, it likely will be accompanied by a right to wide-ranging cross-examination. With significant Discovery obtained by CSI here being so late in coming, Franklin could not be questioned on it. CSI is considered deserving of that opportunity – within limits.

Thus, the two hours already used by CSI in excess of its previously allotted time is deducted from the additional day (7 hours) it requests. The five hours that remain are to include whatever time CSI chooses to use in deposing Deb Bibbo. Moreover, the subject matter of that Franklin deposition is to be limited to inquiries relating to or arise as an alleged consequence of the late-arriving materials, i.e., those produced less than two days before, and of course since, Ms. Franklin's most recent deposition. And just as the questioning of Ms. Franklin is expected to be crisp, time taken for any break or recess is, of course, not to count.

> 5. Lycos' "cross-motion" for additional time to resume the Depositions of Stenberg and Steinback is Denied, Lycos not having made a convincing case for its need.

6. Satisfied that Lycos' desire for the "Boss" data – which it would be very hard and expensive to extract -- is no more worthy than CSI's for "Peoplesoft," Lycos' motion for reconsideration of the denial of its claim to the "Boss" system is <u>Denied.</u>

The parties shall undertake with reasonable dispatch to arrange for the Franklin/Bibbo depositions and all else called for so that Discovery is, in fact, concluded.

                                            Respectfully submitted.
                                            Herbert Hershfang
                                            Discovery Master