UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) ) | |
| Plaintiff, | ) | |
| **v.** | ) ) | |
| LYCOS, INC., | ) | C.A. No. 05-10017- RWZ |
| Defendant, | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) | |
| Trustee Process Defendant. | ) ) | |

**OBJECTION OF COMPUTER SALES INTERNATIONAL, INC.
UNDER FED. R. CIV. P. 53 TO DISCOVERY MASTER'S ORDER
<u>DENYING PRODUCTION OF LYCOS' PURCHASE ORDER DATABASE</u>**

Pursuant to Fed. R. Civ. P. 53, plaintiff Computer Sales International, Inc. ("CSI") respectfully objects to, and requests *de novo* review of,[1] the portion of the May 11, 2007 Order of the Discovery Master herein (Hershfang, J.), copy attached, which denied CSI's request that defendant/counterplaintiff Lycos, Inc. ("Lycos") be required to produce an electronic database called "Peoplesoft," whose significance became apparent only after CSI had the chance to examine a related Lycos lease tracking system called "AssetPortal," which CSI just recovered last month (through a Rule 45 subpoena) from the non-party California corporation to whom Lycos improperly transferred it last year – in violation of CSI's then-outstanding Rule 34 requests to Lycos to produce any such systems.

---

[1] CSI's request for review is timely, as it has been raised within twenty (20) days of the Master's May 11th Order. Fed. R. Civ. P. 53(g)(2). The Court's standard of review for the Master's findings of fact and legal conclusions is *de novo*. <u>Id.</u> (g)(3) & (4).

Examination of Lycos' AssetPortal lease tracking system, the very existence of which was repeatedly denied by Lycos earlier in this case,[2] has revealed that it was designed to obtain critical equipment cost and other information concerning Lycos' leases with CSI directly from Lycos' Peoplesoft system, which generated Lycos' purchase orders for, and in the process apparently recorded the cost of, all the equipment that Lycos leased from CSI.

As explained in detail below, the "AssetPortal" was a lease tracking software designed and created by Lycos in late 2000 which tracked individual pieces of leased equipment, their location, their lessor, their cost, and other information about them. Despite Lycos's claims early in this case – both in affidavits it submitted and in open court – that it never had such a tracking system, CSI uncovered evidence earlier this year that such a system did exist. CSI then took a Rule 30(b)(6) deposition of Lycos about this issue in February 2007, in which Lycos finally admitted that it disposed of the system last year by selling it to a third party located in California – ***despite CSI's then-outstanding Rule 34 requests for any such systems.*** Thereafter, it took more than six weeks for CSI to recover a copy of AssetPortal from that third party, with the result that it could not begin to examine it until late April of this year.

CSI's continuing review of AssetPortal shows that it was linked by design to Lycos's "PeopleSoft" system, which apparently holds precisely the kind of equipment cost and payment

---

[2] In Lycos's *Opposition to Computer Sales International, Inc.'s Motion to Dismiss, or in the Alternative, to Compel*, dated July 31, 2006, at 6-7 (Docket No. 84-1), Lycos claimed that:

> Lycos simply did not have any tracking mechanism for, nor did it keep a running log of, the more than 5,500 pieces of equipment leased from CSI over several years. Nor did Lycos 'track' the aggregate amount of literally hundreds of payments it made over a seven-year period, including interim or "stub" payments, to CSI and the multitude of lender assignees whom CSI required Lycos to pay directly.

(emphasis added). Lycos also represented, at the initial summary judgment hearing in this case, that "there was no way for us to track" original equipment cost or how leased equipment changed from one schedule to another as Lycos decided to extend its leases. Hearing Transcript at 9:15-10:8.

information concerning the CSI leased equipment that Lycos has repeatedly claimed it did not track and could not determine. CSI is requesting that Lycos be required to produce its relevant version(s) of PeopleSoft, which a Lycos witness (Deborah Bibbo) recently testified was taken out of operation in January of last year, and which is presumably in storage.

CSI's request for this information is not made lightly. It was entitled to have this information over a year ago, and the late production of the spoliated "AssetPortal" database, combined with the continued withholding of PeopleSoft, has already prejudiced it by depriving it of the opportunity to question many of the deposition witnesses in this case about how those systems worked, and what they tracked. CSI was and is foregoing any request to re-open the depositions of these witnesses but it cannot forego the request for access to the PeopleSoft database that Lycos linked to its AssetPortal lease tracking system.

This is a case where Lycos has put at issue not only the information it claims it should have been provided by CSI (*i.e.*, claims of "failure to disclose") but also the information that it had internally available to it. A key component of that information is the PeopleSoft database. Access to it is therefore critical to demonstrate that Lycos had all of the relevant information it needed to determine whether and how it would continue to lease equipment from CSI. Moreover, in conjunction with the newly discovered Asset Portal system, PeopleSoft is the final "piece to the puzzle" which will conclusively demonstrate the falsity of Lycos's earlier representations that it "simply did not have any tracking mechanism" for its leased equipment and could not track its payments or the aggregate of its costs.

For all of these reasons, Lycos should be ordered to produce PeopleSoft, and CSI stands ready to present evidence supporting the above claims at the court's convenience in accordance with Fed. R. Civ. P. 53.

ME1 6406203v.1

-4-

## CONCLUSION

For all of the foregoing reasons, CSI respectfully objects to the Special Master's Order of May 11, 2007, denying CSI's request for Lycos's PeopleSoft software and database, and requests an order from the Court requiring its production.

          Respectfully submitted,

          COMPUTER SALES INTERNATIONAL, INC.
          By its attorneys,

          /s/ Edward W. Little, Jr._____
          Robert J. Kaler, BBO No. 542040
          rkaler@ghlaw.com
          Edward W. Little, Jr., BBO No. 628985
          elittle@ghlaw.com
          David Himelfarb
          dhimelfarb@mccarter.com
          McCarter English LLP
          225 Franklin Street
          Boston, MA  0211
          Tel. (617) 345-7000

Dated:  May 24, 2007

## Certificate of Service

I, Edward W. Little, Jr., hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action electronically and by hand this 24th day of May 2007.

          /s/ Edward W. Little, Jr.
          Edward W. Little, Jr.

| | |
|---|---|
| From: | H. Hershfang [hhershfang@comcast.net] |
| Sent: | Friday, May 11, 2007 9:34 AM |
| To: | Kaler, Robert |
| Cc: | TBean@mwe.com; Little, Edward; Pellerin, Eileen |
| Subject: | Re: CSI v. Lycos |

Gentlemen and Ms. Pellerin.

With respect to the two issues argued in the three submissions sent late yesterday, I would like to review the "missing memo" before resolving that matter, and CSI's request for the PeopleSoft program is denied.

As to the "missing memo," in retrospect, as CSI's submissions imply, CSI not having been aware of its existence, and certainly not of its contents, requiring CSI to show Ms. Franklin relied on the memo seems an unfair if not impossible burden,. Moreover, my reviewing that memo should be simple. I am open to Lycos' suggestion about how to go about effecting that review in the least onerous way, perhaps even today.

On the PeopleSoft program request, despite CSI's having made the most persuasive case possible, any potential Discovery "gain" is considered outweighed by Lycos' opposing arguments.

Best wishes to all.
HH