UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ |
| Defendant, ) | |
| ) | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | |
| ) | |
| Trustee Process Defendant. ) | |

**LYCOS'S STATUS REPORT IN PREPARATION FOR
JUNE 13, 2007 CONFERENCE**

Defendant and plaintiff-in-counterclaim, Lycos, Inc. ("Lycos"), submits this status report with respect to issues it anticipates the Court will want to address at the status conference scheduled for tomorrow, June 13, 2007. Counsel for Lycos and CSI have conferred in advance of Lycos's submission of this report.

1. <u>Settlement</u>. After the close of fact discovery and at the request of the Discovery Master, Lycos made a settlement demand upon CSI on May 11, 2007. By response dated May 31, 2007, CSI rejected that demand and declined to make a counteroffer to Lycos. As such, although Lycos remains open to resolving this case by agreement, this status report assumes that this case will be resolved by dispositive motions and/or trial.

2. <u>Fact Discovery</u>. Fact Discovery concluded on February 23, 2007, except for certain very limited discovery the Master permitted CSI to conduct after that date. Recently, CSI filed an Objection to the Discovery Master's Order Denying Production of Lycos's "Purchase Order Database" (*i.e.,* PeopleSoft – "Purchase Order Database" being a name coined by CSI).

The issue has been fully briefed by the parties (Dkt. Nos. 135 and 136) and is ready for disposition by the Court.[1]

    3.    <u>Pending Motion</u>.  Pending is CSI's Motion to Dismiss Portions of Lycos's Recent "Answer" to CSI's Amended Complaint (the "Motion").  (Dkt. No. 123-24).  By way of background on that Motion:

    A.    On December 4, 2006, the Court granted CSI's Motion to File, and CSI filed, its First Amended Complaint, to add four counts sounding in tort to its two counts for breach of contract. (Dkt. Nos. 120-21).

    B.    On December 14, 2006, Lycos filed its Answer and Counterclaim to CSI's First Amended Complaint. (Dkt. No. 122).

    C.    On December 15, 2007, CSI filed its Motion to Dismiss Portion of Lycos' Recent "Answer" to CSI's Amended Complaint and a memorandum in support thereof.  (Dkt. Nos. 123-24).

    D.    On December 28, 2006, CSI filed its Opposition to CSI's Motion and memorandum in support thereof.  (Dkt. Nos. 130-31).

---

[1]  Lycos learned during its conversation with counsel for CSI in preparation for the status conference that CSI may seek yet further discovery based on Lycos's recent termination of its relationship with LeaseForum.  No such further discovery should be permitted.  More then twenty depositions aggregating over 107 hours is more than enough discovery.  A party is not entitled to re-open discovery upon the occurrence of a new event occurring after the close of fact discovery.  If it did, discovery would never end.

  If, however, the Court is inclined to permit such discovery here, in fairness, Lycos should be entitled to further discovery concerning CSI's letter to Paul Stenberg, the most important witness in this litigation for either party, dated March 13, 2007.  Indeed, even though it possessed the letter for quite some time, CSI waited to serve it on Lycos until May, 2007, after its witnesses refused for months to answer deposition questions regarding the primary subject matter of that letter on the basis of attorney-client privilege and long *after* the close of Lycos's fact discovery.  Lycos will provide the Court with a copy of this letter, which CSI attached to Supplemental Interrogatory Answers that it designated as "confidential," for reasons that will be readily apparent to the Court at the Status Conference.

E.  On January 10, 2006, CSI filed a Motion for Leave to File a Reply. (Dkt. No. 132).

In short, Lycos opposed the Motion on the grounds that, among other things, when CSI filed an Amended Complaint to add tort claims to its "plain vanilla" claims for breach of contract, Lycos was entitled, pursuant to the third sentence of Federal Rules of Civil Procedure 15(a) and applicable case law, to file a new answer and counterclaim as of right. Accordingly, the Court's earlier one-word "denial" of Lycos's Motion to File a Second Amended Counterclaim was inapplicable even though Lycos's counterclaim included some Counts that had been part of that motion (Counts VIII-X)[2] and some that had not (Counts IV-VI). CSI will be required to answer the portions of Lycos's Counterclaim that survive the Motion within ten (10) days after the Court's disposition of the Motion. Fed. R. Civ. P. 12(a)(4)(A).

4.  Summary Judgment. Now that fact discovery has concluded and in an effort to move this more-than-two-and-one-half-year-old case to conclusion, Lycos plans to move for summary judgment on (a) CSI's claims within the next thirty days, and (b) on certain of Lycos's counterclaims approximately fourteen days after CSI files its Answer to Lycos's Counterclaim, such that if summary judgment were granted in favor of Lycos on the foregoing, there would be no need for a trial.

CSI has suggested that it will require expert discovery to respond to Lycos's summary judgment motion without articulating a reason why. Lycos does not believe CSI will require expert discovery to respond. CSI, of course, can file a Rule 56(f) motion if it deems appropriate,

---

[2]  Count XI included some claims that had been included in its original First Amended Counterclaim, that had been allowed by the Court, and some that had not. Accordingly, even if the Court were to grant CSI's Motion, it should not dismiss those portions that were part of the First Amended Counterclaim.

and the parties can brief the issue then. Lycos requests that the Court schedule oral argument on Lycos's summary judgment motions in September, 2007.

5. <u>Expert Discovery</u>. To assure the advancement of this case to trial in the event summary judgment does not fully dispose of it, Lycos proposes that the Court set a schedule for the exchange of expert reports and expert depositions as follows:

    A. August 1, 2007: Lycos and CSI exchange expert reports.

    B. September 14, 2007: Lycos and CSI exchange any rebuttal reports.

    C. October-November, 2007: Expert depositions.

6. <u>Trial</u>. To ensure that the case moves forward expeditiously if summary judgment does not obviate the need for trial, Lycos requests that the Court set a date for trial in February, 2008 (at which point, this case will be over three years old). Lycos anticipates that its presentation of evidence will require approximately ten trial (four hour) days.

Respectfully submitted,

LYCOS, INC.

By its attorneys,

Dated: June 12, 2007

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for plaintiff, Robert J. Kaler, McCarter & English, LLP, 265 Franklin Street, Boston, MA 02110, by hand on June 12, 2007.

/s/ Thomas O. Bean

- 5 -

Thomas O. Bean

BST99 1543938-1.057077.0012