UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC.<br><br>Plaintiff,<br><br>V.<br><br>LYCOS, INC.,<br><br>Defendant, et al. | C.A. No. 05-10017- RWZ |

### PRE-CONFERENCE MEMORANDUM
### OF PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.

Plaintiff Computer Sales International, Inc. n/k/a CSI Leasing, Inc. ("CSI") respectfully submits this Pre-Conference Memorandum in preparation for this Court's June 13, 2007 Status Conference in this case.

### NATURE OF THE CASE

This action, filed January 5, 2005, began as an effort to recover a $310,000 account receivable which is owed to the plaintiff CSI under the last two of a long series of computer equipment leases (the "Leases") that CSI entered into with the defendant Lycos, Inc. ("Lycos") from 1997 to 2002. *See* Verified Complaint.

In response to the original complaint, Lycos filed a Counterclaim seeking to avoid liability, and to pursue damages against CSI, on the theory that it had overpaid for the Leases because its Lease payments wound up totaling much more than the original cost of the equipment it had leased (the "Equipment") -- due to the fact that rather than returning the equipment at the end of each Lease term, it had repeatedly extended the Leases in order to keep those assets off its balance sheet, conserve its cash, and avoid having to locate, return, and replace the assets at the end of each lease term.

Lycos' original theory for its Counterclaim was that it never truly understood the financial impact of the Lease extensions it was signing because it could not keep track of the total original cost of all the Equipment it was leasing. Discovery subsequently revealed, however, that it actually could and did keep track of that cost. As a result, Lycos has shifted its theory to one in which it is now claiming that as a result of discovery in this case, it has supposedly "uncovered" that the total amount it paid pursuant to some of the later, extended Leases was higher than the residual value of the equipment shown on CSI's books at the time.

CSI's response is that this argument, like the others Lycos has advanced to support its Counterclaim, is essentially without merit, and is being advanced by Lycos as part of a conscious strategy, proposed by a Lycos leasing consultant (the "Leasing Consultant") in the Summer of 2003, and accepted by Lycos, to "manufacture" a claim against CSI for fraud (even though no fraud occurred and Lycos was, at that very moment, reaffirming the validity of the Leases, and promising to pay them in an August 2003 Sales Agreement), and then to threaten to publicize its "fraud" claim to CSI's customers unless CSI forgave all Lycos' debt to it, and paid Lycos a "settlement" in which the Consultant would share.

## I.   OUTSTANDING MOTIONS

By Order dated December 1, 2006, *see* Docket No. 120, CSI was granted leave to amend its Complaint to assert, in addition to the existing account receivable claim, claims for fraud, breach of implied covenant of good faith and fair dealing, abuse of process, and violation of M.G.L. c. 93A arising out of the facts described above. *See* Docket No. 120 (Memorandum of Decision and Order, dated December 1, 2006).

In response, Lycos, having unsuccessfully moved, in April of 2006, to amend its pleading to add "usury" claims, *see* Docket No. 62, which CSI opposed on grounds that they were legally

insufficient, *see* Docket No. 64, and which, subsequently, the Court did not permit, *see* Order of July 26, 2006 (denying Docket No. 62), responded to the Amended Complaint that CSI was permitted to file in December of 2006 by restating its previous claims, and including in them ***again*** the same previously disallowed "usury" counterclaims, albeit in a slightly different format. *See* Docket No. 122.

In response, CSI again argued, this time by way of motion to dismiss, *see* Docket No. 123, that usury counterclaims do not lie here, were previously disallowed by the Court when Lycos sought to amend them six months earlier, and should be properly dismissed, along with other related claims belatedly added into Lycos' counterclaim at that time. *See* Docket No. 124. That motion, which has been fully briefed, is still pending, and needs to be decided before the pleadings will actually be closed and complete.

II.     **RESIDUAL FACT DISCOVERY ISSUES**

There are also a few discrete but important discovery issues that are still outstanding, partly as a result of new information just disclosed to CSI within the last two (2) business days, and partly as a result of a Rule 53 objection that CSI filed last month, *see* Docket No. 135, concerning its request for a specific Lycos' computer software called PeopleSoft which the Master declined to grant, in a ruling that CSI informed the Master it felt obligated to appeal.

Regarding the information just disclosed in the last two (2) days, the issue is as follows: After months of discovery, in which it was revealed that Lycos negotiated a contract with its Leasing Consultant in 2003 giving her a 20% contingent interest in the outcome of this case (a fact not revealed in the affidavits she executed, which Lycos filed in opposition to CSI's early motion for summary judgment, *see* Docket No. 34 ), CSI was just informed by Lycos' counsel that Lycos claims to have sent that Consultant a "90-day notice of termination" of their contract,

and takes the position that this termination notice extinguishes her contingent interest in the outcome of this case,[1] in which Lycos still intends to call the consultant as a witness.

Lycos, however, has not updated its document production by providing a copy of the purported termination notice to CSI, nor has it produced any other new communications and side agreements relating thereto. Since Lycos intends to argue that its new termination letter bears on the issue of its Leasing Consultant's bias and continuing financial interest in the outcome of this case, CSI is requesting the production of these materials at this time, relying on a litigant's continuing duty to produce relevant non-privileged documents such as this.

As to CSI's Objection Under Fed. R. Civ. P. 53 to Discovery Master's Order Denying Production of Lycos' Purchase Order Database (Docket No. 135), filed May 24, 2007, CSI is not attempting to reopen discovery generally, but rather is seeking a Lycos computer database called "PeopleSoft," whose significance only recently became apparent after CSI finally recovered a related Lycos lease tracking database called AssetPortal from the California company to whom Lycos had transferred it last year -- at a time when it was subject to CSI's outstanding rule 34 document requests. *Id*. CSI has requested a hearing on its objection under Fed. R. Civ. P. 53(g)(1), and is prepared to address it either at the June 13 Status Conference, or a later date set by the Court.

### III. EXPERT DISCOVERY

This is a case in which Lycos is claiming tens of millions of dollars of damages, and intends to call retained experts on a variety of key damages and liability issues. CSI expects to

---

[1] Lycos' contract with the Leasing Consultant, however, has provisions indicating that the Consultant gets paid her fee, notwithstanding any 90-day termination, on any outstanding matters, such as this one, as to which she worked prior to the termination. Thus, it appears that Lycos is incorrect in its claim that the contingent interest in this case that it granted to its Leasing Consultant is extinguished -- rather it still exists.

call retained experts of its own as well, but largely in response, and likely opposition, to whatever opinions are offered by Lycos' experts.

Under these circumstances, CSI is proposing that expert reports be filed in the formal sequence which is often followed in complex cases: (1) each side serves expert reports on the issues as to which it has the burden of proof; (2) each side then responds within so many days to the other's expert reports with opposition reports; (3) each side can then file final rebuttal reports; and finally, (4) the experts' depositions can be taken.[2]  *See* Fed. R. Civ. P. 26(a)(2)(A), 1993 Advisory Committee Notes to Subdivision (a), ¶ 2 ("in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue").

Without this sequencing, there will not be an adequate opportunity for the conflicting experts to address each other's opinions, which is important to fleshing out the issues to be litigated at trial.  It is therefore incorporated into the proposed schedule set forth below.

## IV.   SUMMARY JUDGMENT MOTIONS

At the conclusion of expert discovery, with all fact and expert issues on the table, the parties will likely have Motions for Summary Judgment that will be ripe for adjudication.  A proposed schedule for such motions is therefore incorporated into the proposed schedule set forth below.  Lycos has suggested that summary judgment motions be adjudicated prior to the completion of expert exchanges and discovery, but CSI believes that since the summary judgment motions will inevitably be prosecuted and defended in part with expert testimony, they should be filed and heard after, not before, the expert discovery phase of this case.

---

[2]   *See also, e.g.*, *Schawbel Corp. v. Conair Corp.*, 122 F. Supp. 2d 71, 86 (D. Mass. 2000) (phasing expert discovery such that party "with the burden of proof" on an expert issue discloses first to be followed by rebuttal disclosures by other parties at a later date).

## V. PLAINTIFF CSI's PROPOSED SCHEDULE GOING FORWARD

The parties have discussed the subject of scheduling, and generally agree that the conclusion of expert discovery and summary judgment motions will require the remainder of this year, and that a trial date in early 2008 would be best. Taking the foregoing into account, CSI proposes a schedule along the following lines going forward:

Friday, July 13, 2007 -- Any residual fact discovery (*e.g.* updates to document productions with newly created records, etc.) to be completed.

Friday, August 17, 2007 -- Primary Expert Reports served by each party on the issues as to which that party has the burden of proof.

Monday, September 17, 2007 -- Opposition Expert Reports served by each party (in response to the other's Primary Expert Reports).

Wednesday, October 17, 2007 -- Rebuttal Expert Reports served by each party (in reply to the other's Opposition Expert Reports).

November 1-16, 2007 -- Depositions of each side's experts by the other side.

Monday, November 19, 2007 -- Any Motions for Summary Judgment filed.

Wednesday, December 19, 2007 -- Oppositions to Motions for Summary Judgment filed.

January/February 2008 -- Final Pretrial Conference (setting schedule for Motions in Limine, Trial, etc.).

CSI anticipates that the trial of this case will take twenty (20) days of trial, or 4 weeks, assuming half days (9 a.m. to 1 p.m.).

## CONCLUSION

In summary, the agenda items that CSI respectfully suggests should be addressed at the June 13 Conference include:

**(1)** a schedule for resolution of CSI's Motion to Dismiss Lycos' Usury and Related Counterclaims;

**(2)** a schedule for resolution of CSI's Rule 53 Objection to the Master's decision relating to PeopleSoft;

**(3)** a schedule for resolution of CSI's request for a copy of Lycos' purported termination notice to its Leasing Consultant, and any other new communications and side agreements relating thereto;

**(4)** a schedule for completion of residual fact discovery, expert discovery and summary judgment motions; and

**(5)** scheduling of a Final Pretrial Conference (at which a schedule for motions in limine and other pretrial matters, as well as a trial date, would be set).

                Respectfully submitted,

                COMPUTER SALES INTERNATIONAL, INC.
                By its attorneys,

                /s/ Robert J. Kaler_____
                Robert J. Kaler, Esq., BBO No. 542040
                Edward W. Little, Esq.
                McCarter & English LLP
                225 Franklin Street
                Boston, MA  0211
                Tel. (617) 345-7000

Dated: June 12, 2007

## CERTIFICATE OF SERVICE

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing motion to be served on counsel for Lycos through the Court's ECF system, and by email, this 12th day of June, 2007.

                /s/ Robert J. Kaler_____
                Robert J. Kaler

ME1 6405863v.1