UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| LYCOS, INC., | ) | C.A. No. 05-10017- RWZ |
| Defendant, | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) | |
| Trustee Process Defendant. | ) ) | |

**RESPONSE OF COMPUTER SALES INTERNATIONAL, INC. TO
"LYCOS' ASSENTED TO MOTION FOR LEAVE TO IMPOUND"
ITS ANTICIPATED SUMMARY JUDGMENT FILINGS**

Having obtained the assent of plaintiff Computer Sales International, Inc. ("CSI") to a motion seeking to file portions of its summary judgment materials under seal, defendant Lycos Inc. ("Lycos") has now filed a motion entitled **"**Lycos's Assented To Motion For Leave To Impound**"** various summary judgment papers[1] (the "motion") in which it improperly criticizes CSI for not agreeing to its unreasonable and untimely demands for the further de-designation of confidential materials produced in discovery.

These demands culminated in Lycos' counsel stating to CSI, on the Friday before the motion was filed, "[w]e propose that both sides simply waive their confidentiality designations as to all documents." Email from Lycos Counsel to CSI dated July 13, 2007. In reply to that email, CSI responded that it could not agree to such a measure, and explained why:

---

[1] See *Lycos's Assented To Motion For Leave To Impound Its (1) Memoranda of Law In Support Of Its Motion For Summary Judgment, and (2) Local Rule 56.1 Statements of Undisputed Material Facts With Respect Thereto*, dated July 16, 2007 (Docket No. 139).

ME1 6584886v.1

> Peter --
>
> I'm afraid we do not agree. Lycos has designated materials "Confidential," just as we have, and there is a clear likelihood that substantial harm, both to innocent individuals and to the parties in this case, would be caused by the release of material that the parties have designated "Confidential" … Moreover, Lycos' records indicate that its agents have been proposing that information about this case be published to newspapers and other media outlets -- as a way of exerting illicit pressure on CSI -- for some time, and without the protection of the Confidentiality Order (to which both parties agreed), this would obviously become a problem.
>
> It is not difficult to file whatever needs to be filed under seal, and you have our assent to do so in connection with any motion for summary judgment that you choose to make. Also, if you want to outline for me what materials you are planning to file, I'm happy to discuss how we could minimize the amount of material you found it necessary to file under seal - either by stipulation or otherwise. We cannot agree, however, at this late date, to start waiving confidentiality designations, because it would be unfairly prejudicial to our client.
>
> Please feel free to give me a call if you would like to talk further about this, though. Thanks.

Email from CSI to Lycos Counsel, dated July 13, 2007.

Lycos never responded. Instead, it simply took advantage of CSI's assent to file what it designated as an "assented-to" motion, but then attacked CSI in that motion with a series of inappropriate and inaccurate comments which do not warrant extended discussion here.

Since the Lycos motion seeks a substantive result that CSI does not oppose -- Lycos being granted leave to file portions of its summary judgment papers under seal -- CSI has not filed an opposition, but it does not wish the extraneous comments in the motion, which are inappropriate and inaccurate, to go unanswered. Hence this response, in which CSI requests that the Lycos motion be allowed, but that the comments in it be disregarded.

## CONCLUSION

For all of the foregoing reasons, CSI respectfully agrees to the filing of Lycos' summary judgment materials, but requests that its gratuitous comments in its motion be disregarded.

        Respectfully submitted,

        COMPUTER SALES INTERNATIONAL, INC.
        By its attorneys,

        /s/ Edward W. Little, Jr.
        Robert J. Kaler, BBO No. 542040
        rkaler@ghlaw.com
        Edward W. Little, Jr., BBO No. 628985
        elittle@ghlaw.com
        David Himelfarb
        dhimelfarb@mccarter.com
        McCarter & English LLP
        225 Franklin Street
        Boston, MA  0211
        Tel. (617) 345-7000

Dated:  July 18, 2007

## Certificate of Service

I, Edward W. Little, Jr., hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other party in this action electronically this 18th day of July 2007.

        /s/ Edward W. Little, Jr.
        Edward W. Little, Jr.