**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| LYCOS, INC., | ) | C.A. No. 05-10017- RWZ |
| Defendant, | ) ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) | |
| Trustee Process Defendant. | ) ) | |

**LYCOS'S "ROADMAP" FOR REVIEW OF ITS**
**MOTIONS FOR SUMMARY JUDGMENT AND**
**MOTION TO DISSOLVE TRUSTEE PROCESS ATTACHMENT**

Defendant and Plaintiff-in-Counterclaim, Lycos, Inc. provides this "roadmap" to assist the Court in reviewing the papers it has filed herewith.

Motions Filed:

Lycos has filed this day:

I.  a Motion for Summary Judgment On All Counts of CSI's Amended Complaint (the "CSI Claims Motion"), along with:

    A.  a Local Rule 56.1 Statement of Undisputed Material Facts with respect to the CSI Claims Motion;

    B.  a Memorandum of Law in support of the CSI Claims Motion; and

    C.  the Affidavit of Peter M. Acton with accompanying exhibits in support of the CSI Claims Motion.

- 2 -

    II.    a Motion for Partial Summary Judgment on Certain Claims in Counts VII, XII, and XIII of its Counterclaim (the "Lycos Counterclaims Motion"), along with:

        A.    a Local Rule 56.1 Statement of Undisputed Material Facts with respect to the Lycos Counterclaims Motion;

        B.    a Memorandum of Law in support of the Lycos Counterclaims Motion; and

        C.    the Affidavit of Thomas O. Bean with accompanying affidavits and exhibits in support of the Lycos Counterclaims Motion;

    III.    a Motion to Dissolve the Ex Parte Trustee Process Attachment granted to CSI at the outset of this case.

Lycos has filed *unredacted* copies of the 56.1 statements and the memoranda under seal, along with those exhibits to the affidavits that are "Confidential." Lycos has filed *redacted* copies of the 56.1 statements and memoranda on the Court's ECF system, along with the non-confidential exhibits to the Affidavits.

<u>Proposed Order of Review of Motions</u>

    Lycos believes the Court should review the filed papers in the order listed above for the following reasons:

    1.    While this dispute concerns a multi-year computer equipment leasing relationship between the parties, the CSI Claims Motion does not require the Court to delve into equipment leasing. It is fairly straightforward, and would probably be the better place for the Court to get an understanding of the parties' relationship and some of the issues.

2.	The Lycos Counterclaims Motion requires some attention to CSI's lease underwriting practices. In it, Lycos seeks entry of judgment on certain claims in Counts VII, XII, and XIII against CSI in an amount in excess of $16.5 million.

3.	While the Lycos Counterclaims Motion seeks summary judgment on only some of Lycos's counterclaims, Lycos acknowledges that is "entitled to only one full recovery, no matter how many different legal grounds may support" it. *Eureka Broadband Corp. v. Wentworth Leasing Corp.*, 400 F.3d 62, 67 (1st Cir. 2005). Accordingly, if (a) the Court grants the Lycos's Counterclaims Motion and awards Lycos, at a minimum, the actual damages requested, and (b) if the Court is prepared to allow the CSI Claims Motion granting Lycos summary judgment on Counts II-VI of CSI's complaint, Lycos would not object to the Court entering summary judgment against Lycos in the amount of the $301,050.34, plus statutory interest and reasonable attorneys' fees incurred by CSI in filing the complaint that commenced this action, on Count I of CSI's complaint *provided* the Court sets off this amount against the amounts the Court determines CSI owes Lycos; if the Court does this, Lycos will stay the remainder of the Counts of its Counterclaims and dismiss them upon entry of a final, non-appealable judgment on Counts VII, XII, and XIII.

4.	If the Court grants the CSI Claims Motion and the Lycos Counterclaims Motion, the Court should then allow Lycos's Motion to Dissolve Trustee Process Attachment because that attachment would be duplicative of the set-off. If, on the other hand, the Court does not effect the setoff, then the motion to dissolve the trustee process attachment will be moot.

5.	Thus, if the Court grants Lycos's motions as filed, that should dispose of this case.

Documents Filed on ECF and Under Seal

With respect to the two Memoranda in Support of the Motions for Summary Judgment, the Local Rule 56.1 Statements, and the Affidavits, some of the documents and testimony on which Lycos relies have been designated by CSI as "Confidential" within the meaning of this Court's Confidentiality Order. Lycos has written to and spoken with CSI in an effort to minimize the number of documents so designated, but has been unable to persuade CSI to eliminate the designation for all documents Lycos is filing. Accordingly, in accordance with this Court's docket entry of July 23, 2007, and because of the inconvenience to the Court of managing documents filed under seal, Lycos has filed on the ECF redacted versions of the documents that contain "Confidential" facts and filed unredacted versions under seal.

LYCOS, INC.

Dated: September 4, 2007

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston MA 02109
(617) 535-4000

## CERTIFICATE OF SERVICE

I, Peter M. Acton, Jr., hereby certify that on this 4th day of September, 2007, I caused a true and correct copy of the foregoing document to be served by electronic mail and by hand, on the following:

Robert J. Kaler
Edward W. Little, Jr.
McCarter & English LLP
225 Franklin Street
Boston, MA 02110
rkaler@mccarter.com
elittle@mccarter.com

/s/ Peter M. Acton, Jr.