UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br><br> Plaintiff, <br> v. <br><br> LYCOS, INC., <br><br> Defendant, <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br> Trustee Process Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-10017- RWZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## LYCOS'S MOTION TO DISSOLVE TRUSTEE PROCESS ATTACHMENT

Defendant and Plaintiff-in-Countreclaim, Lycos, Inc. ("Lycos"), hereby moves pursuant to Fed. R. Civ. P. 64, which incorporates by reference Mass. R. Civ. P. 4.2(h), to dissolve the *ex parte* trustee process attachment in the amount of $310,000 this Court granted in favor of Plaintiff and Defendant-in-Counterclaim, Computer Sales International, Inc., on January 5, 2005, on credits held for the benefit of Lycos at Bank of America f/k/a Fleet Bank.

As reasons therefore, Lycos states as follows:

1. Lycos has herewith filed two motions for summary judgment: a Motion for Partial Summary Judgment on Certain of its Claims in Counts VII, XII, and XIII of its Counterclaim; and a Motion for Summary Judgment on All of CSI's Claims Against Lycos (together, the "Motions").

2. As set forth more fully in the Memoranda filed in support of the Motions, Lycos has moved the Court to enter summary judgment in its favor in an amount substantially in excess of the amount of the $310,000 trustee process attachment. Lycos proposes that if the Court

grants summary judgment in favor of Lycos as requested, and if the Court grants Lycos summary judgment against CSI on Counts II-V of CSI's Complaint, the Court offset the amounts owed by Lycos to CSI on Count I in the amount of $301,050.34, refrenced in paragraph 30 of CSI's Amended Complaint against the amounts of Lycos's judgment against CSI, plus statutory interest thereon, plus reasonable attorneys' fees incurred by CSI's in filing its complaint dated January 5, 2005.

     3.     Provided the Court grants Lycos's proposal set forth in paragraph 2, Lycos will have no indebtedness to CSI. Accordingly, CSI would no longer have a reasonable likelihood of obtaining a judgment against Lycos. As such, there would no longer be any justification for maintaining the trustee process attachment.

     WHEREFORE, Lycos respectfully requests that the Court enter an Order:

     1.     Dissolving the *ex parte* trustee process attachment it granted on January 5, 2005, in favor of CSI; and

2. Granting Lycos such other relief as may be appropriate and just.

          LYCOS, INC.

Dated: September 4, 2007

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston MA 02109
(617) 535-4000

### RULE 7.1 CERTIFICATION

The undersigned counsel for Defendant and Plaintiff-in-Counterclaim, Lycos, Inc., certifies that he has conferred via e-mail with Robert J. Kaler, counsel for CSI, and attempted in good faith to resolve or narrow the issues raised in the foregoing Motion.

Dated: September 4, 2007

/s/ Thomas O. Bean
Thomas O. Bean

### CERTIFICATE OF SERVICE

I, Peter M. Acton, Jr., hereby certify that on this 4th day of September, 2007, I caused a true and correct copy of the foregoing document to be served by electronic mail and first-class mail, postage pre-paid, on the following:

Robert J. Kaler
Edward W. Little, Jr.
McCarter & English LLP
225 Franklin Street
Boston, MA 02110
rkaler@mccarter.com
elittle@mccarter.com

/s/ Peter M. Acton, Jr.
Peter M. Acton, Jr