UNITED STATES DISTRICT COURT
For the District of Massachusetts

|   |   |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., ) | |
| Plaintiff, ) | |
| v. ) | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ |
| Defendant, ) | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | |
| Trustee Process Defendant. ) | |

**PLAINTIFF COMPUTER SALES INTERNATIONAL, INC.'S REPLY TO COUNTERCLAIM OF DEFENDANT LYCOS, INC. AND JURY DEMAND**

Plaintiff Computer Sales International, Inc., now known as CSI Leasing, Inc. ("CSI"), hereby responds as follows to the correspondingly numbered paragraphs which remain of the "Lycos' Counterclaim" set forth on pages 8-44 of the "Answer to CSI's First Amended Complaint and Counterclaim of Lycos, Inc.," dated December 14, 2006:

**GENERAL RESPONSE**

CSI replies to the remaining portions of Lycos' Counterclaim – specifically as to those claims left in the case following the Court's recent order, dated August 29, 2007, dismissing Counterclaim Counts VII, IX, X and XI – without waiving any of its rights, defenses, or privileges under any applicable law, and CSI reserves the right to supplement or amend this reply as expert discovery and these proceedings progress and more information about Lycos' Counterclaim and the alleged basis for it becomes available.

ME1 6690996v.1

## SPECIFIC RESPONSES

1. Denied.

2. Denied.

3. Denied.

4. Admitted that in August of 2003, CSI and Lycos entered into a written Sales Agreement, executed by Lycos on August 8, 2003 and by CSI on August 11, 2003, the terms of which speak for themselves; otherwise denied.

5. Denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted

10. Admitted that in December of 1996 Lycos and CSI entered into a Master Lease the terms of which speak for themselves and a copy of which is attached as Exhibit 1 to CSI's Verified Complaint herein; otherwise denied.

11. Admitted that Lycos and CSI entered into a Master Lease and equipment schedules, the terms of which speak for themselves, and that each equipment schedule constituted a separate and independent lease incorporating by reference all the terms of the Master Lease and providing further specific rental terms; otherwise denied.

12. Admitted that some of the referenced equipment schedules had terms of 24 to 36 months, and that the terms of those schedules and the Master Lease speak for themselves; otherwise denied.

13. Denied.

14. Admitted that CSI's account representative for Lycos was Paul Stenberg, that during the relevant time periods Mr. Stemberg maintained an office in Needham, Massachusetts, that he attended golf outings, dinners, concerts and sporting and other events with various Lycos employees, and that he had cordial business interactions with a number of them; otherwise denied.

15. Admitted that, as a salesperson for CSI, Mr. Stenberg tried to maintain a cordial, businesslike relationship with his customer contacts, including Lycos; otherwise denied.

16. Admitted that, as a salesperson for CSI, Mr. Stenberg tried to maintain a cordial, businesslike relationship with his customer contacts, including Lycos; otherwise denied.

17. Admitted that at various times CSI has had a number of different versions of a website on which various materials which speak for themselves were placed by various persons; otherwise denied.

18. Denied.

19. Admitted that Lycos and CSI voluntarily agreed to enter into, and did enter into, a number of equipment schedules pursuant to which previously executed equipment schedules were cancelled and incorporated into new equipment schedules; otherwise denied.

20. Admitted that Lycos and CSI voluntarily agreed to enter into, and did enter into, a number of equipment schedules pursuant to which previously executed equipment schedules were cancelled and incorporated into new equipment schedules; otherwise denied.

21. Admitted that CSI established various commission plans for its salespersons and that those salespersons, including Mr. Stenberg, earned commissions on those plans; otherwise denied.

22. Denied.

23. Denied, because Lycos, if it had not extended certain lease schedules, would have had to in addition incur the cost to either return the equipment, buy the equipment from CSI at a certain additional agreed upon price, or lease that equipment or comparable equipment at prices and on terms which were never determined.

24. Denied.

25. Admitted that on or about July 12, 2000, and November 14, 2000, Lycos and CSI voluntarily entered into equipment schedule leases, pursuant to their Master Lease, called "Equipment Schedule 67E" and "Equipment Schedule 67H," respectively, the terms of which speak for themselves; otherwise denied (the purported "comparison" is also denied).

26. Admitted that Equipment Schedule 67H reduced Lycos monthly rental obligation from what it had been prior to the execution of that schedule; otherwise denied.

27. Denied.

28. Denied.

29. Admitted that in the late Fall of 2001 (CSI did not execute them until December of 2001), Lycos and CSI voluntarily entered into two equipment schedule leases, pursuant to their Master Lease, called "Equipment Schedules 93 and 94," copies of portions of which are attached as Exhibits D and E to Lycos' Counterclaim, and the terms of which speak for themselves; otherwise denied.

30. Admitted that Equipment Schedules 93 and 94 reduced Lycos' monthly rental obligations from what they had been prior to the execution of those schedules; otherwise denied.

31. Admitted that the Equipment Leasing Association ("ELA") is a non-profit trade association; otherwise CSI is without knowledge sufficient to admit or deny this paragraph.

32. Admitted that CSI is a member of the ELA; otherwise denied.

33. Admitted that ELA has posted different versions of material on its website entitled "ELA Code of Business Practice;" otherwise, denied.

34. Denied.

35. Admitted that CSI has complied with ELA's Code of Fair Business Practices in its dealings with Lycos; otherwise denied.

36. Admitted that the Commonwealth of Massachusetts has promulgated regulations designated 940 C.M.R. Sections 3.05(1) and 3.16(2), the terms of which speak for themselves, which do not apply to business to business transactions between sophisticated businesses such as Lycos and CSI; otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted that at various points CSI and Lycos discussed Lycos buying the equipment it was then leasing from CSI; otherwise denied.

44. Admitted that Mr. Stenberg offered Lycos an initial buyout price of approximately $4.7 million, which he would not have done had he known of Lycos' intent not to honor the terms of the buyout, including the affirmance of lease obligations and the agreement to continue those payments; otherwise denied.

45. Admitted that Lycos and CSI discussed the possibility of Lycos making a one-time payment to purchase the equipment covered by the then-outstanding equipment schedules at

ME1 6690996v.1

the conclusion of the terms of those schedules; otherwise denied.

46. Admitted that in August of 2003, CSI and Lycos entered into a written Sales Agreement, executed by Lycos on August 8, 2003 and by CSI on August 11, 2003, the terms of which speak for themselves; otherwise denied.

47. Admitted that in August of 2003, CSI and Lycos entered into a written Sales Agreement, executed by Lycos on August 8, 2003 and by CSI on August 11, 2003, the terms of which speak for themselves; otherwise denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

### Reply to Count I of Lycos' Counterclaim
**(Alleging Fraudulent Misrepresentation in the Inducement of Rolled-Up Lease Schedules)**

54. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos Counterclaim; otherwise denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### Reply to Count II of Lycos' Counterclaim
**(Alleging Negligent Misrepresentation in the Inducement of Rolled-Up and Rewritten Equipment Schedules)**

59. CSI hereby incorporates by reference, as though fully set forth herein, its

aforesaid responses to Lycos' Counterclaim; otherwise denied.

60. Denied.

61. Denied.

62. Denied.

**Reply to Count III of Lycos' Counterclaim**
**(Alleging Fraudulent Misrepresentation in the Inducement of Sales Agreement)**

63. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

**Reply to Count IV of Lycos' Counterclaim**
**(Alleging Violation of M.G.L. c. 231, § 85J)**

70. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

71. Admitted that there is a Massachusetts statute designated M.G.L. c. 231, § 85J, the terms of which speak for themselves; otherwise denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

### Reply to Count V of Lycos' Counterclaim
### (Alleging Violation of M.G.L. c. 93A, §§ 2 and 11
### by Violating M.G.L. c. 231, § 85J and 940 C.M.R. 3.16(3))

76. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

77. Admitted that there is a Massachusetts statute designated M.G.L. c. 231, § 85J, the terms of which speak for themselves; otherwise denied.

78. Denied.

79. Denied.

### Reply to Count VI of Lycos' Counterclaim
### (Alleging Breach of Implied Covenant of Good Faith and Fair Dealing)

80. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

81. Admitted that CSI acted in good faith and dealt fairly with Lycos; otherwise denied.

82. Denied.

83. Denied.

84. Denied.

### Reply to Count VII of Lycos' Counterclaim
### (Alleging Violation of M.G.L. c. 93A, §§ 2 and 11 in
### Entering into Rewrites and Roll-Ups
### And the Sales Agreement

85. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

86. Admitted.

87. Denied.

88. Admitted that some communications between Mr. Stenberg and Lycos occurred while Mr. Stenberg was conducting business in Massachusetts; otherwise denied.

89. Denied.

90. Denied.

91. Denied.

### Reply to Count VIII of Lycos' Counterclaim
### (Seeking Declaratory Relief - Alleging Schedules 93 and 94
### Each Evidence a Loan and Security Agreement)

No response is required, as this claim has been denied by this Court, most recently in the Court's Order of August 29, 2007 in which it allowed CSI's Motion to Dismiss with respect to Lycos' Counterclaim Counts VIII, IX, X and XI; otherwise denied.

### Reply to Count IX of Lycos' Counterclaim
### (Seeking Declaratory Judgment as to Whether Missouri or
### Massachusetts Law Governs Lycos's Claim that Schedules 93 and 94
### Are Usurious)

No response is required, as this claim has been denied by this Court, most recently in the Court's Order of August 29, 2007 in which it allowed CSI's Motion to Dismiss with respect to Lycos' Counterclaim Counts VIII, IX, X and XI; otherwise denied.

### Reply to Count X of Lycos' Counterclaim
### (Alleging Usury, M.G.L. c. 271, § 49)

No response is required, as this claim has been denied by this Court, most recently in the Court's Order of August 29, 2007 in which it allowed CSI's Motion to Dismiss with respect to Lycos' Counterclaim Counts VIII, IX, X and XI; otherwise denied.

### Reply to Count XI of Lycos' Counterclaim
### (Alleging Violation of M.G.L. c. 93A, §§ 2 and 11 -
### Imposition of Excessive Interest)

No response is required, as this claim has been denied by this Court, most recently in the

Court's Order of August 29, 2007 in which it allowed CSI's Motion to Dismiss with respect to Lycos' Counterclaim Counts VIII, IX, X and XI; otherwise denied.

### Reply to Count XII of Lycos' Counterclaim
### (Alleging Money Had and Received)

128. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

### Reply to Count XIII of Lycos' Counterclaim
### (Alleging Unjust Enrichment)

135. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

### Reply to Count XIV of Lycos' Counterclaim
### (Seeking a Declaratory Judgment as to Whether Lycos Owes any Money to CSI)

140. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

141. Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

142. Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

143. Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

### Reply to Count XV of Lycos' Counterclaim
### (Seeking a Declaratory Judgment as to Whether Lycos May Retain the Equipment)

144. CSI hereby incorporates by reference, as though fully set forth herein, its aforesaid responses to Lycos' Counterclaim; otherwise denied.

145. Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

146. Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

147. Admitted that this action, in which the pleadings and other filings by the parties speak for themselves, is pending; otherwise denied.

### AFFIRMATIVE DEFENSES
### OF CSI TO THE LYCOS COUNTERCLAIM

#### First Affirmative Defense

The Lycos Counterclaim fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Lycos has waived the claims set forth in the Lycos Counterclaim.

#### Third Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of estoppel.

### Fourth Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of accord and satisfaction.

### Fifth Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of contributory negligence.

The Lycos Counterclaim is barred by, or any recoverable damages should be reduced in whole or in part by, Lycos' contributory or comparative negligence, fault, responsibility or want of due care.

### Sixth Affirmative Defense

The Lycos Counterclaim is barred by the doctrine of assumption of risk.

### Seventh Affirmative Defense

The Lycos Counterclaim is barred by virtue of having been released.

### Eighth Affirmative Defense

The Lycos Counterclaim is barred by the provisions of Lycos' contracts with CSI.

### Ninth Affirmative Defense

The Lycos Counterclaim is barred by its own fraud, misconduct, and breaches on contract.

### Tenth Affirmative Defense

Lycos is not entitled to recover any of its alleged damages because any such damages were not proximately caused by any acts, omissions, or conduct of CSI.

### Eleventh Affirmative Defense

The Lycos Counterclaim is barred by the applicable statutes of limitations.

### Twelfth Affirmative Defense

The Lycos Counterclaim barred by the doctrine of laches.

### Thirteenth Affirmative Defense

The Lycos Counterclaim is barred by Lycos' own unclean hands.

### Fourteenth Affirmative Defense

The portions of the Lycos Counterclaim alleging violations of M.G.L. c. 93A are barred because the conduct at issue did not occur primarily and substantially within the Commonwealth of Massachusetts.

### Fifteenth Affirmative Defense

The portion of the Lycos Counterclaim alleging violation of M.G.L. c. 93A is barred because the Massachusetts Attorney General's Regulations on which Lycos relies for its c. 93A claim, 940 C.M.R. §§ 3.05(1) and 3.16(2), do not apply to the business to business transactions in issue in this case and do not apply to the types of products at issue in this case.

### Sixteenth Affirmative Defense

Any damages or harm suffered by Lycos were caused by the conduct of persons or entities over which CSI had no control and for which CSI is not liable or responsible.

### Seventeenth Affirmative Defense

The Lycos Counterclaim is barred in whole or in part by reason of the parties' choice of Missouri law to apply to their disputes.

### Eighteenth Affirmative Defense

The Lycos Counterclaim for damages fails in whole or in part because Lycos did not mitigate or minimize any damages that it allegedly incurred.

### Nineteenth Affirmative Defense

The Lycos Counterclaim is barred in whole or in part due to Lycos' breaches of or failure to honor the contracts at issue.

### Twentieth Affirmative Defense

The Lycos Counterclaim is barred because the alleged representations and omissions which Lycos puts at issue were neither material nor relied upon (reasonably or actually) by Lycos.

### Twenty-First Affirmative Defense

The Lycos Counterclaim is barred because CSI had no duty to make the disclosures which Lycos claims were required.

### Twenty-Second Affirmative Defense

The portion of the Lycos Counterclaim alleging violation of M.G.L. c. 231 § 85J is barred because that statute does not apply to the business to business transactions in issue in this case and does not apply to the types of products at issue in this case.

### Twenty-Third Affirmative Defense

The Lycos Counterclaim is barred because Lycos received fair consideration for entering into lease schedule rewrites and extensions including, among other things, extended use of equipment it was otherwise obligated to return to CSI.

### Additional Affirmative Defenses

CSI reserves the right to amend this Reply and assert additional defenses as becomes necessary or appropriate through the course of investigation or further discovery.

### **CSI'S DEMAND FOR TRIAL BY JURY**

CSI hereby claims its right to trial by jury, and hereby demands a trial by jury, on all counts of its Complaint and Lycos' Counterclaim herein.

### **CSI'S PRAYER FOR RELIEF AS TO THE LYCOS COUNTERCLAIM**

WHEREFORE, CSI prays that the Lycos Counterclaim be dismissed, with prejudice, and

that CSI be awarded its costs and reasonable attorneys' fees.

> Respectfully submitted,
>
> COMPUTER SALES INTERNATIONAL, INC.
> By its attorneys,
>
> /s/ Edward W. Little, Jr_____
> Robert J. Kaler, Esq., BBO No. 542040
> rkaler@mccarter.com
> Edward W. Little, Jr., Esq., BBO No. 628985
> elittle@mccarter.com
> McCARTER & ENGLISH LLP
> 265 Franklin Street
> Boston, MA  02110
> Tel. (617) 449-6500

Dated:  September 13, 2007

## Certificate of Service

I, Edward W. Little, Jr., hereby certify that I caused a true copy of the foregoing pleading to be served on counsel for the other parties in this action electronically (via the Court's CM/ECF system notification) and by first class mail, postage prepaid, this 13th day of September 2007.

> /s/ Edward W. Little, Jr.
> Edward W. Little, Jr.