UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> LYCOS, INC., <br><br> Defendant, <br><br> BANK OF AMERICA f/k/a FLEET BANK, <br><br> Trustee Process Defendant. | C.A. No. 05-10017- RWZ |

**COMPUTER SALES INTERNATIONAL, INC.'S
EXPEDITED MOTION AND MEMO IN SUPPORT SEEKING
TO ENLARGE TIME TO RESPOND TO LYCOS, INC.'S MULTIPLE MOTIONS**

Plaintiff Computer Sales International, Inc., a/k/a CSI Leasing, Inc. ("CSI"), respectfully moves this Court, on an expedited basis,[1] to enlarge by forty-five (45) days the time within which CSI must respond to the extraordinarily voluminous summary judgment and attachment dissolution motion papers filed by defendant Lycos, Inc. earlier this month, and docketed as Docket Nos. 141 - 156 (the "Lycos Motion Papers").

The grounds for this motion are as follows:

**1.** The Lycos Motion Papers, which Lycos appears to have prepared over the course of several months, number in the *hundreds* of pages, and include two summary judgment motions, more than half a dozen fact witness affidavits (one of which directly contradicts the witness's prior deposition testimony), a 50-page purported "expert" witness affidavit whose

---

[1] CSI seeks this relief on an expedited basis because, under the normal timing for motion practice, there will be insufficient time under the current deadlines for a meaningful decision on this Motion before CSI's response to Lycos's summary judgment papers is currently due.

ME1 6724157v.1

contentions CSI intends to challenge, dozens of deposition excerpts and exhibits, two affidavits of counsel that together attach over 135 separate documents, and a motion to dissolve an attachment that has been in place since this case was filed in January of 2005. *See* Docket Nos 141 to 156. Lycos has declined to assent to more than a seven (7) day extension to respond to these materials, which CSI respectfully submits is not sufficient under the circumstances.

2. The Court's Order of June 13, 2007 stated

> 06/13/2007 Electronic Clerk's Notes for proceedings held before Judge Rya W. Zobel : Status Conference held on 6/13/2007. Pretrial Conference set for 1/10/2008 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. defendant to file an answer to any remaining claims; dispositive motions within 30 days; ***no replies or excessive briefs; 30 pages***; (Urso, Lisa) (Entered: 06/14/2007)

(emphasis added). After this Order was entered, Lycos spent several months preparing, and then on September 4, 2007, filed the Lycos Motion Papers, which include two summary judgment motions whose briefs, in total, exceed 55 pages, plus an attachment dissolution motion.

3. CSI will not object to the volume of the briefs or the mass of materials accompanying them, but the timing of their filing has unexpectedly overlapped with the parties exchanges of expert reports, which is now underway, creating some unexpected time pressures. In addition, lead counsel for CSI is commencing a three-week trial in another matter less than two weeks from now, which has exacerbated the problem. Without intending to prejudice Lycos, CSI is simply seeking a reasonable amount of time to respond to the several feet of Lycos Motion Papers. The current deadline of October 4 (the parties understanding of the Court's original order was that it allowed 30 days for a response to dispositive motions) does not provide that time under the present circumstances.

4. Lycos had substantial time to assemble its papers in the months before and

following the June 2007 hearing, and those papers are unusually voluminous, and unusual in character in that they rely on a lengthy and involved expert witness affidavit, and more than half a dozen fact witness affidavits, to which CSI will want to respond. The extension requested by this motion will not interfere in any way with the next scheduled event in this matter – a January 10, 2008, pre-trial conference set by the Court at the stated June hearing – nor will Lycos be prejudiced by it. CSI, however, will be unfairly prejudiced if it does not have the additional time it seeks to fully and fairly respond to the Lycos Motion Papers

5.  For all of these reasons, CSI respectfully submits that this motion should be allowed.

WHEREFORE Computer Sales International, Inc. (n/k/a CSI Leasing, Inc.) respectfully requests that this motion be allowed.

> Respectfully submitted,
>
> COMPUTER SALES INTERNATIONAL, INC.
> By its attorneys,
>
> /s/ Robert J. Kaler
> Robert J. Kaler, Esq., BBO No. 542040
> rkaler@mccarter.com
> Edward W. Little, Esq., BBO No. 628985
> elittle@mccarter.com
> McCARTER & ENGLISH LLP
> 265 Franklin Street
> Boston, MA  02110
> Tel. (617) 449-6500

Dated:  September 17, 2007

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Robert J. Kaler, counsel for CSI, hereby certify pursuant to Local Rule 7.1(A)(2) that we have conferred with counsel for Lycos to attempt to resolve the issues raised in this motion, but have been unable to do so..

> /s/ Robert J. Kaler
> Robert J. Kaler

ME1 6724157v.1

CERTIFICATE OF SERVICE

      I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing motion to be served on counsel for Lycos through the Court's ECF system and by mail, this 17th day of September, 2007.

                                                  /s/ Robert J. Kaler