**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) | C.A. No. 05-10017-RWZ |
| | ) | |
| Plaintiff and Defendant-in-Counterclaim, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | **LYCOS'S OPPOSITION TO CSI'S** |
| LYCOS, INC., | ) | **EXPEDITED MOTION AND MEMO IN** |
| | ) | **SUPPORT SEEKING TO ENLARGE TIME TO** |
| Defendant and Plaintiff-in-Counterclaim, | ) ) | **RESPOND TO LYCOS, INC.'S MULTIPLE MOTIONS** |
| | ) | |
| and | ) | |
| | ) | |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) | |
| | ) | |
| Trustee Process Defendant | ) | |

  In its Expedited Motion and Memo Seeking to Enlarge Time to Respond to Lycos Inc.'s Multiple Motions (Dkt No. 158) (the "Motion"), CSI seeks an extension of time to respond to Lycos's summary judgment motions that would afford it more than *quintuple* the amount of time a party is allowed under the Local Rule to respond to summary judgment motions and two and-one-half times the thirty days this Court has already granted CSI to respond. Not only is a request of this length unwarranted because CSI has known for months which claims Lycos intended to move for summary judgment on, but such an enlargement of time would be prejudicial to Lycos because progress in this case, which CSI filed in January 2005, has already been delayed repeatedly by CSI.

  One of the summary judgment motions filed by Lycos addresses CSI's claims against Lycos—claims CSI presumably understands. The other concerns only a portion of Lycos's

counterclaims against CSI and the arguments and analysis made in that motion are substantially the same as were made in a demand letter Lycos sent to CSI in May 2007 in which Lycos informed CSI that it would be moving for summary judgment on those claims in the event a settlement could not be reached.  Lycos even reiterated its intention to move for summary judgment on those claims at the June 2007 status conference with this Court and the Court then granted CSI's request for thirty days to respond.

CSI's Motion continues its practice of delaying resolution of this case.  While Lycos does not oppose CSI receiving a reasonable extension of seven days to respond to the motions for summary judgment—which would provide CSI with more than two and one-half times the amount of time a party is entitled to respond under the Local Rules—it opposes CSI's request for what would amount to *seventy-five days* to respond to two motions that, despite CSI's hyperbolic characterizations to the contrary, are anything but extraordinary in terms of their length and supporting materials.

In further support of its Opposition, Lycos states as follows:

1.      This case was commenced by CSI on January 5, 2005.  In more than two and two-thirds years since, the over 400-attorney law firm representing CSI has had at least four attorneys working on the matter—the names of at least three of which have appeared in pleadings filed by CSI in this case.[1]

2.      On May 11, 2007, Lycos served CSI with a twenty-seven page settlement demand letter in which it set forth in detail the reasons it believed it was entitled to summary judgment on its 93A claim arising under the Attorney General's regulations (the "Regulations").

---

[1] In addition to Robert Kaler, who is lead counsel for CSI, Messrs. Little and Himelfarb have at various times filed papers on behalf of CSI in this matter.  Mr. Little has fourteen-years experience practicing law while Mr. Himelfarb graduated from law school almost ten years ago.

3.      At the June 13, 2007 status conference with this Court, Lycos expressly stated again that it would be filing summary judgment as to (1) all of CSI's claims against Lycos, and (2) some of Lycos's claims against CSI—including specifically its 93A claims under the Regulations.  To expedite the process, the Court barred Lycos from filing a reply brief but granted it leave to file briefs in support of summary judgment that did not exceed thirty-pages in length. *See* Electronic Clerk's Notes entered on the docket on June 14, 2007.  The Court then granted CSI's request to file its response to summary judgment within 30 days—more than twice the amount of time permitted under Local Rule 7.1.

4.      On September 4, 2007, Lycos filed and served its summary judgment motions and supporting material. Dkt. Nos. 141-156.  Those motions are exactly what Lycos said they would be before the Court three months earlier, summary judgment motions as to: (1) all of CSI's claims against Lycos, and (2) some of Lycos's claims against CSI—including its 93A claim under the Regulations.

5.      The briefs filed in support of those motions were 25 pages and, in substance, 30 pages[2]—both within the page limit established by the Court.  With respect to Lycos's motion as to CSI's claims against Lycos, CSI cannot in good faith even suggest that it needs additional time to analyze the legal predicates for claims that ***it brought***.  With respect to Lycos's motion for summary judgment on its claims against CSI, that motion is limited in scope and addresses only two of Lycos's legal theories on which Lycos believes there are no genuine issues of material fact in dispute.  Perhaps more importantly, both parties have already briefed the

---

[2]  The "Conclusion" sentence and signature block are on the thirty-first page.

- 3 -

applicability of the Regulations to the instant relationship as far back as 2005[3] and the parties have twice-briefed the issue of whether equipment schedules 93 and 94 were "true leases" or installment sales contracts.[4] CSI has had more than ample time to prepare any necessary legal analysis—particularly in light of the fact that Lycos telegraphed its summary judgment motions in its demand letter in May and at the status conference in June.

6.  With respect to the evidentiary support offered by Lycos in its briefs, as with any motion for summary judgment, Lycos filed that evidence with its summary judgment motions. While CSI is technically correct that there are 135 separate documents attached to the affidavits filed by counsel in connection with the motions, many of the same exhibits appear in both briefs such that the actual number of documents presented is considerably less. CSI also claims that Lycos relies on "more than half a dozen fact witness affidavits". In fact, there are only six and two of those affidavits (Mr. Lucy's first affidavit and that by Mr. Caplan) were provided to CSI over a year ago and one (Mr. Hickman's) merely authenticates documents from CSI's website. CSI deposed Mr. Lucy and the other two affiants (Mr. Philip and Mr. Guilfoile). Moreover, a significant number of the so-called "voluminous" documents filed in support of the motions relate to such mundane matters as when the leasing relationship began, the number of equipment schedules that were executed, the number of pieces of equipment leased, and so on—matters that could hardly be considered controversial or requiring significant analysis by CSI. In the end, the

---

[3] *E.g.*, Mem. of Law in Supp. of CSI's Mot. to Dismiss Lycos's Countercl. (Dkt. No. 16) at 12-16 (Mar. 10, 2005); Lycos's Opp. to CSI's Mot. to Dismiss Lycos's Am. Countercl. (Dkt. No. 28) at 19-22 (Apr. 29, 2005). *See also* Lycos's Reply to CSI's Opp'n. to Lycos's Mot. for Leave to File Second Am. Ans. and Countercl. (Dkt. No. 66) at 16 (May 10, 2006) (Lycos's "Reply").

[4] Opp. of CSI to "Lycos' Mot. For Leave to File Second Am. Ans. and Countercl." (Dkt. No. 64) at 9-15 (May 2, 2006); Lycos's Reply (Dkt. No. 66) at 3-8. Mem. of Law in Supp. of CSI's Mot. to Dismiss Portions of Lycos' Recent "Ans." to CSI's Am. Compl. Which Purports to Set Forth "Usury" and Other New Countercl. (Dkt. No. 124) at 10-15 (Dec. 15, 2006); Lycos's Mem. in Supp. of its Opp. to CSI's Mot. to Dismiss (Dkt. No. 131) at 14-19 (Dec. 28, 2006).

BST99 1552289-5.057077.0012

universe of truly significant documents in these motions is relatively small and the entirety of those documents is well in-keeping with summary judgment motions filed every day—motions pursuant to which the non-moving party receives only fourteen days to respond.

7. CSI also argues that it should be allowed additional time to respond because of the expert affidavit filed by Lycos. This argument is totally unavailing. What CSI failed to disclose in its Motion is that the parties had previously agreed to exchange expert reports on August 24, 2007—10 days *before* Lycos filed its summary judgment motions. On August 20, 2007, CSI requested that the deadline be moved to August 31, 2007—a request that Lycos accommodated with the express proviso that it did not want any extension to further delay resolution of this case.

8. The expert affidavit CSI refers to is the Affidavit of Bruce Smith. The mathematical computations and testimony offered by Mr. Smith in his affidavit are derived directly from his expert report, which CSI received *before* Lycos served the summary judgment motions. It was CSI's request for an extension of time to exchange expert reports that prevented it from receiving access to the substance of Mr. Smith's report even earlier.

9. CSI also fails to disclose that its responses to Mr. Smith's and other expert reports are due to be served on September 24, 2007—ten days *before* CSI's deadline to respond to Lycos's motions for summary judgment. ***Thus, to the extent CSI wants to rebut Mr. Smith's summary judgment affidavit as it claims in its Motion, CSI must do so long before its deadline for responding to summary judgment***. CSI further fails to disclose in its Motion that when Lycos filed its motions for summary judgment, it immediately made Mr. Smith available to CSI

BST99 1552289-5.057077.0012

for deposition—an offer to which CSI has yet to respond.[5] As such, CSI's argument that it needs additional time to respond to Mr. Smith's affidavit is belied by the facts.

10. While CSI states that it does not intend to prejudice Lycos, its request for additional time does exactly that. It has been CSI's pattern in this case to request additional things—whether it be additional fact discovery,[6] time to conduct fact discovery,[7] leave to take more depositions,[8] or extensions of deadlines for things such as the exchange of expert reports.[9] Lycos has accommodated many of requests and, in those instances where it felt the request was unreasonable or inequitable, opposed it. This is one such instance. CSI's never-ending request for "more" is evident from the fact that it asked Lycos to assent to a thirty-day extension to respond to summary judgment but, when Lycos said it would assent to a reasonable seven-day extension, CSI increased its demand for more time to forty-five days[10]—an amount more than quintuple the amount of time afforded under the Local Rules and two and one-half times the amount of time CSI requested, and the Court granted, at the June status conference. CSI's attempts to further protract this litigation should not stand. This case is more than two and two-thirds years old and needs to be brought to resolution.

---

[5] Attached hereto as **Exhibit 1** is a true and accurate copy of the cover letter Lycos delivered to CSI with the summary judgment papers.

[6] *E.g.,* Discovery Master Report No. 3 (Dkt. No. 133) (filed with the Court on Mar. 21, 2007) (noting that discovery was to be concluded by February 23, 2007 (which was an extension of the January 2007 date established by the Court) and describing CSI's requests for further discovery and time to conduct discovery). *See also* Obj. by CSI Under Fed. R. Civ. P. 53 to Discovery Master's Order Denying Production of Lycos' Purchase Order Database (Dkt. No. 136) (May 24, 2007) (requesting additional discovery).

[7] Discovery Master Report No. 3 (Dkt. No. 133).

[8] CSI's Mot. to Exceed Ten Depositions and Mem. in Supp. (Dkt. No. 102) (Oct. 13, 2006).

[9] A true and correct copy of the e-mail sent by Lycos's counsel accommodating CSI's request for an extension is attached hereto as **Exhibit 2**.

[10] A true and accurate copy of the e-mails evidencing this progression are attached hereto as **Exhibit 3**. *See also* CSI's Motion.

- 6 -

WHEREFORE, Lycos requests that the Court enter an Order:

1. Denying the Motion; and

2. Granting Lycos such other relief as may be appropriate and just.

Dated: September 20, 2007

Respectfully submitted,

LYCOS, INC.,

By its attorneys,

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston MA 02109
(617) 535-4000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September, 2007, I caused a true and accurate copy of the within document to be delivered by hand delivery to Robert J. Kaler, McCarter & English, LLP, 265 Franklin Street, Boston, MA 02111.

/s/ Peter M. Acton, Jr.
Peter M. Acton, Jr.

# EXHIBIT 1

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Thomas O. Bean
tbean@mwe.com
617 535 4426

September 4, 2007

**BY HAND**

Robert J. Kaler, Esq.
McCarter & English LLP
265 Franklin Street
Boston, MA 02110

      Re:    Computer Sales International, Inc v. Lycos, Inc.,
             <u>Case No. 05-10017-RWZ</u>

Dear Bob:

      Enclosed please find:

I.    Lycos's "Roadmap" for Review of its Motions for Summary Judgment and Motion to Dissolve Trustee Process Attachment.

II.    A.    Lycos's Motion for Summary Judgment On <u>All</u> Counts of CSI's Amended Complaint;

      B.    Lycos's Rule 56.1 Statement of Undisputed Material Facts With Respect to its Motion for Summary Judgment on <u>All</u> Counts of CSI's Amended Complaint;

      C.    Lycos's Memorandum of Law in Support of its Motion for Summary Judgment on <u>All</u> Counts of CSI's Amended Complaint; and

      D.    Affidavit of Peter M. Acton With Respect to Lycos's Motion for Summary Judgment On <u>All</u> Counts of CSI's Amended Complaint.

We have enclosed copies of both the Redacted version and the version Filed Under Seal with respect to the Local Rule 56.1 Statement and the Memorandum of Law.

III.    A.    Lycos's Motion for Partial Summary Judgment on Certain Claims in Counts VII, XII, and XIII of its Counterclaim;

U.S. practice conducted through McDermott Will & Emery LLP.

28 State Street Boston, Massachusetts 02109-1775 Telephone: 617.535.4000 Facsimile: 617.535.3800 www.mwe.com
BST99 1551119-1 057077.0012

Robert J. Kaler
September 4, 2007
Page 2

      B.    Lycos's Local Rule 56.1 Statement of Undisputed Material Facts with respect to Its Motion for Partial Summary Judgment on Certain Claims in Counts VII, XII, and XIII of its Counterclaim;

      C.    Lycos's Memorandum of Law in Support of its Motion for Summary Judgment on Certain Claims in Counts VII, XII, and XIII of its Counterclaim; and

      D.    Affidavit of Thomas O. Bean With Respect to Lycos's Motion for Summary Judgment on Certain Claims in Counts VII, XII, and XIII of its Counterclaim.

Again, we have enclosed copies of both the Redacted version and the version Filed Under Seal with respect to the Local Rule 56.1 Statement and the Memorandum of Law.

As you will note, attached to my Affidavit is that Affidavit of Bruce Smith. Mr. Smith, as you know from receipt of his report last Friday, has submitted an expert report in this case. If you wish to depose Mr. Smith before the deadline for service of your response to the summary judgment motions, Lycos would not object. If you would like to do so, please contact me at your earliest convenience to arrange a mutually convenient time and date for that deposition.

IV.    Lycos's Motion to Dissolve the Ex Parte Trustee Process Attachment.

      Thank you for your attention to these matters.

                                                            Very truly yours,

                                                            Thomas O. Bean

# EXHIBIT 2

|  |  |
|---|---|
| Thomas O Bean/BST/MWE<br>08/21/2007 12:16 PM | To   rkaler@mccarter.com<br>cc<br>bcc   Peter M Acton/BST/MWE<br>Subject   CSI - Expert Reports |

Bob, you requested yesterday, as a personal courtesy because you said you were closing on a house in Dennis, that the parties defer serving expert reports until August 31st rather than August 24th as previously agreed. You said that if Lycos granted your request, the parties would serve opposition and any rebuttal reports on September 24th and October 24th, respectively, as previously agreed. In other words, CSI would not ask to defer serving opposition and rebuttal reports based on the deferral of serving the reports.

Based on the foregoing, Lycos will assent to your request. The parties will now serve expert reports on August 31st, opposition reports on September 24th, and any rebuttal reports on October 24th.

Thomas O. Bean
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
(617) 535-4426 (ph)
(617) 535-3800 (fax)
tbean@mwe.com

****************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein

---

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
****************************************************************************************

Please visit http://www.mwe com/ for more information about our Firm.

# EXHIBIT 3



"Kaler, Robert"
&lt;RKaler@McCarter.com&gt;
09/17/2007 03:33 PM

To  "Thomas O Bean" &lt;TBean@mwe.com&gt;, "Little, Edward" &lt;ELittle@McCarter.com&gt;
cc  PActon@mwe.com
bcc
Subject  RE: CSI/Lycos

Tom --

We don't agree with you, and feel that the massive volume of materials you have submitted (several feet of records, including an expert affidavit) actually warrants 45 days of additional time within which to respond. Will you assent to that?   If not, we will move for that extension.


**Robert J. Kaler, Esq.**
**Partner**
**McCarter & English LLP**
**265 Franklin Street**
**Boston, MA 02110**
**Direct Tel. 617-449-6507**
**Direct Fax: 617-607-9141**
**Email: rkaler@mccarter.com**
**Boston New York Philadelphia Baltimore Hartford Newark Stamford Wilmington**

-----Original Message-----
**From:** Thomas O Bean [mailto:TBean@mwe.com]
**Sent:** Monday, September 17, 2007 2:33 PM
**To:** Little, Edward
**Cc:** PActon@mwe.com; Kaler, Robert
**Subject:** Re: CSI/Lycos


Ted, as you know, Lycos has assented to several requests by CSI for extensions of time during this case, most recently when Bob asked at the end of August to extend the date for expert disclosures by one week. At that time, I told Bob that Lycos did not want any more delays.

Lycos filed the summary judgment motions in an effort to bring this case to conclusion. Fact discovery took much longer than anyone anticipated, in part because CSI sought and obtained two or three extensions of the deadline, and took many more depositions than permitted by the Local Rules. Lycos does not want this case drag out any longer; it believes it is entitled to judgment on the merits. Accordingly, Lycos is not willing to assent to your request for a 30-day extension of time for CSI to respond, particuarly when you have already received nine days more to respond than is permitted by the Local Rules. Lycos does not, however, want to be unreasonable. If you want a seven day extension -- something that would allow CSI almost double the amount of time permitted under the Local Rules -- Lycos would assent to that.

As a side note, it surprises me that, when seeking Lycos's assent for the extension, you would suggest that Lycos did not comply with the page limitations for summary judgment motions ordered by the Court. As I'm sure you know, it is easier to catch bees with honey than vinegar. Moreover, the Court limited Lycos to a 30-page memo for a summary judgment memo; as you properly note, Lycos filed *two* summary judgment motions and thus memos. Neither of the memos exceeded, in substance, the 30-page limit.

Thomas O. Bean
McDermott Will & Emery, LLP
28 State Street
Boston, MA 02109
(617) 535-4426 (ph)
(617) 535-3800 (fax)
tbean@mwe.com

"Little, Edward" <ELittle@McCarter.com>

09/14/2007 06:29 PM

To TBean@mwe.com, PActon@mwe.com
cc "Kaler, Robert" <RKaler@McCarter.com>
Subject CSI/Lycos

Tom/Peter --

We are going to seek an additional 30 days to respond to Lycos' two summary judgment motions served on September 4. Notwithstanding the fact that Bob is, as you know, involved with another trial starting shortly, the briefs for your two motions exceed 55 pages in total (which exceed both the standard 20 pages allowed as well as the 30 allowed by the Court in June), and we need the additional time to prepare a full and fair response to the motions.

Please let us know by Monday whether you will assent to this, as we would like to file then the appropriate motion with the Court. Thank you.

Sincerely,

Ted

---

**Edward W. Little, Jr.**
McCarter & English, LLP  |  265 Franklin Street  |  Boston, MA  02110
Telephone:  (617) 449-6518  |  Facsimile:  (617) 326-3093
elittle@mccarter.com  |  www.mccarter.com

**BALTIMORE    BOSTON    HARTFORD    NEW YORK    NEWARK    PHILADELPHIA    STAMFORD    WILMINGTON**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email(or helpdesk@mccarter.com) and destroy all copies of the original message.

*************************************************************************************************
***

IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*************************************************************************************************
***

Please visit http://www.mwe.com/ for more information about our Firm.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email(or helpdesk@mccarter.com) and destroy all copies of the original message.