UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ | |
| Defendant, ) | | |
| ) | | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | | |
| ) | | |
| Trustee Process Defendant. ) | | |

**COMPUTER SALES INTERNATIONAL, INC.'S OPPOSITION
TO LYCOS'S MOTION TO DISSOLVE TRUSTEE PROCESS ATTACHMENT**

Plaintiff Computer Sales International, Inc. ("CSI") respectfully submits this opposition to *Lycos's Motion to Dissolve Trustee Process Attachment* (Docket No. 150) ("the Lycos attachment motion"). The Lycos attachment motion should be denied because it is clear from Lycos's Memorandum of Law in Support of Its Motion for Summary Judgment on All Counts of CSI's Amended Complaint (Docket No. 144) (the "Lycos SJ Memo"), that Lycos *admits* that it owes CSI over $300,000 under the Leases, and in fact has conditionally proposed that summary judgment be entered against it on those claims.

Specifically, in Part V of the "Argument" section on page 24 of the Lycos SJ Memo, Lycos advises the Court that it "would not object" to the Court granting CSI summary judgment on Count I of its Amended Complaint herein, and "setting off" the more than $300,000 it owes to CSI, *if* the Court were simultaneously to grant all of Lycos's outstanding motions, including one seeking summary judgment against CSI based on the various arguments Lycos is making in its counterclaims herein.

ME1 6921110v.1

Although the evidence submitted by CSI indicates that Lycos is not entitled to summary judgment on any of its counterclaims,[1] Lycos's concession that it owes CSI the approximately $300,000 that CSI has claimed in Count I of its Amended Complaint militates strongly in favor of leaving in place the attachment in that amount approved by the Court at the outset of this action[2] --- because it establishes a "reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the trustee process…," which is what is required under Mass. R. Civ. P. 4.2(g) for a trustee process attachment.

## STATEMENT OF RELEVANT FACTS

1.  In December 1996, CSI and Lycos entered into a Master Lease Agreement No. 144874 (the "Master Lease") which provided that, from time to time, CSI and Lycos would execute so-called "equipment schedules," each of which would be considered a separate and independent lease incorporating by reference all the terms contained in the Master Lease, pursuant to which CSI would lease certain computer equipment to Lycos on specified terms and conditions.

2.  In January of 2002, CSI and Lycos entered into "Equipment Schedule No. 100 dated as of December 12, 2001" (as amended, "Equipment Schedule 100") and "Equipment Schedule No. 200 dated as of December 12, 2001" (as amended, "Equipment Schedule 200"). Lycos evidenced its acceptance of the equipment listed on Equipment Schedule 100 and Equipment Schedule 200 by issuing written certificates of acceptance, executed by both Lycos and CSI in June of 2002, for that equipment. The schedules were to run through April, 2005.

---

[1] See Computer Sales International, Inc.'s Opposition to Lycos's Motion for Partial Summary Judgment as to Certain Claims in Counts VII, XII, and XIII of Its Counterclaim, filed November 19, 2007.
[2] See Order of January 5, 2005 (granting CSI's Motion for Trustee Process).

3.      Despite initially making payments pursuant to Equipment Schedule 100 and Equipment Schedule 200, Lycos defaulted on and failed to satisfy its November 1, 2004 and December 1, 2004 payment obligations.

4.      As a result, CSI declared all the remaining payments under the Master Lease and Equipment Schedules immediately due and payable pursuant to Section 15.1(b) of the Master Lease. Taking into account the monthly payments and the interest from the missed payments, the total amount due and owing by Lycos, as a result of the acceleration, was $301,050.34, in addition to allowable interest, costs and other expenses.

5.      In January, 2005, CSI filed its original Complaint against Lycos, and filed an *Ex Parte* Motion for Approval of Attachment on Trustee Process in the amount of $310,000. This Court granted CSI's motion on January 5, 2005.

## ARGUMENT

In granting CSI's *ex parte* motion for trustee process attachment in January, 2005, this Court recognized the reasonable likelihood that CSI would succeed on the merits of its claim that Lycos breached its contractual obligation to CSI and would recover the amount of the attachment. *See* Mass. R. Civ. P. 4.2(g). Lycos has now confirmed this in its own filings in this court. *See* Footnote 1, *supra*.

In this regard, the evidence of Lycos's breach of contract, even from the original Verified Complaint in this case, is clear. It signed two agreements with CSI, specifically accepted the terms of the agreements--including the payment obligations--and then refused to meet its payment obligations (Lycos's Motion to Dissolve effectively admits this). Since that time, CSI has asserted additional claims against Lycos and discovered further evidence supporting not only its breach of contract claim, but also fraud, breach of implied covenant, abuse of process, and

Chapter 93A claims against Lycos. This evidence shows that CSI's injury is much greater than the $310,000 requested in its original motion for attachment.[3]

Lycos argues that the attachment should dissolve if its summary judgment motions are allowed, but as set forth in CSI's memoranda of law in Oppositions to those motions, there are multitude disputed issues of fact that preclude the granting of those motions. As such, Lycos cannot base its Motion to Dissolve on its summary judgment arguments, because it cannot prevail on those arguments, nor can it show a "reasonable likelihood" that it will be able to sustain any claim that would jeopardize CSI's right to recover the funds that are now under attachment.

## CONCLUSION

For all of these reasons, plaintiff Computer Sales International, Inc. respectfully submits that Defendant *Lycos's Motion to Dissolve Trustee Process Attachment* should be properly denied.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.

By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, BBO No. 542040
rkaler@mccarter.com
Edward W. Little, Jr., BBO No. 628985
elittle@mccarter.com
McCarter & English LLP
265 Franklin Street
Boston, MA  02110
Tel. (617) 449-6500

Dated: November 19, 2007

---

[3] Additionally, Lycos ignores that even under its "proposal" -- in which Lycos proposes that dissolution occur should the Court grant its summary judgment motion on its own affirmative claims as well as on its motion "against CSI on Counts II-V of CSI's Complaint," Motion at 2 -- there still remains for adjudication CSI's claim for M.G.L. c. 93A (Count VI).

## Certificate of Service

    I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action electronically and by hand delivery this 19th day of November, 2007.

                                              /s/ Robert J. Kaler
                                              Robert J. Kaler