UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LYCOS, INC., )<br>Defendant, )<br>)<br>BANK OF AMERICA f/k/a FLEET BANK, )<br>)<br>Trustee Process Defendant. ) | C.A. No. 05-10017- RWZ |

**EMERGENCY MOTION OF COMPUTER SALES INTERNATIONAL, INC.
TO ADOPT DISCOVERY MASTER REPORT # 6 AND MEMORANDUM IN SUPPORT**

Pursuant to Fed. R. Civ. P. 53(g)(2), plaintiff/counterdefendant Computer Sales International, Inc. ("CSI"), respectfully moves this Court, on an emergency basis, for an order adopting *Discovery Master Report #6* ("Master's Report"), dated December 3, 2007 (Docket No. 171), a copy of which is attached hereto as Exh. A, which has just allowed CSI's motion to compel the production of expert materials that are needed for CSI's deposition this Friday, December 7, 2007, of one of defendant Lycos, Inc.'s ("Lycos's") key expert witnesses in this case, who is traveling to Boston from California for this deposition.

As of this date, Lycos has declined to comply with the Master's Report, citing the 20-day appeal period provided for in Fed. R. Civ. P. 53, but there is no claim of attorney-client privilege or work product immunity with respect to the materials, *see id.*, and they are needed now to prepare for and use in this Friday's deposition of the expert who prepared them. Judge Zobel, who referred CSI's motion to compel to the Master (the Hon. Herbert Hershfang) last week, is traveling and not reachable this week; hence this emergency motion..

MEI 6962114v.1

As set forth in CSI's original submission to the Court on this issue last week, a copy of which is attached hereto as Exh. B, the information which the Master has directed Lycos to produce is critical to the valuation and damages issues in this case, and was prepared by the expert witness whose long previously scheduled deposition will occur this Friday, December 7, 2007. As the parties are attempting to complete expert discovery in advance of a scheduled Pre-Trial Conference on January 10, 2007, this issue needs resolution as soon as possible, and there are no grounds upon which the Master's findings should be rejected. For all of these reasons, CSI is respectfully requesting an expedited adoption of the Report.

In further support of this motion, CSI relies on the following points:

1. This case began as an action to recover an approximately $300,000 account receivable which is owed by Lycos to CSI under several computer equipment leases that CSI and Lycos entered into more than ten years ago. Lycos is now seeking to avoid liability on those leases, and to recover millions of dollars of damages from CSI, based on a theory that it was somehow "deceived" by CSI for years because CSI supposedly never disclosed to it that it was paying too much under those leases, and overcharged it when it bought the equipment for what it now says was much less than its fair value.

2. Though the precise nature of Lycos's claims have shifted and reconstituted themselves several times -- due mostly to revelations during fact discovery that Lycos in fact had all the relevant information that it has claimed CSI concealed from it, and never relied on what it now characterizes as fraudulent statements by CSI – what is at issue for purposes of this motion is Lycos' valuation of the equipment it bought, and its corresponding calculation of its damages.

3. Procedurally, fact discovery ended earlier this year, was overseen by former Massachusetts District Court Judge Herbert H. Hershfang, appointed as Special Discovery

Master by Judge Rya W. Zobel.[1] Expert reports pursuant to Rule 26 were exchanged by the parties beginning in August 2007 and continuing through October, and the parties since early November have been busily trying to complete depositions of the dozen experts in the case.

4. As detailed in the Discovery Master Report attached hereto as Exh. A, an issue arose just last week during CSI's deposition of Christopher Condon, one of two Lycos experts retained to perform valuations of the computer equipment at issue. Mr. Condon – who worked with Lycos's other expert Peter Daley (now due to travel in two days from California for deposition in Boston by CSI) – disclosed at that time that in valuing the relevant equipment, he had "considered" an alternate theory of valuation (the "in place" value of the equipment to Lycos) which was rejected and not included in the experts' final report.

5. Though rejected, that theory of valuation is one generally accepted by valuation experts in the industry, and its rejection by Lycos' experts remains a mystery which is properly the subject – as the Master agreed – for production by Lycos for use by CSI at Mr. Daley's (and Mr. Condon's) depositions pursuant to Fed. R. Civ. P. 26(a)(2)(B).

6. Rule 53(g) – concerning actions to be taken upon the filing of a Master's report – provides in relevant part that "[a] *party may file* objections to – or a *motion to adopt* or modify – the master's order, report, or recommendations *no later than* 20 days from the time" the master's report is served. Fed. R. Civ. P. 53(g)(2) (emphasis added). The present motion to adopt is therefore timely, as the Master's Report was filed on December 3, 2007, served electronically from the Court and by email from the Master, and docketed, on that day.

7. Currently, the parties are working diligently (in some cases, conducting three expert depositions per week) to complete expert discovery well in advance of the Court's

---

[1] Judge Zobel is currently out of the country until the end of next week at the earliest, we are informed by the Court, and – due to the importance of this issue and the timing constraints of expert discovery – this Emergency Motion is therefore being brought before the Court's emergency Judge.

scheduled pre-trial conference set for January 10, 2007. Judge Zobel, we are informed by her chambers, is out of the country for the next two weeks or so. Lycos' valuation expert Peter Daley is traveling from California for his previously scheduled deposition here in Boston this Friday, December 7, 2007 – two days from now.

8.  As his report states, Judge Hershfang concluded that the "in place" valuation analysis and related information which Mr. Daley prepared and Mr. Condon "considered" (though ultimately rejected) was clearly discoverable under Fed. R. Civ. P. 26(a)(2)(B). See Master's Report at 2 (Exh. A hereto). As to Lycos' claim that the parties' agreement concerning the proper scope of production of expert information did not include production of the experts' "in-place" analysis (as it was, in Lycos terms, part of a "draft" report), Judge Hershfang ruled as follows:

> As noted, the data or material at issue here – the Daley "in place" evaluation/analysis – is said to have been considered but rejected. Lycos has not contended that rejected material is a category that either because of the Rule or [the parties' expert discovery] Agreement requires no disclosure. Nor is there evidence or logic to support that possible distinction.
>
> In sum, Lycos has not sustained its burden of establishing an agreement to deprive either side access to "all data or other information" considered – even if rejected – in an Expert's forming his opinion. If anything, the evidence leans heavily in the opposite direction – that neither party had given up its right of access to those data and other material.

Master's Report at 3-4 (Exh. A hereto).

9.  There is no reason to disturb the findings and rulings of the Master that Lycos must produce "[w]hat CSI is seeking and is entitled to under the Rule [26(a)(2)(B)]" – that is, "the Daley spreadsheet and every additional Daley 'in place' evaluation document(s), including any email(s), that Condon in fact considered." Similarly, here is no reason not to adopt the Master's report immediately. Clearly, the Master gave due consideration and adherence to the

parties' agreement that "notes" and "drafts," among other information including correspondence with counsel, would not be produced between the parties. Master's Report at 4 (Exh. A hereto).

10. Moreover, the parties in total made over five (5) submissions on this issue in total to both the Court and to the Master. The parties also conducted teleconference hearings with both the Court and with the Master. In short, all parties have voiced their positions and made those positions clear – including another response by email from Judge Hershfang to Lycos following its additional submission following the docketing of the Master's Report (in which Judge Hershfang declined to alter the rulings in his Report).

11. In addition, Lycos will suffer no unfair prejudice by the prompt production of the information it has been required to provide to CSI by Judge Hershfang. There has been no claim of privilege where otherwise undiscoverable information will be irretrievably provided to opposing counsel, for example – in fact, Lycos itself acknowledges that the information would otherwise have been producible in discovery absent what it mistakenly claimed was an agreement to produce only certain information.

12. CSI has also made Lycos' counsel aware of the importance of receiving this information, as required by the Master, as soon as possible and well in advance of the deposition scheduled for this Friday. In fact, since the Master's issuance of his report, CSI's counsel have pressed unsuccessfully for production of this information but have been put off with vague promises that Lycos is "reviewing the situation," despite the fact that CSI has just learned today that Lycos' expert Mr. Daley is present in Boston and attending a deposition of CSI's expert (Robert Zises) today. See Exh. C hereto. CSI has acted reasonably in proceeding with that expert deposition, despite the fact that it is being prejudiced by Lycos' failure to comply with the Master's ruling that the "in-place" valuation information – prepared by Mr. Daley – be produced.

That prejudice must be obviated by the Court's allowance of this motion and by ordering Lycos to comply immediately prior to Mr. Daley's deposition.

13. Given the timing of discovery, the importance of the issue to CSI, and the carefully considered opinion of the Master, Judge Hershfang – as well as the parties' prior opportunities to be heard – adoption of the Master's Report, and an Order requiring production of the relevant materials for use in this Friday's deposition, is warranted and appropriate.

WHEREFORE Computer Sales International, Inc. a/k/a CSI Leasing, Inc. respectfully requests that this *Motion to Adopt Discovery Master Report #6* be allowed, that the material in question be ordered produced forthwith and prior to this Friday's deposition, and for such other and further relief as this Court deems proper and just.

Respectfully submitted,

COMPUTER SALES INTERNATIONAL, INC.
By its attorneys,

/s/ Robert J. Kaler
Robert J. Kaler, Esq., BBO No. 542040
rkaler@mccarter.com
Edward W. Little, Esq., BBO No. 628985
elittle@mccarter.com
McCARTER & ENGLISH LLP
265 Franklin Street
Boston, MA 02110
Tel. (617) 449-6500

Dated: December 5, 2007

## CERTIFICATE OF SERVICE

I, Edward W. Little, Esq., hereby certify that I caused a true copy of the foregoing motion to be served on counsel for Lycos electronically and by mail, this 5th day of December, 2007.

/s/ Edward W. Little

ME1 6962114v.1