UNITED STATES DISTRICT COURT
For the District of Massachusetts

|  |  |  |
|---|---|---|
| COMPUTER SALES INTERNATIONAL INC., ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ | |
| Defendant, ) | | |
| ) | | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | | |
| ) | | |
| Trustee Process Defendant. ) | | |
| ) | | |

**PLAINTIFF CSI LEASING, INC.'S OPPOSITION TO LYCOS' MOTIONS TO STRIKE CERTAIN PORTIONS OF, AND RESPONSE TO, CSI'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS (DOCKET NO. 189)**

Plaintiff CSI Leasing, Inc., f/k/a Computer Sales International, Inc. ("CSI") respectfully opposes Lycos' Motions to Strike Certain Portions of, and Response to, CSI's Local Rule 56.1 Statement of Undisputed Facts (Docket No. 189) ("Lycos' Motions to Strike") on grounds that, as more fully set forth hereinbelow, Lycos is moving to strike factual statements that are supported by admissible evidence present in the summary judgment record.

*More importantly*, Lycos still has not come forward with any information on the most critical and dispositive issue raised in CSI's Motion for Summary Judgment (Docket Nos. 179, 180) – the fact that **(1)** there is no evidence in the record that CSI made any *affirmative* misrepresentations to Lycos prior to the March 18, 2002 email from Mr. Stenberg of CSI to Mr. Bailee of Lycos,[1] and **(2)** Lycos' $13 Million-plus "fraud" claim regarding the *pre*-March 2002

---

[1] CSI respectfully submits, as well, that there were no misrepresentations in that email, but Lycos has alleged that the email was an affirmative misrepresentation, and has offered some evidence to that effect.

ME1 7216114v.2

timeframe, alleging that it was tricked into executing all the extended Equipment Schedules that it signed with CSI in 1999, 2000 and 2001, is premised *on a mistaken legal argument* that CSI had a duty to disclose certain information to Lycos – *e.g.* the amount of aggregate additional rent Lycos would have to pay as a result of extending its Leases with CSI, and the amount of so-called "mark-up" that Lycos claims CSI was making – either **(i)** because CSI had already told Lycos "half" of the truth about the issues to which that information related (thereby supposedly giving rise to a duty to disclose under the unique circumstances of this case), or **(ii)** that CSI had a duty to disclose the information anyway as a matter of law.

Neither of these arguments can withstand close judicial scrutiny, and the crux of CSI's summary judgment motion seeking dismissal of Lycos' pre-March 2002 "fraud" claims (Counts I and II of Lycos' Counterclaim) is that as a matter of law, CSI had no duty to disclose that which Lycos says it should have disclosed -- *i.e.,* the amount of aggregate additional rent Lycos would have to pay as a result of extending its Leases with CSI, and the amount of so-called "mark-up" that Lycos claims CSI was making on those extended Leases -- and that nothing CSI said to Lycos in the pre-March 2002 timeframe was the type of "half-truth" that would create such a duty.[2]

In this sense, Lycos' Motions to Strike miss the point. There is no evidence in the record that during the pre-March 2002, CSI said anything to CSI that is alleged to be a "half truth" *other than* informing Lycos that its monthly rentals would go down (which was unquestionably true) if it entered into the Lease extensions in question with CSI (all of which were signed well prior to March of 2002). CSI rightly argues that even if it had made this statement and no other (although CSI says it did say more, and addressed the fact that the total rent to be paid would

---

[2]    *See* Memorandum of Law in Support of Plaintiff CSI Leasing, Inc.'s Motion For Summary Judgment Dismissing Lycos' Remaining Counterclaims, Docket No. 180, at pp. 2, 6-13.

increase), it *still* would have had no duty to "disclose" to Lycos that which Lycos already had reason to know,[3] and in any event could calculate for itself (at least certainly in the aggregate) – *i.e.*, how much its total rent would go up as a result of the Lease extensions.[4]

It is for this reason,[5] not because of the matters that Lycos' Motions to Strike address, that Lycos' Count I and II claims for pre-March 2002 "fraud" cannot properly survive summary judgment.[6]  Were the law otherwise, it would amount to a requirement that lessors (or any party to a commercial transaction) effectively lead the other party by the hand and make disclosure not only of what the other party already knew or could reasonably determine on its own, but also of

---

[3] Every signatory to the Lycos leases has testified that they already knew Lycos' overall costs were going up as a result of extending the leases, and there is no evidence Lycos ever asked CSI by how much its overall payments would increase. *See* Plaintiff CSI Leasing, Inc.'s Local Rule 56.1 Concise Statement of Undisputed Material Facts (Dkt. No. 181) ¶ 10.

[4] *See* Memorandum of Law in Support of Plaintiff CSI Leasing, Inc.'s Motion For Summary Judgment Dismissing Lycos' Remaining Counterclaims, Docket No. 180, at pp. 9-13.

[5] While a party "who discloses partial information that may be misleading has a duty to reveal all the material facts he knows to avoid deceiving the other party," *V.S.H. Realty, Inc. v. Texaco, Inc.*, 757 F.2d 411, 414 (1st Cir. 1985), ***there is no obligation to inform a party of what that party already knows*** – *i.e.*, as here, the former Lycos officers stated they *knew* their aggregate lease payments were increasing but claim they did not know by how much. *See, e.g., Augat, Inc. v. Collier*, C.A. No. 92-12165-RCL, 1996 WL 110076 (D. Mass. Feb. 8, 1996) at * 19-20 (Bowler, U.S.M.J. report and recommendation accepted by Lindsay, J.) (finding no actionable "half-truth" concerning disclosure of premium freight charges where, unlike *V.S.H. Realty*, plaintiff made no repeated requests for information which were ignored); *see also In re Fidelity/Apple Secs. Litig.*, 986 F. Supp. 42, 49 (D. Mass. 1997) (even where seller knows a weakness in the subject of a sale and does not bring it to the buyer's attention, such nondisclosure is not fraud or tortious).

[6] Even after extensive discovery, Lycos still has offered no evidence of any affirmative misrepresentations being made by CSI to induce it to enter into the lease extensions that it signed prior to March of 2002. In fact, discovery has demonstrated just the opposite – that CSI disclosed relevant information to Lycos and that Lycos tracked the leased equipment using that information, but failed to calculate the precise amount of the increased rent. CSI cannot properly be blamed for Lycos's failure to use the information it had - information which CSI gave to it - to calculate the extent that its rent payments would increase by reducing its monthly rents and extending the lease terms, in some cases for years. *See Clifford v. Barnhart*, 449 F.3d 276, 280 (1st Cir. 2006)("'[A]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial worthy issue warrants summary judgment to the moving party.'") (quoting *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001)).

every fact known by an accused party regardless of whether the other party knew or had reason to know such facts. This would not make common sense.[7]

As to the substance of Lycos' Motions to Strike, of the fifty-four paragraphs in CSI's Local Rule 56.1 summary judgment fact statement (Docket No. 181), Lycos seeks to strike eighteen, mostly on grounds that CSI has supposedly not cited facts in the record, has misconstrued facts in the record or cites to inadmissible evidence.[8] Lycos already raised similar arguments in its two earlier *Motions to Strike Portions of CSI's LR 56.1* statements which were submitted in connection with Lycos' summary judgment papers, and which CSI has opposed (Docket Nos. 174, 175; CSI's oppositions thereto at Docket Nos. 176, 177).

In fact, however, CSI's statements are supported by proper citations to the record, and the fact statements that Lycos is seeking to strike are generally undisputed.[9] Moreover, though Lycos complains that not every sentence of CSI's fact statements is footnoted – and that those sentences should accordingly be stricken – Lycos itself has cited facts the same way in its own summary judgment fact statements.[10]

---

[7]    *See In re New England Dental Centers, Inc.*, 291 B.R. 229, 241 (Bankr. D. Mass. 2003), the 2003 case in which this Court (Young, J.) pointed out that the disclosure requirements of at least one of the regulations that Lycos relies upon in its 93A claim, 940 C.M.R. § 3.16(2), does not apply to business-to-business transactions, because "to so apply them, and thereby to require complete disclosure from both ends of a business deal, would eviscerate the very notion of negotiating."

[8]    As to the latter point, Lycos seeks to strike general statements concerning Lycos' historical development mentioned in a book by its founder and former CEO Bob Davis – all of which is also supported by other evidence CSI has and which is not disputed by Lycos.

[9]    For example, the fact that "Lycos was conceived as an internet search engine in 1995," was founded by "a Carnegie Mellon University scientist," and raised millions of dollars in its initial public offering of stock are not and cannot be disputed by Lycos.

[10]   *See, e.g.*, Lycos's (1) Response to CSI's Local Rule 56.1 Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment Dismissing Lycos's Remaining Counterclaims, and (2) Motion to Strike Certain Portions of That Statement (Dkt. No. 189) ¶¶ 10 (third sentence), 13 (fourth sentence), 15 (second and third sentences); *see also* Lycos's Counter-Statement of Facts in Support of Its

## CONCLUSION

For the foregoing reasons, CSI respectfully submits that Lycos' Motions to Strike should be denied, that CSI's summary judgment motion should be granted as appropriate, and that the Court should enter such other relief as is just and proper under the circumstances.

Respectfully submitted,

CSI LEASING, INC.

By its attorneys,

/s/ Robert J. Kaler.
Robert J. Kaler, BBO No. 542040
rkaler@mccarter.com
Edward W. Little, Jr., BBO No. 628985
elittle@mccarter.com
McCARTER & ENGLISH LLP
265 Franklin Street
Boston, MA  02110
Tel. (617) 449-6500

Dated:  March 19, 2008

## Certificate of Service

I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action electronically by CM/ECF notification, by e-mail and by first class mail, postage prepaid, this 19th day of March, 2008.

/s/ Robert J. Kaler_____
Robert J. Kaler

---

Opposition to CSI's Motion for Summary Judgment Dismissing Lycos's Remaining Counterclaims (Dkt. No. 190) ¶¶ 52 (first and second sentences), 53 (third sentence), 68 (first sentence), 71 (third sentence).