UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL INC. ) | |
| ) | |
| Plaintiff, ) | |
| **v.** ) | |
| ) | |
| LYCOS, INC., ) | C.A. No. 05-10017- RWZ |
| Defendant, ) | |
| ) | |
| BANK OF AMERICA f/k/a FLEET BANK, ) | |
| ) | |
| Trustee Process Defendant. ) | |
| ) | |

**RESPONSE OF COMPUTER SALES INTERNATIONAL, INC. TO
"LYCOS'S COUNTER-STATEMENT OF FACTS IN SUPPORT OF ITS
OPPOSITION TO CSI'S MOTION FOR SUMMARY JUDGMENT
DISMISSING LYCOS'S REMAINING COUNTERCLAIMS"**

Plaintiff and counterdefendant CSI Leasing, Inc. f/k/a Computer Sales International, Inc. ("CSI") hereby responds to *Lycos's Counterstatement Facts in Support of Its Opposition to CSI's Motion for Summary Judgment Dismissing Lycos's Remaining Counts*, dated February 29, 2008 (the "Lycos' Counterstatement") (Docket No. 190). Though it is unclear whether a point by point response to such a "Counterstatement" is required under Local Rule 56.1, CSI respectfully submits this pleading in case that it does.

The Lycos Counterstatement is essentially a voluminous regurgitation of Lycos' theory of the case, which provides no meaningful response to the key argument in CSI's Motion for Summary Judgment (Docket No. 179, 180) – which is **(1)** that there is no evidence in the record that CSI made any *affirmative* misrepresentations to Lycos prior to the March 18, 2002 email

ME1 7216094v.1

from Mr. Stenberg of CSI to Mr. Bailee of Lycos,[1] and **(2)** that Lycos' $13 Million-plus "fraud" claim regarding the *pre*-March 2002 timeframe, alleging that it was tricked into executing all the extended Equipment Schedules that it signed with CSI in 1999, 2000 and 2001, is premised ***on a mistaken legal argument*** that CSI had a duty to disclose certain information to Lycos -- *e.g.* the amount of aggregate additional rent Lycos would have to pay as a result of extending its Leases with CSI, and the amount of so-called "mark-up" that Lycos claims CSI was making -- that it actually did not.

In any event, the following are CSI's responses to the conclusory and argumentative assertions in Lycos' Counterstatement.

### CSI's Responses

1. Disputed, except that CSI and Lycos executed a Master Lease Agreement Number 144874 (the "Master Lease") and a series of equipment schedules between 1996 and 2002.[2] As with most of the issues Lycos is raising in its "counter-statement," CSI is disputing the facts that Lycos asserts, as well as the particular spin Lycos puts on those facts – but, in any event, Lycos's Counterstatement raises a series of collateral issues without directly addressing the crux of CSI's summary judgment motion: namely, that there are no actionable misrepresentations or omissions by CSI in the period prior to March 18, 2002 (thereby negating the $13 million damages claim theoretically arising out of Lycos' execution of extended Leases during that period).

---

[1] CSI respectfully submits that there were no misrepresentations in the email as well, but Lycos has alleged that the email was an affirmative misrepresentation, and has offered some evidence to that effect.

[2] CSI has already addressed Lycos's "facts" in the following prior filings, and it will cite again to them herein: **(a)** *Response of Computer Sales International, Inc. to Lycos's Local Rule 56.1 Statement of Undisputed Material Facts with Respect to Lycos's Motion for Summary Judgment on All counts of Computer Sales Internationals Amended Complaint* (Docket No. 166) (hereinafter, "CSI's Fact Response Dkt. 166"), ¶¶ 1-3; **(b)** *Response of Computer Sales International, Inc. to Lycos's Local Rule 56.1 Statement of Undisputed Material Facts with Respect to Lycos's Motion for Partial Summary Judgment on Certain Claims in Counts VII, XII, and XIII of Its Counterclaim* (Docket No. 164) (hereinafter, "CSI's Fact Response Dkt. 164"), ¶¶ I.A.4-6; I.B.1; **(c)** *Plaintiff CSI Leasing, Inc.'s Local Rule 56.1 Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment Dismissing Lycos' Remaining Counterclaims* (Docket No. 181) (hereinafter, "CSI's Facts Statement Dkt. 181"), ¶¶ 6-10.

2.  Disputed, except that Lycos purchased the leased equipment pursuant to Sales Agreement Number 199614 (the "Sales Agreement"), the terms of which speak for itself.[3] The "facts" advanced by Lycos, however, do not address the key arguments in CSI's summary judgment motion (Docket Nos. 179-182).

3.  Disputed as inaccurate and misleading argument and opinion, not fact; however, not material to CSI's summary judgment motion.[4]

4.  Disputed as inaccurate and misleading argument and opinion, not fact; however, not material to CSI's summary judgment motion.[5]

5.  Disputed as inaccurate and misleading argument and opinion, not fact, except that CSI is an independent leasing company.[6]

6.  Disputed as misleading, as explained by Professor James Johnson in his affidavit and on cross-examination at deposition;[7] however, not material to CSI's summary judgment motion.

7.  Disputed as misleading, as explained by Professor James Johnson in his affidavit and on cross-examination at deposition.[8]

8.  Disputed as inaccurate and misleading argument and opinion, not facts, except that Lycos always had the right to return equipment at the end of its leases (though it did not disclose it could not do so, due to its own mismanagement) or to negotiate the purchase of the

---

[3] CSI's Facts Statement Dkt. 181, ¶¶ 32-49, 54 (including that Lycos' own experts valued all of the leased equipment in excess of $7 million as of July 2003).

[4] *See* Deposition of James M. Johnson, dated November 2, 2007 ("Johnson Dep."), at 342-363; *see also generally* Affidavit of James M. Johnson, Ph.D. ("Johnson Aff.") (attached as Ex. 4 to the Declaration of Kelly A. Gabos Attaching Relevant Portions of the Case Record in Opposition to Lycos, Inc.'s Motion for Partial Summary Judgment as to "Certain Claims" in Counts VII, XII, and XIII of its Counterclaim ("Gabos Decl.")) (Dockets No. 167-2).

[5] *See supra* note 3.

[6] *See* CSI's Fact Statement Dkt. 181 ¶¶ 1-4; 8-11; CSI's Fact Response Dkt. 164 ¶¶ I.A.1-2.

[7] *See* Johnson Dep. at 342-63; *see also generally* Johnson Aff. (Gabos Decl. Ex. 4) (Docket No. 167-2).

[8] *See* Johnson Dep. at 342-63; *see also generally* Johnson Aff. (Gabos Decl. Ex. 4) (Docket No. 167-2); see also CSI's Fact Response Dkt. 164 ¶¶ I.A.2, 5-7.

ME1 7216094v.1

equipment with CSI (which it ultimately did after several voluntary lease extensions designed to allow it continued use of the equipment).[9]

9.      Disputed as inaccurate and misleading argument and opinions, not facts, except that one of CSI's experts, Mr. Fleming, is a former president of the Equipment Leasing Association (ELA) and that CSI has an internet website.[10]  However, these issues are not material to CSI's summary judgment motion.

10.     Disputed as inaccurate and misleading argument and opinions, not facts.[11] However, these issues are not material to CSI's summary judgment motion.

11.     Undisputed that CSI has a website whose terms speak for themselves; otherwise disputed.[12] However, these issues are not material to CSI's summary judgment motion

12.     Undisputed that CSI has a website whose terms speak for themselves; otherwise disputed.[13]  However, these issues are not material to CSI's summary judgment motion.

13.     Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg was the account executive at CSI for Lycos.[14]  However, these issues are not material to CSI's summary judgment motion. *See Indus. General Corp. v. Sequoia Pacific Sys. Corp.*, 44 F.3d 40, 44 (1st Cir. 1995)("courts have repeatedly cautioned that 'the plaintiff alone, by reposing trust and confidence in the defendant, cannot thereby transform a business relationship into one which is fiduciary in nature'")(quoting *Superior Glass Co. v. First Bristol County Nat'l Bank*, 380 Mass. 829, 832 (1980)).

---

[9]     *See* CSI's Facts Statement Dkt. 181 ¶¶ 7, 18-21, 36-44; CSI's Fact Response Dkt. 164 ¶¶ I.A.4-7, 13.
[10]    *See* Rule 30(b)(6) Deposition of ELA (by Ralph Petta), dated February 16, 2007 ("ELA Dep."), at 33:24-34:9; *see also* Affidavit of Michael Fleming ¶¶ 8, 22-33, 53-59, 87 ("Fleming Aff.") (attached as Ex. 5 to the Gabos Decl.)) (Dockets No. 167-3).
[11]    *See* ELA Dep. at 33:24-34:9; *see also* Fleming Aff. ¶¶ 8, 22-33, 53-59, 87 (attached as Ex. 5 to the Gabos Decl.)) (Dockets No. 167-3).
[12]    *See* ELA Dep. at 33:24-34:9, 39:1-24; *see also* CSI's Facts Response Dkt. 164 ¶ I.C.1-2.
[13]    *See* ELA Dep. at 33:24-34:9, 39:1-24; *see also* CSI's Facts Response Dkt. 164 ¶ I.C.1-2.
[14]    *See* CSI's Facts Response Dkt. 164 ¶ I.A.2, I.C.1-2.

4

14. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg was the account executive at CSI for Lycos and wrote an e-mail in or around the time stated, the terms of which speak for themselves.[15] However, these issues are not material to CSI's summary judgment motion.

15. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Guilander for a period of time supervised Mr. Stenberg, among other account executives.[16] However, these issues are not material to CSI's summary judgment motion.

16. Disputed as inaccurate and misleading argument and opinions, not facts.[17] However, these issues are not material to CSI's summary judgment motion.

17. Disputed as inaccurate and misleading argument and opinions, not facts.[18] However, these issues are not material to CSI's summary judgment motion.

18. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg became a Regional Manager at CSI in or about 2001.[19] However, these issues are not material to CSI's summary judgment motion.

19. Disputed as inaccurate and misleading argument and opinions, not facts, except that the ELA has a Code of Fair Business Practices, the terms of which speak for themselves.[20] However, these issues are not material to CSI's summary judgment motion.

20. Disputed as inaccurate and misleading argument and opinions, not facts, except

---

[15] *See* CSI's Facts Response Dkt. 164 ¶ I.A.2, I.C.1-2, 6; see also Affidavit of Edward Little (Docket No. 182) Exs. 2 and 3 (LYC 22243-47); Deposition of Peter Karol, dated Dec. 8, 2006 ("Karol Dep.") at 168:21-169:15 (Gabos Decl. Ex. 16). Unilateral imposition of "trust" does not create a fiduciary duty on the part of the other party. *Indus. General Corp.*, 44 F.3d at 44.
[16] *See* CSI's Facts Response Dkt. 164 ¶ I.A.2, I.C.1-2, 6, 11, 15; CSI's Facts Statement Dkt. 181 ¶ 31.
[17] *See* CSI's Facts Response Dkt. 164 ¶ I.A.2, I.C.1-2, 6, 11, 15; CSI's Facts Statement Dkt. 181 ¶ 10, 24-25, 31.
[18] *See* CSI's Facts Response Dkt. 164 ¶ I.A.2, I.C.1-2, 6, 11, 15; CSI's Facts Statement Dkt. 181 ¶ 10, 24-25, 31.
[19] *See* CSI's Facts Response Dkt. 164 ¶ I.A.2, I.C.1-2, 6, 11, 15; CSI's Facts Statement Dkt. 181 ¶ 10, 24-25, 31.
[20] *See* ELA Dep. 39:1-24; *see also* Fleming Aff. ¶¶ 8, 22-33, 53-59, 87 (attached as Ex. 5 to the Gabos Decl.)) (Dockets No. 167-3).

ME1 7216094v.1

that the ELA has a Code of Fair Business Practices, the terms of which speak for themselves.[21] However, these issues are not material to CSI's summary judgment motion.

21.    Disputed as inaccurate and misleading argument and opinions, not facts, except that the ELA has a Code of Fair Business Practices, the terms of which speak for themselves.[22] However, these issues are not material to CSI's summary judgment motion.

22.    Disputed as inaccurate and misleading argument and opinions, not facts, except that the ELA has a Code of Fair Business Practices, the terms of which speak for themselves.[23] However, these issues are not material to CSI's summary judgment motion.

23.    Disputed as inaccurate and misleading argument and opinions, not facts, except that CSI's Chairman, Kenneth Steinbeck, has written and spoken about CSI in comments which speak for themselves.[24]  However, these issues are not material to CSI's summary judgment motion.

24.    Disputed as inaccurate and misleading argument and opinions, not facts, except that CSI's Chairman, Kenneth Steinbeck, has written and spoken about CSI in comments which speak for themselves.[25]  However, these issues are not material to CSI's summary judgment motion.

25.    Disputed as inaccurate and misleading argument and opinions, not facts.[26] However, these issues are not material to CSI's summary judgment motion.

---

[21]    *See* ELA Dep. 39:1-24; *see also* Fleming Aff. ¶¶ 8, 22-33, 53-59, 87 (attached as Ex. 5 to the Gabos Decl.)) (Dockets No. 167-3).
[22]    *See generally* ELA Dep.; *see also* Fleming Aff. ¶¶ 8, 12-15, 22-33, 53-59, 87 (attached as Ex. 5 to the Gabos Decl.)) (Dockets No. 167-3).
[23]    *See generally* ELA Dep.; *see also* Fleming Aff. ¶¶ 8, 22-33, 53-59, 87 (attached as Ex. 5 to the Gabos Decl.)) (Dockets No. 167-3).
[24]    *See* CSI's Fact Response Dkt. 164 ¶ I.C.6.
[25]    *See* CSI's Fact Response Dkt. 164 ¶ I.C.6.
[26]    *See* CSI's Fact Response Dkt. 164 ¶ I.C.6; CSI's Facts Statement Dkt. 181 ¶¶ 29-30.

ME1 7216094v.1

26. Disputed as inaccurate and misleading argument and opinions, not facts.[27] However, these issues are not material to CSI's summary judgment motion.

27. Disputed as inaccurate and misleading argument and opinions, not facts.[28] However, these issues are not material to CSI's summary judgment motion.

28. Disputed as inaccurate and misleading argument and opinions, not facts.[29] However, these issues are not material to CSI's summary judgment motion.

29. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg, as part of his compensation at CSI, received commissions on transactions, including those involving leasing of equipment to Lycos.[30] However, these issues are not material to CSI's summary judgment motion.

30. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg, as part of his compensation at CSI, received commissions on transactions, including those involving leasing of equipment to Lycos.[31] However, these issues are not material to CSI's summary judgment motion.

31. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg sent an e-mail, a portion of which is quoted and the terms of which, in their entirety, speak for themselves.[32] However, these issues are not material to CSI's summary judgment motion.

---

[27] *See* CSI's Fact Response Dkt. 164 ¶ I.C.6; CSI's Facts Statement Dkt. 181 ¶¶ 29-30.
[28] *See* CSI's Fact Response Dkt. 164 ¶ I.C.6; CSI's Facts Statement Dkt. 181 ¶¶ 29-30. The record cited by Lycos demonstrates that CSI conducts training and annual meetings for its sales force, as well as providing on-the-job training and training materials. *See* Affidavit of James M. Fraser (Docket No. 197 - under seal) ("Fraser Aff.") Ex. 21, 44:7-45:13, and Ex. 23, 227:16-228:11.
[29] *See* CSI's Fact Response Dkt. 164 ¶ I.A.8-9, I.C.2.
[30] *See* CSI's Fact Response Dkt. 164 ¶ I.A.8-9, I.C.1-2.
[31] *See* CSI's Fact Response Dkt. 164 ¶ I.A.10-11, I.C.1-4.
[32] *See* CSI's Fact Response Dkt. 164 ¶ I.C.4-6.

32. Disputed as inaccurate and misleading argument and opinions, not facts.[33] However, these issues are not material to CSI's summary judgment motion.

33. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg submitted expense reports that were never submitted to Lycos.[34] However, these issues are not material to CSI's summary judgment motion.

34. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg submitted expense reports that were never submitted to Lycos and that Mr. Stenberg remains employed by CSI.[35] However, these issues are not material to CSI's summary judgment motion.

35. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg submitted expense reports that were never submitted to Lycos and that Mr. Stenberg remains employed by CSI.[36] However, these issues are not material to CSI's summary judgment motion.

36. Disputed as inaccurate and misleading argument and opinions, not facts, except that the terms of the Master Lease are undisputed, and speak for themselves.[37]

37. Disputed as inaccurate and misleading argument and opinions, not facts, except that the equipment schedules contain the information set forth therein, which is not disputed.[38]

---

[33] *See* CSI's Fact Response Dkt. 164 ¶ I.C.5-8.
[34] *See* CSI's Fact Response Dkt. 164 ¶ I.C.2,11; CSI's Facts Statement Dkt. 181 ¶ 31 (Lycos internally referred to Mr. Stenberg as a "worthless liar" and an "a**hole," and referred to him with other derogatory terms).
[35] *See* CSI's Fact Response Dkt. 164 ¶ I.C.2,11; CSI's Facts Statement Dkt. 181 ¶ 31 (Lycos internally referred to Mr. Stenberg as a "worthless liar" and an "a**hole," and referred to him with other derogatory terms).
[36] *See id.* Lycos also misleadingly cites the testimony of one of CSI's experts, Michael Fleming, in that Mr. Fleming stated that a range of discipline – including reimbursement to holding back compensation or bonus – could be considered by a company for certain employee actions. Fraser Aff. (Docket No. 197) Ex. 6, 104:7-10. Again, the evidence is that Lycos never trusted Mr. Stenberg in the first place. *See* CSI's Fact Response Dkt. 164 ¶ I.C.2,11; CSI's Facts Statement Dkt. 181 ¶ 31.
[37] CSI's Fact Response Dkt. 166 ¶ 2.
[38] CSI's Fact Response Dkt. 164 ¶¶ I.A.3-5, I.A.7-10. As stated throughout the record, the CSI-Lycos leasing transactions were leases, not loans – and Lycos has acknowledged this under oath – and the alleged "mark-ups" are,

38.     Disputed in that both the long form and short form of equipment schedules were sent to Lycos; undisputed that they contained the information set forth in them.[39]

39.     Disputed in that both the long form and short form of equipment schedules were sent to Lycos; undisputed that they contained the information set forth in them.[40]

40.     Disputed except that the equipment schedules contained the information set forth in them.[41]

41.     Disputed as inaccurate and misleading argument and opinions, not facts.[42]

42.     Disputed as inaccurate and misleading argument and opinions, not facts, except that Lycos asked for and obtained extensions or "rewrites" of certain leases it had with CSI.[43]

43.     Disputed as inaccurate and misleading argument and opinions, not facts.[44]

44.     Disputed as inaccurate and misleading argument and opinions, not facts.[45]

45.     Disputed as inaccurate and misleading argument and opinions, not facts, except

---

as the Court observed at a recent hearing, essentially a "mythical" or arbitrary allocation of CSI's permissible gross profits.

[39]    *See* Answer to Interrogatory 22 of Plaintiff Computer Sales International Inc.'s Response to Defendant Lycos In.'s Second Set of Interrogatories, dated January 22, 2007 (attached as Ex. 6 to the Declaration of Edward W. Little, Jr. (Docket No. 168)) (in addition to Lycos ordering its equipment – and therefore having purchase orders with information containing the original equipment cost for each piece of leased equipment – CSI provided Lycos with drafts of the exhibit "A's to the Certificates of Acceptance).

[40]    *See* Answer to Interrogatory 22 of Plaintiff Computer Sales International Inc.'s Response to Defendant Lycos In.'s Second Set of Interrogatories, dated January 22, 2007 (attached as Ex. 6 to the Declaration of Edward W. Little, Jr. (Docket No. 168)) (in addition to Lycos ordering its equipment – and therefore having purchase orders with information containing the original equipment cost for each piece of leased equipment – CSI provided Lycos with drafts of the exhibit "A's to the Certificates of Acceptance).

[41]    CSI's Facts Statement Dkt. 181 ¶ 43-4 (Lycos' in-house counsel tells Spanish parent company that the stipulated loss tables were "not uncommon" in the United States). *See also, e.g.*, Affidavit of Thomas O. Bean (Docket No. 149) Ex. 14 at CSI0027741-43 (indicating a "stipulated" – i.e. "agreed upon" – base value number which both parties agreed upon by initialing (CSI0027743 – signed by "BDL," or Brian D. Lucy, on behalf of Lycos).

[42]    *See* CSI's Facts Statement Dkt. 181 ¶ 43-4 (Lycos' in-house counsel tells Spanish parent company that the stipulated loss tables were "not uncommon" in the United States). *See also, e.g.*, Affidavit of Thomas O. Bean (Docket No. 149) Ex. 14 at CSI0027741-43 (indicating a "stipulated" – i.e. "agreed upon" – base value number which both parties agreed upon by initialing (CSI0027743 – signed by "BDL," or Brian D. Lucy, on behalf of Lycos).

[43]    *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.6-8, 13; CSI's Fact Response Dkt. 166 ¶ 3.

[44]    *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.4-7, I.C.7-8; CSI's Fact Response Dkt. 166 ¶ 3-4.

[45]    *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.4-7, I.C.7-8; CSI's Fact Response Dkt. 166 ¶ 3-4.

ME1 7216094v.1

that Lycos asked for and obtained extensions or "rewrites" of certain leases it had with CSI.[46]

46. Disputed as inaccurate and misleading argument and opinions, not facts.[47] However, these issues are not material to CSI's summary judgment motion.

47. Disputed as inaccurate and misleading argument and opinions, not facts.[48]

48. Disputed as inaccurate and misleading argument and opinions, not facts.[49]

49. Disputed as inaccurate and misleading argument and opinions, not facts.[50]

50. Disputed as inaccurate and misleading argument and opinions, not facts.[51]

51. Disputed as inaccurate and misleading argument and opinions, not facts.[52]

52. Disputed as inaccurate and misleading argument and opinions, not facts, except that CSI, at Lycos' request, extended the leases and lowered Lycos' monthly payments, and Lycos understood the transaction.[53]

53. Disputed as inaccurate and misleading argument and opinions, not facts, except that Lycos and CSI entered into arms-length extensions of equipment leases at Lycos' request for which Mr. Stenberg received certain commissions.[54] However, these issues are not material to CSI's summary judgment motion.

54. Disputed as inaccurate and misleading argument and opinions, not facts, except

---

[46] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.4-7, I.C.7-8; CSI's Fact Response Dkt. 166 ¶ 3-4.
[47] *See* CSI's Fact Response Dkt. 164 ¶ I.A.10-11, I.C.1-4. In addition, the e-mail cited by Lycos only states that Mr. Stenberg "called . . . to talk about the pc rewrite bonus," with the response being that "I told him that he didn't need to break them out on a separate schedule." Bean Aff., Ex. 60. Lycos is incorrect that he asked in order to ascertain his commissions.
[48] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.2, 5-8, 10, 13; I.C.1-5, 8; CSI's Fact Response Dkt. 166 ¶¶ 3-4; CSI's Fact Statement Dkt. 181 ¶¶ 4-5, 8-10.
[49] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.2, 5-8, 10, 13; I.C.1-5, 8; CSI's Fact Response Dkt. 166 ¶¶ 3-4; CSI's Fact Statement Dkt. 181 ¶¶ 4-5, 8-10.
[50] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.2, 5-8, 10, 13; I.C.1-5, 8; CSI's Fact Response Dkt. 166 ¶¶ 3-4; CSI's Fact Statement Dkt. 181 ¶¶ 4-5, 8-10.
[51] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.2, 5-8, 10, 13; I.C.1-5, 8; CSI's Fact Response Dkt. 166 ¶¶ 3-4; CSI's Fact Statement Dkt. 181 ¶¶ 4-5, 8-10.
[52] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.2, 5-8, 10, 13; I.C.1-5, 8; CSI's Fact Response Dkt. 166 ¶¶ 3-4; CSI's Fact Statement Dkt. 181 ¶¶ 4-5, 8-10.
[53] *See* CSI's Fact Statement Dkt. 181 ¶¶ 10; CSI's Fact Response Dkt. 164 ¶¶ I.A.5-9, 11, 13; I.C.1-4.
[54] *See* CSI's Fact Statement Dkt. 181 ¶¶ 10; CSI's Fact Response Dkt. 164 ¶¶ I.A.5-9, 11, 13; I.C.1-4.

ME1 7216094v.1

that Mr. Stenberg had been told by Lycos that it did not want to pay interim rent.[55] However, these issues are not material to CSI's summary judgment motion.

55. Disputed as inaccurate and misleading argument and opinions, not facts, except that CSI expert James Johnson has opined that CSI has acted properly in connection with the equipment schedule rewrites.[56] However, these issues are not material to CSI's summary judgment motion.

56. Disputed as inaccurate and misleading argument and opinions, not facts.[57] However, these issues are not material to CSI's summary judgment motion.

57. Disputed as inaccurate and misleading argument and opinions, not facts.[58] However, these issues are not material to CSI's summary judgment motion.

58. Disputed as inaccurate and misleading argument and opinions, not facts.[59] However, these issues are not material to CSI's summary judgment motion.

59. Disputed as inaccurate and misleading argument and opinions, not facts.[60] However, these issues are not material to CSI's summary judgment motion .

60. Disputed as inaccurate and misleading argument and opinions, not facts.[61] However, these issues are not material to CSI's summary judgment motion.

61. Disputed as inaccurate and misleading argument and opinions, not facts, except that Lycos – in order to lower its monthly expenses at a financially difficult time – asked for and

---

[55] *See* CSI's Fact Statement Dkt. 181 ¶¶ 4-5, 8-10; CSI's Fact Response Dkt. 164 ¶¶ I.A.2-9, 11, 13; I.C.1-5, 8.
[56] *See* Johnson Aff. ¶¶ 35-42, 48-59 (Gabos Aff. Ex. 4 at Docket No. 167). Moreover, Lycos had good reason to enter the rewritten schedules, which lowered monthly costs, as Lycos believed it allowed it to continue claiming operating lease treatment for accounting purposes and to, among other things, benefit its stock price. *Id.* ¶¶ 26, 44-45.
[57] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.2-9, 11, 13; I.C.1-5, 7-8.
[58] *See* CSI's Fact Statement Dkt. 181 ¶¶ 4-5, 8-10; CSI's Fact Response Dkt. 164 ¶¶ I.A.2-9, 11, 13; I.C.1-5, 8.
[59] *See* CSI's Facts Response Dkt. 164 ¶¶ I.A. 2, 3, 5-8, 13; CSI's Fact Statement Dkt. 181 ¶¶ 10, 18-22.
[60] *See* CSI's Facts Response Dkt. 164 ¶¶ I.A. 2, 3, 5-9, 13; CSI's Fact Statement Dkt. 181 ¶¶ 10, 18-22.
[61] *See* CSI's Facts Response Dkt. 164 ¶¶ I.A. 2, 3, 5-9, 13; I.C.1-4; CSI's Fact Statement Dkt. 181 ¶¶ 10, 18-22.

ME1 7216094v.1

received the rewrite of leases which enabled it to achieve those goals.[62] However, these issues are not material to CSI's summary judgment motion.

62. Disputed as inaccurate and misleading argument and opinions, not facts.[63] However, these issues are not material to CSI's summary judgment motion.

63. Disputed as inaccurate and misleading argument and opinions, not facts, except that generally schedules 93 and 94 were structured for Lycos' benefit so that equipment moved off existing schedules to 93 and 94 over time rather than all at once.[64] However, these issues are not material to CSI's summary judgment motion.

64. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Cagney of CSI wrote an email (though quoted out of context), the terms of which speak for themselves.[65]

65. Disputed as inaccurate and misleading argument and opinions, not facts.[66]

66. Disputed as inaccurate and misleading argument and opinions, not facts.[67]

67. Disputed as inaccurate and misleading argument and opinions, not facts.[68]

68. Disputed as inaccurate and misleading argument and opinions, not facts.[69]

---

[62] *See* CSI's Fact Statement Dkt. 181 ¶¶ 16-22; CSI's Facts Response Dkt. 164 ¶¶ I.C.4, 8-10.
[63] *See* CSI's Fact Statement Dkt. 181 ¶¶ 16-22; CSI's Facts Response Dkt. 164 ¶¶ I.C.4, 8-10.
[64] *See* CSI's Fact Statement Dkt. 181 ¶¶ 16-22; CSI's Facts Response Dkt. 164 ¶¶ I.C.4, 8-10.
[65] *See* CSI's Fact Statement Dkt. 181 ¶¶ 10, 16-22; CSI's Facts Response Dkt. 164 ¶¶ I.A.9-10, 13; I.C.8-10.
[66] *See* CSI's Facts Response Dkt. 164 ¶¶ II.A.4-5; CSI's Fact Statement Dkt. 181 ¶ 54.
[67] *See* CSI's Facts Response Dkt. 164 ¶¶ II.A.4-5; CSI's Fact Statement Dkt. 181 ¶ 54; *see generally* Affidavits of James Schallheim, Ph.D., James Johnson, Ph.D., and Michael Fleming (Gabos Aff. Exs. 3-5 – Docket No. 167) (affidavits of certain CSI experts stating among other things that residual value booked for accounting purposes is not an approximation of leased equipment's resale value).
[68] *See* CSI's Facts Response Dkt. 164 ¶¶ II.A.4-5; CSI's Fact Statement Dkt. 181 ¶ 54; *see generally* Affidavits of James Schallheim, Ph.D., James Johnson, Ph.D., and Micheal Fleming (Gabos Aff. Exs. 3-5 – Docket No. 167) (affidavits of certain CSI experts stating among other things that residual value booked for accounting purposes is not an approximation of leased equipment's resale value).
[69] *See* CSI's Fact Response Dkt. 164 ¶ I.B.1, I.C.13; CSI's Fact Statement Dkt. 181 ¶¶ 30, 38; Answer to Interrogatory 22 of Plaintiff Computer Sales International Inc.'s Response to Defendant Lycos In.'s Second Set of Interrogatories, dated January 22, 2007 (attached as Ex. 6 to the Declaration of Edward W. Little, Jr. (Docket No. 168)) (in addition to Lycos ordering its equipment – and therefore having purchase orders with information containing the original equipment cost for each piece of leased equipment – CSI provided Lycos with drafts of the exhibit "A's to the Certificates of Acceptance).

69. Disputed as inaccurate and misleading argument and opinions, not facts, except that these statements are true in that Lycos was lowering its monthly lease payments (as it requested) and was retaining use and possession of the leased equipment for many additional months.[70]

70. Disputed as inaccurate and misleading argument and opinions, not facts, except that these statements are true in that Lycos was lowering its monthly lease payments (as it requested) and was retaining use and possession of the leased equipment for many additional months.[71]

71. Disputed as inaccurate and misleading argument and opinions, not facts, except that these statements are true in that Lycos was lowering its monthly lease payments (as it requested) and was retaining use and possession of the leased equipment for many additional months.[72]

72. Disputed as inaccurate and misleading argument and opinions, not facts.[73]

73. Disputed as inaccurate and misleading argument and opinions, not facts.[74]

74. Disputed as inaccurate and misleading argument and opinions, not facts.[75]

75. Disputed as inaccurate and misleading argument and opinions, not facts, except that Lycos not only endeavored to, but did, keep track of its leases assets, including those it leased from CSI.[76]

---

[70] *See* CSI's Fact Statement Dkt. 181 ¶ 10; CSI's Facts Response Dkt. 164 ¶ I.A.5.
[71] *See* CSI's Fact Statement Dkt. 181 ¶ 10; CSI's Facts Response Dkt. 164 ¶ I.A.5.
[72] *See* CSI's Fact Statement Dkt. 181 ¶¶ 7-10; CSI's Facts Response Dkt. 164 ¶ I.A.5, 8-12.
[73] *See* CSI's Facts Response Dkt. 164 ¶¶ I.A.7-10. Again, Mr. Guilfoile – who signed many leases on behalf of Lycos – has testified he knew these transactions were leases, not loans.
[74] *See* CSI's Facts Response Dkt. 164 ¶¶ I.A.7-14; CSI's Fact Statement Dkt. 181 ¶¶ 6-10.
[75] *See* CSI's Facts Response Dkt. 164 ¶¶ I.A.7-14; CSI's Fact Statement Dkt. 181 ¶¶ 6-10.
[76] *See* CSI's Fact Response Dkt. 164 ¶ I.B.1, I.C.13; CSI's Fact Statement Dkt. 181 ¶¶ 30, 38, 43 (including Lycos' in-house counsel informing its then Spanish parent company that the CSI-Lycos schedules, including stipulated loss tables, were common in the United States); Answer to Interrogatory 22 of Plaintiff Computer Sales International Inc.'s Response to Defendant Lycos In.'s Second Set of Interrogatories, dated January 22, 2007

76. Disputed as inaccurate and misleading argument and opinions, not facts.[77]

77. Disputed as inaccurate and misleading argument and opinions, not facts.[78]

78. Disputed as inaccurate and misleading argument and opinions, not facts.[79]

79. Disputed as inaccurate and misleading argument and opinions, not facts.[80]

80. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg earned commissions on lease transactions into which CSI and Lycos voluntarily entered at arms-length.[81]

81. Disputed as inaccurate and misleading argument and opinions, not facts, except that there was an increase in the aggregate payments Lycos would be making under the rewrites, which they knew, given that the time period for which Lycos' right to possess the equipment it was leasing from CSI was also increasing.[82]

82. Disputed as inaccurate and misleading argument and opinions, not facts, except that there was an email exchange between Mr. Lucy and Mr. Stenberg, the terms of which speak

---

(attached as Ex. 6 to the Declaration of Edward W. Little, Jr. (Docket No. 168)) (in addition to Lycos ordering its equipment – and therefore having purchase orders with information containing the original equipment cost for each piece of leased equipment – CSI provided Lycos with drafts of the exhibit "A's to the Certificates of Acceptance).

[77] See CSI's Fact Response Dkt. 164 ¶ I.B.1, I.C.13; CSI's Fact Statement Dkt. 181 ¶¶ 30, 38, 43 (including Lycos' in-house counsel informing its then Spanish parent company that the CSI-Lycos schedules, including stipulated loss tables, were common in the United States).

[78] See CSI's Fact Response Dkt. 164 ¶ I.B.1, I.C.13; CSI's Fact Statement Dkt. 181 ¶¶ 30, 38, 43 (including Lycos' in-house counsel informing its then Spanish parent company that the CSI-Lycos schedules, including stipulated loss tables, were common in the United States).

[79] See CSI's Fact Response Dkt. 164 ¶¶ I.B.1, I.C.13; CSI's Fact Statement Dkt. 181 ¶¶ 30, 38, 43 (including Lycos' in-house counsel informing its then Spanish parent company that the CSI-Lycos schedules, including stipulated loss tables, were common in the United States). As stated, the term "mark-up" or "hidden fee" is simply a "mythical" allocation of CSI's gross profits which Lycos has created for its own damages purposes. See CSI's Fact Response Dkt. 164 ¶¶ I.A.8-13.

[80] See CSI's Fact Statement Dkt. 181 ¶¶ 8-10, 25 (Lycos' senior officers admit they understood the leases, including that their aggregate rental payments over the extended time periods would increase as a result of the rewrites); see also CSI's Fact Response Dkt. 164 ¶¶ I.A.13, I.C.11;

[81] See CSI's Fact Response Dkt. 164 ¶¶ I.C.1-4.

[82] See CSI's Fact Response Dkt. 164 ¶ I.C.9-10; CSI's Fact Statement Dkt. 181 ¶17; CSI's Fact Response Dkt. 166 ¶4.

for themselves and concerning which each of them has testified.[83]

83. Disputed as inaccurate and misleading argument and opinions, not facts.[84]

84. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Lucy, who had available to him numerous in-house and outside accountants and attorneys handling various matters for Lycos, did not pursue the matter further.[85]

85. Disputed as inaccurate and misleading argument and opinions, not facts.[86]

86. Disputed as inaccurate and misleading argument and opinions, not facts, except that CSI would provide threshold numbers which were used in calculating commissions.[87]

87. Disputed as inaccurate and misleading argument and opinions, not facts, except that Lycos retained its agent and leasing expert LeaseForum in June 2003 to assist it in purchasing equipment it was leasing from CSI.[88]

88. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg and Ms. Franklin of LeaseForum had a discussion in or around the time stated, though LeaseForum has since testified it did not credit statements made by Mr. Stenberg.[89]

89. Disputed as inaccurate and misleading argument and opinions, not facts, except that Mr. Stenberg and Ms. Franklin of LeaseForum had a discussion in or around the time stated,

---

[83] *See* CSI's Fact Response Dkt. 164 ¶ I.C.9-10; CSI's Fact Statement Dkt. 181 ¶17; CSI's Fact Response Dkt. 166 ¶4.
[84] *See* CSI's Fact Response Dkt. 164 ¶ I.C.9-11; CSI's Fact Statement Dkt. 181 ¶17.
[85] *See* CSI's Fact Response Dkt. 164 ¶ I.C.9-11; CSI's Fact Statement Dkt. 181 ¶¶ 8-17. In fact, Lycos had substantial resources available to it, including the experience of its highly-educated and experienced senior officers as well as in-house and outside counsel and accountants; *see also* CSI' Fact Statement Dkt. 181 ¶¶ 2-4, 8-12.
[86] *See* CSI's Fact Response Dkt. 164 ¶ I.C.10-12.
[87] *See* CSI's Fact Response Dkt. 164 ¶¶ I.A.10-13, CSI's Fact Response Dkt. 166 ¶ 5; CSI's Fact Statement Dkt. 181 ¶¶ .
[88] *See* CSI's Fact Statement Dkt. 181 ¶¶ 32-44; CSI's Fact Response Dkt. 166 ¶¶ 5-8; CSI's Fact Response Dkt. 164 ¶ I.C.13.
[89] *See* CSI's Fact Statement Dkt. 181 ¶¶ 32-44; CSI's Fact Response Dkt. 166 ¶¶ 6-9; CSI's Fact Response Dkt. 164 ¶¶ I.C.13-15.

15

though LeaseForum has since testified it did not credit statements made by Mr. Stenberg.[90]

90. Disputed as inaccurate and misleading argument and opinions, not facts.[91]

91. Disputed as inaccurate and misleading argument and opinions, not facts, except that e-mail communications were exchanged, the terms of which speak for themselves.[92]

92. Disputed as inaccurate and misleading argument and opinions, not facts.[93]

93. Disputed as inaccurate and misleading argument and opinions, not facts.[94]

94. Disputed as inaccurate and misleading argument and opinions, not facts.[95]

95. Disputed except that money was wired at or about that time.[96]

96. Disputed as inaccurate and misleading argument and opinions, not facts.[97]

97. Disputed as inaccurate and misleading argument and opinions, not facts.[98]

98. Disputed.[99]

---

[90] *See* CSI's Fact Statement Dkt. 181 ¶¶ 32-49; CSI's Fact Response Dkt. 166 ¶¶ 6-9; CSI's Fact Response Dkt. 164 ¶¶ I.C.13-15; Deposition of John Kirk, dated October 24, 2006 at 213:3-9, 214:1-11. In fact, Lycos' agent LeaseForum had already put together a detailed spreadsheet which showed the difference between "Org OEC" ("original equipment cost" of $44.8 million) and "Total CF" (total "cash flow" or payments on the leases) of 65.7 million – the difference being "$20,921,414," according to the spreadsheet. Any notion that Lycos' agent did not know the original equipment cost – or relied on a number provided by Mr. Stenberg (which was accurate, as he testified) – is false on its face.

[91] *See* CSI's Fact Statement Dkt. 181 ¶¶ 32-44; CSI's Fact Response Dkt. 166 ¶¶ 5-9; CSI's Fact Response Dkt. 164 ¶ II.B.6.

[92] *See* CSI's Fact Response Dkt. 166 ¶¶ 6-7.

[93] *See* CSI's Fact Response Dkt. 166 ¶¶ 5-9; CSI's Fact Statement ¶¶ 32-44.

[94] *See* CSI's Fact Statement Dkt. 181 ¶¶ 32-49; CSI's Fact Response Dkt. 166 ¶¶ 6-9; CSI's Fact Response Dkt. 164 ¶¶ I.C.13-15; Deposition of John Kirk, dated October 24, 2006 at 213:3-9, 214:1-11. Again, Lycos' agent LeaseForum had already put together a detailed spreadsheet which showed the difference between "Org OEC" ("original equipment cost" of $44.8 million) and "Total CF" (total "cash flow" or payments on the leases) of $65.7 million – the difference being "$20,921,414," according to the spreadsheet. Any notion that Lycos' agent did not know the original equipment cost – or relied on a number provided by Mr. Stenberg (which was accurate, as he testified) – is false on its face.

[95] *See* CSI's Fact Response Dkt. 166 ¶¶ 8-14; CSI's Fact Statement Dkt. 181 ¶¶ 32-44.

[96] *See* CSI's Fact Response Dkt. 166 ¶¶ 7-16.

[97] *See* CSI's Fact Response Dkt. 164 ¶¶ I.C.15; CSI's Fact Statement Dkt. 181 ¶¶ 43-54.

[98] See CSI's Fact Statement Dkt. 181 ¶¶ 43-54; CSI's Fact Response Dkt. 166 ¶¶ 19-25; CSI's Fact Response Dkt. 164 ¶¶ II.A.4-6.

[99] *See* CSI's Fact Statement Dkt. 181 ¶¶ 8-15, 32-49; CSI's Fact Response Dkt. 166 ¶¶ 3-9; CSI's Fact Response Dkt. 164 ¶¶ I.A.8-9, I.C.13-15; Deposition of John Kirk, dated October 24, 2006 at 213:3-9, 214:1-11. Again, Lycos' agent LeaseForum had already put together a detailed spreadsheet which showed the $20 million difference between the original equipment cost and the total rental payments made by Lycos over the several years it leased the equipment, thereby undercutting any notion that Lycos' agent did not know the original equipment cost.

ME1 7216094v.1

        Respectfully submitted,

        COMPUTER SALES INTERNATIONAL, INC.

        By its attorneys,

        /s/ Edward W. Little_____
        Robert J. Kaler, BBO No. 542040
        rkaler@mccarter.com
        Edward W. Little, Jr., BBO No. 628985
        elittle@mccarter.com
        McCarter & English LLP
        225 Franklin Street
        Boston, MA  0211
        Tel. (617) 345-7000

Dated:  March 19, 2008

## Certificate of Service

    I, Robert J. Kaler, hereby certify that I caused a true copy of the foregoing pleading to be serve on counsel for the other parties in this action electronically and by hand this 19th day of March 2008.

        /s/ Robert J. Kaler_____
        Robert J. Kaler

---

*See also* Deposition of Brian Lucy, dated Jan. 10, 2007 at 82 (Little SJ Aff. Ex. 8 – Docket No. 182-3) )(at his deposition, Mr. Lucy did not recall ever receiving the March 18, 2002 e-mail from Mr. Stenberg or ever relying on it).

17