**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL, INC., </br></br>    Plaintiff and Defendant-in-Counterclaim, </br></br>v. </br></br>LYCOS, INC., </br></br>    Defendant and Plaintiff-in-Counterclaim, </br></br>and </br></br>BANK OF AMERICA f/k/a FLEET BANK, </br></br>    Trustee Process Defendant | C.A. No. 05-10017-RWZ |

**LYCOS' MOTION *IN LIMINE* NO. 1:**
**TO EXCLUDE ALL ARGUMENT AND EVIDENCE CONCERNING A DEROGATORY PHRASE USED IN A PERSONAL E-MAIL COMMUNICATION BETWEEN A LYCOS EMPLOYEE AND A FORMER LYCOS EMPLOYEE**

Defendant and Plaintiff-in-Counterclaim Lycos, Inc. ("Lycos") moves to exclude the phrase, and all testimony and evidence concerning the phrase, "f---ing goy!" (the "Derogatory Phrase"), contained in a personal September 6, 2000 e-mail communication between a Lycos employee and a former Lycos employee. A true and accurate copy of the e-mail containing the Derogatory Phrase is attached hereto as **Exhibit A**.

This Court should preclude Plaintiff and Defendant-in-Counterclaim Computer Sales International, Inc. ("CSI") from referring or presenting evidence at trial relating to the Derogatory Phrase because such evidence does not bear on any of the claims or defenses in this case and would otherwise be unfairly prejudicial to Lycos. To the extent CSI wants to use other

portions of the email in which the phrase appears at trial, Lycos does not seek at this time to exclude CSI from doing so provided that the Derogatory Phrase is redacted in full.[1]

## I.   BACKGROUND

In 2000, CSI's long-time account representative for Lycos, Paul Stenberg, invited a group of then-current (including Peter Karol) and former (including Michael Ripps, who had left Lycos to work at a separate entity, Lycos-Asia, in Singapore) Lycos employees to dinner in Boston. *See* Ex. A at LYC22247.  At the last moment, Mr. Stenberg was unable to attend that dinner but offered in advance to reimburse Mr. Karol, who paid for the entire dinner in Mr. Stenberg's absence. *Id.* at LYC22246-47.  Despite his offer to pay for the dinner, Mr. Stenberg failed to reimburse Mr. Karol following the dinner. *Id.*  When Mr. Karol sent Mr. Stenberg follow-up e-mails about reimbursement, Mr. Stenberg initially failed to respond. *Id.*  Mr. Stenberg later claimed that he had not received those e-mails. *Id.*  In response to a frustrated e-mail from Mr. Karol regarding Mr. Stenberg's lack of responsiveness, Mr. Ripps referred to Mr. Stenberg using the Derogatory Phrase.[2]  *Id.* at LYC22245.

## II.  ARGUMENT

Under Federal Rules of Evidence 401 and 402, evidence must relate to the determination of a fact that is of consequence to the matter to be tried.  For evidence to be "relevant," it must make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.   Fed. R. Evid. 401; *see United States v. Tavares*, 21 F.3d 1, 4 (1st Cir. 1994) (same).

---

[1]  Lycos reserves its right to object at trial to the admissibility of the e-mail on other grounds.

[2]  When asked at deposition whether he was referring to Mr. Stenberg when he used the Derogatory Phrase, Mr. Ripps stated "I think so."  Ripps Tr. at 62:18-21. A true and accurate copy of the relevant portions of Mr. Ripps' deposition transcript is attached hereto as **Exhibit B**.

Based on the questions CSI asked Mr. Ripps at his deposition, Lycos believes that CSI intends to seek to use the Derogatory Phrase at trial to cast Mr. Ripps and/or Lycos in a bad light under the pretext of trying to rebut Lycos' assertion that it trusted Mr. Stenberg. While the issue of trust is relevant, the use of the Derogatory Phrase is not for several reasons. First, the phrase cannot be attributed to Lycos. At the time he wrote the e-mail, Mr. Ripps was living in Singapore, employed by Lycos-Asia in Indonesia, and not involved in Lycos' equipment leasing.[3] Second, Mr. Ripps used the Derogatory Phrase in an e-mail to his friend, Mr. Karol, concerning a personal matter—*i.e.*, getting Mr. Karol reimbursed for payment of a dinner planned by Mr. Stenberg—that is not a fact of consequence in this case. That Mr. Ripps used the Derogatory Phrase in an e-mail about Mr. Stenberg's failure to reimburse his friend after promising to do so is not relevant to the issue of whether Lycos was defrauded by CSI and/or whether the decision-makers at Lycos, none of whom were included on this e-mail, trusted Mr. Stenberg and CSI.[4]

Even if the phrase had some probative value, that value is "substantially outweighed by the danger of unfair prejudice" to Lycos. *See* Fed. R. Evid. 403. Again, this e-mail was written by Mr. Ripps at a time when he was no longer employed by Lycos and in response to an e-mail from a friend on a personal matter explaining that Mr. Stenberg still had not repaid him. In short, this e-mail has no bearing on whether: (a) the decision-makers at Lycos trusted Mr. Stenberg either before or at the time the e-mail was written, or (b) Mr. Ripps trusted Mr. Stenberg during the time he was employed at Lycos.

---

[3] Ripps Tr. at 64:19-65:3, 141:8-10; *see also* Ex. A (Mr. Ripps' e-mail address is a Lycos-Asia address).

[4] During his deposition, Mr. Ripps regretted having used the Derogatory Phrase in a communication between two Jewish men. Ripps Tr. at 62:22-63:5.

Use of the word "f---ing" in connection with a derogatory, religious-oriented term may, however, offend jurors and prejudice Lycos. One purpose of Rule 403 is to prevent evidence from "inducing decision on an improper basis," including "an emotional one." *Id.* at advisory committee's notes; *see also United States v. Flemmi*, 402 F.3d 79, 86 n.8 (1st Cir. 2005) ("Evidence is unfairly prejudicial if it invites the jury to render a verdict on an improper emotional basis."). In *Nickerson v. G.D. Searle & Co.*, for example, the First Circuit upheld the trial court's decision to prevent the plaintiff from cross-examining the defendant's expert on his work in abortion clinics because that evidence would have been unduly prejudicial considering the "emotional reaction" that the subject of abortion engenders in many people. 900 F.2d 412, 418-19 (1st Cir. 1990). While the evidence was arguably relevant to the expert's qualifications, the Court concluded that it was unduly prejudicial in light of the emotional reaction the issue of abortion engenders. *Id*.

Here, any probative value of the Derogatory Phrase pales in comparison to the unfair taint that would result if the jury were presented with this evidence, the introduction of which would invite the jury to judge Lycos and/or Mr. Ripps on the basis of a religious/ethnic slur. *See id.*; *see also United States v. Currier*, 836 F.2d 11, 18 (1st Cir. 1987) ("Unfairly prejudicial evidence . . . is evidence that triggers the mainsprings of human action in such a way as to cause a jury to base its decision on something other than the established proposition in the case.")

Finally, even if this evidence has some marginal relevance, its value is entirely diminished by the other evidence available to CSI on the issue of trust. *See Old Chief v. United States,* 519 U.S. 172, 186 (1997) (noting probative value of evidence diminished by the availability of other evidence). For example, in responding to Lycos' Partial Motion for Summary Judgment, CSI states that there is "ample evidence that Lycos never trusted Mr.

BST99 1612010-7.057077.0012

- 5 -

Stenberg."[5]  In support of this proposition, CSI cites to the e-mail to which Mr. Ripps is responding, in which Mr. Karol refers to Mr. Stenberg as a "a worthless liar!" as well as testimony of Mr. Karol unrelated to the use of the Derogatory Phrase.  As a result, proffering the Derogatory Phrase as evidence at trial on the issue of trust is unnecessary, and any desire to do so by CSI is more likely intended to create the very type of prejudice and emotional reaction that the rules of evidence are designed to prevent.

### III.  CONCLUSION

WHEREFORE, Lycos respectfully requests that this Court enter an order:

(1) precluding CSI from referring to or presenting the Derogatory Phrase, or any testimony concerning the Derogatory Phrase, at trial; and

(2) granting Lycos such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

LYCOS, INC.

By its attorneys,

Dated: February 27, 2009

/s/ Thomas O. Bean
Thomas O. Bean (BBO# 548072)
Peter M. Acton, Jr. (BBO# 654641)
James M. Fraser (BBO# 664605)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston MA 02109
(617) 535-4000
tbean@mwe.com
pacton@mwe.com
jfraser@mwe.com

---

[5] Computer Sales International's Opp. to Lycos's Mot. for Partial Summ. J. (Dkt. No. 163) at 13, n. 45. True and accurate copies of the relevant portions of CSI's Opposition are attached hereto as **Exhibit C**.

- 6 -

## CERTIFICATE OF SERVICE

  I hereby certify that on February 27, 2009, the foregoing Motion was filed through the ECF system and was sent electronically to Counsel for CSI, Robert J. Kaler, McCarter & English, LLP, 265 Franklin Street, Boston, MA 02110.

/s/ Peter M. Acton, Jr.
Peter M. Acton, Jr.

## LOCAL RULE 7.1 CERTIFICATION

  The undersigned counsel for Defendant and Plaintiff-in-Counterclaim, Lycos, Inc., certifies that he has conferred with Edward Little, counsel for CSI, and attempted in good faith to resolve or narrow the issues raised in the foregoing Motion. The undersigned has been unable to resolve or narrow those issues.

Dated: February 27, 2009             /s/ Peter M. Acton, Jr.
                            Peter M. Acton, Jr.

BST99 1612010-7.057077.0012