# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPUTER SALES INTERNATIONAL, INC., | ) ) ) |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) |
| v. | ) ) ) C.A. No. 05-10017-RWZ |
| LYCOS, INC., | ) ) ) |
| Defendant and Plaintiff-in-Counterclaim, | ) ) ) ) |
| and | ) ) |
| BANK OF AMERICA f/k/a FLEET BANK, | ) ) ) ) |
| Trustee Process Defendant | ) |

## LYCOS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE AMOUNTS REALIZED BY FORMER LYCOS EXECUTIVES THROUGH THE EXERCISE OF LYCOS STOCK OPTIONS

Defendant and Plaintiff-in-Counterclaim Lycos, Inc. ("Lycos") moves to preclude Plaintiff and Defendant-in-Counterclaim Computer Sales International, Inc. ("CSI") from introducing, referring to, or otherwise using in any way at trial the amounts realized by former Lycos executives through the exercise of stock options granted to them by the company.

On information and belief, CSI intends to speculate at trial that Lycos executives wanted to refinance equipment schedules with CSI, either without regard to or with full knowledge of the fact that Lycos was dramatically overpaying to lease the equipment as a result of the refinancings, because they wanted to lower Lycos' operating expenses for the purpose of increasing Lycos' stock price and, in turn, further enriching themselves upon the sale of their

Lycos stock. Although the facts and evidence in this case demonstrate that CSI's theory has no basis in reality, Lycos would be substantially and unfairly prejudiced if CSI were allowed to tell the jury the amount that former executives who may be called as witnesses at trial made on their options, which, in the case of one executive, amounted to tens of millions of dollars. While Lycos has no objection to the jury learning that these employees were granted stock options, or even that these employees exercised those options, disclosure of the amount realized from their exercise would invite the jury to judge Lycos on an improper basis, confuse the issues in the case, and invade the privacy of and embarrass the witnesses – this is particularly true in light of the current economic situation and the alleged abuses by executives of banks and other businesses (even though no such abuses took place here).

I.  **ARGUMENT**

Under Federal Rules of Evidence 401 and 402, evidence must relate to the determination of a fact that is of consequence to the matter to be tried. For evidence to be "relevant," it must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see United States v. Tavares*, 21 F.3d 1, 4 (1st Cir. 1994) (same).[1]

As noted above, on information and belief, CSI intends to argue at trial that Lycos' executives wanted to lower operating expenses to raise the stock price so that they would make more money when they exercised their stock options. The only truly relevant facts to that defense are: (a) that those executives had options (and, thus, had a personal financial interest in the price of Lycos' stock); (b) whether those executives acted contrary to the best interests of the

---

[1] Fed. R. 402: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. *Evidence which is not relevant is not admissible*." (emphasis added).

company in connection with the CSI equipment leases for the purpose of propping up Lycos' stock price; and (c) the relationship, if any, between the CSI equipment leases, Lycos' operating expenses, and Lycos' stock price.  How much Lycos executives realized when they exercised their stock options simply is not relevant to prove any of the above facts.  Rather, CSI's sole purpose for seeking to admit the amounts realized would be to cause the jury to decide this case on an improper and emotional basis rather than on its true merits.

Further, the probative value of the amounts those executives eventually realized on their stock options is "substantially outweighed by the danger of unfair prejudice" to Lycos. *See* Fed. R. Evid. 403.  One purpose of Rule 403 is to prevent evidence from "inducing decision on an improper basis," including "an emotional one." *Id.* at advisory committee notes; *see also United States v. Flemmi*, 402 F.3d 79, 86 n.8 (1st Cir. 2005) ("Evidence is unfairly prejudicial if it invites the jury to render a verdict on an improper emotional basis.").  Certain of the former executives that Lycos anticipates calling as witnesses at trial made millions of dollars on their stock options when the company was sold to Terra Networks in 2000.  Such high figures, if shared with a jury, could cause them to judge those executives improperly for their wealth (particularly in the face of the current economic situation and the alleged abuses engaged in by senior executives of banks and other businesses), and confuse the real issues in the case (which relate to Lycos, not individual former employees of the company). *See United States v. Currier*, 836 F.2d 11, 18 (1st Cir. 1987) ("Unfairly prejudicial evidence . . . is evidence that triggers the mainsprings of human action in such a way as to cause a jury to base its decision on something other than the established proposition in the case.").

Finally, Lycos' requested limitation is appropriately tailored here.  Lycos is not seeking to prevent CSI from asking former executives whether they had stock options or whether they

made money from those options. Lycos is also not seeking to prevent CSI from examining whether such executives acted contrary to the best interest of the company in connection with the CSI equipment leases for the purpose of raising Lycos' stock price (they did not). It is requesting only that CSI not be allowed to taint the jury by introducing, referring to, or otherwise using information concerning *the amounts* received by those former Lycos executives. *See, e.g., Tavares*, 21 F.3d at 5 (nature of prior felony irrelevant, fact of prior felony was only fact of consequence concerning defendant's criminal record); *Connelly v. Hyundai Motor Co.*, 351 F.3d 535, 546-47 (1st Cir. 2003).

In *Connelly*, for example, the First Circuit upheld the trial court's decision to limit the cross-examination of a witness in a wrongful death action resulting from an automobile accident where the decedent was not wearing a seatbelt. *Id.* at 547. Hyundai sought to impeach the witness with evidence that the decedent had previously received two citations for failing to wear a seatbelt. *Id.* The trial court forbade Hyundai from questioning the witness about the citations, but did permit it to impeach the witness with his deposition testimony in which the witness acknowledged that a police officer had told the witness that the decedent was required to wear a seatbelt while he was driving. *Id.* In upholding the limitation on cross examination, the First Circuit upheld the trial court's conclusion that presenting evidence concerning the citations would have been overly prejudicial to the decedent's estate. *Id.* As in *Connelly*, the limitation proposed here by Lycos is appropriate.

## II.  CONCLUSION

WHEREFORE, Lycos respectfully requests that this Court enter an order:

(1) precluding CSI from introducing, referring to, or otherwise using at trial the amounts realized by former Lycos executives on their company stock options; and

(2) granting Lycos such other and further relief as is appropriate under the circumstances.

        Respectfully submitted,

        LYCOS, INC.

        By its attorneys,

Dated: February 27, 2009
        /s/ Thomas O. Bean
        Thomas O. Bean (BBO# 548072)
        Peter M. Acton, Jr. (BBO# 654641)
        James M. Fraser (BBO# 664605)
        McDERMOTT WILL & EMERY LLP
        28 State Street
        Boston MA 02109
        (617) 535-4000
        tbean@mwe.com
        pacton@mwe.com
        jfraser@mwe.com

BST99 1612744-4.057077.0012

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2009 the foregoing Motion was filed through the ECF system and was sent electronically to Counsel for CSI, Robert J. Kaler, McCarter & English, LLP, 265 Franklin Street, Boston, MA 02110.

/s/ Peter M. Acton, Jr.
Peter M. Acton, Jr.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for Defendant and Plaintiff-in-Counterclaim, Lycos, Inc., certifies that he has conferred with Edward Little, counsel for CSI, and attempted in good faith to resolve or narrow the issues raised in the foregoing Motion. The undersigned has been unable to resolve or narrow those issues.

Dated: February 27, 2009           /s/ Peter M. Acton, Jr.
                                   Peter M. Acton, Jr.

BST99 1612744-4.057077.0012