# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action #05-10017-RWZ

Computer Sales International, Inc.
    Plaintiff and Defendant in Counterclaim

v.

Lycos, Inc.
    Defendant and Plaintiff in Counterclaim

DISCOVERY MASTER REPORT # 1
(January 5, 2007)

Introductory Note: Because the parties change roles as Plaintiff and Defendant in the original claim and counterclaim, for convenience the original Plaintiff, Computer Sales International, Inc., is referred to here as "CSI" and Lycos, Inc., the original Defendant, as "Lycos." It may also prove helpful to note for the record that while this is the undersigned Discovery Master's first report, a hearing had been conducted earlier, on December 21, 2006, at the offices of CSI's counsel, concerning a non-party's (Avnet Inc.'s) contested Motion to Modify a CSI subpoena. Suggested dispositions of each of the contested issues raised were accepted by the parties. Thus, as the parties in this case agreed, no written report seemed called for and none was issued.

The matters at issue here were raised by a Lycos request in a letter dated 12/28/06 with its attached 20 Exhibits. (Exhibit #20 was later corrected.) CSI, not expected fully to respond to Lycos' claims in the holiday weekend that intervened, did respond by an email and subsequent hand-delivered letter dated 1/2/07, the hard copy of which, together with its cited attachments, arriving just before the 11:00 a.m. scheduled telephone conference. CSI requested and was granted additional time for further response.

In addition to the resolution of some of the issues raised, memorialized below, the parties were encouraged and expected further to discuss outstanding differences, to submit on any unresolved matter by January 16th, and to be prepared to deal with those issues at a conference scheduled for Lycos' counsel's office at 2 p.m., Thursday, January 18th.

In the interim, the undersigned was to review the submissions, conduct research, and possibly decide before then some of the issues Lycos raises and with respect to which no further CSI submission is anticipated. The result follows.

1. Lycos' claim that "lack of reciprocity" is not a valid basis for objecting to an otherwise valid Discovery request is <u>Allowed</u> in part and <u>Denied</u> in part.

   <u>Comment</u>. Lycos is correct that "lack of reciprocity" is not an automatic "defense" to a valid Discovery request. (In this respect, the two cases CSI cites in support of its view of required reciprocity are misplaced. <u>Wardius</u> v. <u>Oregon</u> (not <u>Florida</u>, see footnote # 1 of CSI's letter) is a <u>criminal</u> case, invoking basic individual "due process" rights, of at best remote if any relevance here. The <u>Union Carbide</u> case is similarly inapt. It reverses a trial judges' placing a patently unfair condition on the dismissal of the case on forum <u>non conveniens</u> grounds, that only one of the parties but not the other be subject to Discovery under the Federal Rules of Civil Procedure.) Thus, a claim of lack of mutuality repeated in response to each Discovery request, however inapplicable to the particular request, is out of place. On the other hand, Lycos' view of the appropriate Discovery reach is too broad. (As CSI's submission correctly points out, the Lycos reference to <u>Gomez</u> is similarly inapt in that it cites to the pre-2000 standard.) As suggested at the conference, mutuality -- a basic fairness --

3

sometimes is the applicable standard. CSI was to pare its invoking "lack of mutuality" and the parties are to discuss outstanding differences and report any unresolved particulars for a ruling.

2. Redesignation of materials marked "Confidential." <u>Allowed.</u>

<u>Comment</u>: This issue was not disputed. CSI committed to completing its document review and turn over the results of at least the bulk of its redesignation by today, with the turnover to be complete by next week.

3. Hard copy of CSI's sub-ledger cards. <u>Allowed.</u>

<u>Comment</u>: This issue, too, was not in real dispute. CSI committed to providing Lycos with the means of interpreting the data, to be undertaken with dispatch.

3. Paul Stenberg's personal hard-drive. <u>Denied.</u>

<u>Comment:</u> As in almost every important human endeavor, contested Discovery issues are properly decided by balancing competing values, here, the likely benefits versus the likely burden (time, costs and expenses, the delay the requested search might bring about). This balancing test is well-described in the <u>Fennell</u> case cited in CSI's submission (p.4, fn.3), 83 F. 3d, at 532. Indeed, the case for requiring the turn-over of the requested hard-drive in <u>Fennell</u>, which

4

was denied, may be stronger than has been established here, the decisive issue there being the narrow question whether a critical memo had been backdated. But whether that case reflects a stronger or weaker claim for the Discovery of a hard-drive, Fennel makes clear that denying access to Stenberg's personal hard-drive here is surely within the court's discretion. Lycos' claim for its need is light and unpersuasive; whether Stenberg's personal hard-drive would add value to Lycos' claims or defenses seems highly speculative and remote. On the other hand, among other burdens inherent in its production and review, its content is surely overwhelmed with material unrelated to this case, some likely protected by privacy or privilege claims. Indeed, Lycos acknowledges and commendably seeks to relieve some of this burden by proposing that a yet-to-be-selected and unagreed-upon third party screen the hard-drive data, employing undisclosed and unagreed-upon standards, and whose end-product would be subject to an unknown mechanism for review and appeal, all at this very late date in the Discovery process. The balance here tips heavily against Lycos' request.

Respectfully submitted,
Herbert Hershfang
Discovery Master