UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10017-RWZ

COMPUTER SALES INTERNATIONAL, INC.

v.

LYCOS, INC.

ORDER

January 7, 2010

ZOBEL, D.J.

This case began as a simple claim to collect an account receivable of $300,000 and for breach of two related contracts.  With the filing and prosecution of a counterclaim charging negligent and fraudulent misrepresentation, violations of Mass. Gen. Laws, ch. 93A, usury, unjust enrichment, money had and received and including several counts for declaratory judgment, it exploded into a massive and highly contentious litigation. First, plaintiff responded to the counterclaim with an amended complaint that added tit-for-tat claims for fraud, breach of good faith, violations of ch. 93A and abuse of process.   Second, there followed extensive discovery with more than usual disagreements, several rounds of dispositive motions which eliminated a number of the added claims on both sides, and ultimately a 13-day trial.  Defendant had conceded before trial that it owed the $300,000 that was the subject of the complaint and just before the case went to the jury, plaintiff agreed to accept that amount on Count I of its amended complaint. By agreement of the parties, the court directed a verdict for plaintiff on Count I, and without their agreement, by its order dated August

27, 2009 (Docket # 335), entered judgment JMOL for plaintiff on Count II with the proviso that it could recover its damages only once. The jury found against defendant on all aspects of the counterclaim submitted to it.

The only matter remaining is plaintiff's claim for attorneys' fees and costs in accordance with the agreements in issue. The August 27 order also discusses in detail plaintiff's entitlement to fees under both agreements and the reasons therefor. I will not repeat that analysis and holding. Since I determined that plaintiff is entitled to fees for different parts of the litigation under each of the agreements, I charged plaintiff with segregating and allocating fees that are recoverable from those not recoverable, and, in doing so, to observe and adhere to concepts of reasonableness.

I have carefully reviewed plaintiff's request for fees and its supporting documentation and am persuaded that counsel used a fair methodology which it fairly executed.

Some additional notes. The fees requested, although high, are considerably less than the fees incurred. Moreover, plaintiff represents and defendant does not dispute that the fees incurred by both parties are of substantially the same magnitude. Defendant suggests that a fee award greatly in excess of plaintiff's damages is unreasonable because plaintiff knew that defendant had substantial claims against it and would assert them. Since defendant eventually acknowledged that it owed the $300,000 claimed, it is unclear why plaintiff should have abandoned its claim, particularly given its rather different assessment of the viability of the counterclaim. Finally, the fee award is the result of the parties' contracts, but the size of the fee was

indisputably determined by the defense of the counterclaim, not the prosecution of the original breach of contract claim.

    Plaintiff's motion for recovery of fees and costs is allowed, and plaintiff is awarded attorneys' fees of $2,340,717.00 and nontaxable litigation costs of $479,720.00.

| January 7, 2010 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |